IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| JOANN WRIGHT HAYSBERT | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BLOOMIN' BRANDS, INC., | ) | Case No.: _____ |
| and | ) | |
| OUTBACK STEAKHOUSE OF | ) | |
| FLORIDA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants, Bloomin' Brands, Inc. ("Bloomin' Brands") and Outback Steakhouse of Florida, LLC ("Outback"), by counsel, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, hereby removes the action brought against it by Joann Wright Haysbert ("Haysbert") in the Circuit Court of the City of Hampton, styled <u>JoAnn Wright Haysbert v. Bloomin' Brands, Inc., and Outback Steakhouse of Florida, LLC</u>. As grounds for removal, Defendants state the following:

## PARTIES

1. On or about June 29, 2020, Haysbert filed a Complaint against Bloomin' Brands and Outback in the Circuit Court of the City of Hampton. A copy of the Complaint is attached as Exhibit A.

2. The Complaint was served on Corporate Creations Network, the Registered Agent for Defendants on July 13, 2020.

3. On information and belief, Haysbert is a citizen of the Commonwealth of Virginia.

4. At the time this action was commenced in the Circuit Court of the City of Hampton and at the time of the filing of this Notice of Removal, Bloomin' Brands and Outback were and

remain corporations organized and existing under the laws of Delaware with their principal place of business in Tampa, Florida.

## JURISDICTION AND VENUE

5. Defendants Bloomin' Brands and Outback are not citizens of Virginia and complete diversity exists. Pursuant to 28 U.S.C. §§ 1332 and 1441, this Court has subject matter jurisdiction over the action.

6. The amount in controversy, pursuant to Plaintiff's Complaint, exceeds $75,000, exclusive of interests and costs.

7. The last day of the 30 day period to remove falls on August 13, 2020. Therefore, this notice of removal is timely filed within 30 days' notice of the initial pleading under 28 U.S.C. § 1446(b) and FRCP 6(a)

8. The United States District Court for the Eastern District of Virginia, Newport News Division, embraces the City of Hampton.

## PROCESS AND PLEADINGS

9. A copy of the Complaint and Summons is attached as Exhibit A. No other process, pleadings, or orders have been served upon Defendants. A copy of Bloomin' Brands and Outback's Answers and Grounds of Defense is attached as Exhibit B.

10. The Circuit Court of the City of Hampton has been notified of the removal of this action. (Exhibit C).

## BRIEF IN SUPPORT

11. Bloomin' Brands and Outback will not file a brief in support of their Notice of Removal. According to the United States District Court for the Eastern District of Virginia Local Rule 7(F), briefs are only required to support motions.

WHEREFORE, Defendants, Bloomin' Brands and Outback request that this action be removed to this Court and that this Court assume subject matter jurisdiction.

**BLOOMIN' BRANDS, INC.**
**and**
**OUTBACK STEAKHOUSE**
**OF FLORIDA, LLC**
By Counsel

   /s/  John D. McGavin
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2020, a true and accurate copy of the foregoing Notice of Filing a Notice of Removal was sent via mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
contact@teaguelawoffice.com
Telephone:       (757) 317-0716
Facsimile:       (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:       (310) 496-5796
Facsimile:       (310) 760-4083

*Counsel for Plaintiff*

      John D. McGavin /s/
      John D. McGavin, VSB No. 21794
      jmcgavin@bmhjlaw.com
      BANCROFT, McGAVIN,
        HORVATH & JUDKINS, P.C.
      9990 Fairfax Blvd. Suite 400
      Fairfax, Virginia 22030
      (703)385-1000 Telephone
      (703)385-1555 Facsimile
      *Counsel for Defendant*

**VIRGINIA:**

**IN THE CIRCUIT COURT OF THE CITY OF HAMPTON** Part3

| | | |
|---|---|---|
| **JOANN WRIGHT HAYSBERT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL CASE NO.:** CL20-1427 |
| **v.** | ) | |
| | ) | |
| **BLOOMIN' BRANDS, INC.,** | ) | |
| Serve: | ) | **JURY TRIAL DEMANDED** |
| Corporate Creations Network Inc. | ) | |
| 6802 Paragon Place, Suite 410 | ) | |
| Richmond, VA 23230 | ) | |
| | ) | |
| **OUTBACK STEAKHOUSE OF** | ) | |
| **FLORIDA, LLC,** | ) | |
| Serve: | ) | |
| Corporate Creations Network Inc. | ) | |
| 425 W. Washington Street, Suite 4 | ) | |
| Suffolk, VA 23434-5320 | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JoAnn Wright Haysbert, by counsel, and for her Complaint against the Defendants, Bloomin' Brands, Inc., and Outback Steakhouse of Florida, LLC, states as follows:

1

Exhibit A

**The Parties**

1.      The Plaintiff, JoAnn Wright Haysbert ("Ms. Haysbert"), is and at all times relevant to this Complaint has been a citizen and resident of the Commonwealth of Virginia and the City of Hampton.

2.      Bloomin' Brands, Inc., at all times relevant to this Complaint, is a company of restaurants that owns and operates several restaurant chains, including Outback Steakhouse of Florida, LLC.  The Outback Steakhouse restaurant at issue in this complaint is organized under and pursuant to the laws of the Commonwealth of Virginia.   Bloomin' Brands is headquartered at 2202 North West Shore Boulevard, Suite 500, Tampa, Florida 33607.

3.      Outback Steakhouse of Florida, LLC, is an LLC authorized to conduct business in the Commonwealth of Virginia and subject to its laws and jurisdiction. Outback Steakhouse of Florida, LLC, is headquartered at 2202 North West Shore Blvd, 5th Floor, Tampa, Florida 33607.

**Jurisdiction and Venue**

4.      This Court has jurisdiction over this dispute because the acts giving rise to the claims at issue took place within the Commonwealth of Virginia.

5.      Plaintiff JoAnn Wright Haysbert is a citizen of the Commonwealth of Virginia, and the Outback Steakhouse restaurant at issue is in Virginia.

2

6.     This Court has exclusive original jurisdiction over this dispute because the damages sought pursuant to this Complaint are in excess of $25,000.

7.     Venue is proper in this Court because Outback Steakhouse of Florida, LLC, conducts substantial business activity in Hampton, Virginia, and there is a substantial nexus to this forum based on the location of Plaintiff and fact witnesses. (Virginia Code § 8.01-262).

8.     Pursuant to the Fifth Order Modifying and Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency issued by the Supreme Court of Virginia through Chief Justice Donald W. Lemons and Va. Code § 17.1-330, the statute of limitations for filing this case was tolled from March 16, 2020 through June 28, 2020.

**Factual Background**

9.     On or about May 23, 2018, JoAnn Wright Haysbert ("Ms. Haysbert") entered the Outback Steakhouse located at 4312 Portsmouth Boulevard, Chesapeake, Virginia 23321, to get dinner with her daughter.

10.     As Ms. Haysbert entered the restaurant, she asked an employee of Outback Steakhouse for directions to the ladies' room, and the employee pointed toward the restrooms.

11.     Ms. Haysbert took two steps before slipping on the floor, hitting her head and entire left side of her body on the ground.

3

12.    Ms. Haysbert lost consciousness for a few seconds as a result of the fall.

13.    Once she regained consciousness, Ms. Haysbert was disoriented, lost recollection of the events that had transpired, was unable to move, and needed to be helped up by three people, including the restaurant manager Lisa Crosby ("Ms. Crosby").

14.    Ms. Crosby asked Ms. Haysbert if she needed an ambulance, and Ms. Haysbert, in her altered mental state, declined.

15.    Ms. Crosby completed a Customer Incident Report and told Ms. Haysbert that she would call and give her a claim number at a later time.

16.    Ms. Haysbert's daughter, who was outside waiting for her in a car when the incident occurred, began icing down the left side of Ms. Haysbert's body to reduce the swelling, pain, and discomfort that she was experiencing from the fall.

17.    Ms. Haysbert additionally received a permanent and visible scar on the left side of her head where she made contact with the floor.



18.     On or about May 24, 2018, Ms. Haysbert had still not received a response from Ms. Crosby, so Ms. Haysbert called her and left a message.

19.     Ms. Crosby responded that she had tried several times to call and get a claim number, but that the lines were down.

20.     Ms. Haysbert did not hear from Ms. Crosby again.

21.     On or about May 25, 2018, a woman named Tristal called Ms. Haysbert and said that she was calling from the "corporate office."

22.     Ms. Haysbert told Tristal that she was supposed to receive a claim number from Ms. Crosby, but never did.

5

23.     Tristal told Ms. Haysbert that they did not have medical premise insurance, and that they would only cover out of pocket expenses beyond what Ms. Haysbert's own insurance paid for her treatment.

24.     Ms. Haysbert's condition was not improving despite resting and icing her injuries.

25.     Ms. Haysbert has demonstrated signs consistent with a traumatic brain injury ("TBI") from her severe impact with the floor.

26.     Ms. Haysbert traveled to Medicare Urgent Care at 10136 Two Notch Road, State Route 104, Columbia, South Carolina 29229 seeking treatment for her pain.

27.     The medical providers took full body x-rays of Ms. Haysbert's left side and hand.

28.     Ms. Haysbert was found to have several contusions and needed a splint for her left hand and wrist to correct a sprain. Ms. Haysbert was prescribed pain medication and released.

29.     Following this visit, Ms. Haysbert continued to suffer symptoms consistent with TBI, including post-traumatic vertigo.

## COUNT I

## NEGLIGENCE

30.     Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

31.     On May 23, 2018, the floor at the Outback Steakhouse in Chesapeake, Virginia was not in a reasonably safe condition.

32.     Further, an employee of Outback Steakhouse directed Ms. Haysbert toward the slippery area on the floor and did not give any warning as to its condition.

33.     Defendant, through its agents and employees, had a duty to exercise reasonable care toward the safety of customers and others lawfully on the premises, including the duty:

> a. to avoid allowing unsafe or dangerous conditions to exist on the premises;
>
> b. to make reasonable inspections, from time to time, to determine whether such conditions exist;
>
> c. to ensure that the surface of the floors of the premises are safe after they are cleaned;
>
> d. to keep and maintain the premises, including the floors, in a reasonably safe condition;

7

e. to remove foreign objects from the floor which it may have placed there, or which it knew or should have known that other persons placed there;

f. to exercise, at all times, ordinary care to protect customers while on the premises; and

g. to warn those on the premises of any unreasonable, unsafe or dangerous conditions which are known to, or should be known to, Defendants and/or their agents or employees.

34.     No preventative measures such as carpeting, signage, railings, etc., were in place to keep incidents like this from happening.

35.     Placing carpeting or signage would cost the restaurant almost nothing and would prevent customers from slipping and falling on the premises.

36.     Defendant knew, or through the exercise of reasonable care should have known, of the unsafe condition of the floor.

37.     The condition of the floor was not patent or obvious to customers just walking in to the restaurant.

38.     As a direct, proximate, and foreseeable result of the negligently maintained floor, Ms. Haysbert fell to the ground where she sustained serious injuries.

39.   As the owner and operator of the Outback Steakhouse in Chesapeake, Virginia, Bloomin' Brands Inc. and Outback Steakhouse of Florida, LLC, are liable for injuries that occur on the premises as a result of the acts or omissions of their agents and employees.

40.   Ms. Haysbert was not contributorily negligent.

WHEREFORE, in consideration of the foregoing, the Plaintiff, Ms. Haysbert, respectfully prays that she be granted judgment against the Defendants as follows:

1.   Damages proximately resulting from the negligence of each Defendant for past, present and future pain and suffering in the amount of $2,000,000 or other specific amount to be established at trial;

2.   Compensation for medical bills and expenses incurred to diagnose, treat, and manage the pain of Plaintiff's injuries in the amount of $500,000;

3.   Costs incurred in pursuing this action;

4.   Such other and further relief as the Court may deem appropriate.

**JURY TRIAL HEREBY DEMANDED**

JOANN WRIGHT HAYSBERT

Respectfully Submitted,

9

**LAW OFFICE OF STEPHEN C. TEAGUE**

By:    _Stephen C. Teague, Esq._

Stephen Teague, Esquire.  Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
Telephone:  (757) 317-0716
Facsimile:  (757) 215-2974

Nazareth M. Haysbert, Esquire. California State Bar No. 294431*
James L. Moultrie III, Esquire. California State Bar No. 296805*
**Haysbert Moultrie, LLP**
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
Telephone:  (310) 496-5796
Facsimile:  (310) 760-4083
*Attorneys for Plaintiff JoAnn Wright Haysbert*
*Application for admission *pro hac vice* forthcoming

10

JUL 1 3 2020

V I R G I N I A :

## IN THE CIRCUIT COURT OF THE CITY OF HAMPTON

| | |
|---|---|
| JOANN WRIGHT HAYSBERT | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Case No: CL20-1427 |
| | * |
| OUTBACK STEAKHOUSE OF FLORIDA, | * |
| LLC, et al. | * |
| | * |
| Defendants. | * |

## ANSWER TO THE COMPLAINT

COME NOW the defendants, Bloomin' Brands, Inc. and Outback Steakhouse of Florida, LLC, and for their Answer to the Complaint filed herein, state as follows:

1.  Defendants can neither admit nor deny the allegations of paragraph 1 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

2.  Defendant denies that Bloomin' Brands, Inc. is a proper party to this litigation, denies the allegations that "The Outback Steakhouse restaurant at issue in this Complaint is organized under and pursuant to the laws of the Commonwealth of Virginia".  To the extent that allegation asserts that the corporate entities are Virginia corporations.  Defendant admits that Bloomin' Brands, Inc. is headquartered in Tampa, Florida.

3.  Defendant admits Outback Steakhouse of Florida, LLC is authorized to

1

**Exhibit B**

conduct business in the Commonwealth of Virginia and subject to its laws and jurisdiction and is headquartered at 2202 North West Shore Blvd., in Tampa, Florida.

4. Defendants deny the allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. Defendants admit that the Supreme Court of Virginia have issued certain emergency Orders but can neither admit nor deny that this cause of action is timely filed at this time.

9. Defendants can neither admit nor deny the allegations of paragraph 9 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

10. Defendants can neither admit nor deny the allegations of paragraph 10 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants can neither admit nor deny the allegations of paragraph 15 having insufficient information to fully and fairly respond and, therefore, these

2

allegations shall be construed as denied.

16.  Defendants can neither admit nor deny the allegations of paragraph 16 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

17.  Defendants can neither admit nor deny the allegations of paragraph 17 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

18.  Defendants can neither admit nor deny the allegations of paragraph 18 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

19.  Defendants can neither admit nor deny the allegations of paragraph 19 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

20.  Defendants can neither admit nor deny the allegations of paragraph 20 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

21.  Defendants can neither admit nor deny the allegations of paragraph 21 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

22.  Defendants can neither admit nor deny the allegations of paragraph 22 having insufficient information to fully and fairly respond and, therefore, these

3

allegations shall be construed as denied.

23. Defendants can neither admit nor deny the allegations of paragraph 23 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

24. Defendants can neither admit nor deny the allegations of paragraph 24 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

25. Defendants deny the allegations of paragraph 25.

26. Defendants can neither admit nor deny the allegations of paragraph 26 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

27. Defendants can neither admit nor deny the allegations of paragraph 27 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

28. Defendants can neither admit nor deny the allegations of paragraph 28 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

29. Defendants deny the allegations of paragraph 29.

30. Defendants incorporate by reference their responses to all preceding paragraphs as if repled herein.

31. Defendants deny the allegations of paragraph 31.

4

32.  Defendants deny the allegations of paragraph 32.

33.  Defendants deny the allegations of paragraph 33.

34.  Defendants deny the allegations of paragraph 34.

35.  Defendants deny the allegations of paragraph 35.

36.  Defendants deny the allegations of paragraph 36.

37.  Defendants deny the allegations of paragraph 37.

38.  Defendants deny the allegations of paragraph 38.

39.  Defendants deny the allegations of paragraph 39.

40.  Defendants deny the allegations of paragraph 40.

41.  For further answer and by way of grounds of defense, these defendants state as follows:

a.  Defendants deny that they jointly, severally or vicariously committed any act or omission constituting negligence in this regard.

b.  Defendants deny that they had any notice of any allegedly defective condition herein.

c.  Defendants assert that any and all defects alleged herein were open and obvious.

d.  Defendants assert the defenses of contributory negligence and assumption of the risk.

e.  Defendants deny that they are indebted to the plaintiff under any theory of law.

5

42.   Defendants demand trial by jury on all issues joined.

WHEREFORE, the foregoing considered, the defendants, Bloomin' Brands,

Inc. and Outback Steakhouse of Florida, LLC, by counsel, move this court to dismiss

this cause of action and award them costs expended.

**BLOOMIN' BRANDS, INC.**
**OUTBACK STEAKHOUSE OF FLORIDA, LLC**
By Counsel

BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile

_for VSB 93585_

John D. McGavin, VSB No: 21794
jmcgavin@bmhjlaw.com
Counsel for Defendants

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing **Answer to the Complaint**
was mailed, postage prepaid, on this 28th day of July, 2020, to:
30th

Stephen Teague, Esquire
P.O. Box 706
Newport News, VA 23607

Nazareth M. Haysbert, Esquire
James L. Moultrie, III, Esquire
4640 Admiralty Way, Suite 500
Marina Del Ray, CA 90292

_for VSB 93585_

John D. McGavin

6

V I R G I N I A:

## IN THE CIRCUIT COURT OF THE CITY OF HAMPTON

JOANN WRIGHT HAYSBERT   \*
          \*
  Plaintiff,     \*
          \*
v.          \* Civil Case No: CL20-1427
          \*
OUTBACK STEAKHOUSE OF FLORIDA, \*
LLC, et al.       \*
          \*
  Defendants.    \*

## NOTICE OF FILING NOTICE OF REMOVAL

Notice is hereby given, pursuant to U.S.C. § 1332(a) and U.S.C. § 1446(d)

that the Defendants Bloomin' Brands, Inc. and Outback Steakhouse of Florida, LLC,

have filed a Notice of Removal of the above captioned case to the United States

District Court for the Eastern District of Virginia, Newport News Division, on this 31st

day of July, 2020. A copy of the Notice of Removal has been attached hereto and

this matter proceed hereafter in the United States District Court for the Eastern

District of Virginia, Newport News Division.

       **BLOOMIN' BRANDS, INC.**
       **OUTBACK STEAKHOUSE OF FLORIDA, LLC**
       By Counsel

Exhibit C

1

BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile

John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **Notice of Removal** was emailed and mailed, postage prepaid, on this 31st day of July, 2020, to:

Stephen Teague, Esquire
P.O. Box 706
Newport News, VA 23607
contact@teaguelawoffice.com

Nazareth M. Haysbert, Esquire
James L. Moultrie, III, Esquire
4640 Admiralty Way, Suite 500
Marina Del Ray, CA 90292
nazareth@hmlaw.la
james@hmlaw.la

John D. McGavin

2

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Joann Wright Haysbert | Bloomin' Brands, Inc.<br>Outback Steakhouse of Florida, LLC |

**(b)** County of Residence of First Listed Plaintiff    City of Hampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen Teague, Law Office of Stephen C. Teague
P.O. Box 706, Newport News, VA 23607   (757) 317-0716

Attorneys *(If Known)*
John D. McGavin, Abigail J. Johansen
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Blvd., Suite 400, Fairfax, VA 22030   (703) 385-1000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV |
| | **PERSONAL INJURY**<br>☒ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| | **PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(a)(1), 1441, 1446
Brief description of cause:
Slip and fall

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 2,500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE   7-31-2020

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

JS 44 Reverse (Rev. 09/19)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. **(See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.    Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.