**VIRGINIA:**

**IN THE CIRCUIT COURT OF THE CITY OF HAMPTON** Part 3

| | |
|---|---|
| **JOANN WRIGHT HAYSBERT,** ) | |
| ) | |
| Plaintiff, ) | CIVIL CASE NO.: CL20-1427 |
| v. ) | |
| ) | |
| **BLOOMIN' BRANDS, INC.,** ) | |
| Serve: ) | **JURY TRIAL DEMANDED** |
| Corporate Creations Network Inc. ) | |
| 6802 Paragon Place, Suite 410 ) | |
| Richmond, VA 23230 ) | |
| ) | |
| **OUTBACK STEAKHOUSE OF** ) | |
| **FLORIDA, LLC,** ) | |
| Serve: ) | |
| Corporate Creations Network Inc. ) | |
| 425 W. Washington Street, Suite 4 ) | |
| Suffolk, VA 23434-5320 ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

NOW COMES the Plaintiff, JoAnn Wright Haysbert, by counsel, and for her Complaint against the Defendants, Bloomin' Brands, Inc., and Outback Steakhouse of Florida, LLC, states as follows:

1

Exhibit A

## The Parties

1. The Plaintiff, JoAnn Wright Haysbert ("Ms. Haysbert"), is and at all times relevant to this Complaint has been a citizen and resident of the Commonwealth of Virginia and the City of Hampton.

2. Bloomin' Brands, Inc., at all times relevant to this Complaint, is a company of restaurants that owns and operates several restaurant chains, including Outback Steakhouse of Florida, LLC. The Outback Steakhouse restaurant at issue in this complaint is organized under and pursuant to the laws of the Commonwealth of Virginia. Bloomin' Brands is headquartered at 2202 North West Shore Boulevard, Suite 500, Tampa, Florida 33607.

3. Outback Steakhouse of Florida, LLC, is an LLC authorized to conduct business in the Commonwealth of Virginia and subject to its laws and jurisdiction. Outback Steakhouse of Florida, LLC, is headquartered at 2202 North West Shore Blvd, 5th Floor, Tampa, Florida 33607.

## Jurisdiction and Venue

4. This Court has jurisdiction over this dispute because the acts giving rise to the claims at issue took place within the Commonwealth of Virginia.

5. Plaintiff JoAnn Wright Haysbert is a citizen of the Commonwealth of Virginia, and the Outback Steakhouse restaurant at issue is in Virginia.

6. This Court has exclusive original jurisdiction over this dispute because the damages sought pursuant to this Complaint are in excess of $25,000.

7. Venue is proper in this Court because Outback Steakhouse of Florida, LLC, conducts substantial business activity in Hampton, Virginia, and there is a substantial nexus to this forum based on the location of Plaintiff and fact witnesses. (Virginia Code § 8.01-262).

8. Pursuant to the Fifth Order Modifying and Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency issued by the Supreme Court of Virginia through Chief Justice Donald W. Lemons and Va. Code § 17.1-330, the statute of limitations for filing this case was tolled from March 16, 2020 through June 28, 2020.

## Factual Background

9. On or about May 23, 2018, JoAnn Wright Haysbert ("Ms. Haysbert") entered the Outback Steakhouse located at 4312 Portsmouth Boulevard, Chesapeake, Virginia 23321, to get dinner with her daughter.

10. As Ms. Haysbert entered the restaurant, she asked an employee of Outback Steakhouse for directions to the ladies' room, and the employee pointed toward the restrooms.

11. Ms. Haysbert took two steps before slipping on the floor, hitting her head and entire left side of her body on the ground.

12. Ms. Haysbert lost consciousness for a few seconds as a result of the fall.

13. Once she regained consciousness, Ms. Haysbert was disoriented, lost recollection of the events that had transpired, was unable to move, and needed to be helped up by three people, including the restaurant manager Lisa Crosby ("Ms. Crosby").

14. Ms. Crosby asked Ms. Haysbert if she needed an ambulance, and Ms. Haysbert, in her altered mental state, declined.

15. Ms. Crosby completed a Customer Incident Report and told Ms. Haysbert that she would call and give her a claim number at a later time.

16. Ms. Haysbert's daughter, who was outside waiting for her in a car when the incident occurred, began icing down the left side of Ms. Haysbert's body to reduce the swelling, pain, and discomfort that she was experiencing from the fall.

17. Ms. Haysbert additionally received a permanent and visible scar on the left side of her head where she made contact with the floor.

 

18. On or about May 24, 2018, Ms. Haysbert had still not received a response from Ms. Crosby, so Ms. Haysbert called her and left a message.

19. Ms. Crosby responded that she had tried several times to call and get a claim number, but that the lines were down.

20. Ms. Haysbert did not hear from Ms. Crosby again.

21. On or about May 25, 2018, a woman named Tristal called Ms. Haysbert and said that she was calling from the "corporate office."

22. Ms. Haysbert told Tristal that she was supposed to receive a claim number from Ms. Crosby, but never did.

23. Tristal told Ms. Haysbert that they did not have medical premise insurance, and that they would only cover out of pocket expenses beyond what Ms. Haysbert's own insurance paid for her treatment.

24. Ms. Haysbert's condition was not improving despite resting and icing her injuries.

25. Ms. Haysbert has demonstrated signs consistent with a traumatic brain injury ("TBI") from her severe impact with the floor.

26. Ms. Haysbert traveled to Medicare Urgent Care at 10136 Two Notch Road, State Route 104, Columbia, South Carolina 29229 seeking treatment for her pain.

27. The medical providers took full body x-rays of Ms. Haysbert's left side and hand.

28. Ms. Haysbert was found to have several contusions and needed a splint for her left hand and wrist to correct a sprain. Ms. Haysbert was prescribed pain medication and released.

29. Following this visit, Ms. Haysbert continued to suffer symptoms consistent with TBI, including post-traumatic vertigo.

## COUNT I

## NEGLIGENCE

30. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

31. On May 23, 2018, the floor at the Outback Steakhouse in Chesapeake, Virginia was not in a reasonably safe condition.

32. Further, an employee of Outback Steakhouse directed Ms. Haysbert toward the slippery area on the floor and did not give any warning as to its condition.

33. Defendant, through its agents and employees, had a duty to exercise reasonable care toward the safety of customers and others lawfully on the premises, including the duty:

- a. to avoid allowing unsafe or dangerous conditions to exist on the premises;
- b. to make reasonable inspections, from time to time, to determine whether such conditions exist;
- c. to ensure that the surface of the floors of the premises are safe after they are cleaned;
- d. to keep and maintain the premises, including the floors, in a reasonably safe condition;

    e. to remove foreign objects from the floor which it may have placed there, or which it knew or should have known that other persons placed there;

    f. to exercise, at all times, ordinary care to protect customers while on the premises; and

    g. to warn those on the premises of any unreasonable, unsafe or dangerous conditions which are known to, or should be known to, Defendants and/or their agents or employees.

34. No preventative measures such as carpeting, signage, railings, etc., were in place to keep incidents like this from happening.

35. Placing carpeting or signage would cost the restaurant almost nothing and would prevent customers from slipping and falling on the premises.

36. Defendant knew, or through the exercise of reasonable care should have known, of the unsafe condition of the floor.

37. The condition of the floor was not patent or obvious to customers just walking in to the restaurant.

38. As a direct, proximate, and foreseeable result of the negligently maintained floor, Ms. Haysbert fell to the ground where she sustained serious injuries.

8

39. As the owner and operator of the Outback Steakhouse in Chesapeake, Virginia, Bloomin' Brands Inc. and Outback Steakhouse of Florida, LLC, are liable for injuries that occur on the premises as a result of the acts or omissions of their agents and employees.

40. Ms. Haysbert was not contributorily negligent.

WHEREFORE, in consideration of the foregoing, the Plaintiff, Ms. Haysbert, respectfully prays that she be granted judgment against the Defendants as follows:

1. Damages proximately resulting from the negligence of each Defendant for past, present and future pain and suffering in the amount of $2,000,000 or other specific amount to be established at trial;

2. Compensation for medical bills and expenses incurred to diagnose, treat, and manage the pain of Plaintiff's injuries in the amount of $500,000;

3. Costs incurred in pursuing this action;

4. Such other and further relief as the Court may deem appropriate.

**JURY TRIAL HEREBY DEMANDED**

JOANN WRIGHT HAYSBERT

Respectfully Submitted,

**LAW OFFICE OF STEPHEN C. TEAGUE**

By: _____
 Stephen C. Teague, Esq.


Stephen Teague, Esquire. Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
Telephone:  (757) 317-0716
Facsimile:   (757) 215-2974

Nazareth M. Haysbert, Esquire. California State Bar No. 294431*
James L. Moultrie III, Esquire. California State Bar No. 296805*
**Haysbert Moultrie, LLP**
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
Telephone:  (310) 496-5796
Facsimile:   (310) 760-4083
*Attorneys for Plaintiff JoAnn Wright Haysbert*
*Application for admission *pro hac vice* forthcoming

JUL 1 3 2020