VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF HAMPTON

JOANN WRIGHT HAYSBERT                    *
                                          *
        Plaintiff,                        *
                                          *
v.                                        * Civil Case No: CL20-1427
                                          *
OUTBACK STEAKHOUSE OF FLORIDA,            *
LLC, et al.                               *
                                          *
        Defendants.                       *

## ANSWER TO THE COMPLAINT

COME NOW the defendants, Bloomin' Brands, Inc. and Outback Steakhouse

of Florida, LLC, and for their Answer to the Complaint filed herein, state as follows:

1.  Defendants can neither admit nor deny the allegations of paragraph 1

having insufficient information to fully and fairly respond and, therefore, these

allegations shall be construed as denied.

2.  Defendant denies that Bloomin' Brands, Inc. is a proper party to this

litigation, denies the allegations that "The Outback Steakhouse restaurant at issue

in this Complaint is organized under and pursuant to the laws of the Commonwealth

of Virginia". To the extent that allegation asserts that the corporate entities are

Virginia corporations. Defendant admits that Bloomin' Brands, Inc. is headquartered

in Tampa, Florida.

3.  Defendant admits Outback Steakhouse of Florida, LLC is authorized to

1

# Exhibit B

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

conduct business in the Commonwealth of Virginia and subject to its laws and jurisdiction and is headquartered at 2202 North West Shore Blvd., in Tampa, Florida.

4. Defendants deny the allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. Defendants admit that the Supreme Court of Virginia have issued certain emergency Orders but can neither admit nor deny that this cause of action is timely filed at this time.

9. Defendants can neither admit nor deny the allegations of paragraph 9 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

10. Defendants can neither admit nor deny the allegations of paragraph 10 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants can neither admit nor deny the allegations of paragraph 15 having insufficient information to fully and fairly respond and, therefore, these

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

allegations shall be construed as denied.

16.  Defendants can neither admit nor deny the allegations of paragraph 16 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

17.  Defendants can neither admit nor deny the allegations of paragraph 17 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

18.  Defendants can neither admit nor deny the allegations of paragraph 18 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

19.  Defendants can neither admit nor deny the allegations of paragraph 19 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

20.  Defendants can neither admit nor deny the allegations of paragraph 20 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

21.  Defendants can neither admit nor deny the allegations of paragraph 21 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

22.  Defendants can neither admit nor deny the allegations of paragraph 22 having insufficient information to fully and fairly respond and, therefore, these

3

allegations shall be construed as denied.

23. Defendants can neither admit nor deny the allegations of paragraph 23 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

24. Defendants can neither admit nor deny the allegations of paragraph 24 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

25. Defendants deny the allegations of paragraph 25.

26. Defendants can neither admit nor deny the allegations of paragraph 26 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

27. Defendants can neither admit nor deny the allegations of paragraph 27 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

28. Defendants can neither admit nor deny the allegations of paragraph 28 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

29. Defendants deny the allegations of paragraph 29.

30. Defendants incorporate by reference their responses to all preceding paragraphs as if repled herein.

31. Defendants deny the allegations of paragraph 31.

4

32.  Defendants deny the allegations of paragraph 32.

33.  Defendants deny the allegations of paragraph 33.

34.  Defendants deny the allegations of paragraph 34.

35.  Defendants deny the allegations of paragraph 35.

36.  Defendants deny the allegations of paragraph 36.

37.  Defendants deny the allegations of paragraph 37.

38.  Defendants deny the allegations of paragraph 38.

39.  Defendants deny the allegations of paragraph 39.

40.  Defendants deny the allegations of paragraph 40.

41.  For further answer and by way of grounds of defense, these defendants state as follows:

a.  Defendants deny that they jointly, severally or vicariously committed any act or omission constituting negligence in this regard.

b.  Defendants deny that they had any notice of any allegedly defective condition herein.

c.  Defendants assert that any and all defects alleged herein were open and obvious.

d.  Defendants assert the defenses of contributory negligence and assumption of the risk.

e.  Defendants deny that they are indebted to the plaintiff under any theory of law.

5

42.    Defendants demand trial by jury on all issues joined.

WHEREFORE, the foregoing considered, the defendants, Bloomin' Brands, Inc. and Outback Steakhouse of Florida, LLC, by counsel, move this court to dismiss this cause of action and award them costs expended.

**BLOOMIN' BRANDS, INC.**
**OUTBACK STEAKHOUSE OF FLORIDA, LLC**
By Counsel

BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile

_for VSB 93585_

John D. McGavin, VSB No: 21794
jmcgavin@bmhjlaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **Answer to the Complaint** was mailed, postage prepaid, on this 30th day of July, 2020, to:

Stephen Teague, Esquire
P.O. Box 706
Newport News, VA 23607

Nazareth M. Haysbert, Esquire
James L. Moultrie, III, Esquire
4640 Admiralty Way, Suite 500
Marina Del Ray, CA 90292

_for VSB 93585_

John D. McGavin

6