**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **JOANN WRIGHT HAYSBERT**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:20-cv-00121-RBS-DEM |
| | ) | |
| v. | ) | **DISCOVERY MATTER** |
| | ) | Assigned to |
| **BLOOMIN' BRANDS, INC., et al.** | ) | Magistrate Judge Douglas E. Miller |
| | ) | |
| Defendants. | ) | [Filed concurrently with Declaration |
| | ) | of Nazareth M. Haysbert and Exhibits |
| | ) | thereto; [Proposed] Order] |

_____


**PLAINTIFF'S MOTIONS TO COMPEL RESPONSES TO
INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY
DEFENDANTS AND TO DETERMINE THE SUFFICIENCY OF
RESPONSES TO REQUESTS FOR ADMISSION BY DEFENDANTS**


**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**


PLEASE TAKE NOTICE THAT Plaintiff Dr. Joann Wright Haysbert ("Dr. Haysbert") will and hereby does move this Court for an Order compelling Defendants Bloomin' Brands, Inc., and Outback Steakhouse of Florida, LLC., to:

1. Produce all documents responsive to Plaintiff's Requests for Production of Documents, Set One, Nos. 1-15, **without objection**;

1

2. Provide all answers responsive to Plaintiff's Interrogatories, Set One, Nos. 1-22, **without objection**;

3. Provide sufficient answers to Plaintiff's Requests for Admissions, Set One, Nos. 1-30, **without objection**;

4. Produce any and all recordings of the incident, including but not limited to any video, closed circuit television and/or security camera footage, **without objection**.

Plaintiff further asks the Court to grant her reasonable fees and expenses incurred in filing the instant Motion, which amount will be determined at a later date based on further submissions by the parties.

## **Fed. R. Civ. P. Rule 37(a)(1) Certification**

This Motion is brought following ongoing discussions with the Court at prior court hearings and Counsel during and beyond the initial Local Rule 37 (E) conference of counsel on October 30, 2020, as well as through email on November 10, 2020, and again through email and discussion from February 5 through February 11, 2021.

On February 5, 2021 Plaintiff's Counsel again met and conferred with Counsel for Defendants pursuant to Local Rule 37 (E). Defendants indicated that they would oppose this Motion.

Additionally, Counsel for Plaintiff has sent a copy of this notice to Defendants' counsel by email. The contact information for Defendants' Counsel is as follows:

2

John D. McGavin, Esq.
jmcgavin@bmhjlaw.com
Anna G. Zick, Esq.
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS,
P.C. 9990 Fairfax Blvd. Suite 400 Fairfax, Virginia 22030
Tel: (703) 385-1000
Fax: (703) 385-1555

This Notice of Motion and Motion are based upon the attached Memorandum of Points and Authorities, the accompanying Declaration of Nazareth M. Haysbert and exhibits thereto, and the files and records in this case.

DATED: February 19, 2021          **CRANDALL & KATT**

By: /s/ D. Adam McKelvey, Esq.
D. Adam McKelvey, Esq. (75174)
CRANDALL & KATT
366 Elm Avenue, SW
Roanoke, VA 24016
Telephone: (540) 342-2000
Facsimile: (540) 345-3527
dmckelvey@crandalllaw.com

*Attorneys for Plaintiff JoAnn Wright Haysbert*

DATED: February 19, 2021          **HAYSBERT | MOULTRIE, LLP**

Nazareth M. Haysbert [CA SBN 294431]
(admitted pro hac vice)
nazareth@hmlaw.la
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
Tel: (310) 496-5796
Fax: (310) 760-4083

*Attorneys for Plaintiff JoAnn Wright Haysber*

3

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ............................................... 1

    A.   Statement of the Case ................................. 1

    B.   Relevant Procedural and Factual History ................. 1

    C.   Meet and Confer Declaration ........................... 3

II.     LEGAL STANDARD....................................... 5

    A.   The Court May Order Defendants to Provide Further Responses and Documents Pursuant        to Plaintiff's Requests ............................ 5

III.    ARGUMENT.............................................. 7

    A.   The Court Should Compel Documents and Responses To Interrogatories Withheld Based On Boilerplate Objections ................................ 7

        1.   Defendants Overbreadth and Undue Burden Objections Lack Support …………………………………………………………………………………...8

        2.   All of Plaintiff's Requests Seek Relevant Information .....................10

    B.   The Court Should Compel Production of Any Video Footage of the Incident 11

    C.   The Court Should Compel Production Of Documents Withheld As Privileged Subject To Defendants' Submission Of A Privilege Log ............................12

    D.   The Court Should Compel Further Responses Where Defendants' Answers Are Nonresponsive Or Incomplete...............................................17

    E.   The Court Should Require Defendants to Serve Further Responses to Requests for Admissions or Deem Requests Admitted Where Appropriate.18

IV.     CONCLUSION ............................................22

## <u>TABLE OF AUTHORITIES</u>

**Federal and State Cases**

*Barb v. Brown's Buick, Inc.*, No. l:09-cv-785, 2010 WL 446638, at *1 (E.D. Va. Feb. 2, 2010) ................................................................................................ 7

*Binks Mfg. Co. v. Nat'l Presto Indus., Inc*., 709 F.2d 1109, 1118 (7th Cir. 1983)..14

*Capital One Bank N.A. v. Hess Kennedy Chtd.*, 2008 U.S. Dist. LEXIS 76385, at *4-5 (E.D. Va. Sept. 29, 2008) .......................................................................... 7

*Cappetta v. GC Services Ltd.*, No. 3:08cv288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008) ............................................................................................... 8

*Diederich v. Department of Army*, 132 F.R.D. 614, 616–617 (S.D.N.Y. 1990) .....19

*Finley v. Trent*, 955 F. Supp. 642, 648 (4th Cir. 1997) ........................................... 7

*Franconia Associates v. Clark*, 250 Va. 444 (1995) ..............................................19

*Herbert v. Lando*, 441 U.S. 153, 175 (1979) ..........................................................12

*Hong Wu v. Dunkin' Donuts, Inc*., 105 F. Supp. 2d 83 (E.D.N.Y. 2000) ...............20

*In re Grand Jury Proceedings*, 102 F.3d at 752 ....................................................13

*In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984) ..............12, 13

*Jones v. Commander*, 147 F.R.D. 248, 250 (D. Kan. 1993) ..................................10

*Mills v. E. Gulf Coal Prep. Co.*, 259 F.R.D. 118, 132 (S.D. W. Va. 2009) ............. 7

*Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996)............ 8

*Munoz v. PHH Corp.*, 2013 U.S. Dist. LEXIS 24671, at *16–17 (E.D. Cal. Feb. 22, 2013) ................................................................................................................ 9

*Nat'l Union Fire Insurance v. Murray Sheet Metal*, 967 F.2d 980, 984 (4th Cir. 1992) ........................................................................................................13, 15

*Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998)...............10

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).............................. 5

*RLI Ins. Co. v. Conseco, Inc*., 477 F. Supp. 2d 741, 748 (E.D. Va. 2007) .............12

*Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006) ...................................... 7

*Solis v. Food Employers Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011) ...............................................................................................................12

*Triplett v. Soleil Grp., Inc.*, 664 F. Supp. 2d 645, 651 (D.S.C. 2009) ...................20

*Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 424 (N.D. W. Va. 2006) ..............................................................................................................19

*Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235, 247 (S.D. W. Va. 2014)........................................................................................................13

**Federal Rules**

Fed. R. Civ. P. Rule 26 ......................................................................................passim

Fed. R. Civ. P. Rule 26(b)(1) .................................................................................11

FRCP Rule 26(b)(3)(A) ..........................................................................................12

Fed. R. Civ. P. Rule 26(b)(3)(A)(ii) .......................................................................15

Fed. R. Civ. P. Rule 26(b)(5)(A)(ii) .......................................................................14

FRCP Rule 26 (e)(1) (A) and (B) ...........................................................................17

Fed. R. Civ. P. Rule 33 ............................................................................................. 7

Fed. R. Civ. P. Rule 33(b)(4) .................................................................................... 7

Fed. R. Civ. P. Rule 34 ...................................................................................6, 7, 17

Fed. R. Civ. P. Rule 34(b)(2)(A)..............................................................................17

Fed. R. Civ. P. Rule 36(a)(5) ..................................................................................18

Fed. R. Civ. P. Rule 36(a)(6) ......................................................................6, 18, 19

Fed. R. Civ. P. Rule 36, Notes of Advisory Committee to 1970 Amendments ......19

Fed. R. Civ. P. Rule 37 ............................................................................................. 6

Fed. R. Civ. P. Rule 37(a)(3)(B) (iii) and (iv) ........................................................ 6

Fed. R. Civ. P. Rule 37(a)(4) ................................................................................... 6

Fed. R. Civ. P. Rule 37(b)(2)(A)............................................................................. 6

<u>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND PRODUCTION OF DOCUMENTS BY DEFENDANTS AND TO
DETERMINE SUFFICIENCY OF RESPONSES TO REQUESTS FOR
ADMISSION BY DEFENDANTS**</u>

## I.   <u>INTRODUCTION</u>

### A. <u>Statement of the Case</u>

This case arises from an incident which occurred at Outback Steakhouse in Chesapeake, Virginia on May 23, 2019. Plaintiff, Dr. Joann Wright Haysbert ("Dr. Haysbert"), sustained injury when she slipped and fell in the dining room of the restaurant as a result of Defendants' negligence. Plaintiff seeks compensation for her injuries and pain and suffering.

### B. <u>Relevant Procedural and Factual History</u>

Plaintiff propounded written discovery on Defendants in the form of Interrogatories, Requests for Production, and Requests for Admissions. Defendants' objections were due on August 31, 2020. E.D. Va. Local Rule 26(C). Defendants' responses were due on September 14, 2021.

On August 31, 2020, Defendants served objections to Plaintiff's Requests for Admission. Declaration of Nazareth M. Haysbert ("Haysbert Decl.") ¶ 20, **Ex. "M."** On September 11, 2020, Defendants served objections and answers to Plaintiff's Requests for Admission. *Id.*

On October 15, 2020, Stephen Teague, then Counsel for Plaintiff, emailed John McGavin, Counsel for Defendants, to schedule a meet and confer to discuss outstanding discovery issues in the instant case. *See* Declaration of Nazareth M. Haysbert ("Haysbert Decl.") ¶ 2, **Ex. "A,"** October 15, 2020 email to opposing counsel. The purpose of the call was to discuss a potential motion to compel Defendants' discovery responses and initial disclosures, which were months overdue and had yet to be received.[1] *Id.* After receiving no response to Plaintiff's meet and confer request to Mr. McGavin for nearly a week, Counsel for Plaintiff sent follow-up emails and eventually reached Mr. McGavin's assistant to schedule a meet and confer more than ten days after Plaintiff's initial request was made. *Id.* ¶¶ 3, 4, **Ex. "A1."** On October 23, 2020, Abigail Johansen emailed Mr. Teague indicating she was helping Mr. McGavin with this case and needed to reschedule the meet and confer which had been set for October 26, 2020. *Id.* ¶ 5, **Ex. "A2."**  On October 26 and 27, 2020, Ms. Johansen and Counsel for Plaintiff exchanged emails attempting to reschedule the meet and confer, which eventually occurred on October 29, 2020, two weeks after Mr. Teague initiated the meet and confer. *Id.* ¶¶ 5-6, **Ex. "A3."**  As of October 29, 2020, Plaintiff had not received any discovery responses from Defendants.

---

[1] For example, Defendants should have disclosed all applicable insurance policies as part of their initial disclosures. As of today, February 19, 2021, Defendants have failed to disclose any insurance policy information.

On October 30, 2020, the day after Plaintiff had meaningfully met and conferred in good faith with Defendants regarding Plaintiff's instant motion to compel, Defendants finally served initial disclosures, insufficient discovery responses, and untimely objections, which were already two months overdue.  *Id.* ¶ 7, **Ex. "B-B4."** Ms. Johansen indicated that the disclosures and responses had been "marked to be sent on August 31, 2020, however they were subject to final review." *Id.* ¶ 8, **Ex. "B5."** Ms. Johansen also sought and obtained a further two-week extension to November 13, 2020 to supplement Defendants' responses, ultimately serving additional and still insufficient documents on November 10, 2020. *Id.* ¶ 9, **Ex. "C-C3."** The supplemental responses, except for the production of four (4) business manuals and photographs described more fully herein, as **Ex. "D-D5"**, were still woefully incomplete and offered the same unresponsive and/or blanket cut-and-paste objections. *Id.* ¶¶ 9-10.

### C. <u>Meet and Confer Declaration</u>

On October 30, 2020, pursuant to Fed. R. Civ. P. 37(a)(1), counsel for Plaintiff met and conferred with counsel for Defendants regarding the substance of Plaintiff's Motion to Compel. On November 16, 2020, again pursuant to Fed. R. Civ. P. 37(a)(1), counsel for Plaintiff attempted to confer with counsel for Defendants in a good-faith effort to secure the information and material described herein without court action, including and especially video of the incident.  On that date, Counsel

for Plaintiff emailed Counsel for Defendants to request to meet and confer regarding "all remaining outstanding discovery issues." Haysbert Decl. ¶ 13, **Exhibit** "**F**," November 16, 2020 email to opposing counsel. Defendants never responded to Plaintiff's email sent November 16, 2020, and instead quickly filed their own Motion to Compel without providing Plaintiff a good-faith, meaningful opportunity to resolve any of the discovery issues which formed the basis for Defendants' motion to compel. *See* Dkt. No. 28.

On February 1, 2021, Defendants requested a meet and confer regarding scheduling the depositions of Plaintiff, her daughter, and her treating physician. Haysbert Decl. ¶ 17, **Exhibit "K,"** February 1, 2021 email requesting meet and confer.

Counsel finally met and conferred on February 5, 2021 to discuss a myriad of discovery issues. Haysbert Decl. ¶ 18. Plaintiff re-opened meet and confer efforts regarding Plaintiff's forthcoming motion to compel discovery responses and spoliation of evidence, as well as Plaintiff's forthcoming motion for leave to amend the complaint to add claims against Chip Chase, Lisa Crosby, and an unidentified hostess who directed Plaintiff toward the dangerous condition as indicated in Plaintiff's complaint. *Id.* Defendants' counsel refused to provide the name of the unidentified hostess or confirm whether they would be producing Chip Chase and Lisa Crosby pursuant to Plaintiff's deposition subpoenas served on Defendants'

4

counsel on February 3, 2021. *Id.* Defendants' counsel flatly indicated Defendants would object to Plaintiff's motions, without further discussion. *Id.*

On February 8, 2021, Plaintiff's counsel received an email from Defendants' counsel refusing to join in a previously discussed stipulation to extend dates and deadlines due to Plaintiff's incapacity from December 2020 to February 2021, due to her diagnosis with COVID-19. Haysbert Decl. ¶ 19, **Exhibit "L,"** Email correspondence between counsel from February 8-11, 2021.When Defendants' counsel still refused to state whether they would be producing Chip Chase and Lisa Crosby for deposition, Plaintiff's counsel followed up via email on February 10, 2021 for clarification. *Id.* Defendants' counsel responded on February 11, 2021 stating that they could not produce Chip Chase and Lisa Crosby as they "no longer work for Outback" and thus, Defendants' counsel, "cannot control their appearance or availability." *Id.*

## II.   <u>LEGAL STANDARD</u>

### A. <u>The Court May Order Defendants to Provide Further Responses and Documents Pursuant to Plaintiff's Requests</u>

Discovery under the Federal Rules of Civil Procedure ("FRCP") "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

FRCP Rule 26(b)(1) provides, *inter alia*:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FRCP Rule 37 further provides if any party fails to make a disclosure required by Rule 26, any other party may move to compel disclosure and for appropriate sanctions.  FRCP Rule 37(b)(2)(A).  A party seeking discovery may move for an order compelling answers to interrogatories or production or inspection of documents where the opposing party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." FRCP Rule 37(a)(3)(B) (iii) and (iv).  An evasive or incomplete disclosure or response "must be treated as a failure to disclose, answer, or respond."  FRCP Rule 37(a)(4).

A party seeking further responses to requests for admissions may move to determine the sufficiency of an answer or objection. FRCP Rule 36(a)(6). If the court finds an objection unjustified, it must order that an answer be served. *Id.* If the court finds that an answer is insufficient, it may either deem that matter admitted or order an amended answer served. *Id.*

The "burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *Capital One Bank N.A. v. Hess Kennedy Chtd.*, 2008 U.S. Dist. LEXIS 76385, at *4-5 (E.D. Va. Sept. 29, 2008). *See Finley v. Trent*, 955 F. Supp. 642, 648 (4th Cir. 1997). Thus, Defendants bear the burden of justifying each of their objections to Plaintiff's requests.

## III.   <u>ARGUMENT</u>

### A. <u>The Court Should Compel Documents and Responses To Interrogatories Withheld Based On Boilerplate Objections</u>

Under  FRCP Rule 33(b)(4), "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Similarly, under  FRCP Rule 34(b)(4), failure to make particularized objections to production of document requests constitutes a waiver of those objections." *Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006) (citations omitted). *See also Mills v. E. Gulf Coal Prep. Co.*, 259 F.R.D. 118, 132 (S.D. W. Va. 2009) ("objections must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable"); *Barb v. Brown's Buick, Inc.*, No. l:09-cv-785, 2010 WL 446638, at *1 (E.D. Va. Feb. 2, 2010) (objections to discovery requests must be stated with specificity).

At issue in the instant case are Defendants' responses to Interrogatory Nos. 4-6, 9-15, 16, 17, and 21 and Request for Production ("RFP") Nos 4. 9-11, and 13-15.

Haysbert Decl., **Exs. "C-C3," "D-D5," "H," "I."** Defendants responded with nothing but boilerplate objections indicating that the requested discovery was either overboard, unduly burdensome, irrelevant, or some combination thereof.  Other than standard copy-and-paste type language, Defendants offered no support whatsoever for their arguments. Aside from being baseless, the repeated regurgitation of these objections is clear evidence that Defendants are merely trying to evade proper discovery efforts, harass and annoy Plaintiff, and waste the Court's time and resources.

As such and upon explanation below Plaintiff requests this Court compel Defendants' responses to interrogatories and requests for production of documents as indicated above and, in the attachments, filed concurrently herewith. *See* Haysbert Decl., **"C-C3," "D-D5," "H," "I."**

### 1. Defendants Overbreadth and Undue Burden Objections Lack Support

Regarding the objections that the requests were overbroad and/ or unduly burdensome, "merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection." *Cappetta v. GC Services Ltd.*, No. 3:08cv288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008). A party objecting to a discovery request as overly burdensome must submit affidavits or other evidence demonstrating the nature and extent of the asserted burden. *Id.* (citing *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (internal

citations omitted)). Ultimately, Defendants have the burden to state the "nature and extent of the hardship imposed and state specifically how compliance will be harmful or costly." *Munoz v. PHH Corp.*, 2013 U.S. Dist. LEXIS 24671, at *16–17 (E.D. Cal. Feb. 22, 2013) ("Defendants have not met their burden here to justify denying discovery since its objections contain only generalized assertions and suggestions devoid of any tangible detail.").

Here, Defendants have offered nothing but generalized assertions and suggestions to substantiate their objections. They have failed to provide any supporting affidavits or other evidence to describe the nature and extent of any hardship imposed by responding or otherwise indicating why they could not reasonably comply with Plaintiff's discovery requests. Defendants responses are devoid of any tangible detail to justify denying discovery of those matters objected to. Defendants have put little-to-no effort into formulating their responses and thus have subjected Plaintiff to her own undue burden of moving to compel sufficient further responses.

Of particular note, Defendants improperly object to requests seeking the identities and job responsibilities of Defendants' employees working at the subject location during the time of the incident. Haysbert Decl. **Ex. "H,"** RFP 11, 13; **Ex. "I,"** ROG 5. Plaintiff's request was not overbroad or unduly burdensome, as it properly delineated the scope of the request and put Defendants on reasonable notice

of what was requested. Regardless, in the absence of any supporting affidavits or other evidentiary support, Defendants cannot reasonably claim overbreadth or undue burden. It is particularly telling that Defendants have chosen to withhold information directly relevant to Plaintiff's claims on such an ambiguous ground.

### 2.  All of Plaintiff's Requests Seek Relevant Information

Regarding relevance, federal courts interpret relevance liberally "to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at trial." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) ("A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action.") (quoting *Jones v. Commander*, 147 F.R.D. 248, 250 (D. Kan. 1993)).

Again, Defendants have the burden to justify withholding responsive information on a relevance objection. Defendants have not and cannot refute that the possibility that the information sought in each RFP and Interrogatory would be relevant to any of Plaintiff's claims.  As such, Defendant's boilerplate objections should be disregarded, and Defendants' evasive disclosure should be treated as a failure to respond. For the same reason, Defendants should be deemed to have waived these objections.

Of particular note, Defendants make an evidentiary objection to Interrogatory No. 21 on the basis that evidence of subsequent remedial measures are generally inadmissible at trial. Haysbert Decl. **Ex. "I,"** Interrogatory 21. However, discoverable information is relevant and must be produced, despite that it is inadmissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. Rule 26(b)(1). Evidence of subsequent remedial measures is admissible for "impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. Rule 407. Thus, Defendants are required to provide this information since it is reasonably calculated to lead to evidence supporting impeachment or proving Defendants' ownership or control, or the feasibility of precautionary measures to prevent the incident.

Regardless, Defendants provided a confusing answer that "no subsequent remedial measures were indicated."  Haysbert Decl. **Ex. "I,"** Interrogatory 21. Having provided an answer to this Interrogatory, Defendants have waived their objections to the admissibility of any subsequently discovered evidence at trial.

### B. <u>The Court Should Compel Production of Any Video Footage of the Incident</u>

At issue here is RFP No. 7. Haysbert Decl., **Exs. "C1," "C3," "D-D5," "H."** In their answers to Plaintiff's RFP No. 7, Defendants for the first time indicated that no recording of the incident exists. Haysbert Decl., **Ex. "C1," "C3."**

11

This is the primary object of Plaintiff's concurrently filed Motion for Sanctions Due to Spoliation. Should the Court find that Defendants have intentionally destroyed or failed to preserve relevant video footage of the incident when they reasonably anticipated litigation, Plaintiff is requesting that this Court sanction Defendants with at least an adverse inference order, if not stronger sanctions. However, if any video footage of the incident exists, the Court should compel its production to Plaintiff along with appropriate sanctions for the harm caused by this late compelled production.

### C. The Court Should Compel Production Of Documents Withheld As Privileged Subject To Defendants' Submission Of A Privilege Log

FRCP Rule 26(b)(3)(A) provides: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." However, "Courts disfavor assertions of evidentiary privilege because they shield evidence from the truth-seeking process." *RLI Ins. Co. v. Conseco, Inc*., 477 F. Supp. 2d 741, 748 (E.D. Va. 2007) (citing *Herbert v. Lando*, 441 U.S. 153, 175 (1979); *In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984)). Therefore, any party who asserts the work product doctrine privilege to justify withholding documents "bears the burden of demonstrating the applicability of the work product doctrine." *Solis v. Food Employers Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011).

To obtain protection under the work product privilege, a document must be prepared in anticipation of litigation.

> The document must be prepared *because of* the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation. . .. [M]aterials prepared in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes are not documents prepared in anticipation of litigation within the meaning of Rule 26(b)(3).

*Nat'l Union Fire Insurance v. Murray Sheet Metal*, 967 F.2d 980, 984 (4th Cir. 1992) (emphasis in original); *accord In re Grand Jury Proceedings*, 102 F.3d at 752 (internal report documenting bank's investigation of whether bank had committed a crime, which was prepared by non-lawyer bank employee, not subject to work product doctrine); *Westfield Ins. Co. v.  Carpenter Reclamation, Inc*., 301 F.R.D. 235, 247 (S.D. W. Va. 2014) ("Westfield's assertion of attorney-client privilege and/ or the work product doctrine is too general and will not suffice.").

The Fourth Circuit in *Nat'l Union Fire Insurance*, applied the "because of" test to determine whether a document was created in anticipation of litigation.  The Court noted that

> because litigation is an ever-present possibility in American life, it is more often the case than not that events are documented with the general possibility of litigation in mind. Yet, "[t]he mere fact that litigation does eventually ensue does not, by itself, cloak materials" with work product immunity.

*Id.* at 984 (quoting *Binks Mfg. Co. v. Nat'l Presto Indus., Inc*., 709 F.2d 1109, 1118 (7th Cir. 1983)).

Finally, it is well-recognized that a party seeking to withhold production under the work product privilege must submit timely and adequate privilege logs. *See* FRCP Rule 26(b)(5)(A)(ii).

At issue here are Defendants' responses to RFP Nos. 2, 5-6, 8 and 11. Haysbert Decl., **Exs. "C1," "C3," "D-D5," "H."** Defendants attempt to shield documents responsive to these requests by asserting the work product privilege. Of course, it is plausible some documents may have in fact been prepared in anticipation of litigation, but this does not excuse Defendants' inadequate claim of privilege and the lack of any privilege log describing the nature of the documents, communications, or tangible things not produced or disclosed in sufficient detail to enable Plaintiff to assess the claim, as required by the FRCP. Furthermore, Defendants' classification of all documents responsive to these requests with no support for such classification does not pass the smell test, particularly Defendants' nonsensical privilege objections as to documents they had not yet identified.

Defendants have thus deprived Plaintiff of the ability to assess the claims of privilege by determining the author of such documents, the date the documents were prepared, and the reason for their preparation.  Because there may be multiple motives underlying the preparation of a particular document, the Court must

determine "the driving force behind the preparation of" the requested documents. *Nat'l Union Fire Ins.*, 967 F.2d at 984 (recognizing that after an accident, personnel might investigate "not only out of concern for future litigation, but also to prevent reoccurrences . . . and to respond to regulatory obligations").

Further, where documents are created in anticipation of litigation, such documents are nonetheless discoverable where "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." FRCP Rule 26(b)(3)(A)(ii). When work product is at issue, courts consider "the document's relevance and importance to the issues in the litigation and the unavailability of the facts in the documents from other sources." *Nat'l Union Fire Ins.*, 967 F.2d at 985.

Here, Defendants have failed to state with any specificity how such documents apply to the privilege. Regardless, Plaintiffs have a substantial need for these highly relevant materials to adequately prosecute her case and cannot obtain them (or substantial equivalents) by other means. For instance, Plaintiff lacks access to the statements of any witnesses, and is finding it unreasonably difficult to communicate with any known witness identified by Defendants, including Chris Robinson, a patron of the restaurant at the time of the incident, Lisa Crosby, who is no longer employed by Outback and is no longer subject to control by Defendants, or Chip Chase, the Managing Partner of the subject location at the time of the

incident who also no longer works for Outback, and she is thus at the mercy of Defendants in securing such documentation. Without this information, Plaintiff is required to go to great and expensive lengths to track down crucial witnesses to this case and may never find them with information reasonably available to Plaintiff.

As a direct result of Defendants' improper discovery tactics, Plaintiff has been placed at a serious disadvantage in preparing her case. Defendants have not provided any sort of privilege log listing the documents they have withheld as work product. While Defendants' objections refer to a privilege log, Defendants have not made such log available to Plaintiff, depriving her of the opportunity to assess the privilege claim and contest the contents thereof, or to determine if, and when, any information was in fact documented with the general possibility of litigation in mind.

Separately, as explained further in Plaintiff's concurrent motion regarding spoliation, Defendants have clearly stated that they possess documents relating to the incident that were prepared in anticipation of litigation. Haysbert Decl. **Ex. "H,"** RFP 2. This should foreclose any argument that Defendants did not reasonably anticipate litigation and thus had no duty to preserve evidence, including witness statements, or more importantly, video footage of the incident.

As such, the Court should order Defendants to produce all documents responsive to RFP Nos. 2, 5-6, 8 and 11, subject to a proper privilege log.

///

16

**D. The Court Should Compel Further Responses Where Defendants'**
**Answers Are Nonresponsive Or Incomplete**

FRCP Rule 26 (e)(1) (A) and (B) require a party, in a timely manner, to supplement or correct its disclosure or response to an interrogatory, request for admission, request for production, or any disclosure made under Rule 26(a), "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court."

At issue here are Defendants' responses to Interrogatory Nos. 1-6, 9-20, 22 and RFP Nos. 3, 12. Haysbert Decl., **Exs. "C-C3," "D-D5," "H," "I."** In each of the aforementioned responses, Defendants have provided non-responsive or incomplete answers and asserted patently frivolous objections evidencing their dilatory tactics and discovery abuse deserving of appropriate sanctions. *See* FRCP Rule 34(b)(2)(A).

Regarding all responses where Defendants assert that "discovery is ongoing" and/or "Defendant reserves the right to supplement," Defendant has yet to provide further responses. Defendants have failed to update their initial responses with any documents, with the exception of only the following: Outback Safety Reference Guide, Slips and Falls General Practices manual, Slips and Falls General Housekeeping manual, Slips and Falls Use of Mats manual, and photographs of

Plaintiff's shoes and the floor where the incident occurred. Haysbert Decl., **Ex. "D1-D5."**

Further, where Defendants have attempted an answer, such responses are uninformative and inadequate. For a more detailed discussion, see Plaintiff's spreadsheets filed concurrently herewith. Haysbert Decl., **Ex. "H," "I."** Defendants either provided evasive answers or provided answers to questions that were not asked. Defendants have made a half-hearted effort and plainly failed to comply with the federal rules with respect to the discovery requests. They have not stated their objections with specificity and have not met their burden to justify denying Plaintiff the requested discovery. Therefore, this Court should order Defendants to provide complete responses to Plaintiff's requests.

E. <u>**The Court Should Require Defendants to Serve Further Responses to Requests for Admissions or Deem Requests Admitted Where Appropriate**</u>

A party seeking further responses to requests for admissions may move to determine the sufficiency of an answer or objection. FRCP Rule 36(a)(6). If the court finds an objection unjustified, it must order that an answer be served. *Id.* If the court finds that an answer is insufficient, it may either deem that matter admitted or order an amended answer served. *Id.*

An objection to a request for admission must be specifically stated or else it is waived. Fed. R. Civ. P. Rule 36(a)(5); *Wagner v. St. Paul Fire & Marine Ins. Co.*,

238 F.R.D. 418, 424 (N.D. W. Va. 2006). Moreover, objections that the responding party lacks personal knowledge of information if that information is obtainable on reasonably inquiry are improper. Fed. R. Civ. P. Rule 36, Notes of Advisory Committee to 1970 Amendments; *Diederich v. Department of Army*, 132 F.R.D. 614, 616–617 (S.D.N.Y. 1990).

At issue here are Defendants' responses to Request for Admission ("RFA") Nos. 4-6, 8-10, 12, 14-15, 18-23, 25-26, and 30. Haysbert Decl., **Exs. "J," "M."** In each of the aforementioned responses, Defendants answers were insufficient or otherwise were supported by unjustified objections. FRCP Rule 36(a)(6).

First, Defendants improperly object to certain requests based on vague, narrow, and self-advantageous statements of Virginia law purporting to exculpate Defendants from liability for injuries to business invitees on their premises. Haysbert Decl., **Ex. "J,"** RFA 5, 6, 12, 25. Defendants' denials are insufficient as no objection is specifically stated. Moreover, Defendant Bloomin' Brands denied Request No. 12 as inapplicable because it denied operating the subject location, but as set forth below, Defendant could be vicariously liable as a franchisor. *See* Haysbert Decl., **Ex. "J,"** RFA 1, 12. Under Virginia law, owners or occupiers of property, including franchisors, may be liable for injuries due to dangerous conditions on their properties. *See Franconia Associates v. Clark*, 250 Va. 444 (1995) ("A property owner or occupier owes an invitee the duty to use ordinary care to maintain the

19

premises in a reasonably safe condition."); *Triplett v. Soleil Grp., Inc.*, 664 F. Supp. 2d 645, 651 (D.S.C. 2009) (quoting *Hong Wu v. Dunkin' Donuts, Inc.*, 105 F. Supp. 2d 83 (E.D.N.Y. 2000) ("In deciding whether a franchisor may be held vicariously liable for acts of its franchisees, courts determine whether the franchisor controls the day-to-day operations of the franchisee, and more specifically whether the franchisor exercises a considerable degree of control over the instrumentality at issue in a given case.") Defendants' objection to producing the franchise agreement with the subject location on relevancy grounds is even more egregious given Defendant's response to this Request for Admission. Haysbert Decl., **Ex. "H,"** RFP 15.

Defendants repeatedly object to Plaintiff's use of the term "Condition," defined in her requests as "the state of the floor, including but not limited to, the grip, slipperiness, wetness, oiliness, greasiness, or dirtiness at the Subject Location where the Incident occurred." Haysbert Decl., **Ex. "J,"** RFA 8, 9, 10, 26, 30. Defendants' objections are unjustified, especially since Defendants' responses are contradictory to Defendants denial that any condition existed such that Plaintiff cannot determine whether Defendant admits that a Condition existed while denying that their employee directed Plaintiff toward it. *Cf.* Haysbert Decl., **Ex. "J,"** RFA 14, *with* **Ex. "H,"** RFP 4, **Ex. "I,"** Interrogatories 1, 2, 3, 4, 5, 16, 21.

Most egregiously, Defendants claim that they lack sufficient information to admit or deny certain requests regarding recordings of the incident. Haysbert Decl.,

Ex. **"J,"** RFA 21, 22. Defendants' responses are insufficient as they are directly contradictory to Request for Production No. 7 in which Defendants' claim no recordings exist. Haysbert Decl., **Ex. "H,"** RFP 7. Defendants' responses are also insufficient to the extent it contradicts past information related to the existence of video footage, as confirmed by Plaintiff's counsel's telephone contact with Defendants' agent or employee, Defendants representations of the existence of claim notes, including of the telephone contact with Plaintiff's counsel, and clearly documented existence of a surveillance system at the subject location. *See* Supplemental Declaration of Nazareth M. Haysbert ("Haysbert Supp. Decl."), ¶ 3, **Ex. "G"** (filed concurrently with Plaintiff's Motion for Sanctions Due to Spoliation).

Finally, as noted above, responses to requests for admissions that claim lack of information and belief are improper where that information is readily obtainable by responding party upon a reasonable inquiry. If Defendants, could readily obtain that information, they are required to respond accordingly to this request, or else deny if that information does not exist. Plaintiff still cannot determine whether video evidence or any other recordings of the incident exist. This is unfortunately typical of Defendants' dilatory tactics designed to prejudice Plaintiff's case.

Plaintiff requests this Court determine the sufficiency of Defendants' responses to her requests for admission as indicated above, and in the attachments filed concurrently herewith. Haysbert Decl., **Exs. "M," "J."**

21

## IV.  **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that this Court

GRANT Plaintiff's Motion and issue an Order compelling Defendants to:

1. Produce all documents responsive to Plaintiff's Requests for Production of Documents, Set One, Nos. 1-15, without objection;

2. Provide all answers responsive to Plaintiff's Interrogatories, Set One, Nos. 1-22, without objection;

3. Provide sufficient answers to Plaintiff's Requests for Admissions, Set One, Nos. 1-30, without objection;

4. Produce any and all recordings of the incident, including but not limited to any video, closed circuit television and/or security camera footage, without objection.

Plaintiff further asks the Court to grant her reasonable fees and expenses

incurred in filing the instant Motion, which amount will be determined at a later date

based on further submissions by the parties.

RESPECTFULLY SUBMITTED,

DATED: February 19, 2021       **CRANDALL & KATT**

By: /s/ D. Adam McKelvey, Esq.
D. Adam McKelvey, Esq. (75174)
CRANDALL & KATT
366 Elm Avenue, SW
Roanoke, VA 24016
Telephone: (540) 342-2000
Facsimile: (540) 345-3527
dmckelvey@crandalllaw.com

22

DATED: February 19, 2021      **HAYSBERT | MOULTRIE, LLP**

Nazareth M. Haysbert [CA SBN 294431]
(admitted pro hac vice)
nazareth@hmlaw.la
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
Tel: (310) 496-5796
Fax: (310) 760-4083

*Attorneys for Plaintiff JoAnn Wright Haysbert*

## <u>CERTIFICATE OF SERVICE</u>

*JOANN WRIGHT HAYSBERT v. BLOOMIN' BRANDS, INC., et al.,* Case No.: 4:20-cv-00121-RBS-DEM

I hereby certify that on this 19th day of February, 2021, a true and accurate copy of the foregoing was sent via email:

I served this document on the persons below:

John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDGKINS, P.C.
9990 Fairfax Blvd., Suite 400
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
*Counsel for Defendant*


DATED:      February 19, 2021 **CRANDALL & KATT**
By: /s/ D. Adam McKelvey, Esq.
D. Adam McKelvey, Esq. (75174)
366 Elm Avenue, SW
Roanoke, VA 24016
Telephone: (540) 342-2000
Facsimile: (540) 345-3527
dmckelvey@crandalllaw.com

*Attorneys for Plaintiff JoAnn Wright Haysbert*

DATED:      February 19, 2021 NAZARETH M. HAYSBERT, ESQ. [CA SBN 294431] (admitted *pro hac vice*)
nazareth@hmlaw.la
**HAYSBERT | MOULTRIE, LLP**
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
Tel:   (310) 496-5796
Fax:   (310) 760-4083

*Attorneys for Plaintiff JoAnn Wright Haysbert*

24