UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| **JOANN WRIGHT HAYSBERT**, <br><br> Plaintiff, <br><br> v. <br><br> **BLOOMIN' BRANDS, INC., et al.** <br><br> Defendants. | Case No.: 4:20-cv-0012-RBS-DEM <br><br> **DISCOVERY MATTER** <br> Assigned to <br> Magistrate Judge Douglas E. Miller |

### DECLARATION OF NAZARETH M. HAYSBERT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY DEFENDANTS AND TO DETERMINE THE SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSION BY DEFENDANTS

I, Nazareth M. Haysbert, declare as follows:

1. I am an attorney licensed in the State of California. I am licensed to appear *pro hac vice* in the State of Virginia. I am counsel of record for Plaintiff Joanne Haysbert in the above-captioned case. I have personal knowledge of the following facts, and, if called as a witness, I could and would testify thereto.

2. On October 15, 2020, Stephen Teague, Counsel for Plaintiff, emailed John McGavin, Counsel for Defendants, to schedule a meet and confer to discuss outstanding discovery issues in the case. The purpose of the call was to discuss a potential motion to compel Defendants' discovery responses and initial disclosures, which were originally due on August 31.

1

3. On October 20, 2020, Mr. Teague sent Mr. McGavin a follow-up email to ask again about scheduling a teleconference to discuss the aforementioned discovery issues.

4. On October 21, 2020, after no response from Mr. McGavin, both I and Mr. Teague emailed Mr. McGavin's assistant separately to inquire about scheduling a meet and confer.

5. On October 23, 2020, Abigail Johansen emailed Mr. Teague indicating she was helping Mr. McGavin with this case and needed to reschedule the meet and confer which had been set for October 26, 2020.

6. On October 26 and 27, 2020, Ms. Johansen and both Counsel for Plaintiff exchanged emails attempting to reschedule the meet and confer, which eventually occurred on October 29, 2020, two weeks after Mr. Teague initiated the meet and confer.

7. A true and correct copy of the email communications between October 15 and October 27, 2020 detailed in paragraphs 2-6 above is attached as **Exhibits** "**A-A3**" hereto. Mr. Teague's October 15, 2020 email to Mr. McGavin is attached as **Exhibit** "**A.**" Mr. Teague's follow-up email of October 20, 2020 is attached as **Exhibit** "**A1.**" Ms. Johansen's October 23, 2020 responsive email is attached as **Exhibit** "**A2.**" The email chain from October 26 and 27, 2020 is attached as **Exhibit** "**A3.**"

8. On October 29, 2020, Counsel for the Parties participated in a telephonic conference call to discuss a potential motion to compel Defendants' discovery responses and initial disclosures, as well as a potential stipulated protective order. Notably, Counsel for Defendants did not meaningfully address any of the issues related to Plaintiffs' discovery responses other than demanding that Plaintiff supplement her responses to provide requested sensitive medical information by November 13, 2020.

9. On October 30, 2020, Defendants finally served their initial disclosures and discovery responses and objections, which were at this point two months overdue. A copy of the initial answers to Plaintiff's Discovery Requests is attached as **Exhibits** "**B-B5**" hereto. Defendants' Rule 26(a)(1) Initial Disclosures are attached as **Exhibit "B."** Defendant Outback Steakhouse of Florida, LLC's Objections and Responses to Plaintiff's Interrogatories, Set One, are attached as **Exhibit "B1."** Defendant Outback Steakhouse of Florida, LLC's Objections and Responses to Plaintiff's Requests for Production of Documents, Set One are attached as **Exhibit "B2."** Defendant Bloomin' Brands, Inc.'s Objections and Responses to Plaintiff's Interrogatories, Set One, are attached as **Exhibit "B3."** Defendant Bloomin' Brands, Inc.'s Objections and Responses to Plaintiff's Requests for Production of Documents, Set One are attached as **Exhibit "B4."**

10. Ms. Johansen indicated that the disclosures and responses were "marked to be sent on August 31, 2020, however they were subject to final review." A copy of this email is attached as **Exhibit "B5."**

11. Ms. Johansen also requested a further two-week extension to November 13, 2020 to supplement Defendants' responses, and ultimately served insufficient purported responses on November 10, 2020. A copy of the supplemental responses to Plaintiff's Discovery Requests is attached as **Exhibits "C-C3"** hereto. Defendant Outback Steakhouse of Florida, LLC's Supplemental Answers to Plaintiff's Interrogatories, Set One, are attached as **Exhibit "C."** Defendant Outback Steakhouse of Florida, LLC's Supplemental Objections and Responses to Plaintiff's Requests for Production of Documents, Set One are attached as **Exhibit "C1."** Defendant Bloomin' Brands, Inc.'s Supplemental Answers to Plaintiff's Interrogatories, Set One, are attached as **Exhibit "C2."** Defendant Bloomin' Brands, Inc.'s Supplemental Objections and Responses to Plaintiff's Requests for Production of Documents, Set One are attached as **Exhibit "C3."**

12. On November 10, 2020, Defendants submitted copies of four Documents purportedly related to policies and procedures, along with pictures of Plaintiff's shoes and the floor where the incident occurred taken by Outback employees after the incident. The documents are attached as **Exhibits "D-D4"**

hereto. Copies of Defendants' document production are attached hereto as follows: "Safety in the Outback – Reference Guide" as **Exhibit "D1;"** "Prevention of Slip & Falls – General Practices" as **Exhibit "D2;"** "Prevention of Slip & Falls – Proper Housekeeping" as **Exhibit "D3;"** "Prevention of Slip & Falls – Slip-Resistant Footwear" as **Exhibit "D4;"** and photos of Plaintiff's shoes and the floor as **Exhibit "D5."**

13. On November 16, 2020, I emailed Counsel for Defendants to advise them of Plaintiff's Ex Parte Application for Protective Order and requested to meet and confer regarding all remaining outstanding discovery issues pursuant to Local Rule 37 (E). but received no response. Instead, Defendants filed the instant Motion to Compel. A true and correct copy of the above-referenced email communication on November 16, 2020 is attached as **Exhibit** "**F**" hereto.

14. Attached for the Court's convenience as **Exhibit "H"** is a spreadsheet prepared by my office listing the text of Plaintiff's Requests for Production giving rise to this Motion to Compel, Defendants' Initial and Supplemental Responses, and Plaintiff's reason for compelling production of documents. The spreadsheet also serves to put forth evidence in support of Plaintiff's Motion for Sanctions Due to Spoliation of Evidence.

15. Attached for the Court's convenience as **Exhibit "I"** is a spreadsheet prepared by my office listing the text of Plaintiff's Interrogatories giving rise to

this Motion to Compel, Defendants' Initial and Supplemental Responses, and Plaintiff's reason for compelling responses to interrogatories. The spreadsheet also serves to put forth evidence in support of Plaintiff's Motion for Sanctions Due to Spoliation of Evidence.

16.     Attached for the Court's convenience as **Exhibit "J"** is a spreadsheet prepared by my office listing the text of Plaintiff's Requests for Admissions giving rise to this Motion to Determine Sufficiency, Defendants' Responses, and Plaintiff's reason for compelling sufficient answers. The spreadsheet also serves to put forth evidence in support of Plaintiff's Motion for Sanctions Due to Spoliation of Evidence.

17.     On February 1, 2021, Defendants' counsel requested a meet and confer regarding scheduling the depositions of Plaintiff, her daughter, and her treating physician. A true and correct copy of this email is attached hereto as **Exhibit "K."**

18.     Counsel finally met and conferred on February 5, 2021 to discuss a myriad of discovery issues. I re-opened meet and confer efforts regarding Plaintiff's forthcoming motion to compel discovery responses and spoliation of evidence, as well as Plaintiff's forthcoming motion for leave to amend the complaint to add claims against Chip Chase, Lisa Crosby, and an unidentified hostess who directed Plaintiff toward the dangerous condition as indicated in

Plaintiff's complaint. Defendants' counsel refused to provide the name of the unidentified hostess or confirm whether they would be producing Chip Chase and Lisa Crosby pursuant to Plaintiff's deposition subpoenas served on Defendants' counsel on February 3, 2021. Defendants' counsel flatly indicated Defendants would object to Plaintiff's motions, without much further discussion.

19. On February 8, 2021, I received an email from Defendants' counsel refusing to join in a previously discussed stipulation to extend dates and deadlines due to Plaintiff's incapacity from December 2020 to February 2021 due to COVID-19. When Defendants' counsel still refused to state whether they would be producing Chip Chase and Lisa Crosby for deposition, I followed up via email on February 10, 2021 for clarification. Defendants' counsel responded on February 11, 2021 stating that they could not produce Chip Chase and Lisa Crosby as they "no longer work for Outback." A true and correct copy of this email correspondence from February 8-11, 2021 is attached hereto as **Exhibit "L."**

20. On August 31, 2020, Defendants served objections to Plaintiff's Requests for Admission. On September 11, 2020, Defendants served objections and answers to Plaintiff's Requests for Admission. A true and correct copy of Defendants' initial objections and subsequent answers and objections are attached hereto as **Exhibit "M."**

7

I declare under penalty of perjury under the laws of the States of California and Virginia and the United States of America, that the foregoing is true and correct.

Executed on February 19, 2021, at Marina Del Rey, California.

                                       ___*/s/ Nazareth M. Haysbert*_____
                                              Nazareth M. Haysbert, Esq.