# EXHIBIT A

**Print** | **Close Window**

Subject: **Haysbert v. Bloomin' Brands et a.**

From: **Stephen Teague <stephen@teaguelawoffice.com>**

Date: **Thu, Oct 15, 2020 11:33 am**

To: **John McGavin <jmcgavin@bmhjlaw.com>, nazareth <nazareth@hmlaw.la>**

Good afternoon John,

Do you have some time toward the middle of next  to discuss outstanding issues in this case?  Perhaps Wednesday, the 22nd, at 3pm?

--
Stephen Teague, Esq.
Law Office of Stephen C. Teague
Phone: 757-317-0716
Fax:. 757-215-2974

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

Copyright © 2003-2020. All rights reserved.

# EXHIBIT A1

**Print** | **Close Window**

 Subject: **Re: Haysbert v. Bloomin' Brands et a.**
  From: **Stephen Teague <stephen@teaguelawoffice.com>**
  Date: **Tue, Oct 20, 2020 6:13 am**
    To: **John McGavin <jmcgavin@bmhjlaw.com>, nazareth <nazareth@hmlaw.la>**

Good morning, John. Checking in regarding a teleconference this week.

On Thu, Oct 15, 2020 at 2:33 PM Stephen Teague <stephen@teaguelawoffice.com> wrote:
 Good afternoon John,

 Do you have some time toward the middle of next  to discuss outstanding issues in this case?  Perhaps Wednesday, the 22nd, at 3pm?

 --
 Stephen Teague, Esq.
 Law Office of Stephen C. Teague
 Phone: 757-317-0716
 Fax:. 757-215-2974

 This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

 IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.


--
Stephen Teague, Esq.
Law Office of Stephen C. Teague
Phone: 757-317-0716
Fax:. 757-215-2974

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

Copyright © 2003-2020. All rights reserved.

EXHIBIT A2

**Print** | **Close Window**

**Subject:** Re: Haysbert v. Bloomin' Brands et al.
**From:** Stephen Teague <stephen@teaguelawoffice.com>
**Date:** Mon, Oct 26, 2020 11:17 am
**To:** Abby Johansen <ajohansen@bmhjlaw.com>
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>, Nancy Kupiec <nkupiec@bmhjlaw.com>, "james@hmlaw.la" <james@hmlaw.la>, nazareth <nazareth@hmlaw.la>

---

Mr. Haysbert is available between 7-9 am eastern on Tuesday.

On Monday, October 26, 2020, Abby Johansen <ajohansen@bmhjlaw.com> wrote:

> Mr. Teague,
>
> We could find a  me Wednesday a. ernoon.
>
> Abigail J. Johansen
>
> Bancroft, McGavin, Horvath & Judkins, P.C.
>
> 9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
>
> Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website
>
> CONFIDENTIALITY NOTICE:  This electronic message is intended to be viewed only by the individual or entity to whom it is addressed.  It may contain information that is privileged, confidential and exempt from disclosure under applicable law.  Any dissemination, distribution or copying of this communication is prohibited unless permission is granted.  If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.
>
> **From:** Stephen Teague <stephen@teaguelawoffice.com>
> **Sent:** Monday, October 26, 2020 8:39 AM
> **To:** Abby Johansen <ajohansen@bmhjlaw.com>
> **Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Nancy Kupiec <nkupiec@bmhjlaw.com>; james@hmlaw.la
> **Subject:** Re: Haysbert v. Bloomin' Brands et al.
>
> I will confer with Mt. Haysbert about an alternate time, as he is on the west coast. Do you all have any afternoon availability?
>
> On Monday, October 26, 2020, Abby Johansen <ajohansen@bmhjlaw.com> wrote:
>
> > Mr. Teague,
> >
> > I am writing to follow-up on this. Mr. McGavin is not available for a phone call this afternoon. He would like to speak with you about this case, but, we will need to reschedule. We are available Tuesday and Friday morning of this week,
> >
> > Best,

**Abigail J. Johansen**

Bancroft, McGavin, Horvath & Judkins, P.C.

9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030

Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

CONFIDENTIALITY NOTICE:  This electronic message is intended to be viewed only by the individual or entity to whom it is addressed.  It may contain information that is privileged, confidential and exempt from disclosure under applicable law.  Any dissemination, distribution or copying of this communication is prohibited unless permission is granted.  If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

**From:** Abby Johansen
**Sent:** Friday, October 23, 2020 8:30 AM
**To:** stephen@teaguelawoffice.com
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Nancy Kupiec <nkupiec@bmhjlaw.com>; james@hmlaw.la
**Subject:** Haysbert v. Bloomin' Brands et al.

Mr. Teague,

I am assisting Mr. McGavin with this case.  We need to reschedule the conference call currently set for Monday, October 23, 2020. A hearing in one of Mr. McGavin's other cases was rescheduled by the Court for that afternoon. We are available for a call on Tuesday, October 27, 2020, between 10:00 am - 12:00pm as well as Wednesday after 1:00pm. Please let me know a time that works best on your end.

Thank you and we greatly appreciate your flexibility,

**Abigail J. Johansen**

Bancroft, McGavin, Horvath & Judkins, P.C.

9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030

Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

CONFIDENTIALITY NOTICE:  This electronic message is intended to be viewed only by the individual or entity to whom it is addressed.  It may contain information that is privileged, confidential and exempt from disclosure under applicable law.  Any dissemination, distribution or copying of this communication is prohibited unless permission is granted.  If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

--

Stephen Teague, Esq.
Law Office of Stephen C. Teague
Phone: 757-317-0716
Fax:. 757-215-2974

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

--
Stephen Teague, Esq.
Law Office of Stephen C. Teague
Phone: 757-317-0716
Fax:. 757-215-2974

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

Copyright © 2003-2020. All rights reserved.

# EXHIBIT A3

**Subject:** Re: Haysbert v. Bloomin' Brands et al.
**From:** Abby Johansen <ajohansen@bmhjlaw.com>
**Date:** Wed, Oct 28, 2020 1:47 pm
**To:** "nazareth@hmlaw.la" <nazareth@hmlaw.la>, Stephen Teague <stephen@teaguelawoffice.com>
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>, Nancy Kupiec <nkupiec@bmhjlaw.com>, "james@hmlaw.la" <james@hmlaw.la>

Nazareth,

Great.

Best,

**Abigail J. Johansen**
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is prohibited unless permission is granted. If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

---

**From:** nazareth@hmlaw.la <nazareth@hmlaw.la>
**Sent:** Wednesday, October 28, 2020 1:58 PM
**To:** Abby Johansen <ajohansen@bmhjlaw.com>; Stephen Teague <stephen@teaguelawoffice.com>
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Nancy Kupiec <nkupiec@bmhjlaw.com>; james@hmlaw.la <james@hmlaw.la>
**Subject:** RE: Haysbert v. Bloomin' Brands et al.

Tomorrow, Thursday, at 11:00am PST/2:00pm EST works for me.

Chat then.

Nazareth

> -------- Original Message --------
> Subject: RE: Haysbert v. Bloomin' Brands et al.
> From: Abby Johansen <ajohansen@bmhjlaw.com>
> Date: Wed, October 28, 2020 4:43 am
> To: "nazareth@hmlaw.la" <nazareth@hmlaw.la>, Stephen Teague
> <stephen@teaguelawoffice.com>
> Cc: John McGavin <JMcGavin@bmhjlaw.com>, Nancy Kupiec
> <nkupiec@bmhjlaw.com>, "james@hmlaw.la" <james@hmlaw.la>
>
> Nazareth,
>
> That  me is not available today. Due to morning deposi  ons and a.  ernoon mee ngs, we are only available
> from 1:00pm-2:00pm EST (10:00am-11:00am PST) and 3:00pm-3:45pm EST (12:00pm – 12:45pm PST) today.
>
> However, we are available from 12:30pm un l 2:30pm EST (9:30am un l 11:30am PST) tomorrow.

Best,

**Abigail J. Johansen**
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

CONFIDENTIALITY NOTICE:  This electronic message is intended to be viewed only by the individual or entity to whom it is
addressed.  It may contain information that is privileged, confidential and exempt from disclosure under applicable law.  Any
dissemination, distribution or copying of this communication is prohibited unless permission is granted.  If the reader of this message
is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and
delete the original message and any copies from your computer system.

**From:** nazareth@hmlaw.la <nazareth@hmlaw.la>
**Sent:** Tuesday, October 27, 2020 6:07 PM
**To:** Abby Johansen <ajohansen@bmhjlaw.com>; Stephen Teague <stephen@teaguelawoffice.com>
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Nancy Kupiec <nkupiec@bmhjlaw.com>; james@hmlaw.la
**Subject:** RE: Haysbert v. Bloomin' Brands et al.

Abby,

You did not read my email with understanding. 3:00pm EST tomorrow is 12:00pm my time. I
am only available tomorrow between 1:00pm and 4:00pm my time.

Are you available at 4:00pm EST?

Please advise.

Sincerely,
Nazareth

-------- Original Message --------
Subject: RE: Haysbert v. Bloomin' Brands et al.
From: Abby Johansen <ajohansen@bmhjlaw.com>
Date: Tue, October 27, 2020 5:08 am
To: "nazareth@hmlaw.la" <nazareth@hmlaw.la>, Stephen Teague
<stephen@teaguelawoffice.com>
Cc: John McGavin <JMcGavin@bmhjlaw.com>, Nancy Kupiec
<nkupiec@bmhjlaw.com>, "james@hmlaw.la" <james@hmlaw.la>

Nazareth,

Great, let's do 3:00pm EST tomorrow, 10-28, afternoon.

Here is a conference line that we can use: (602) 580-9248, access code 8841997

Best,

**Abigail J. Johansen**
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is prohibited unless permission is granted. If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

---

**From:** nazareth@hmlaw.la <nazareth@hmlaw.la>
**Sent:** Monday, October 26, 2020 11:47 PM
**To:** Abby Johansen <ajohansen@bmhjlaw.com>; Stephen Teague <stephen@teaguelawoffice.com>
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Nancy Kupiec <nkupiec@bmhjlaw.com>; james@hmlaw.la
**Subject:** RE: Haysbert v. Bloomin' Brands et al.

Ms. Johansen,

I am available to meet and confer with you and Mr. McGavin between 7:00am and 9:00am, EST, on Wednesday morning, or Wednesday afternoon between 1:00pm and 4:00pm, PST.

Please advise.

Sincerely,
Nazareth

-------- Original Message --------
Subject: RE: Haysbert v. Bloomin' Brands et al.
From: Abby Johansen <ajohansen@bmhjlaw.com>
Date: Mon, October 26, 2020 12:33 pm
To: nazareth <nazareth@hmlaw.la>, Stephen Teague
<stephen@teaguelawoffice.com>
Cc: John McGavin <JMcGavin@bmhjlaw.com>, Nancy Kupiec
<nkupiec@bmhjlaw.com>, "james@hmlaw.la" <james@hmlaw.la>

Nazareth,

Do you have availability Wednesday afternoon? Due to an early calendar control hearing, we are only available after 9:00am tomorrow.

Best,

**Abigail J. Johansen**
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is prohibited unless permission is granted. If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

---

**From:** nazareth <nazareth@hmlaw.la>
**Sent:** Monday, October 26, 2020 2:54 PM
**To:** Abby Johansen <ajohansen@bmhjlaw.com>; Stephen Teague
<stephen@teaguelawoffice.com>
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Nancy Kupiec <nkupiec@bmhjlaw.com>;

[james@hmlaw.la](mailto:james@hmlaw.la)
**Subject:** RE: Haysbert v. Bloomin' Brands et al.

Ms. Johansen,

I am available until 9am. How about 8:00am, EST?

Nazareth


Sent from my Sprint Samsung Galaxy S20 Ultra 5G.


-------- Original message --------
From: Abby Johansen <[ajohansen@bmhjlaw.com](mailto:ajohansen@bmhjlaw.com)>
Date: 10/26/20 11:35 AM (GMT-08:00)
To: Stephen Teague <[stephen@teaguelawoffice.com](mailto:stephen@teaguelawoffice.com)>
Cc: John McGavin <[JMcGavin@bmhjlaw.com](mailto:JMcGavin@bmhjlaw.com)>, Nancy Kupiec
<[nkupiec@bmhjlaw.com](mailto:nkupiec@bmhjlaw.com)>, [james@hmlaw.la](mailto:james@hmlaw.la), nazareth
<[nazareth@hmlaw.la](mailto:nazareth@hmlaw.la)>
Subject: RE: Haysbert v. Bloomin' Brands et al.


Mr. Teague,


Could we do 9:00am Tuesday morning?


**Abigail J. Johansen**

Bancroft, McGavin, Horvath & Judkins, P.C.

9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030

Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website


CONFIDENTIALITY NOTICE:  This electronic message is intended to be viewed only by the individual or entity to whom it is addressed.  It may contain information that is privileged, confidential and exempt from disclosure under applicable law.  Any dissemination, distribution or copying of this communication is prohibited unless permission is granted.  If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.


**From:** Stephen Teague <[stephen@teaguelawoffice.com](mailto:stephen@teaguelawoffice.com)>
**Sent:** Monday, October 26, 2020 2:17 PM
**To:** Abby Johansen <[ajohansen@bmhjlaw.com](mailto:ajohansen@bmhjlaw.com)>
**Cc:** John McGavin <[JMcGavin@bmhjlaw.com](mailto:JMcGavin@bmhjlaw.com)>; Nancy Kupiec <[nkupiec@bmhjlaw.com](mailto:nkupiec@bmhjlaw.com)>;
[james@hmlaw.la](mailto:james@hmlaw.la); nazareth <[nazareth@hmlaw.la](mailto:nazareth@hmlaw.la)>
**Subject:** Re: Haysbert v. Bloomin' Brands et al.

Mr. Haysbert is available between 7-9 am eastern on Tuesday.

On Monday, October 26, 2020, Abby Johansen
<ajohansen@bmhjlaw.com> wrote:

> Mr. Teague,
>
> We could find a ⬚me Wednesday a fternoon.
>
> **Abigail J. Johansen**
>
> Bancroft, McGavin, Horvath & Judkins, P.C.
>
> 9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
>
> Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website
>
>
> CONFIDENTIALITY NOTICE:  This electronic message is intended to be viewed only by the individual or
> entity to whom it is addressed.  It may contain information that is privileged, confidential and exempt from
> disclosure under applicable law.  Any dissemination, distribution or copying of this communication is
> prohibited unless permission is granted.  If the reader of this message is not the intended recipient or if
> you have received this communication in error, please notify me immediately by return e-mail and delete
> the original message and any copies from your computer system.
>
>
> **From:** Stephen Teague <stephen@teaguelawoffice.com>
> **Sent:** Monday, October 26, 2020 8:39 AM
> **To:** Abby Johansen <ajohansen@bmhjlaw.com>
> **Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Nancy Kupiec
> <nkupiec@bmhjlaw.com>; james@hmlaw.la
> **Subject:** Re: Haysbert v. Bloomin' Brands et al.
>
>
> I will confer with Mt. Haysbert about an alternate time, as he is
> on the west coast. Do you all have any afternoon availability?
>
> On Monday, October 26, 2020, Abby Johansen
> <ajohansen@bmhjlaw.com> wrote:
>> Mr. Teague,
>>
>> I am writing to follow-up on this. Mr. McGavin is not available
>> for a phone call this afternoon. He would like to speak with
>> you about this case, but, we will need to reschedule. We are
>> available Tuesday and Friday morning of this week,
>>
>> Best,
>>
>> **Abigail J. Johansen**
>>
>> Bancroft, McGavin, Horvath & Judkins, P.C.
>>
>> 9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030

Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is prohibited unless permission is granted. If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

**From:** Abby Johansen
**Sent:** Friday, October 23, 2020 8:30 AM
**To:** stephen@teaguelawoffice.com
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Nancy Kupiec <nkupiec@bmhjlaw.com>; james@hmlaw.la
**Subject:** Haysbert v. Bloomin' Brands et al.

Mr. Teague,

I am assisting Mr. McGavin with this case. We need to reschedule the conference call currently set for Monday, October 23, 2020. A hearing in one of Mr. McGavin's other cases was rescheduled by the Court for that afternoon. We are available for a call on Tuesday, October 27, 2020, between 10:00 am - 12:00pm as well as Wednesday after 1:00pm. Please let me know a time that works best on your end.

Thank you and we greatly appreciate your flexibility,

Abigail J. Johansen

Bancroft, McGavin, Horvath & Judkins, P.C.

9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030

Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is prohibited unless permission is granted. If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

--

Stephen Teague, Esq.
Law Office of Stephen C. Teague
Phone: 757-317-0716
Fax:. 757-215-2974

This electronic message is from a law firm. It may contain confidential or privileged information. If you
received this transmission in error, please reply to the sender to advise of the error and delete this
transmission and any attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you
that any U.S. federal tax advice contained in this communication (including any attachments) is not intended
or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter
addressed herein.


--
Stephen Teague, Esq.
Law Office of Stephen C. Teague
Phone: 757-317-0716
Fax:. 757-215-2974

This electronic message is from a law firm. It may contain confidential or privileged information. If you received
this transmission in error, please reply to the sender to advise of the error and delete this transmission and any
attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this communication (including any attachments) is not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue
Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed
herein.

Copyright © 2003-2020. All rights reserved.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT          )
                               )
     Plaintiff,              )
v.                             )
                               )
BLOOMIN' BRANDS, INC.,         )        Case No.: 4:20-cv-00121-RBS-DEM
and                            )
OUTBACK STEAKHOUSE OF          )
FLORIDA, LLC,                  )
                               )
     Defendants.             )

## DEFENDANTS' RULE 26(a)(1) DISCLOSURES

Defendants, Bloomin' Brands, Inc. ("Bloomin' Brands") and Outback Steakhouse of Florida, LLC ("Outback"), by counsel, and in and for their Rule 26(a)(1) Disclosures state as follows:

(i)    The name, address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

    a.   Joann Wright Haysbert
        a.   Mrs. Haysbert is the Plaintiff in this matter.

    b.   Chris Robinson (757) 673-4358
        a.   Mr. Robinson was a witness to the alleged incident.

    c.   Lisa Crosby ([lcrosby2020@gmail.com](mailto:lcrosby2020@gmail.com))
        a.   Ms. Crosby was a witness to the events immediately after the alleged incident.

(ii)    A copy – or description with location – of all documents, electronically stored information, and tangible things that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

    Please see forthcoming documents provided in response to Plaintiff's Requests for Production of Documents.

(iii)    A computation of each category of damages claimed.

Not Applicable.

(iv)     Insurance Agreement for Inspection and Copying under Rule 34

Defendants will supplement this information.

                                                          **BLOOMIN' BRANDS, INC.**
                                                          **and**
                                                          **OUTBACK STEAKHOUSE**
                                                          **OF FLORIDA, LLC**
                                                          By Counsel


_____/s/  John D. McGavin_____
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
_Counsel for Defendant_

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2020, a true and accurate copy of the foregoing Defendants' Rule 26(a)(1) Disclosures was sent via mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
contact@teaguelawoffice.com
Telephone:      (757) 317-0716
Facsimile:      (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:      (310) 496-5796
Facsimile:      (310) 760-4083

*Counsel for Plaintiff*

 John D. McGavin /s/
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN,
        HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

EXHIBIT B1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| JOANN WRIGHT HAYSBERT | ) | |
| | ) | |
|      Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BLOOMIN' BRANDS, INC., | ) | Case No.: 4:20-cv-00121-RBS-DEM |
| and | ) | |
| OUTBACK STEAKHOUSE OF | ) | |
| FLORIDA, LLC, | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, LLC'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES, SET NO. ONE**

COMES NOW defendant Outback Steakhouse of Florida, LLC (Outback), and for its Objections and Draft Answers to Plaintiff's Interrogatories, Set No. One, Outback objects to the Definitions and Instructions herein as beyond the scope of reasonable discovery, not reasonably proportionate to the nature and extent of the claim in this case, which is a slip and fall action, and further and in particular as to the use of the term "condition," plaintiff assumes that there was a defective or dangerous condition at the subject location and therefore the use of that term is objected to by defendant as assuming a fact not in evidence.

Defendant will be further investigating and reviewing these responses. However, defendant seeks to timely file its objections to the discovery served herein.

Defendant states as follows:

1.    Do You contend that You did not have actual knowledge of the Condition at the Subject Location prior to the Incident?

**ANSWER:**    Defendant denies that there was any defective condition at the subject location.

2.      Do You contend that You did not have constructive knowledge of the Condition at the Subject Location prior to the Incident?

**ANSWER:**    Defendant denies that there was any defective condition at the subject location.

3.      Do You contend that the Condition at the Subject Location at the time of the Incident did not pose a danger to the health and safety of customers?

**ANSWER:**    Defendant denies that there was any defect at the subject location.

4.      If Your response to Written Interrogatory No 3 is in the affirmative, then identify all Documents that Relate To Your contention that the Condition at the Subject Location at the time of the Incident did not pose a danger to the health and safety of customers.

**ANSWER:**    The floor where the incident occurred was clean and dry.

5.      List the names and titles of all of Your employees at the Subject Location at the time of the Incident, separately identifying the employee that directed Plaintiff toward the Condition and the employee(s) responsible for maintaining the floor at the time.

**ANSWER:**    Objection.  Assumes facts not in evidence and assumes there was a defective condition.  Defendant objects to identifying all employees at the subject location at the time of the incident. The person most knowledgeable about the occurrence is Lisa Crosby.

6.      What polices [sic] or procedures are in place at the Subject Location to prevent injuries similar to the Incident?

**ANSWER:**    Defendant objects to interrogatory 6 on the grounds that the full nature and extent of plaintiff's injuries are unknown.

Outback has policies and procedures for routine maintenance and inspection.

7.      Do You train all employees at Subject Location to abide by the policies and procedures referenced in Interrogatory No. 6?

2

**ANSWER:**    Yes.

8.    Do You require employees at Subject Location to wear any special footwear to avoid slipping on the floors?

**ANSWER:**    This information is unknown, Defendant reserves the right to supplement.

9.    How often do You inspect the floors at Subject Location?

**ANSWER:**    This information is unknown, Defendant reserves the right to supplement.

10.    What are Your policies and procedures at Subject Location in dealing with on-site injuries similar to the Incident?

**ANSWER:**    Defendant reserves the right to supplement.

11.    How did You respond to the Incident at Subject Location?

**ANSWER:**    Outback was not involved in the incident in question.  Employees of the local restaurant were involved.

12.    Did You follow the policies and procedures referenced in Interrogatories 6, 9, and 10?

**ANSWER:**    Not applicable.

13.    What material is the floor made of at Subject Location?

**ANSWER:**    The floor is oak.

14.    Does the material referenced in Interrogatory No. 13 conform to other Outback Steakhouses?

**ANSWER:**    Objection, relevance.

15.    Does the material referenced in Interrogatory No. 13 pose a danger if wet, oily, or covered in food or debris?

**ANSWER:**    Objection, vague and not reasonably calculated to be susceptible to answer.

3

16.     Describe the Condition of the material referenced in Interrogatory No. 13 at the time of the Incident, including whether it was wet, oily, slippery, greasy, or sticky, and if there was any type of debris, residue, dust, or dirt present at the time of the Incident.

**ANSWER:**   The floor was clean and dry.

17.     What is the full name, title and contact information of Your employee, "Tristal Spidola" referenced in the complaint?

**ANSWER:**   Objection, relevance.

18.     State all facts, if any, that support Your contention that a third party, who is not a party to this litigation, contributed to the cause of the Incident.  If any exist, identify that third party and any such documents.

**ANSWER:**   None known, but discovery is ongoing.

19.     State the name and contact information for each Person who You contend witnessed the Incident at the Subject Location.

**ANSWER:**    There is a witness, and that person's name is Chris Robinson, (757) 673-4358.

20.     Do You contend that Plaintiff did not suffer a traumatic brain injury as a result of the Incident?  If so, state all facts and identify all documents to support Your contention.

**ANSWER:**   Discovery is ongoing.

21.     Describe all remedial measures taken to repair, remedy, or correct the Condition after the Incident.

**ANSWER:**    Objection, relevance regarding subsequent remedial measures alleged, although as there was no defect, no subsequent remedial measures were indicated.

22.     Identify all Documents that describe, depict, or relate to the Condition at the Subject Location as it existed at the time of the Incident.

4

**ANSWER:**    There are two photographs that were taken of the floor and the footwear of the plaintiff.  Please see documents attached to response to request for production of documents.

I hereby affirm under penalty of perjury that the foregoing answers to interrogatories are true and correct to the best of my knowledge and belief.

OUTBACK STEAKHOUSE OF FLORIDA, LLC

_____
By:

**OUTBACK STEAKHOUSE OF FLORIDA, LLC**
By Counsel

___/s/  John D. McGavin_____
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2020, a true and accurate copy of the foregoing Defendant Outback Steakhouse of Florida, LLC's Objections and Draft Answers to Plaintiff's Interrogatories, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:     (757) 317-0716
Facsimile:     (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:     (310) 496-5796
Facsimile:     (310) 760-4083

*Counsel for Plaintiff*

　John D. McGavin /s/　　　　　　　　　　
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN,
        HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

EXHIBIT B2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| JOANN WRIGHT HAYSBERT | ) |
| | ) |
|      Plaintiff, | ) |
| v. | ) |
| | ) |
| BLOOMIN' BRANDS, INC., | )   Case No.: 4:20-cv-00121-RBS-DEM |
| and | ) |
| OUTBACK STEAKHOUSE OF | ) |
| FLORIDA, LLC, | ) |
| | ) |
|      Defendants. | ) |

**DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, LLC'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

COMES NOW defendant Outback Steakhouse of Florida, LLC (Outback), and hereby submits its objections and draft responses pursuant to the Federal Rules of Civil Procedure, rejecting the extensive and burdensome Definitions and Instructions herein as beyond the scope of reasonable discovery, not reasonably proportionate to the nature and extent of the claim in this case, which is a slip and fall action, and further and in particular as to the use of the term "condition," plaintiff assumes that there was a defective or dangerous condition at the subject location and therefore the use of that term is objected to by defendant as assuming a fact not in evidence.

Defendant will be further investigating and reviewing these responses. However, defendant seeks to timely file its objections to the discovery served herein.

Defendant states as follows:

1.    All Documents identified in Your responses to Plaintiff's Written Interrogatories (Set No. One).

**RESPONSE:** Please see attached photos.

2.      All Documents Relating To the Incident.

**RESPONSE:** Objection.  This discovery requests seeks the mental impressions and work product of counsel and matters prepared in anticipation of litigation.

In terms of a privilege log, there are claim notes, which indicate contact from counsel, which confirms that there was an incident report completed, and confirms that the plaintiff, Ms. Haysbert, was contacted by a representative of the defendant but was unwilling to discuss the matter.  All other documents have been prepared directly in response to the notice of claim and correspondence of counsel.  All such documents are therefore privileged.

3.      All Documents Relating To Your insurance agreements Related To the Subject Location.

**RESPONSE:** To be submitted.

4.      All Documents Relating To complaints of the Condition or similar conditions at the Subject Location within five (5) years preceding the Incident.

**RESPONSE:** Objection.  This discovery request incorporates the term "condition" without identifying any particular defect alleged and is overly broad.

5.      All Documents Relating To the Incident.

**RESPONSE:** Please see response to Request 2.

6.      All Statements Relating To the Incident.

**RESPONSE:** No statements have been obtained.  In the event any statements are obtained in regard to this matter, they will be privileged.

7.      All Recordings Related To the Incident.

**RESPONSE:** None.

8.      All Documents reflecting communications between You and anyone acting on Your behalf and any Persons Relating To the Incident.

2

**RESPONSE:**  Please see response to Request 2.

9.      All Documents Relating To sanitation policies and procedures of the Subject Location.

**RESPONSE:**  Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

10.      All Documents Relating To employee training at Subject Location.

**RESPONSE:**  Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

11.      All Documents Relating To who was working at the Subject Location on the date of the Incident.

**RESPONSE:** Objection, overly broad, unduly burdensome, seeks confidential and personal information.

12.      All Documents Relating To floor inspection at the Subject Location on the day of the Incident.

**RESPONSE:** None known at this time. Defendant reserves right to supplement.

13.      All Documents Relating To employee responsibilities at Subject Location.

**RESPONSE:**  Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

14.      All Documents Relating To the standard designs of Outback Steakhouse Franchises.

**RESPONSE:**  Objection, overly broad and unduly burdensome, unlimited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence.  As this is a slip and fall case, there also must be some proportionality to the scope of the request, and this request does not meet that proportionality requirement.

15.      All Documents Relating To Your franchise agreement with Subject Location.

**RESPONSE:** Objection.  Not reasonably calculated to lead to the discovery of admissible evidence and not relevant to these proceedings.

3

**OUTBACK STEAKHOUSE OF FLORIDA, LLC**
By Counsel


_____/s/_ John D. McGavin_____
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2020, a true and accurate copy of the foregoing Defendant Outback Steakhouse of Florida, LLC's Objections and Draft Responses to Request for Production of Documents, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:     (757) 317-0716
Facsimile:     (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:     (310) 496-5796
Facsimile:     (310) 760-4083

*Counsel for Plaintiff*

 John D. McGavin /s/
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN,
        HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

# EXHIBIT B3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| JOANN WRIGHT HAYSBERT | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BLOOMIN' BRANDS, INC., | ) | Case No.: 4:20-cv-00121-RBS-DEM |
| and | ) | |
| OUTBACK STEAKHOUSE OF | ) | |
| FLORIDA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BLOOMIN' BRANDS, INC.'S OBJECTIONS AND
ANSWERS TO PLAINTIFF'S INTERROGATORIES, SET NO. ONE**

COMES NOW defendant Bloomin' Brands, Inc., and for its Objections and Draft Answers to Plaintiff's Interrogatories, Set No. One, Bloomin' Brands, Inc. objects to the Definitions and Instructions herein as beyond the scope of reasonable discovery, not reasonably proportionate to the nature and extent of the claim in this case, which is a slip and fall action, and further and in particular as to the use of the term "condition," plaintiff assumes that there was a defective or dangerous condition at the subject location and therefore the use of that term is objected to by defendant as assuming a fact not in evidence.

Defendant will be further investigating and reviewing these responses. However, defendant seeks to timely file its objections to the discovery served herein.

Defendant states as follows:

1.     Do You contend that You did not have actual knowledge of the Condition at the Subject Location prior to the Incident?

**ANSWER:**     Defendant denies that there was any defective condition at the subject location.

2.     Do You contend that You did not have constructive knowledge of the Condition at the Subject Location prior to the Incident?

**ANSWER:**   Defendant denies that there was any defective condition at the subject location.

3.      Do You contend that the Condition at the Subject Location at the time of the Incident did not pose a danger to the health and safety of customers?

**ANSWER:**   Defendant denies that there was any defect at the subject location.

4.      If Your response to Written Interrogatory No 3 is in the affirmative, then identify all Documents that Relate To Your contention that the Condition at the Subject Location at the time of the Incident did not pose a danger to the health and safety of customers.

**ANSWER:**   The floor where the incident occurred was clean and dry.

5.      List the names and titles of all of Your employees at the Subject Location at the time of the Incident, separately identifying the employee that directed Plaintiff toward the Condition and the employee(s) responsible for maintaining the floor at the time.

**ANSWER:**   Objection.  Assumes facts not in evidence and assumes there was a defective condition.  Defendant objects to identifying all employees at the subject location at the time of the incident. The person most knowledgeable about the occurrence is Lisa Crosby.

6.      What polices [sic] or procedures are in place at the Subject Location to prevent injuries similar to the Incident?

**ANSWER:**   Defendant objects to interrogatory 6 on the grounds that the full nature and extent of plaintiff's injuries are unknown.

Bloomin' Brands has policies and procedures for routine maintenance and inspection.

7.      Do You train all employees at Subject Location to abide by the policies and procedures referenced in Interrogatory No. 6?

**ANSWER:**   Yes.

8.     Do You require employees at Subject Location to wear any special footwear to avoid slipping on the floors?

**ANSWER:**   Defendant reserves the right to supplement.

9.     How often do You inspect the floors at Subject Location?

**ANSWER:**   Defendant reserves the right to supplement.

10.     What are Your policies and procedures at Subject Location in dealing with on-site injuries similar to the Incident?

**ANSWER:**   Defendant reserves the right to supplement.

11.     How did You respond to the Incident at Subject Location?

**ANSWER:**   Bloomin' Brands was not involved in the incident in question.  Employees of the local restaurant were involved.

12.     Did You follow the policies and procedures referenced in Interrogatories 6, 9, and 10?

**ANSWER:**   Not applicable.

13.     What material is the floor made of at Subject Location?

**ANSWER:**   The floor is oak.

14.     Does the material referenced in Interrogatory No. 13 conform to other Outback Steakhouses?

**ANSWER:**   Objection, relevance.

15.     Does the material referenced in Interrogatory No. 13 pose a danger if wet, oily, or covered in food or debris?

**ANSWER:**   Objection, vague and not reasonably calculated to be susceptible to answer.

3

16.     Describe the Condition of the material referenced in Interrogatory No. 13 at the time of the Incident, including whether it was wet, oily, slippery, greasy, or sticky, and if there was any type of debris, residue, dust, or dirt present at the time of the Incident.

**ANSWER:**   The floor was clean and dry.

17.     What is the full name, title and contact information of Your employee, "Tristal Spidola" referenced in the complaint?

**ANSWER:**   Objection, relevance.

18.     State all facts, if any, that support Your contention that a third party, who is not a party to this litigation, contributed to the cause of the Incident.  If any exist, identify that third party and any such documents.

**ANSWER:**   None known, but discovery is ongoing.

19.     State the name and contact information for each Person who You contend witnessed the Incident at the Subject Location.

**ANSWER:**    There is a witness, and that person's name is Chris Robinson, (757) 673-4358.

20.     Do You contend that Plaintiff did not suffer a traumatic brain injury as a result of the Incident?  If so, state all facts and identify all documents to support Your contention.

**ANSWER:**

21.     Describe all remedial measures taken to repair, remedy, or correct the Condition after the Incident.

**ANSWER:**    Objection, relevance regarding subsequent remedial measures alleged, although as there was no defect, no subsequent remedial measures were indicated.

22.     Identify all Documents that describe, depict, or relate to the Condition at the Subject Location as it existed at the time of the Incident.

4

**ANSWER:**     There are two photographs that were taken of the floor and the footwear of the plaintiff.  Please see documents attached to response to request for production of documents.

I hereby affirm under penalty of perjury that the foregoing answers to interrogatories are true and correct to the best of my knowledge and belief.

BLOOMIN' BRANDS, INC.

_____

By:

**BLOOMIN' BRANDS, INC.**
By Counsel

_____/s/_ John D. McGavin_____
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2020, a true and accurate copy of the foregoing Defendant Bloomin' Brands, Inc.'s Objections and Draft Answers to Plaintiff's Interrogatories, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:      (757) 317-0716
Facsimile:      (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:      (310) 496-5796
Facsimile:      (310) 760-4083

*Counsel for Plaintiff*

 John D. McGavin /s/ 
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN,
     HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

EXHIBIT B4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT        )
                             )
        Plaintiff,           )
v.                           )
                             )
BLOOMIN' BRANDS, INC.,       )        Case No.: 4:20-cv-00121-RBS-DEM
and                          )
OUTBACK STEAKHOUSE OF        )
FLORIDA, LLC,                )
                             )
        Defendants.          )

**DEFENDANT BLOOMIN' BRANDS, INC.'S OBJECTIONS AND DRAFT RESPONSES TO
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

COMES NOW defendant Bloomin' Brands, Inc., and hereby submits its objections and draft responses pursuant to the Federal Rules of Civil Procedure, rejecting the extensive and burdensome Definitions and Instructions herein as beyond the scope of reasonable discovery, not reasonably proportionate to the nature and extent of the claim in this case, which is a slip and fall action, and further and in particular as to the use of the term "condition," plaintiff assumes that there was a defective or dangerous condition at the subject location and therefore the use of that term is objected to by defendant as assuming a fact not in evidence.

Defendant will be further investigating and reviewing these responses. However, defendant seeks to timely file its objections to the discovery served herein.

Defendant states as follows:

1.      All Documents identified in Your responses to Plaintiff's Written Interrogatories (Set No. One).

**RESPONSE:** Please see attached photos.

2.      All Documents Relating To the Incident.

**RESPONSE:** Objection.  This discovery requests seeks the mental impressions and work product of counsel and matters prepared in anticipation of litigation.

In terms of a privilege log, there are claim notes which indicate contact from counsel, which confirms that there was an incident report completed, and confirms that the plaintiff, Ms. Haysbert, was contacted by a representative of the defendant but was unwilling to discuss the matter.  All other documents have been prepared directly in response to the notice of claim and correspondence of counsel. All such documents are therefore privileged.

3.      All Documents Relating To Your insurance agreements Related To the Subject Location.

**RESPONSE:** To be submitted.

4.      All Documents Relating To complaints of the Condition or similar conditions at the Subject Location within five (5) years preceding the Incident.

**RESPONSE:** Objection.  This discovery request incorporates the term "condition" without identifying any particular defect alleged and is overly broad.

5.      All Documents Relating To the Incident.

**RESPONSE:** Please see response to Request 2.

6.      All Statements Relating To the Incident.

**RESPONSE:** No statements have been obtained.  In the event any statements are obtained in regard to this matter, they will be privileged.

7.      All Recordings Related To the Incident.

**RESPONSE:** None.

8.      All Documents reflecting communications between You and anyone acting on Your behalf and any Persons Relating To the Incident.

**RESPONSE:** Please see response to Request 2.

9.      All Documents Relating To sanitation policies and procedures of the Subject Location.

**RESPONSE:** Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

10.      All Documents Relating To employee training at Subject Location.

**RESPONSE:** Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

11.      All Documents Relating To who was working at the Subject Location on the date of the Incident.

**RESPONSE:** Objection, overly broad, unduly burdensome, seeks confidential and personal information.

12.      All Documents Relating To floor inspection at the Subject Location on the day of the Incident.

**RESPONSE:** None known at this time. Defendant reserves right to supplement.

13.      All Documents Relating To employee responsibilities at Subject Location.

**RESPONSE:** Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

14.      All Documents Relating To the standard designs of Outback Steakhouse Franchises.

**RESPONSE:** Objection, overly broad and unduly burdensome, unlimited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence.  As this is a slip and fall case, there also must be some proportionality to the scope of the request, and this request does not meet that proportionality requirement.

15.      All Documents Relating To Your franchise agreement with Subject Location.

**RESPONSE:** Objection.  Not reasonably calculated to lead to the discovery of admissible evidence and not relevant to these proceedings.

**BLOOMIN' BRANDS, INC.**
By Counsel


___/s/  John D. McGavin_____
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2020, a true and accurate copy of the foregoing Defendant Bloomin' Brands, Inc.'s Objections and Draft Responses to Request for Production of Documents, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:      (757) 317-0716
Facsimile:      (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:      (310) 496-5796
Facsimile:      (310) 760-4083

*Counsel for Plaintiff*

         John D. McGavin /s/
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN,
       HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

5

# EXHIBIT B5

**Print** | **Close Window**

| | |
|---|---|
| **Subject:** | **Haysbert v. Bloomin' Brands et al.** |
| **From:** | **Abby Johansen <ajohansen@bmhjlaw.com>** |
| **Date:** | **Fri, Oct 30, 2020 5:45 am** |
| **To:** | **"nazareth@hmlaw.la" <nazareth@hmlaw.la>, Stephen Teague <stephen@teaguelawoffice.com>** |
| **Cc:** | **John McGavin <JMcGavin@bmhjlaw.com>** |
| **Attach:** | **Rule 26(a)(1) Disclosures.pdf** |
| | **Bloomin' Brands obj to plf's rogs.pdf** |
| | **Bloomin' Brands ans to plf's rogs.pdf** |
| | **Bloomin' Brands obj to plf's RFP.pdf** |
| | **Bloomin' Brands resp to plf's RFP.pdf** |
| | **Outback obj to plf's rogs.pdf** |
| | **Outback ans to plf's rogs.pdf** |
| | **Outback obj to plf's RFP.pdf** |
| | **Outback resp to plf's RFP.pdf** |
| | **Documents for Production 10-30-20.pdf** |

All,

A ached please find Defendants' Rule 26(a)(1) Ini al Disclosures as well as objec ons and answers to interrogatories and requests for produc on of documents. Upon further review of our file, these documents were dra ed before and marked to be sent on August 31, 2020, however they were subject to final review. Pursuant to our phone call yesterday afternoon, we have followed-up with our client and are working to supplement by November 13, 2020.

Best,

**Abigail J. Johansen**
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is prohibited unless permission is granted. If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

Copyright © 2003-2020. All rights reserved.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT          )
                               )
     Plaintiff,               )
v.                             )
                               )
BLOOMIN' BRANDS, INC.,         )     Case No.: 4:20-cv-00121-RBS-DEM
and                            )
OUTBACK STEAKHOUSE OF          )
FLORIDA, LLC,                  )
                               )
     Defendants.              )

## DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, LLC'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES, SET NO. ONE

COMES NOW defendant Outback Steakhouse of Florida, LLC (Outback), by counsel, and for its Supplemental Answers to Plaintiff's Interrogatories, Set No. One, states as follows:

A.    Defendant incorporates herein by reference all objections previously filed separately, waiving none.

B.    The information supplied in these Answers is not based solely on the knowledge of the executing party, but may include knowledge of the party, its agents, representatives, and attorneys, unless privileged.

C.    The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and thus does not necessarily purport to be the precise language of the executing party.

Defendant will be further investigating and reviewing these responses. However, defendant seeks to timely file its objections to the discovery served herein.

Defendant states as follows:

1.    Do You contend that You did not have actual knowledge of the Condition at the Subject Location prior to the Incident?

**ANSWER:**    Defendant denies that there was any defective condition at the subject location.

2.    Do You contend that You did not have constructive knowledge of the Condition at the Subject Location prior to the Incident?

**ANSWER:**    Defendant denies that there was any defective condition at the subject location.

3.    Do You contend that the Condition at the Subject Location at the time of the Incident did not pose a danger to the health and safety of customers?

**ANSWER:**    Defendant denies that there was any defect at the subject location.

4.    If Your response to Written Interrogatory No 3 is in the affirmative, then identify all Documents that Relate To Your contention that the Condition at the Subject Location at the time of the Incident did not pose a danger to the health and safety of customers.

**ANSWER:**    The floor where the incident occurred was clean and dry.

5.    List the names and titles of all of Your employees at the Subject Location at the time of the Incident, separately identifying the employee that directed Plaintiff toward the Condition and the employee(s) responsible for maintaining the floor at the time.

**ANSWER:**    Objection.  Assumes facts not in evidence and assumes there was a defective condition.  Defendant objects to identifying all employees at the subject location at the time of the incident. The person most knowledgeable about the occurrence is Lisa Crosby.

6.    What polices [sic] or procedures are in place at the Subject Location to prevent injuries similar to the Incident?

**ANSWER:**    Defendant objects to interrogatory 6 on the grounds that the full nature and extent of plaintiff's injuries are unknown.

**BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD   •   SUITE 400   •   FAIRFAX, VIRGINIA 22030   •   (703) 385-1000   •   FAX (703) 385-1555

Outback has policies and procedures for routine maintenance and inspection.

**SUPPLEMENTAL ANSWER:**   Without waiving any objection, Outback has safety guidelines, policies, and procedures that were in place at the restaurant.  Additionally, there are also one to two bussers on staff each shift to clean the tables and floors.

7.   Do You train all employees at Subject Location to abide by the policies and procedures referenced in Interrogatory No. 6?

**ANSWER:**   Yes.

8.   Do You require employees at Subject Location to wear any special footwear to avoid slipping on the floors?

**ANSWER:**   This information is unknown, Defendant reserves the right to supplement.

**SUPPLEMENTAL ANSWER:**   Employees are required to wear "slip resistant" closed toe shoes.

9.   How often do You inspect the floors at Subject Location?

**ANSWER:**   This information is unknown, Defendant reserves the right to supplement.

**SUPPLEMENTAL ANSWER:**   Without waiving any objection, Outback employees are constantly looking to see whether there are hazards present.  Additionally, there are one to two bussers on staff each shift to clean the tables and floors.

10.   What are Your policies and procedures at Subject Location in dealing with on-site injuries similar to the Incident?

**ANSWER:**   Defendant reserves the right to supplement.

**SUPPLEMENTAL ANSWER:**   Without waiving any objection, Outback employees are trained in safety management.  If a patron is injured, they will be immediately asked if they need medical attention, and a manager will get involved right away.

3

11.     How did You respond to the Incident at Subject Location?

**ANSWER:**   Outback was not involved in the incident in question.   Employees of the local restaurant were involved.

12.     Did You follow the policies and procedures referenced in Interrogatories 6, 9, and 10?

**ANSWER:**   Not applicable.

13.     What material is the floor made of at Subject Location?

**ANSWER:**   The floor is oak.

14.     Does the material referenced in Interrogatory No. 13 conform to other Outback Steakhouses?

**ANSWER:**   Objection, relevance.

15.     Does the material referenced in Interrogatory No. 13 pose a danger if wet, oily, or covered in food or debris?

**ANSWER:**   Objection, vague and not reasonably calculated to be susceptible to answer.

16.     Describe the Condition of the material referenced in Interrogatory No. 13 at the time of the Incident, including whether it was wet, oily, slippery, greasy, or sticky, and if there was any type of debris, residue, dust, or dirt present at the time of the Incident.

**ANSWER:**   The floor was clean and dry.

17.     What is the full name, title and contact information of Your employee, "Tristal Spidola" referenced in the complaint?

**ANSWER:**   Objection, relevance.

**SUPPLEMENTAL ANSWER**: Upon information and belief, the claim was reported to Tristal Hall, a former Bloomin' Brands employee.

4

18.     State all facts, if any, that support Your contention that a third party, who is not a party to this litigation, contributed to the cause of the Incident.  If any exist, identify that third party and any such documents.

**ANSWER:**     Discovery is ongoing.

19.     State the name and contact information for each Person who You contend witnessed the Incident at the Subject Location.

**ANSWER:**      There is a witness, and that person's name is Chris Robinson, (757) 673-4358.

20.     Do You contend that Plaintiff did not suffer a traumatic brain injury as a result of the Incident?  If so, state all facts and identify all documents to support Your contention.

**ANSWER:**     Discovery is ongoing.

**SUPPLEMENTAL ANSWER:**     Discovery is ongoing, and no information regarding Ms. Haysbert's treatment or condition has been provided.

21.     Describe all remedial measures taken to repair, remedy, or correct the Condition after the Incident.

**ANSWER:**     Objection, relevance regarding subsequent remedial measures alleged, although as there was no defect, no subsequent remedial measures were indicated.

22.     Identify all Documents that describe, depict, or relate to the Condition at the Subject Location as it existed at the time of the Incident.

**ANSWER:**     There are two photographs that were taken of the floor and the footwear of the plaintiff.  Please see documents attached to response to request for production of documents.

5

I hereby affirm under penalty of perjury that the foregoing answers to interrogatories are true and correct to the best of my knowledge and belief.

OUTBACK STEAKHOUSE OF FLORIDA, LLC

By: _____

6

**OUTBACK STEAKHOUSE OF FLORIDA, LLC**
By Counsel


    /s/ John D. McGavin
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

7

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2020, a true and accurate copy of the foregoing Defendant Outback Steakhouse of Florida, LLC's Supplemental Answers to Plaintiff's Interrogatories, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:      (757) 317-0716
Facsimile:      (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:      (310) 496-5796
Facsimile:      (310) 760-4083

*Counsel for Plaintiff*

　John D. McGavin /s/
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN,
　　　HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

8

EXHIBIT C1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| JOANN WRIGHT HAYSBERT | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BLOOMIN' BRANDS, INC., | ) | Case No.: 4:20-cv-00121-RBS-DEM |
| and | ) | |
| OUTBACK STEAKHOUSE OF | ) | |
| FLORIDA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, LLC'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE

COMES NOW defendant Outback Steakhouse of Florida, LLC (Outback), and hereby submits its supplemental objections and draft responses pursuant to the Federal Rules of Civil Procedure, rejecting the extensive and burdensome Definitions and Instructions herein as beyond the scope of reasonable discovery, not reasonably proportionate to the nature and extent of the claim in this case, which is a slip and fall action, and further and in particular as to the use of the term "condition," plaintiff assumes that there was a defective or dangerous condition at the subject location and therefore the use of that term is objected to by defendant as assuming a fact not in evidence.

Defendant will be further investigating and reviewing these responses. However, defendant seeks to timely file its objections to the discovery served herein.

Defendant states as follows:

1.      All Documents identified in Your responses to Plaintiff's Written Interrogatories (Set No. One).

**RESPONSE:** Please see attached photos.

2.      All Documents Relating To the Incident.

**RESPONSE:** Objection.  This discovery requests seeks the mental impressions and work product of counsel and matters prepared in anticipation of litigation.

In terms of a privilege log, there are claim notes, which indicate contact from counsel, which confirms that there was an incident report completed, and confirms that the plaintiff, Ms. Haysbert, was contacted by a representative of the defendant but was unwilling to discuss the matter.  All other documents have been prepared directly in response to the notice of claim and correspondence of counsel. All such documents are therefore privileged.

3.      All Documents Relating To Your insurance agreements Related To the Subject Location.

**RESPONSE:** To be submitted.

4.      All Documents Relating To complaints of the Condition or similar conditions at the Subject Location within five (5) years preceding the Incident.

**RESPONSE:** Objection.   This discovery request incorporates the term "condition" without identifying any particular defect alleged and is overly broad.

5.      All Documents Relating To the Incident.

**RESPONSE:** Please see response to Request 2.

6.      All Statements Relating To the Incident.

**RESPONSE:** No statements have been obtained.  In the event any statements are obtained in regard to this matter, they will be privileged.

7.      All Recordings Related To the Incident.

**RESPONSE:** None.

8.      All Documents reflecting communications between You and anyone acting on Your behalf and any Persons Relating To the Incident.

2

**RESPONSE:** Please see response to Request 2.

9.      All Documents Relating To sanitation policies and procedures of the Subject Location.

**RESPONSE:** Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

**SUPPLEMENTAL RESPONSE:**   Without waiving any objection, see attached.

10.     All Documents Relating To employee training at Subject Location.

**RESPONSE:** Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

**SUPPLEMENTAL RESPONSE:**   Without waiving any objection, see attached.

11.     All Documents Relating To who was working at the Subject Location on the date of the Incident.

**RESPONSE:** Objection, overly broad, unduly burdensome, seeks confidential and personal information.

12.     All Documents Relating To floor inspection at the Subject Location on the day of the Incident.

**RESPONSE:** None known at this time. Defendant reserves right to supplement.

13.     All Documents Relating To employee responsibilities at Subject Location.

**RESPONSE:** Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

**SUPPLEMENTAL RESPONSE:**   Without waiving any objection, see attached.

14.     All Documents Relating To the standard designs of Outback Steakhouse Franchises.

**RESPONSE:** Objection, overly broad and unduly burdensome, unlimited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence.  As this is a slip and fall case, there also must be some proportionality to the scope of the request, and this request does not meet that proportionality requirement.

15.     All Documents Relating To Your franchise agreement with Subject Location.

3

**RESPONSE:** Objection.   Not reasonably calculated to lead to the discovery of admissible evidence and not relevant to these proceedings.

**OUTBACK STEAKHOUSE OF FLORIDA, LLC**
By Counsel

_____/s/  John D. McGavin_____
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

4

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2020, a true and accurate copy of the foregoing Defendant Outback Steakhouse of Florida, LLC's Supplemental Objections and Responses to Request for Production of Documents, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:      (757) 317-0716
Facsimile:      (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:      (310) 496-5796
Facsimile:      (310) 760-4083

*Counsel for Plaintiff*

John D. McGavin /s/
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN,
        HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

5

EXHIBIT C2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT )
)
     Plaintiff, )
v. )
)
BLOOMIN' BRANDS, INC., )    Case No.: 4:20-cv-00121-RBS-DEM
and )
OUTBACK STEAKHOUSE OF )
FLORIDA, LLC, )
)
    Defendants. )

## DEFENDANT BLOOMIN' BRANDS, INC.'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES, SET NO. ONE

COMES NOW defendant Bloomin' Brands, Inc., by counsel, and for its Supplemental Answers to Plaintiff's Interrogatories, Set No. One, states as follows:

A.    Defendant incorporates herein by reference all objections previously filed separately, waiving none.

B.    the information supplied in these Answers is not based solely on the knowledge of the executing party, but may include knowledge of the party, its agents, representatives, and attorneys, unless privileged.

C.    The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and thus does not necessarily purport to be the precise language of the executing party.

Defendant will be further investigating and reviewing these responses. However, defendant seeks to timely file its objections to the discovery served herein.

Defendant states as follows:

1.     Do You contend that You did not have actual knowledge of the Condition at the Subject Location prior to the Incident?

**ANSWER:**     Defendant denies that there was any defective condition at the subject location.

2.     Do You contend that You did not have constructive knowledge of the Condition at the Subject Location prior to the Incident?

**ANSWER:**     Defendant denies that there was any defective condition at the subject location.

3.     Do You contend that the Condition at the Subject Location at the time of the Incident did not pose a danger to the health and safety of customers?

**ANSWER:**     Defendant denies that there was any defect at the subject location.

4.     If Your response to Written Interrogatory No 3 is in the affirmative, then identify all Documents that Relate To Your contention that the Condition at the Subject Location at the time of the Incident did not pose a danger to the health and safety of customers.

**ANSWER:**     The floor where the incident occurred was clean and dry.

5.     List the names and titles of all of Your employees at the Subject Location at the time of the Incident, separately identifying the employee that directed Plaintiff toward the Condition and the employee(s) responsible for maintaining the floor at the time.

**ANSWER:**     Objection.  Assumes facts not in evidence and assumes there was a defective condition.  Defendant objects to identifying all employees at the subject location at the time of the incident. The person most knowledgeable about the occurrence is Lisa Crosby.

6.     What polices [sic] or procedures are in place at the Subject Location to prevent injuries similar to the Incident?

**ANSWER:**     Defendant objects to interrogatory 6 on the grounds that the full nature and extent of plaintiff's injuries are unknown.

2

Bloomin' Brands has policies and procedures for routine maintenance and inspection.

**SUPPLEMENTAL ANSWER:**   Without waiving any objection, Bloomin' Brands has safety guidelines, policies, and procedures that were in place at the restaurant.  Additionally, there are also one to two bussers on staff each shift to clean the tables and floors.

7.     Do You train all employees at Subject Location to abide by the policies and procedures referenced in Interrogatory No. 6?

**ANSWER:**   Yes.

8.     Do You require employees at Subject Location to wear any special footwear to avoid slipping on the floors?

**ANSWER:**   Defendant reserves the right to supplement.

**SUPPLEMENTAL ANSWER:**   Employees are required to wear "slip resistant" closed toe shoes.

9.     How often do You inspect the floors at Subject Location?

**ANSWER:**   Defendant reserves the right to supplement.

**SUPPLEMENTAL ANSWER:**   Without waiving any objection, Bloomin' Brands employees are constantly looking to see whether there are hazards present.  Additionally, there are one to two bussers on staff each shift to clean the tables and floors.

10.     What are Your policies and procedures at Subject Location in dealing with on-site injuries similar to the Incident?

**ANSWER:**   Defendant reserves the right to supplement.

**SUPPLEMENTAL ANSWER:**   Without waiving any objection, Bloomin' Brands employees are trained in safety management.  If a patron is injured, they will be immediately asked if they need medical attention, and a manager will get involved right away.

3

11.     How did You respond to the Incident at Subject Location?

**ANSWER:**   Bloomin' Brands was not involved in the incident in question.  Employees of the local restaurant were involved.

12.     Did You follow the policies and procedures referenced in Interrogatories 6, 9, and 10?

**ANSWER:**   Not applicable.

13.     What material is the floor made of at Subject Location?

**ANSWER:**   The floor is oak.

14.     Does the material referenced in Interrogatory No. 13 conform to other Outback Steakhouses?

**ANSWER:**   Objection, relevance.

15.     Does the material referenced in Interrogatory No. 13 pose a danger if wet, oily, or covered in food or debris?

**ANSWER:**   Objection, vague and not reasonably calculated to be susceptible to answer.

16.     Describe the Condition of the material referenced in Interrogatory No. 13 at the time of the Incident, including whether it was wet, oily, slippery, greasy, or sticky, and if there was any type of debris, residue, dust, or dirt present at the time of the Incident.

**ANSWER:**   The floor was clean and dry.

17.     What is the full name, title and contact information of Your employee, "Tristal Spidola" referenced in the complaint?

**ANSWER:**   Objection, relevance.

**SUPPLEMENTAL ANSWER**: Upon information and belief, the claim was reported to Tristal Hall, a former Bloomin' Brands employee.

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD   •   SUITE 400   •   FAIRFAX, VIRGINIA 22030   •   (703) 385-1000   •   FAX (703) 385-1555

18.     State all facts, if any, that support Your contention that a third party, who is not a party to this litigation, contributed to the cause of the Incident.  If any exist, identify that third party and any such documents.

**ANSWER:**     Discovery is ongoing.

19.     State the name and contact information for each Person who You contend witnessed the Incident at the Subject Location.

**ANSWER:**     There is a witness, and that person's name is Chris Robinson, (757) 673-4358.

20.     Do You contend that Plaintiff did not suffer a traumatic brain injury as a result of the Incident?  If so, state all facts and identify all documents to support Your contention.

**ANSWER:**     Discovery is ongoing.

**SUPPLEMENTAL ANSWER:**     Discovery is ongoing, and no information regarding Ms. Haysbert's treatment and condition has been provided.

21.     Describe all remedial measures taken to repair, remedy, or correct the Condition after the Incident.

**ANSWER:**     Objection, relevance regarding subsequent remedial measures alleged, although as there was no defect, no subsequent remedial measures were indicated.

22.     Identify all Documents that describe, depict, or relate to the Condition at the Subject Location as it existed at the time of the Incident.

**ANSWER:**     There are two photographs that were taken of the floor and the footwear of the plaintiff.  Please see documents attached to response to request for production of documents.

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

I hereby affirm under penalty of perjury that the foregoing answers to interrogatories are true and correct to the best of my knowledge and belief.

BLOOMIN' BRANDS, INC.

By: _____

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.

9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

**BLOOMIN' BRANDS, INC.**
By Counsel

_____/s/  John D. McGavin_____
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

7

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2020, a true and accurate copy of the foregoing Defendant Bloomin' Brands, Inc.'s Supplemental Answers to Plaintiff's Interrogatories, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:      (757) 317-0716
Facsimile:      (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:      (310) 496-5796
Facsimile:      (310) 760-4083

*Counsel for Plaintiff*

                        John D. McGavin /s/
                        John D. McGavin, VSB No. 21794
                        jmcgavin@bmhjlaw.com
                        BANCROFT, McGAVIN,
                                HORVATH & JUDKINS, P.C.
                        9990 Fairfax Blvd. Suite 400
                        Fairfax, Virginia 22030
                        (703)385-1000 Telephone
                        (703)385-1555 Facsimile
                        *Counsel for Defendant*

EXHIBIT C3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT              )
                                   )
        Plaintiff,                 )
v.                                 )
                                   )
BLOOMIN' BRANDS, INC.,             )        Case No.: 4:20-cv-00121-RBS-DEM
and                                )
OUTBACK STEAKHOUSE OF              )
FLORIDA, LLC,                      )
                                   )
        Defendants.                )

**DEFENDANT BLOOMIN' BRANDS, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

COMES NOW defendant Bloomin' Brands, Inc., and hereby submits its supplemental objections and responses pursuant to the Federal Rules of Civil Procedure, rejecting the extensive and burdensome Definitions and Instructions herein as beyond the scope of reasonable discovery, not reasonably proportionate to the nature and extent of the claim in this case, which is a slip and fall action, and further and in particular as to the use of the term "condition," plaintiff assumes that there was a defective or dangerous condition at the subject location and therefore the use of that term is objected to by defendant as assuming a fact not in evidence.

Defendant will be further investigating and reviewing these responses. However, defendant seeks to timely file its objections to the discovery served herein.

Defendant states as follows:

1.      All Documents identified in Your responses to Plaintiff's Written Interrogatories (Set No. One).

**RESPONSE:** Please see attached photos.

2.      All Documents Relating To the Incident.

**RESPONSE:** Objection.  This discovery requests seeks the mental impressions and work product of counsel and matters prepared in anticipation of litigation.

In terms of a privilege log, there are claim notes which indicate contact from counsel, which confirms that there was an incident report completed, and confirms that the plaintiff, Ms. Haysbert, was contacted by a representative of the defendant but was unwilling to discuss the matter.  All other documents have been prepared directly in response to the notice of claim and correspondence of counsel. All such documents are therefore privileged.

3.      All Documents Relating To Your insurance agreements Related To the Subject Location.

**RESPONSE:** To be submitted.

4.      All Documents Relating To complaints of the Condition or similar conditions at the Subject Location within five (5) years preceding the Incident.

**RESPONSE:** Objection.   This discovery request incorporates the term "condition" without identifying any particular defect alleged and is overly broad.

5.      All Documents Relating To the Incident.

**RESPONSE:** Please see response to Request 2.

6.      All Statements Relating To the Incident.

**RESPONSE:** No statements have been obtained.  In the event any statements are obtained in regard to this matter, they will be privileged.

7.      All Recordings Related To the Incident.

**RESPONSE:** None.

8.      All Documents reflecting communications between You and anyone acting on Your behalf and any Persons Relating To the Incident.

2

**RESPONSE:** Please see response to Request 2.

9.      All Documents Relating To sanitation policies and procedures of the Subject Location.

**RESPONSE:** Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

**SUPPLEMENTAL RESPONSE:**   Without waiving any objection, see attached.

10.      All Documents Relating To employee training at Subject Location.

**RESPONSE:** Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

**SUPPLEMENTAL RESPONSE:**   Without waiving any objection, see attached.

11.      All Documents Relating To who was working at the Subject Location on the date of the Incident.

**RESPONSE:** Objection, overly broad, unduly burdensome, seeks confidential and personal information.

12.      All Documents Relating To floor inspection at the Subject Location on the day of the Incident.

**RESPONSE:** None known at this time. Defendant reserves right to supplement.

13.      All Documents Relating To employee responsibilities at Subject Location.

**SUPPLEMENTAL RESPONSE:**   Without waiving any objection, see attached.

**RESPONSE:** Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

14.      All Documents Relating To the standard designs of Outback Steakhouse Franchises.

**RESPONSE:** Objection, overly broad and unduly burdensome, unlimited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence.  As this is a slip and fall case, there also must be some proportionality to the scope of the request, and this request does not meet that proportionality requirement.

15.      All Documents Relating To Your franchise agreement with Subject Location.

3

**RESPONSE:** Objection.   Not   reasonably   calculated   to   lead   to   the   discovery   of   admissible
evidence and not relevant to these proceedings.


                                            **BLOOMIN' BRANDS, INC.**
                                            By Counsel




   /s/  John D. McGavin
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2020, a true and accurate copy of the foregoing Defendant Bloomin' Brands, Inc.'s Supplemental Objections and Responses to Request for Production of Documents, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:      (757) 317-0716
Facsimile:      (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:      (310) 496-5796
Facsimile:      (310) 760-4083

*Counsel for Plaintiff*

      John D. McGavin /s/
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN,
      HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

5

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT     )
                        )
       Plaintiff,         )
v.                      )
                        )     Case No.: 4:20-cv-00121-RBS-DEM
BLOOMIN' BRANDS, INC.,     )
and                     )
OUTBACK STEAKHOUSE OF     )
FLORIDA, LLC,           )
                        )
       Defendants.      )

**DEFENDANT BLOOMIN' BRANDS, INC.'S SUPPLEMENTAL OBJECTIONS AND**
**RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS,**
**SET NO. ONE**

COMES NOW defendant Bloomin' Brands, Inc., and hereby submits its supplemental objections and responses pursuant to the Federal Rules of Civil Procedure, rejecting the extensive and burdensome Definitions and Instructions herein as beyond the scope of reasonable discovery, not reasonably proportionate to the nature and extent of the claim in this case, which is a slip and fall action, and further and in particular as to the use of the term "condition," plaintiff assumes that there was a defective or dangerous condition at the subject location and therefore the use of that term is objected to by defendant as assuming a fact not in evidence.

Defendant will be further investigating and reviewing these responses. However, defendant seeks to timely file its objections to the discovery served herein.

Defendant states as follows:

1.     All Documents identified in Your responses to Plaintiff's Written Interrogatories (Set No. One).

**RESPONSE:** Please see attached photos.

2.      All Documents Relating To the Incident.

**RESPONSE:** Objection.  This discovery requests seeks the mental impressions and work product of counsel and matters prepared in anticipation of litigation.

In terms of a privilege log, there are claim notes which indicate contact from counsel, which confirms that there was an incident report completed, and confirms that the plaintiff, Ms. Haysbert, was contacted by a representative of the defendant but was unwilling to discuss the matter.  All other documents have been prepared directly in response to the notice of claim and correspondence of counsel. All such documents are therefore privileged.

3.      All Documents Relating To Your insurance agreements Related To the Subject Location.

**RESPONSE:** To be submitted.

4.      All Documents Relating To complaints of the Condition or similar conditions at the Subject Location within five (5) years preceding the Incident.

**RESPONSE:** Objection.   This discovery request incorporates the term "condition" without identifying any particular defect alleged and is overly broad.

5.      All Documents Relating To the Incident.

**RESPONSE:** Please see response to Request 2.

6.      All Statements Relating To the Incident.

**RESPONSE:** No statements have been obtained.  In the event any statements are obtained in regard to this matter, they will be privileged.

7.      All Recordings Related To the Incident.

**RESPONSE:** None.

8.      All Documents reflecting communications between You and anyone acting on Your behalf and any Persons Relating To the Incident.

2

**RESPONSE:** Please see response to Request 2.

9.     All Documents Relating To sanitation policies and procedures of the Subject Location.

**RESPONSE:** Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

**SUPPLEMENTAL RESPONSE:**   Without waiving any objection, see attached.

10.     All Documents Relating To employee training at Subject Location.

**RESPONSE:** Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

**SUPPLEMENTAL RESPONSE:**   Without waiving any objection, see attached.

11.     All Documents Relating To who was working at the Subject Location on the date of the Incident.

**RESPONSE:** Objection, overly broad, unduly burdensome, seeks confidential and personal information.

12.     All Documents Relating To floor inspection at the Subject Location on the day of the Incident.

**RESPONSE:** None known at this time. Defendant reserves right to supplement.

13.     All Documents Relating To employee responsibilities at Subject Location.

**SUPPLEMENTAL RESPONSE:**   Without waiving any objection, see attached.

**RESPONSE:** Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

14.     All Documents Relating To the standard designs of Outback Steakhouse Franchises.

**RESPONSE:** Objection, overly broad and unduly burdensome, unlimited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence.  As this is a slip and fall case, there also must be some proportionality to the scope of the request, and this request does not meet that proportionality requirement.

15.     All Documents Relating To Your franchise agreement with Subject Location.

3

**RESPONSE:** Objection.   Not reasonably calculated to lead to the discovery of admissible evidence and not relevant to these proceedings.


**BLOOMIN' BRANDS, INC.**
By Counsel


   /s/  John D. McGavin
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2020, a true and accurate copy of the foregoing Defendant Bloomin' Brands, Inc.'s Supplemental Objections and Responses to Request for Production of Documents, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:     (757) 317-0716
Facsimile:     (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:     (310) 496-5796
Facsimile:     (310) 760-4083

*Counsel for Plaintiff*

 John D. McGavin /s/
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN,
          HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

EXHIBIT D1

# Safety in the Outback

# Developing a Safety Culture

### What is a safety culture?
A safety culture is the attitudes, beliefs, perceptions and values that employees share in relation to safety

### Why do safety processes fail?
- Inadequate Training
- Infrequent Communications
- Lack of Interest
- Unsafe Outbacker behaviors

### Why do Outbackers violate Safety Rules?
- Lack of knowledge regarding rules and procedures
- Inconsistent enforcement of safety procedures
- Perception that risk is low, risk is misunderstood
- The correct tools/ equipment/ environment are not available

### Managing a Safety Culture
2 key components
1. Commitment
2. Time



# Safety Training

## Yearly

❑ Hazard Communication training

❑ Crisis training

## Quarterly

❑ Safety subject matter in every Full House Meeting

❑ Quarterly safety inspection with entire management team to facilitate awareness and on going training

## Monthly

❑ Management/ replenish first aid supplies

❑ Inspection of Gloves, Shoes, Personal Protective equipment

❑ Change Safety board information

## Daily

❑ Manage the work environment and Outbackers to a "zero tolerance" for accidents mentality

❑ Compliment staff when safe execution is witnessed

❑ Discuss a safety point during check ins and alley rallies

❑ Check for slip resistant shoe and cutting glove compliance

❑ Make sure storage areas are staged/ stored  correctly





# Accountability and Motivation

Praise in public

Recognize and reinforce good behaviors


**Before you discipline ask yourself:**

Have I....

- [ ] set a good example by complying with safety rules and policies?

- [ ] provided adequate resources and support?

- [ ] provided adequate training?

- [ ] Insisted on compliance by enforcing safety rules in the past?

- [ ] Provided adequate management by identifying and correcting hazards before someone got hurt?

**Be ready to Implement a Safety Culture**

    **Expectations**

        Before holding Outbackers accountable, expectations must be clearly defined and trained

    **Resources**

        Safe tools and a safe environment must be in place

    **Evaluation processes**

        Based on Facts, not emotion

    **Effective consequences and fair application of the consequences**

        Soon, Certain, Significant and Sincere





# Cuts & Lacerations

Knife Handling • Broken Glass • Polishing Glassware

All team members and Management will ensure that cutting gloves will be worn for all activity including knives and glass polishing.

## Knife Handling



- A glove should fit snug and cover the wrist.

- Wear the glove on the opposite hand that holds the knife.

- Wear a disposable food service glove over the cutting glove when handling food. This will also help keep the cutting glove on for the duration of the shift.





Safety knives and vipers should be used to open boxes and



**Did You Know:**

Our Standard is to have 2 back up cutting gloves per BOH / Bar Outbackers



## Broken Glass

- Have plenty of glassware on hand so that the Outbackers are not pouring cold liquid into warm or hot glassware.

- Broken glass should never go into the standard trash containers. The glass can puncture regular trash bags so never push down on garbage.

## Polishing Glassware



Never twist the base and



Always wear a cutting glove when polishing



Use one hand to cradle the bowl of the stemware while the other hand with the cloth gently buffs

*Confidential Property of Outback Steakhouse Inc.  April 2013*

5



# Slip and Fall Prevention

Housekeeping • Scheduled Cleaning & Regular Upkeep • Slip Resistant Footwear

## Housekeeping



### STANDARD:

It is every Outbackers responsibility to keep our floors dry and clean.

### During the Shift:

- ♦ Never step over an object on the floor.
- ♦ Stop and guard any spills or breakage until they are cleaned up.

## Scheduled Cleaning and Regular Upkeep



### STANDARD:

Always use the approved ratio of BBI Chemicals.

### Floor Maintenance:

- ♦ Have the proper tools available for Outbackers  to use.
- ♦ Use a dry mop to clean the excess water.
- ♦ Use floor fans to finish drying floors.

## Slip Resistant Footwear



### STANDARD:

Slip resistant shoes are the Outback standard whenever entering the building

### Outbacker Responsibility:

- ♦ Slip resistant footwear has a shelf life of 3-6 months depending on the manu-







*Confidential Property of Outback Steakhouse Inc.  April 2013*




# Strain Prevention

Housekeeping • Proper Storage of Product • Proper lifting

## Housekeeping



### STANDARD:

It is every Outbackers responsibility to keep our doors, floors and aisles clear.

### During the Shift:

♦ Never step over an object on the floor.

♦ Never block any path or doorways.

## Storage



### STANDARD:

The standard is that heavy items are stored and handled at waist

level so that proper handling techniques for transporting the items may be applied

### 50lb items:

♦ Stored at waist level to leverage a "power stance" for lifting and moving product.

♦ Hand trucks should be used to move all 50lb. Items at once instead of making several trips.

## Proper Lifting

### STANDARD:

Procedure for lifting is pictured

Weight belts are not permitted, as they provide a false sense of security and safety

♦ Develop a "zero tolerance " for any Lifting





1. Bend your knees and squat down to a comfortable level.

2. Lift the object and bring it close to your body.

3. Return to an upright position by pushing up with your legs and buttocks.

### Outbacker Responsibility:

♦ To use hand trucks and/ or proper lifting procedures when handling product or materials



Ligament



Safetymatters



# Keg Storage

Most important objective is to make sure that product is stored properly



❑ **Ensure that beer suppliers only stack kegs 2 high**

- More than 2 high is unstable
- Anything over shoulder height is difficult to lift causing excessive force on the back, neck and shoulder

❑ **Use keg condos**

- The condos allow the keg to be changed quickly
- Able to put back ups below kegs being used
- Better system for management and vendor to track inventory



❑ **Use keg wheels**

- Allows for product to be moved without lifting
- Easy to clean the cooler without risking strain

❑ **Using a hand truck to move kegs**

- Minimize the amount of time lifting a keg, even if it is empty

Generally, the beer vendor should be rotating the beer, Outbackers should only be moving empty kegs.  If an Outbacker needs to move a full keg,

**ask for help— 2 person lift**









# Burns & Scalds



Burns and scalds result from contact with the following:

## Hot Surfaces

- Maintain adequate clearance with hands and arms from hot contact points ex. heat lamps

- Make sure no one is in the way or behind you when removing hot pans from the oven or transporting to another location

## Equipment

- Turn off and allow all equipment and surfaces to cool before cleaning

- Wear protective gloves when cleaning cooking equipment and surfaces

- Equipment should be leveled on flooring to prevent tipping



## Pans

- Don't fill pans too full or allow water/ product to boil over

- Point pot and pan handles away from traffic

- Use towels, grill pads, oven mitts or long gloves when removing pans from an oven or warmer



## Liquids

- Use slow and steady motions when dispensing hot beverages or lowering into hot oil (hot tea, coffee, hot chocolate, soups etc.)

- Turn on  water faucets slowly to avoid spatter

- Keep water temperature set at 140°

- Keep water away from hot oil

- Do not overfill cups/ glassware.  Leave 1/4 "from the top to prevent spillage

- Handle one cup or glass at a time





# Burns & Scalds— Oil Management



### Stop

Rotating oil from fryer to fryer, isolate the oil to one fryer vat for duration of entire shelf life.

- The rotation of oil increases our risk of injury to our Outbackers.

- Isolating the oil to it's own fryer from beginning to the end of its life decreases the amount of oil contaminants( heat, salt, carbon, water, air, soap) the oil comes in contact with.

### Start

Hold Outbackers accountable to wearing protective gear while filtering.
- There have been a significant amount of accidents that could have been avoided.

### Continue

Always adhere to safe practices when handling hot oil to avoid any burns



- Disposable Face Shields

- Fryer Filtering Gloves

- Fryer Filtering Apron

- Shin/ Foot Guards






*Confidential Property of Outback Steakhouse Inc.  April 2013*




# Electrical & Equipment Safety

## Electrical Safety

**Standards for Electrical Safety**



- Avoid overloading outlets and circuits.

- Multi-plug adapters are strongly discouraged.

- Circuit breakers (over current protection) should be the proper rating, clearly labeled, and never taped to prevent the circuit from tripping.

- Circuit breaker panel doors should be closed at all times.
  A 3 ft. clearance is mandatory.

- Extension cords should not be used.

- Frayed, exposed or damaged wires and plugs should never be used. The equipment with the damaged electrical cord should be taken out of service until repaired or replaced.





## Equipment Safety

Standards for Equipment Safety



- Maintaining equipment is our standard.

- Notice for slopes in flooring that would cause equipment to tip & lock casters

- Equipment should have a safety cord attaching it to the wall.

- Water or hoses should never be used near equipment.




# Hazard Communication Training

Maintenance Plan • Flammables & Combustibles • Acids & Bases • Poisons & Toxins

It's an OSHA requirement that we provide Hazard Training to our Outbackers. All Outbackers must know and understand the risk of chemicals. With the proper training, Outbackers are able to avoid unsafe exposure to chemicals. It is our responsibility to learn the information provided and work safely with chemicals. **All Outbackers need to complete the Hazard Communication training on BBI University**

## Hazard Communication Maintenance Plan: 4 Components

1. **Chemical Inventory Lists**
   - This is a list of **EVERY** chemical in the restaurant
   - Maintained by the Management team

2. **MSDA Sheets— Material Safety Data Sheets**
   - Information sheets provided by each chemical manufacturer with useful safety information
   - Every chemical on the **Chemical inventory List** must have a sheet in the MSDS book

3. **Container Labeling**
   - Label containers with the proper identification of the chemical and safety information

4. **Employee Training**
   - All Outbackers must complete the Hazard Communication training on BBI University

---

### Responsibilities

1. Do not use a chemical until you have reviewed the MSDS sheet
2. Complete your HAZCOM training on OSI University
3. Know where to find the MSDS sheets
4. Ask your manager if you have questions about a chemical
5. Use PPE-Personal Protective Equipment when working with chemicals
6. Label all containers
7. Don't bring household cleaners into the workplace
8. Notify manager of any chemical spills or accidents
9. Know where to find your first aid equipment
10. Always use the proper diluted chemical and not concentrate





# Hazard Communication Training

• Flammables & Combustibles • Acids & Bases • Poisons & Toxins

It's an OSHA requirement that we provide Hazard Training to our Outbackers. All Outbackers must know and understand the risk of chemicals. With the proper training, Outbackers are able to avoid unsafe exposure to chemicals. It is our responsibility to learn the information provided and work safely with chemicals. **All Outbackers need to complete the Hazard Communication training on BBI University.**

**Flammable and Combustible**

- Primary hazards for flammable and combustible liquids are explosions and fire. A substance is considered flammable based on its flashpoint.
- Flashpoint is the minimum temperature at which liquid gives off enough vapor to form an ignitable mixture.
- Chemicals should always be used and stored in ventilated areas to avoid these primary hazards.
- The fire triangle labeling and the MSDS sheets provide the Flashpoint and Flammability risk for the chemical.

**Acids and Bases**

Every liquid chemical either has acidic or basic traits. Use the PH scale to determine the chemical's health risk factor. The further away from a neutral reading of 7 on this scale indicates a liquid's danger; distilled water is a number 7.  Acids between 0 and 7 can cause chemical burns. Bases are from 7 to 14.



**Poisons and Toxins**

These are molecules that are harmful to living organisms. The greater the number in the blue NFPA diamond, the more toxic the product is. Poisons and toxins can cause illness, disease or death.

Below are ways in which chemicals can enter the body:

- Absorption
- Inhalation
- Ingestion
- Contact with eyes, mucus membranes or cuts



*Confidential Property of Outback Steakhouse Inc.  April 2013*





# Personal Protective Equipment  P.P.E.

### Objective

Providing a safe work environment with protective gear is customary in the industry and our responsibility as Managing Partners. It is our obligation to implement and hold our Outbackers and Management teams accountable to enforcing the standard.

### Strategy

We are required to have and use *Personal Protective Equipment* for chemical handling and deep fryer cleaning.  Recommendations based on OSHA  requirements  determined "at risk" activities that are in violation and currently not being addressed.  To correct these behaviors in our restaurants, we have partnered with our safety vendor to help design a kit that will accommodate the regulations.

### Tactics

In the spirit of our Outbackers and the commitments we make to them of Clear Direction, Preparation and Support we have developed the following to help the integration.

- There will be a kit shipped to all locations.
- All contact information to maintain the practice.
- Training to support the rollout.












EXHIBIT D2

# Best Practices:



## Prevention of Slips & Falls - General Practices



### During Shift Housekeeping

- Do your part to keep our floors clean and dry.
- Never step over an object or spill on the floor.
- Pick the object up immediately. If a spill is found, clean it up immediately.
- Post "Wet Floor" caution signs **before** you begin to mop. **Use two caution signs**, so that they can be seen from either direction.
- Dedicate a mop for use in the dining area only. Keep this mop clean. After cleaning the spill, dry the floor with a dry mop.
- Develop a "zero tolerance" for any object, produce or spill to remain on the floors. **Recognize employees who pick it up, clean it up, or dry it up!**

### Scheduled Cleaning

- If you are responsible for scheduled cleaning of floors, be sure you use the proper concentration of cleaning agent to water.
- Too much cleaning agent can result in a film that is slower to dry which can become slick in the event of a spill or other moisture source.



### Mat Maintenance

- Walk-off mats at entrances remove debris and moisture from our customers' shoes, reducing the potential for falls.
- Be sure they are clean and in place, especially on rainy days.
- Replace mats if edges curl up or if worn spots or holes develop. Mats can also be used in the back of the house to wipe grease off of shoes.



### Facility Inspection

- Regularly inspect restrooms. Ensure floors are clean free of debris and dry at all times.



### Exterior Hazards

- Regularly inspect sidewalks and parking areas for damage or fluid spills that can cause a fall.
- In cold weather climates, be sure that sidewalks and other walkways are cleared of ice and snow.
- Pressure wash the parking lot often.



*DRY WALKING SURFACES HELP PREVENT SLIPS!*

EXHIBIT D3

# Best Practices:



## Prevention of Slips & Falls - Proper Housekeeping

**Proper proactive housekeeping practices is critical to keeping dry, clean floors throughout the day and preventing employee and guest slip/falls.**

## Housekeeping

Keep our floors clean and dry at ALL TIMES. Pay close attention to the Back of the House areas that accumulate wetness and grease (e.g. dish, ice machine, cooking, prepping and service areas). Incorporate the following to keep employees safe and prevent wetness and grease from being tracked to the Front of House where our guests can slip and fall.

- Install a barrier in the dish and/ or ice machine areas and place a slip resistant mat in these areas.

- Strategically place floor fans in areas that accumulate excessive wetness.

- Install dry mop stations on both sides of the restaurants and use dry mop to remove any wet spots on the floor at any time.

- Push dry dishes far in washing stations to keep food from dripping on the floor.

- Pick up and dispose of any food debris or ice cube on the floor as soon as possible.

- Fix any plumbing issues immediately and if immediacy is not possible then place a floor fan to keep the floor dry.

- Assign several employees the task to sweep, clean  and monitor during their shift.

- Inspect your floor drains to be sure they are clear and that the floor properly slopes towards them.

- Report ice build-up on freezer floors. Monitor and keep freezer floors clean and dry at all times.





*POOR HOUSEKEEPING PRACTICES ARE CONTRIBUTING FACTORS TO THE SLIP AND FALL ACCIDENTS THAT OCCUR IN OUR RESTAURANTS.*

EXHIBIT D4

# Best Practices:



## Prevention of Slips & Falls - Slip-Resistant Footwear



### Slip-Resistant Shoes

Encourage your employees to wear approved slip-resistant footwear, like Shoes for Crews (SFC). Approved slip-resistant shoes should be ordered for new employees prior to their start date. Employees should wear their slip-resistant shoes at all times when working.

**Tread life of slip-resistant footwear only lasts approximately, 6-months and shoes become ineffective after that length of time. All employees should reorder a new pair of slip-resistant shoes every 6-months to ensure maximum effectiveness of slip-resistance.**

### Slip-Resistant Overshoe

Utilize slip-resistant overshoe's to assure protection to new employees who have not yet received their shoes. Overshoes can also be used to slip over shoes worn by employees who may use special footwear. They can also be used should a employee forget to wear their slip-resistant footwear. Otherwise, employees will be sent home if they are not wearing slip-resistant shoes or overshoes.



### Positive Reinforcement

Regularly encourage employees to wear their slip-resistant shoes.
To promote the desired behavior, use positive reinforcement by finding someone wearing slip-resistant shoes and provide either a verbal or tangible reward.

**Slip-resistant shoes work...when they are used.**

### Be an Example

Lead by example. All Partners and Managers should wear approved slip-resistant shoes at all times in the restaurant. If addition shoe comfort is needed, these shoes can be fitted with arch supports or other inserts.



*WEARING SLIP-RESISTANT SHOES IS THE MOST EFFECTIVE WAY TO AVOID THESE INJURIES.*

EXHIBIT D5





EXHIBIT F

**Print** | **Close Window**

Subject: **RE: Haysbert v. Bloomin' Brands et al.**
From: **nazareth@hmlaw.la**
Date: **Mon, Nov 16, 2020 7:55 pm**
To: **"Abby Johansen" <ajohansen@bmhjlaw.com>, "Stephen Teague" <stephen@teaguelawoffice.com>**
Cc: **"John McGavin" <JMcGavin@bmhjlaw.com>**
Bcc: **"Brandon Bell" <brandon.bell@lls.edu>**
Attach: **Signed Letter to Chip Chase (Dated June 22, 2018).pdf**
   **Signed Letter to Michael Bellomo (Dated June 22, 2018).pdf**

Dear Mr. McGavin,

In light of your unilaterally-imposed deadline to produce my client's medical information and my fiduciary duties to my client, I filed an *ex parte* application on Friday, November 13, 2020 to obtain a protective order limiting public disclosure of my client's discoverable medical records and information. As such, I will not be producing documents and information responsive to your demand unless and until the Court has ruled on the application.

Regardless, I maintain that this application is an extension of our meet and confer regarding requested discovery. I reiterate that your discovery responses were untimely, remain inadequate, and furthermore I have still not received a copy of the CCTV video footage or security camera footage of the incident, among other things. The existence of security cameras in the area where the incident occurred was confirmed by employees of Defendants in the immediate aftermath of the incident and during my own informal inspection of the premises mere weeks after the incident occurred. Since you have not chosen to seek a protective order in this matter, I again request that you promptly provide me with a copy of that video as I have requested it several times, including in discovery, and as part of preservation letters that I attach for your reference.

Please be advised that we will move to compel the requested CCTV video footage and/or will move for appropriate relief for spoliation of evidence if this discovery issue remains unresolved.

In light of the above, I am writing to request available dates and times to meet and confer regarding all remaining outstanding discovery issues, in accordance with Local Rule 37(E).

Sincerely,
Nazareth Haysbert

-------- Original Message --------
Subject: RE: Haysbert v. Bloomin' Brands et al.
From: Abby Johansen <ajohansen@bmhjlaw.com>
Date: Mon, November 16, 2020 6:20 am
To: "nazareth@hmlaw.la" <nazareth@hmlaw.la>, Stephen Teague
<stephen@teaguelawoffice.com>
Cc: John McGavin <JMcGavin@bmhjlaw.com>

Mr. Haysbert,

Could you please send a copy of the Declara on, exhibits, and proposed Order referenced in your mo on?

Best,

**Abigail J. Johansen**
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is prohibited unless permission is granted. If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

---

**From:** nazareth@hmlaw.la <nazareth@hmlaw.la>
**Sent:** Friday, November 13, 2020 11:41 PM
**To:** Abby Johansen <ajohansen@bmhjlaw.com>; Stephen Teague <stephen@teaguelawoffice.com>
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>
**Subject:** RE: Haysbert v. Bloomin' Brands et al.

Dear Mr. McGavin and Ms. Johansen,

In light of your unilaterally-imposed deadline of today, November 13, 2020, to produce my client's medical information, please take notice that we will shortly be applying to the Court, *ex parte*, to obtain a protective order limiting public disclosure of my client's discoverable medical records and information. Regardless, I maintain that this application is an extension of our repeated meet and confer efforts over a stipulated protective order regarding the same.

I have attached Plaintiff JoAnn Haysbert' Notice of Ex Parte Application for Protective Order for your review.

Sincerely,

Nazareth Haysbert

-------- Original Message --------
Subject: Haysbert v. Bloomin' Brands et al.
From: Abby Johansen <ajohansen@bmhjlaw.com>
Date: Fri, October 30, 2020 5:45 am
To: "nazareth@hmlaw.la" <nazareth@hmlaw.la>, Stephen Teague <stephen@teaguelawoffice.com>
Cc: John McGavin <JMcGavin@bmhjlaw.com>

All,

Attached please find Defendants' Rule 26(a)(1) Initial Disclosures as well as objections and answers to interrogatories and requests for production of documents. Upon further review of our file, these documents were drafted before and marked to be sent on August 31, 2020, however they were subject to final review. Pursuant to our phone call yesterday afternoon, we have followed-up with our client and are working to supplement by November 13, 2020.

Best,

**Abigail J. Johansen**
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

CONFIDENTIALITY NOTICE:  This electronic message is intended to be viewed only by the individual or
entity to whom it is addressed.  It may contain information that is privileged, confidential and exempt from
disclosure under applicable law.  Any dissemination, distribution or copying of this communication is
prohibited unless permission is granted.  If the reader of this message is not the intended recipient or if you
have received this communication in error, please notify me immediately by return e-mail and delete the
original message and any copies from your computer system.

Copyright © 2003-2020. All rights reserved.

EXHIBIT H

# EXHIBIT H

## SUBJECT REQUESTS FOR PRODUCTION

The following consists of the text of Plaintiff's Requests for Production giving rise to Plaintiff's Motion to Compel, Defendants' Initial and Supplemental Responses, and Plaintiff's reason for compelling production of documents.

| Text of Request | Text of Response | Basis to Compel Production |
|---|---|---|
| **Request No. 1:** All Documents identified in Your responses to Plaintiff's written Interrogatories (Set No. One) | Please see attached photos. | |
| **Request No. 2:** All Documents Relating To the INCIDENT. | Objection. This discovery requests seeks the mental impressions and work product of counsel and matters prepared in anticipation of litigation. In terms of a privilege log, there are claim notes which indicate contact from counsel, which confirms that there was an incident report completed, and confirms that the plaintiff, Ms. Haysbert, was contacted by a representative of the defendant but was unwilling to discuss the matter. All other documents have been prepared directly in response to the | Defendants have not indicated whether documents produced or withheld are responsive to this request.  As such, Plaintiff cannot identify how any alleged response is specifically deficient.

Defendants have not sufficiently described produced or withheld documents in a manner which would allow Plaintiffs or the Court to determine whether the privileges apply. |

| | notice of claim and correspondence of counsel. | Any party who asserts the work product doctrine privilege to justify non-production of documents sought "bears the burden of demonstrating the applicability of the work product doctrine." *Solis v. Food Employers Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011). |
|---|---|---|
| **Request No. 3:** All Documents Relating To Your insurance agreement Related To the Subject Location. | To be submitted. | Defendants have failed to provide this information although they had a duty to disclose this information with their initial disclosures and are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B).<br><br>Plaintiff has not received any insurance information, including copies of insurance agreements for inspection and copying under Rule 34. Plaintiff should not be required to move to compel this information as Defendants have an unqualified duty to provide it at the outset of litigation. |

| **Request No. 4:** All Documents Relating To complaints of the Condition or similar conditions at the Subject Location within five (5) years preceding the Incident. | Objection. This discovery request incorporates the term "condition" without identifying any particular defect alleged and is overly broad. | In her Requests, Plaintiff defined Condition as "the state of the floor, including but not limited to, the grip, slipperiness, wetness, oiliness, greasiness, or dirtiness at the Subject Location where the Incident occurred."<br><br>"Merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection." *Cappetta v. GC Services Ltd.*, No. 3:08cv288, 2008 WL 5377934, at *3 (E.D.Va. Dec. 24, 2008). A party objecting to a discovery request as overly burdensome must submit affidavits or other evidence demonstrating the nature and extent of the asserted burden. *Id.* (citing *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (internal citations omitted)). |
| **Request No. 5:** All Documents Relating to the Incident. | Please see response to Request 2. | Defendants have not indicated whether documents produced or withheld are responsive to this request. As such, Plaintiff cannot identify how any |

| | | alleged response is specifically deficient. |
|---|---|---|
| | | Defendants have not sufficiently described produced or withheld documents in a manner which would allow Plaintiffs or the Court to determine whether the privileges apply. |
| | | Any party who asserts the work product doctrine privilege to justify non-production of documents sought "bears the burden of demonstrating the applicability of the work product doctrine." *Solis v. Food Employers Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011). |
| **Request No. 6:**   All Statements Relating To the Incident. | No statements have been obtained. In the event any statements are obtained in regard to this matter, they will be privileged. | Defendants have not sufficiently described produced or withheld documents in a manner which would allow Plaintiffs or the Court to determine whether the privileges apply.<br><br>Any party who asserts the work product doctrine privilege to justify non-production of documents sought "bears the burden of demonstrating the |

| | | applicability of the work product doctrine." *Solis v. Food Employers Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011). |
|---|---|---|
| **Request No. 7:** All Recordings Related To the Incident. | None. | Defendants' response is insufficient to the extent it contradicts past information related to the existence of video footage, as confirmed by Plaintiff's counsel's telephone contact with Defendants' agent or employee, Defendants representations of the existence of claim notes, and clearly documented existence of a surveillance system at the subject location. |
| **Request No. 8:** All Documents reflecting communications between You and anyone acting on Your behalf and any Persons Relating To the Incident. | Please see response to Request 2. | Defendants have not indicated whether documents produced or withheld are responsive to this request.  As such, Plaintiff cannot identify how any alleged response is specifically deficient.<br><br>Defendants have not sufficiently described produced or withheld documents in a manner which would |

| | | allow Plaintiffs or the Court to determine whether the privileges apply.<br><br>Any party who asserts the work product doctrine privilege to justify non-production of documents sought "bears the burden of demonstrating the applicability of the work product doctrine." Solis v. Food Employers Labor Relations Ass'n, 644 F.3d 221, 232 (4th Cir. 2011). |
|---|---|---|
| **Request No. 9:**  All Documents Relating To sanitation policies and procedures of the Subject location. | Initial: Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.<br><br>Supplemental: Without waiving any objection, see attached. | "Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections." See Sabol v. Brooks, 469 F. Supp. 2d 324, 328 (D. Md. 2006). See also Mills v. E. Gulf Coal Prep. Co., 259 F.R.D. 118, 132 (S.D. W. Va. 2009), ("objections must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable"); Barb v. Brown's Buick, Inc., No. l:09-cv-785, 2010 WL 446638, at *1 (E.D. Va. Feb. 2, 2010) (objections to discovery requests must be stated with specificity). |

| | | |
|---|---|---|
| | | "Merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection." *Cappetta v. GC Services Ltd*., No. 3:08cv288, 2008 WL 5377934, at *3 (E.D.Va. Dec. 24, 2008). A party objecting to a discovery request as overly burdensome must submit affidavits or other evidence demonstrating the nature and extent of the asserted burden. *Id.* (citing *Momah v. Albert Einstein Med. Ctr*., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (internal citations omitted)).<br><br>"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. Rule 26(b)(1).<br><br>A party is deemed to have waived objections by providing the requested documents. *See Norton v. Assisted* |

| | | |
|---|---|---|
| | | *Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1179 (E.D. Tex. 2011). |
| **Request No. 10:**   All Documents Relating To employee training at Subject Location. | Initial: Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.<br><br>Supplemental: Without waiving any objection, see attached. | "Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections." *See Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006). *See also Mills v. E. Gulf Coal Prep. Co*., 259 F.R.D. 118, 132 (S.D. W. Va. 2009), ("objections must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable"); *Barb v. Brown's Buick, Inc*., No. l:09-cv-785, 2010 WL 446638, at *1 (E.D. Va. Feb. 2, 2010) (objections to discovery requests must be stated with specificity).<br><br>"Merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection." *Cappetta v. GC Services Ltd*., No. 3:08cv288, 2008 WL 5377934, at *3 (E.D.Va. Dec. 24, 2008). A party objecting to a discovery request as overly burdensome must |

| | | submit affidavits or other evidence demonstrating the nature and extent of the asserted burden. *Id.* (citing *Momah v. Albert Einstein Med. Ctr*., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (internal citations omitted)).<br><br>"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. Rule 26(b)(1).<br><br>A party is deemed to have waived objections by providing the requested documents. *See Norton v. Assisted Living Concepts, Inc*., 786 F. Supp. 2d 1173, 1179 (E.D. Tex. 2011). |
|---|---|---|
| **Request No. 11:**   All Documents Relating To who was working at the Subject | Objection, overly broad, unduly burdensome, seeks confidential and personal information. | "Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections." *See Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006). |

| Location on the date of the Incident. | | *See also Mills v. E. Gulf Coal Prep. Co.*, 259 F.R.D. 118, 132 (S.D. W. Va. 2009), ("objections must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable"); *Barb v. Brown's Buick, Inc.*, No. 1:09-cv-785, 2010 WL 446638, at *1 (E.D. Va. Feb. 2, 2010) (objections to discovery requests must be stated with specificity).<br><br>"Merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection." *Cappetta v. GC Services Ltd.*, No. 3:08cv288, 2008 WL 5377934, at *3 (E.D.Va. Dec. 24, 2008). A party objecting to a discovery request as overly burdensome must submit affidavits or other evidence demonstrating the nature and extent of the asserted burden. *Id.* (citing *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (internal citations omitted)).<br><br>Defendants have not indicated whether documents produced or withheld are |

| | | responsive to this request.  As such, Plaintiff cannot identify how any alleged response is specifically deficient.

Defendants have not sufficiently described produced or withheld documents in a manner which would allow Plaintiffs or the Court to determine whether the privileges apply. |
|---|---|---|
| **Request No. 12:**   All Documents Relating To floor inspection at the Subject Location on the day of the Incident. | None known at this time. Defendant reserves the right to supplement. | Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 13:**   All Documents Relating To employee responsibilities at Subject Location. | Initial: Objection, relevance, vague, overly broad, not likely to lead to admissible evidence.

Supplemental: Without waiving any objections, see attached. | "Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections." *See Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006). *See also Mills v. E. Gulf Coal Prep. Co*., 259 F.R.D. 118, 132 (S.D. W. Va. 2009), ("objections must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable"); |

| | | |
|---|---|---|
| | | *Barb v. Brown's Buick, Inc*., No. 1:09-cv-785, 2010 WL 446638, at \*1 (E.D. Va. Feb. 2, 2010) (objections to discovery requests must be stated with specificity).<br><br>"Merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection." *Cappetta v. GC Services Ltd*., No. 3:08cv288, 2008 WL 5377934, at \*3 (E.D.Va. Dec. 24, 2008). A party objecting to a discovery request as overly burdensome must submit affidavits or other evidence demonstrating the nature and extent of the asserted burden. *Id.* (citing *Momah v. Albert Einstein Med. Ctr*., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (internal citations omitted)).<br><br>"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of |

| | | admissible evidence." Fed. R. Civ. P. Rule 26(b)(1).<br><br>This information is directly relevant because the nature of Defendants' employees' responsibilities in warning of or removing dangerous conditions at the subject location, if neglected, would tend to prove Plaintiff's claims that an unreasonably dangerous condition existed which caused her injuries.<br><br>A party is deemed to have waived objections by providing the requested documents. *See Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1179 (E.D. Tex. 2011). |
|---|---|---|
| **Request No. 14:** All Documents Relating To the standard designs of Outback Steakhouse Franchises. | Objection, overly broad and unduly burdensome, unlimited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. As this is a slip and fall case, there also must be some proportionality to the scope of the request, and this request does not meet that proportionality requirement. | "Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections." *See Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006). *See also Mills v. E. Gulf Coal Prep. Co.*, 259 F.R.D. 118, 132 (S.D. W. Va. 2009), ("objections must be stated specifically, and boilerplate objections regurgitating words and phrases from |

Rule 26 are completely unacceptable"); *Barb v. Brown's Buick, Inc.*, No. l:09-cv-785, 2010 WL 446638, at *1 (E.D. Va. Feb. 2, 2010) (objections to discovery requests must be stated with specificity).

"Merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection." *Cappetta v. GC Services Ltd.*, No. 3:08cv288, 2008 WL 5377934, at *3 (E.D.Va. Dec. 24, 2008). A party objecting to a discovery request as overly burdensome must submit affidavits or other evidence demonstrating the nature and extent of the asserted burden. *Id.* (citing *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (internal citations omitted)).

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

| | | admissible evidence." Fed. R. Civ. P. Rule 26(b)(1).<br>This information is directly relevant because Defendants' failure to act in accordance with industry standard or design that is used at other Outback Steakhouses would tend to prove Plaintiff's claims that an unreasonably dangerous condition existed which caused her injuries. The requested information is proportionate to the needs of the case because it may be required by Plaintiff's experts to determine the characteristics of the flooring, in comparison to other of Defendants' restaurants, which would tend to make the condition on the floor dangerous. |
|---|---|---|
| **Request No. 15:** All Documents Relating To Your franchise agreement with Subject Location. | Objection. Not reasonably calculated to lead to the discovery of admissible evidence and relevant to these proceedings. | "Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections." *See Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006). *See also Mills v. E. Gulf Coal Prep. Co.*, 259 F.R.D. 118, 132 (S.D. W. Va. 2009), ("objections must be stated specifically, and boilerplate objections |

| | | |
|---|---|---|
| | | regurgitating words and phrases from Rule 26 are completely unacceptable"); *Barb v. Brown's Buick, Inc.*, No. l:09-cv-785, 2010 WL 446638, at *1 (E.D. Va. Feb. 2, 2010) (objections to discovery requests must be stated with specificity). "Merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection." *Cappetta v. GC Services Ltd.*, No. 3:08cv288, 2008 WL 5377934, at *3 (E.D.Va. Dec. 24, 2008). A party objecting to a discovery request as overly burdensome must submit affidavits or other evidence demonstrating the nature and extent of the asserted burden. *Id.* (citing *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (internal citations omitted)). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably |

|  |  | calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. Rule 26(b)(1).<br><br>This information is directly relevant to this litigation because it would tend to establish whether Defendants bear responsibility for injuries to business invitees on their properties. It would also tend to reveal other responsible parties necessary to this litigation if they are directly liable to Plaintiff or responsible to Defendants for indemnity or contribution. |

EXHIBIT I

## EXHIBIT I

## SUBJECT INTERROGATORIES

The following consists of the text of Plaintiff's Interrogatories giving rise to Plaintiff's Motion to Compel, Defendants' Initial and Supplemental Responses, and Plaintiff's reason for compelling responses to interrogatories.

| Text of Request | Text of Response | Basis to Compel Response |
|---|---|---|
| **Request No. 1:** Do You contend that You did not have actual knowledge of the Condition at the Subject Location prior to the Incident? | Defendant denies that there was any defective condition at the subject location. | Defendants' responses are uninformative and inadequate and non-responsive to the question asked. This is not a request for admission. Defendants were asked to state whether they had knowledge of any defective condition prior to the incident.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 2:** Do You contend that You did not have constructive knowledge of the Condition at the Subject Location prior to the incident? | Defendant denies that there was any defective condition at the location | Defendants' responses are uninformative and inadequate and non-responsive to the question asked. This is not a request for admission. Defendants were asked to state whether |

| | | |
|---|---|---|
| | | they had knowledge of any defective condition prior to the incident.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 3:**   Do You contend that the Condition of the Subject Location at the time of the incident did not pose a danger to the health and safety of customers? | Defendant denies that there was any defect at the subject location. | Defendants' responses are uninformative and inadequate and non-responsive to the question asked. This is not a request for admission. Defendants were asked to state whether they had knowledge of any defective condition prior to the incident.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 4:**   If Your response to Written Interrogatory No three is in the affirmative, then identify all Documents that Relate To Your contention that the Condition at | The floor where the incident occurred was clean and dry. | Defendants' responses are uninformative and inadequate and non-responsive to the question asked. Defendants were required to identify all documents supporting their contention that the "[t]he floor . . . was |

| the Subject Location at the time of the incident did not pose a danger to the health and safety of customers | | clean and dry." Defendants identified no documents responsive to this request, nor did they produce any documents responsive to Plaintiff's Requests for Production supporting this contention.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
|---|---|---|
| **Request No. 5:**   List the names and titles of all of Your employees at the Subject Location at the time of the incident, separately identifying the employee that directed plaintiff toward the Condition and the employee(s) responsible for maintaining the floor at the time. | Objection. Assumes facts not in evidence and assumes there was a defective condition. Defendant objects to identifying all employees at the subject location at the time of the incident. The person most knowledgeable about the occurrence is Lisa Crosby. | Defendants' responses are inadequate and non-responsive to the question asked. Defendants were required to list the names and titles of each employee at the subject location at the time of the incident, separately identifying the employee that directed Plaintiff toward the condition and the employee(s) responsible for maintaining the floor at the time of the incident.<br><br>Lisa Crosby is no longer employed by Defendant. That does not alleviate |

| | | Defendant of the responsibility to provide this information. Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
|---|---|---|
| **Request No. 6:**   What polices [sic] or procedures are in place at the Subject Location to prevent injuries similar to the incident? | Initial: Defendant objects to interrogatory 6 on the grounds that the full nature and extent of plaintiff's injuries are unknown. Bloomin' Brands/Outback has policies and procedures for routine maintenance and inspection. Supplemental: Without waiving any objection, Bloomin' Brands has safety guidelines, policies, and procedures that were in place at the restaurant. Additionally, there are also one to two bussers on staff each shift to clean the tables and floors. | Defendants' responses are inadequate and non-responsive to the question asked. Defendants were required to identify or list the safety guidelines, policies and procedures in place at the time of the incident, and the policies and procedures for routine maintenance and inspection. Also, Defendants were required to identify in its Response to Request No. 5, the "one to two bussers on staff . . . to clean the floors and tables" from the shift in place at the time of the incident. They failed to do so. Defendants are required to supplement their responses in a timely manner. |

| | | Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
|---|---|---|
| **Request No. 7:**  Do You train all employees at Subject Location to abide by the policies and procedures referenced in Interrogatory No. 6? | Yes. | |
| **Request No. 8:**   Do You require employees at Subject Location to wear any special footwear to avoid slipping on the floors? | Answer: Defendant reserves the right to supplement.<br><br>Supplemental: Employees are required to wear "slip resistant" closed toe shoes. | Defendants' responses are inadequate as they are directly contradictory to Defendants' responses to Request for Admission No. 23. |
| **Request No. 9:**   How often do You inspect the floors at Subject Location? | Initial: Defendant reserves the right to supplement.<br><br>Supplemental: Without waiving any objection, Bloomin' Brands/Outback employees are constantly looking to see whether there are hazards present period Additionally, there are one to two bussers on staff each shift to clean the tables and floors. | Defendants' responses are inadequate and non-responsive to the question asked. Employees "constantly looking to see whether there are hazards present" does not answer the question asked and is also hearsay as Defendants cannot know for sure whether the employees are doing that absent some policy. Defendants were required to provide a specific response to how |

| | | |
|---|---|---|
| | | often the floors at the Subject Location are inspected.<br><br>Also, Defendants were required to identify in its Response to Request No. 5, the "one to two bussers on staff . . . to clean the floors and tables" from the shift in place at the time of the incident. They failed to do so.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 10:**   What are Your policies and procedures at Subject Location in dealing with on-site injuries similar to the Incident? | Initial: Defendant reserves the right to supplement.<br><br>Supplemental: Without waiving any objection Bloomin' Brands/Outback employees are trained in safety management. If a patron is injured, they will be immediately asked if they need medical attention, and a manager will get involved right away. | Defendants' responses are inadequate and non-responsive to the question asked. Defendants were required to identify or list the specific policies and procedures in place at the time of the incident regarding dealing with on-site injuries.<br><br>Defendants are required to supplement their responses in a timely manner. |

| | | Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
|---|---|---|
| **Request No. 11:**  How did You respond to the incident at Subject Location? | Bloomin' Brands/Outback was not involved in the incident in question. Employees of the local restaurant were involved. | Defendants' responses are inadequate and non-responsive to the question asked. This is typical of the evasive responses to Interrogatory No. 5, 6, and 9. No individual employees of the restaurant were identified by name with the exception of Lisa Crosby and Defendants never specifically identified Lisa Crosby as an employee. Furthermore, it is unclear if Counsel is implying that Bloomin' Brands/Outback are improper parties to this action. If so, this case should not be in federal court.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 12:**  Did You follow the policies and | Not applicable. | Defendants' responses are inadequate and non-responsive to the question asked. This is typical of the evasive |

| | | |
|---|---|---|
| procedures referenced in interrogatories 6, 9, and 10? | | responses to Interrogatory No. 6, 9 and 10. Defendants are required to respond to the question whether the policies and procedures it failed to identify in the prior interrogatories were followed by the Defendants' agents and employees at the local restaurant.<br><br>All grounds for objection to an interrogatory must be stated with specificity and particularized to the basis of the objection. Fed. R. Civ. P. Rule 33(b)(4). The objecting party bears the burden to show how this interrogatory is objectionable; general objections are insufficient. See *BPP Retail Props., LLC v. N. Am. Roofing Servs.*, 300 F.R.D. 59, 61 (D.P.R. 2014).<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |

| | | |
|---|---|---|
| **Request No. 13:** What material is the floor made of at Subject Location? | The floor is Oak. | Defendants' response is inadequate and non-responsive to the question asked. This is typical of the evasive responses to Interrogatory No. 6, 9 and 10. There is no such thing as "oak" flooring. For example, Plaintiffs are left to speculate whether Defendants meant to write that the material of the floor at the Subject Location is Wood flooring manufactured from Oak wood.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 14:** Does the material referenced in Interrogatory No. 13 conform to other Outback steak houses? | Objection, relevance. | All grounds for objection to an interrogatory must be stated with specificity and particularized to the basis of the objection. Fed. R. Civ. P. Rule 33(b)(4). The objecting party bears the burden to show how this interrogatory is objectionable; general objections are insufficient. See *BPP Retail Props., LLC v. N. Am. Roofing* |

| | | |
|---|---|---|
| | | *Servs.*, 300 F.R.D. 59, 61 (D.P.R. 2014).<br><br>Defendants' response is inadequate and non-responsive to the question asked. The question seeks to determine whether the material referenced in Interrogatory No. 13, is the same flooring used at other Outback Steakhouses.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 15:** Does the material reference Interrogatory No. 13 pose a danger if wet, oily, or covered in food or debris? | Objection, vague and not reasonably calculated to be susceptible to answer. | All grounds for objection to an interrogatory must be stated with specificity and particularized to the basis of the objection. Fed. R. Civ. P. Rule 33(b)(4). The objecting party bears the burden to show how this interrogatory is objectionable; general objections are insufficient. See *BPP Retail Props., LLC v. N. Am. Roofing Servs.*, 300 F.R.D. 59, 61 (D.P.R. 2014). |

|  |  | Defendants' response is inadequate and non-responsive to the question asked. The question seeks to determine Defendants' response to whether the material referenced in Interrogatory No. 13 poses a danger if wet, oily, or covered in food or debris.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 16:**   Describe the Condition of the material referenced in Interrogatory No. 13 at the time of the incident, including whether it was wet, oily, slippery, greasy, or sticky, and if there was any type of debris, residue, dust, or dirt present at the time of the Incident. | The floor was clean and dry. | Defendants' response is inadequate and non-responsive to the question asked. This is typical of the evasive responses to other interrogatories. |
| **Request No. 17:**   What is the full name, title and contact information of Your employee, | Initial: Objection, relevance. | Defendants' responses are uninformative and inadequate and not entirely responsive to the question |

| | | |
|---|---|---|
| "Tristal Spidola" referenced in the complaint? | Supplement: upon information and belief, the claim was reported to Tristal Hall, a former Bloomin' Brands employee. | asked. Defendants were asked to provide the full name, title and contact information for "Tristal Hall." They failed to do so.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 18:**   State all facts, if any, that support Your contention that a third party, who was not a party to this litigation, contributed to the cause of the Incident. If any exists, identify that third party and any such documents. | Discovery is ongoing. | Defendants' responses are uninformative and inadequate and not entirely responsive to the question asked.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 19:**   State the name and contact information for each Person who You contend witnessed the Incident at the Subject Location. | There is a witness, and that person's name is Chris Robinson, (757) 673-4358. | Defendants' responses are inadequate and not entirely responsive to the question asked.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and |

| | | (B). Defendants are required to supplement with information on any other persons who they contend witnessed the incident. |
|---|---|---|
| **Request No. 20:** Do You contend that plaintiff did not suffer a traumatic brain injury as a result of the incident? If so, state all facts and identify all documents to support Your contention. | Initial: Discovery is ongoing.<br><br>Supplemental: Discovery is ongoing and no information regarding Ms. Haysbert's treatment and condition has been provided. | Defendants' response is inadequate and non-responsive to the question asked.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 21:** Describe all remedial measures taken to repair, remedy, or correct the Condition after the Incident. | Objection, relevance regarding subsequent remedial measures alleged, although as there was no defect, no subsequent remedial measures were indicated. | All grounds for objection to an interrogatory must be stated with specificity and particularized to the basis of the objection. Fed. R. Civ. P. Rule 33(b)(4). The objecting party bears the burden to show how this interrogatory is objectionable; general objections are insufficient. See *BPP Retail Props., LLC v. N. Am. Roofing Servs.*, 300 F.R.D. 59, 61 (D.P.R. 2014).<br><br>"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense |

| | | |
|---|---|---|
| | | of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. Rule 26(b)(1).<br><br>Evidence of subsequent remedial measures is admissible for "impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. Rule 407. |
| **Request No. 22:**   Identify all Documents that describe, depict, or relate to the Condition at the Subject Location as it existed at the time of the Incident. | There are two photographs that were taken of the floor and the footwear of the plaintiff. Please see documents attached to response to requests for production of documents. | Defendants' responses are uninformative and inadequate and not entirely responsive to the question asked. Defendants' responses contradicts past representations to Plaintiff's counsel related to the existence of video footage and Defendants own contentions regarding the nonexistence of a defective condition. Defendants' responses do not confirm that the area of the floor depicted is the subject location, nor whether the photo of Plaintiff's shoes |

|  |  | was taken before or after the incident, nor the identity of the photographer, nor the equipment with which the photographs were taken, nor the source of the photographs.<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| --- | --- | --- |

EXHIBIT J

**EXHIBIT J**

**SUBJECT REQUESTS FOR ADMISSIONS**

The following consists of the text of Plaintiff's Requests for Admission giving rise to Plaintiff's Motion to Determine Sufficiency, Defendants' Responses (identical except where indicated), and Plaintiff's reason for compelling sufficient answers.

| Text of Request | Text of Response | Basis to Compel Production |
|---|---|---|
| **Request No. 1:**   Admit that YOU were the franchisor of the SUBJECT LOCATION at the time of the INCIDENT. | Bloomin' Brands: Admit.<br><br>Outback: Denied. | |
| **Request No. 2:**   Admit that YOU were responsible for the maintenance of the SUBJECT LOCATION at the time of the INCIDENT. | Bloomin' Brands: Denied.<br><br>Outback: Denied in part, admitted in part. The Defendant operated the property, and had staff, and upon information and belief had contractors, and outside service providers to participate in all aspects of maintenance of the property, including but not limited the many aspects of maintenance on a restaurant. | |
| **Request No. 3:**   Admit that YOU were responsible for the design of the SUBJECT | Denied. | |

1

| LOCATION at the time of the INCIDENT. | | |
|---|---|---|
| **Request No. 4:**   Admit that Plaintiff was at the SUBJECT LOCATION at the time of the INCIDENT. | Upon information and belief, this request is admitted. | Objections that the responding party lacks personal knowledge of information if that information is obtainable on reasonably inquiry are improper. Fed. R. Civ. P. Rule 36, Notes of Advisory Committee to 1970 Amendments; *Diederich v. Department of Army*, 132 F.R.D. 614, 616–617 (S.D.N.Y. 1990). <br><br> Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 5:**   Admit that YOU were responsible for the safety of Plaintiff at the time of the INCIDENT. | Denied. No property owner or occupier is responsible for the safety of any individual pursuant to Virginia law. Under premises liability actions, the owner or occupier is not an insurer of the safety of guests or invitees. | A property owner or occupier owes an invitee the duty to use ordinary care to maintain the premises in a reasonably safe condition. *Franconia Associates v. Clark*, 250 Va. 444 (1995) |
| **Request No. 6:**   Admit that YOU were responsible for the safety of all CUSTOMERS at | Denied. No property owner or occupier is responsible for the safety of any individual pursuant to Virginia law. Under premises liability actions, the | A property owner or occupier owes an invitee the duty to use ordinary care to maintain the premises in a reasonably |

| | | |
|---|---|---|
| the SUBJECT LOCATION at the time of the INCIDENT. | owner or occupier is not an insurer of the safety of guests or invitees. | safe condition. *Franconia Associates v. Clark*, 250 Va. 444 (1995) |
| **Request No. 7:**  Admit that Plaintiff was injured as a result of the INCIDENT. | Denied. | |
| **Request No. 8:**  Admit that YOU had actual knowledge of the CONDITION that existed at the SUBJECT LOCATION at the time of the INCIDENT. | Objection previously noted to the use of the term "condition." Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to. | In her Requests, Plaintiff defined Condition as "the state of the floor, including but not limited to, the grip, slipperiness, wetness, oiliness, greasiness, or dirtiness at the Subject Location where the Incident occurred."<br><br>An objection to a request for admission must be specifically stated or else it is waived. Fed. R. Civ. P. Rule 36(a)(5); *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 424 (N.D. W. Va. 2006). |
| **Request No. 9:**  Admit that YOU had constructive knowledge of the CONDITION that existed at the SUBJECT LOCATION at the time of the INCIDENT. | Objection previously noted to the use of the term "condition." Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to. | In her Requests, Plaintiff defined Condition as "the state of the floor, including but not limited to, the grip, slipperiness, wetness, oiliness, greasiness, or dirtiness at the Subject Location where the Incident occurred."<br><br>An objection to a request for admission must be specifically stated or else it is |

3

| | | waived. Fed. R. Civ. P. Rule 36(a)(5); *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 424 (N.D. W. Va. 2006). |
|---|---|---|
| **Request No. 10:**   Admit that YOU should have had knowledge of the CONDITION that existed at the SUBJECT LOCATION at the time of the INCIDENT. | Objection previously noted to the use of the term "condition." Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to. | In her Requests, Plaintiff defined Condition as "the state of the floor, including but not limited to, the grip, slipperiness, wetness, oiliness, greasiness, or dirtiness at the Subject Location where the Incident occurred." An objection to a request for admission must be specifically stated or else it is waived. Fed. R. Civ. P. Rule 36(a)(5); *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 424 (N.D. W. Va. 2006). |
| **Request No. 11:**   Admit that Plaintiff did not contribute to the INCIDENT. | Denied. | |
| **Request No. 12:**   Admit that YOU did nothing to prevent the INCIDENT. | Bloomin' Brands: Objection. This discovery request assumes a duty to prevent the subject incident, as first Bloomin' Brands does not operate the | A property owner or occupier owes an invitee the duty to use ordinary care to maintain the premises in a reasonably |

4

| | subject location, and Bloomin' Brands was not present at the subject location at the time of the incident. Therefore, notwithstanding that objection, Bloomin' Brands denies the subject request as not applicable to it.<br><br>Outback: Objection. This discovery request assumes a duty to prevent the subject incident, Therefore, notwithstanding that objection, Outback denies the subject request. | safe condition. *Franconia Associates v. Clark*, 250 Va. 444 (1995).<br><br>"In deciding whether a franchisor may be held vicariously liable for acts of its franchisees, courts determine whether the franchisor controls the day-to-day operations of the franchisee, and more specifically whether the franchisor exercises a considerable degree of control over the instrumentality at issue in a given case." *Triplett v. Soleil Grp., Inc.*, 664 F. Supp. 2d 645, 651 (D.S.C. 2009) (quoting *Hong Wu v. Dunkin' Donuts, Inc.*, 105 F. Supp. 2d 83 (E.D.N.Y. 2000)). |
| --- | --- | --- |
| **Request No. 13:**   Admit that YOUR actions caused the INCIDENT. | Denied. | |
| **Request No. 14:**   Admit that YOU directed Plaintiff toward the CONDITION at the SUBJECT LOCATION that caused the INCIDENT. | Denied. | In her Requests, Plaintiff defined Condition as "the state of the floor, including but not limited to, the grip, slipperiness, wetness, oiliness, greasiness, or dirtiness at the Subject Location where the Incident occurred."<br><br>Defendants' responses are contradictory to other responses where |

5

| | | Defendants denied that any Condition existed. Plaintiff cannot determine whether Defendant admits that a Condition existed while denying that their employee directed Plaintiff toward it. |
|---|---|---|
| **Request No. 15:**  Admit that no third parties contributed to the cause of the INCIDENT. | After reasonable inquiry and review, this defendant can neither admit nor deny the subject request, having insufficient information to fully and fairly respond at this time. | Objections that the responding party lacks personal knowledge of information if that information is obtainable on reasonably inquiry are improper. Fed. R. Civ. P. Rule 36, Notes of Advisory Committee to 1970 Amendments; *Diederich v. Department of Army*, 132 F.R.D. 614, 616–617 (S.D.N.Y. 1990).<br><br>Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 16:**  Admit that YOU have no facts that Plaintiff was contributorily negligent. | Denied. | |
| **Request No. 17:**  Admit that YOU have no DOCUMENTS indicating that Plaintiff was contributorily negligent in | Denied. | |

6

| regard to causing the INCIDENT. | | |
|---|---|---|
| **Request No. 18:**   Admit that YOU have no facts that a third party was contributorily negligent in regard to causing the INCIDENT. | Defendant admits this request at this time, but discovery is just beginning and this answer may be supplemented at a later time. | Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 19:**   Admit that YOU have no DOCUMENTS indicating that a third party was contributorily negligent in regard to causing the INCIDENT. | Defendant admits this request at this time, but discovery is just beginning and this answer may be supplemented at a later time. | Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
| **Request No. 20:**   Admit that there were RECORDING DEVICES installed at the SUBJECT LOCATION at the time of the INCIDENT. | Defendant lacks sufficient information to admit or deny the request at this time. Therefore, the request is denied. Defendant reserves the right to supplement this response as discovery is ongoing. | Objections that the responding party lacks personal knowledge of information if that information is obtainable on reasonably inquiry are improper. Fed. R. Civ. P. Rule 36, Notes of Advisory Committee to 1970 Amendments; *Diederich v. Department of Army*, 132 F.R.D. 614, 616–617 (S.D.N.Y. 1990).<br><br>Defendants are required to supplement their responses in a timely manner. |

| | | Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
|---|---|---|
| **Request No. 21:**  Admit that you have RECORDINGS RELATING TO the INCIDENT. | Defendant lacks sufficient information to admit or deny the request at this time. Therefore, the request is denied. Defendant reserves the right to supplement this response as discovery is ongoing. | Defendants' response is directly contradictory to the response to Request for Production No. 7, Defendants' responses are insufficient to the extent it contradicts past information related to the existence of video footage, as confirmed by Plaintiff's counsel's telephone contact with Defendants' agent or employee, Defendants representations of the existence of claim notes, and clearly documented existence of a surveillance system at the subject location. Objections that the responding party lacks personal knowledge of information if that information is obtainable on reasonably inquiry are improper. Fed. R. Civ. P. Rule 36, Notes of Advisory Committee to 1970 Amendments; *Diederich v. Department of Army*, 132 F.R.D. 614, 616–617 (S.D.N.Y. 1990). |

| | | Defendants are required to supplement their responses in a timely manner. Fed. R. Civ. Proc. 26 (e)(1) (A) and (B). |
|---|---|---|
| **Request No. 22:**   Admit you have DOCUMENTS detailing the INCIDENT. | Denied. Defendant has notice of an incident report, but no other documentation regarding the subject incident, including any medical expenses from the plaintiff or any detailed information from the plaintiff regarding the subject incident. | Defendants' response is insufficient as denial of this request is inherently contradictory and directly contradicts other responses confirming the existence of claim notes. |
| **Request No. 23:**   Admit that YOU require employees that work at the SUBJECT LOCATION to wear non-slip footwear. | Denied. | Defendants' response is insufficient as denial of this request directly contradicts Defendants' response to Interrogatory No. 8. |
| **Request No. 24:**   Admit that YOU are aware that Plaintiff lost consciousness. | Denied. | |
| **Request No. 25:**   Admit that YOU have protocols in place to ensure a clean and safe floor. | Denied as pled. Defendant does not insure or guarantee the condition of its premises, and therefore under Virginia law paragraph 25 is an inaccurate statement of the law. | A property owner or occupier owes an invitee the duty to use ordinary care to maintain the premises in a reasonably safe condition. *Franconia Associates v. Clark*, 250 Va. 444 (1995).<br><br>"In deciding whether a franchisor may be held vicariously liable for acts of its |

| | | |
|---|---|---|
| | | franchisees, courts determine whether the franchisor controls the day-to-day operations of the franchisee, and more specifically whether the franchisor exercises a considerable degree of control over the instrumentality at issue in a given case." *Triplett v. Soleil Grp., Inc.*, 664 F. Supp. 2d 645, 651 (D.S.C. 2009) (quoting *Hong Wu v. Dunkin' Donuts, Inc.*, 105 F. Supp. 2d 83 (E.D.N.Y. 2000)). |
| **Request No. 26:**   Admit that you have DOCUMENTS detailing procedure in dealing with the CONDITION at the SUBJECT LOCATION. | Objection previously noted to "condition." | In her Requests, Plaintiff defined Condition as "the state of the floor, including but not limited to, the grip, slipperiness, wetness, oiliness, greasiness, or dirtiness at the Subject Location where the Incident occurred."<br><br>An objection to a request for admission must be specifically stated or else it is waived. Fed. R. Civ. P. Rule 36(a)(5); *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 424 (N.D. W. Va. 2006). |
| **Request No. 27:**   Admit that YOU have DOCUMENTS detailing a system in place to | Admit. | |

| | | |
|---|---|---|
| deal with CUSTOMERS' injuries claims. | | |
| **Request No. 28:** Admit that YOU told Plaintiff she would receive a claim number. | Denied. | |
| **Request No. 29:** Admit that YOU did not provide Plaintiff with a claim number. | Denied. | |
| **Request No. 30:** Admit that YOU did not warn Plaintiff at any time prior to the INCIDENT that the CONDITION that existed at the SUBJECT LOCATION posed a danger to her health and safety. | Objection previously noted. | In her Requests, Plaintiff defined Condition as "the state of the floor, including but not limited to, the grip, slipperiness, wetness, oiliness, greasiness, or dirtiness at the Subject Location where the Incident occurred."<br><br>An objection to a request for admission must be specifically stated or else it is waived. Fed. R. Civ. P. Rule 36(a)(5); *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 424 (N.D. W. Va. 2006). |

EXHIBIT K

**Print**  |  **Close Window**

| | |
|---|---|
| Subject: | **RE: Haysbert v. Outback** |
| From: | **nazareth@hmlaw.la** |
| Date: | **Mon, Feb 01, 2021 6:38 pm** |
| To: | **"Charlene Notarangelo" <CNotarangelo@bmhjlaw.com>, "dmckelvey@crandalllaw.com" <dmckelvey@crandalllaw.com>** |
| Cc: | **"John McGavin" <JMcGavin@bmhjlaw.com>** |
| Bcc: | **"Brandon Bell" <brandon.bell@lls.edu>** |
| Attach: | **image002.jpg** |
| | **image004.jpg** |

Counsel,

Please see below:

Haysbert Moultrie LLP is inviting you to a scheduled Zoom meeting.

Topic: Haysbert Moultrie LLP's Zoom Meeting
Time: Feb 2, 2021 09:30 AM Pacific Time (US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/83324084397?pwd=RUp6bzFJcnB4eTlkWWYyY3YzbTZsQT09

Meeting ID: 833 2408 4397
Passcode: 116827
One tap mobile
+16699006833,,83324084397# US (San Jose)
+13462487799,,83324084397# US (Houston)

Dial by your location
        +1 669 900 6833 US (San Jose)
        +1 346 248 7799 US (Houston)
        +1 253 215 8782 US (Tacoma)
        +1 301 715 8592 US (Washington DC)
        +1 312 626 6799 US (Chicago)
        +1 929 205 6099 US (New York)
Meeting ID: 833 2408 4397
Find your local number: https://us02web.zoom.us/u/knoD4VerZ

Sincerely,
Nazareth

> -------- Original Message --------
> Subject: RE: Haysbert v. Outback
> From: Charlene Notarangelo <CNotarangelo@bmhjlaw.com>
> Date: Mon, February 01, 2021 11:28 am
> To: "'nazareth@hmlaw.la'" <nazareth@hmlaw.la>,
> "dmckelvey@crandalllaw.com" <dmckelvey@crandalllaw.com>
> Cc: John McGavin <JMcGavin@bmhjlaw.com>

John is available tomorrow at 9:30 a.m.

**Charlene Notarangelo**
Legal Assistant to
John D. McGavin
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website



CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or en ty to whom it is addressed. It may contain informa on that is privileged, confiden al and exempt from disclosure under applicable law. Any dissemina on, distribu on or copying of this communica on is prohibited unless permission is granted. If the reader of this message is not the intended recipient or if you have received this communica on in error, please no fy me immediately by return e-mail and delete the original message and copies from your computer system.

---

**From:** nazareth@hmlaw.la <nazareth@hmlaw.la>
**Sent:** Monday, February 1, 2021 2:11 PM
**To:** Charlene Notarangelo <CNotarangelo@bmhjlaw.com>; dmckelvey@crandalllaw.com
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>
**Subject:** RE: Haysbert v. Outback

Mr. McGavin,

Please let me know your availability tomorrow or Wednesday for a conference call.

Sincerely,
Nazareth

    -------- Original Message --------
    Subject: Haysbert v. Outback
    From: Charlene Notarangelo <CNotarangelo@bmhjlaw.com>
    Date: Wed, January 27, 2021 1:26 pm
    To: "'dmckelvey@crandalllaw.com'" <dmckelvey@crandalllaw.com>,
    "'nazareth@hmlaw.la'" <nazareth@hmlaw.la>
    Cc: John McGavin <JMcGavin@bmhjlaw.com>

    Please see attached from John McGavin.

    Thank you,

    **Charlene Notarangelo**
    Legal Assistant to
    John D. McGavin
    Bancroft, McGavin, Horvath & Judkins, P.C.

9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website



 CONFIDENTIALITY NOTICE:  This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.  It may
contain information that is privileged, confidential and exempt from
disclosure under applicable law.  Any dissemination, distribution or
copying of this communication is prohibited unless permission is
granted.  If the reader of this message is not the intended recipient or if
you have received this communication in error, please notify me
immediately by return e-mail and delete the original message and
copies from your computer system.


**From:** Scanner <scanner@bmhjlaw.com>
**Sent:** Wednesday, January 27, 2021 4:00 PM
**To:** Charlene Notarangelo <CNotarangelo@bmhjlaw.com>
**Subject:** Message from KM_808

Copyright © 2003-2021. All rights reserved.

# EXHIBIT L

**Print** | **Close Window**

| | |
|---|---|
| Subject: | **RE: FW: Haysbert v. Outback** |
| From: | **nazareth@hmlaw.la** |
| Date: | **Thu, Feb 11, 2021 1:07 pm** |
| To: | **"Abby Johansen" <ajohansen@bmhjlaw.com>, "David A. Mckelvey" <Dmckelvey@crandallaw.com>, "John McGavin" <JMcGavin@bmhjlaw.com>, "nazareth.haysbert" <nazareth.haysbert@gmail.com>** |
| Cc: | **"Charlene Notarangelo" <CNotarangelo@bmhjlaw.com>, "Nancy Kupiec" <nkupiec@bmhjlaw.com>** |
| Attach: | **image001.jpg** |
| | **image002.jpg** |
| | **image003.jpg** |

Dear Counsel,

As I advised you on our meet and confer call on February 5, 2021, tomorrow Plaintiff will be filing a motion for leave to amend the complaint to add claims against Lisa Crosby and Norman (Chip) Chase, Jr. due to their affirmative negligent acts that contributed to causing Plaintiff's injuries. Because Mr. Chase and Ms. Crosby are citizens of Virginia, an amendment adding them as defendants will necessarily require remand to Virginia state court.

Should the Court grant Plaintiff's motion, it would be divested of subject matter jurisdiction over this case. Thus, the currently scheduled depositions and medical examination will become moot. As such, Plaintiff must cancel the depositions of Plaintiff and her daughter and the medical examination until the Court has had a chance to rule on Plaintiff's motion for leave to amend. Additionally, Plaintiff will be requesting a stay or waiver of certain upcoming discovery deadlines due to the above, and our client's prior COVID diagnosis, which delayed her ability to retain certain experts, despite your unwillingness to stipulate to that effect on prior occasions.

Finally, in light of Plaintiff's forthcoming motion for leave to amend, Plaintiff is withdrawing the deposition subpoenas directed to Lisa Crosby, Chip Chase, and the custodian of records, as well as the subpoena to inspect the Outback Steakhouse premises. We can meet and confer on deposition scheduling, inspections, and medical examinations after the Court has ruled on Plaintiff's motion for leave to amend.

Please contact me should you have any questions.

Sincerely,
Nazareth M. Haysbert
*Counsel for Plaintiff*

-------- Original Message --------
Subject: RE: FW: Haysbert v. Outback
From: Abby Johansen <ajohansen@bmhjlaw.com>
Date: Thu, February 11, 2021 7:20 am
To: nazareth <nazareth@hmlaw.la>, "David A. Mckelvey"
<Dmckelvey@crandallaw.com>, John McGavin <JMcGavin@bmhjlaw.com>,
nazareth.haysbert <nazareth.haysbert@gmail.com>
Cc: John McGavin <JMcGavin@bmhjlaw.com>, Charlene Notarangelo
<CNotarangelo@bmhjlaw.com>, Nancy Kupiec <nkupiec@bmhjlaw.com>

Nazareth,

We have filed a mo on to quash your subpoenas and need to select an agreed hearing date. The Court is available February 17th at 2:00pm EST; February 18th at 10:00am EST; and February 19th at 10:00amEST. Which me works for you?

Best,

**Abigail J. Johansen**
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

**In light of the evolving situation surrounding COVID-19 and guidance provided by federal, state, and local officials, we, like many other business, have implemented measures to protect the well-being of our clients, employees and our colleagues in the legal community. We ask that you provide an email copy of all correspondence and pleadings until further notice. We appreciate your understanding and cooperation.**

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is prohibited unless permission is granted. If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

---

**From:** Abby Johansen
**Sent:** Thursday, February 11, 2021 7:44 AM
**To:** nazareth <nazareth@hmlaw.la>; David A. Mckelvey <Dmckelvey@crandalllaw.com>; John McGavin <JMcGavin@bmhjlaw.com>; nazareth.haysbert <nazareth.haysbert@gmail.com>
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Charlene Notarangelo <CNotarangelo@bmhjlaw.com>; Nancy Kupiec <nkupiec@bmhjlaw.com>
**Subject:** RE: FW: Haysbert v. Outback

Nazareth,

Thank you for the email. The dates set forth in all of the subpoenas you arbitrarily selected are unavailable on our end, which is why we provided available dates in March. All the deposi ons/inspec on must occur on a date where we are available as well.

Chip Chase and Lisa Crosby no longer work for Outback. Accordingly, we cannot control their appearance or availability.

Further, we need a subject ma er no ce pursuant to Rule 30(b)(6) for the deposi on of the Outback records custodian.

Lastly, if you intend to conduct an inspec on of the subject restaurant, you must request an inspec on, iden fy who will a end, the scope of such inspec on, the length, and a sufficient protocol. We then have 30 days to respond to the request. We will need to pick a date that works for all par es as well, considering the fact that the restaurant is currently open for business and considering current health and safety concerns. Your current subpoena is in viola on of the procedures and requirements under Rule 34. Please provide a sufficient request, with the requisite informa on pursuant to Rule 34.

Best,

**Abigail J. Johansen**
Bancroft, McGavin, Horvath & Judkins, P.C.

9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website

**In light of the evolving situation surrounding COVID-19 and guidance provided by federal, state, and local officials, we, like many other business, have implemented measures to protect the well-being of our clients, employees and our colleagues in the legal community. We ask that you provide an email copy of all correspondence and pleadings until further notice. We appreciate your understanding and cooperation.**

CONFIDENTIALITY NOTICE:  This electronic message is intended to be viewed only by the individual or entity to whom it is addressed.  It may contain information that is privileged, confidential and exempt from disclosure under applicable law.  Any dissemination, distribution or copying of this communication is prohibited unless permission is granted.  If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

---

**From:** nazareth <nazareth@hmlaw.la>
**Sent:** Wednesday, February 10, 2021 11:58 PM
**To:** Abby Johansen <ajohansen@bmhjlaw.com>; David A. Mckelvey <Dmckelvey@crandalllaw.com>; John McGavin <JMcGavin@bmhjlaw.com>; nazareth.haysbert <nazareth.haysbert@gmail.com>
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Charlene Notarangelo <CNotarangelo@bmhjlaw.com>; Nancy Kupiec <nkupiec@bmhjlaw.com>
**Subject:** RE: FW: Haysbert v. Outback

Abby,
I apologize for the delayed response.
Your email is unclear regarding the subpoenas directed to Chip Chase and Lisa Crosby. Are you agreeing that you have accepted service as to those individuals, but are only willing to produce them on the dates you listed in your email? Please clarify whether your clients Bloomin' Brands and/or Outback will be producing those witnesses for deposition by close of business tomorrow.
If you are accepting service of the subpoenas directed, but refuse to produce them for deposition on the noticed dates, please be advised that Plaintiff will be filing an ex parte or emergency motion to compel their attendance on the properly noticed dates. Additionally, Plaintiffs will be moving ex parte in the same motion to compel the inspection of the premises on the noticed date. Good cause exists to compel the deposition and inspection on the noticed dates because the discovery cutoff is rapidly approaching and our experts are entitled to inspect the premises to obtain data to include in their reports.
As to your request for a subject matter notice for your custodian of records, I take that to mean you will be producing the custodian as a 30(b)(6) PMK witness. My impression was that a deposition subpoena directed to a custodian of records, in essence a 30(b)(1) deposition of a non-party, need not specify categories of subject matter. It seems you are now attempting to convert the custodian's deposition into a 30(b)(6) deposition. If so, I would like to meet and confer on that issue, to resolve the ambiguities raised in your email.
Please advise your availability tomorrow, Thursday, for a telephonic meet and confer. I hope to amicably resolve these outstanding discovery issues by close of business tomorrow. Thank you.
Sincerely,
Nazareth

Sent from my Sprint Samsung Galaxy S20 Ultra 5G.

-------- Original message --------
From: Abby Johansen <ajohansen@bmhjlaw.com>
Date: 2/8/21 5:41 AM (GMT-08:00)
To: nazareth@hmlaw.la, "David A. Mckelvey" <Dmckelvey@crandalllaw.com>

Cc: John McGavin <JMcGavin@bmhjlaw.com>, Charlene Notarangelo
<CNotarangelo@bmhjlaw.com>, Nancy Kupiec <nkupiec@bmhjlaw.com>
Subject: RE: FW: Haysbert v. Outback

Nazareth,

In regard to your proposed s pula on and related pleadings, we do not agree to join in the s pula on and
will leave it up to the Court to decide.

Addi onally, the dates you selected in the deposi on no ces and no ce of inspec on are unavailable. We
have available dates in March, including: 15, 17, 18, 19.

Further, please provide a subject ma er no ce for your intended deposi on of the custodian of record, so
we may select the best person to serve in such capacity for that deposi on.

Best,

**Abigail J. Johansen**
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 **|** Facsimile (703) 385-1555 **|** Website

**In light of the evolving situation surrounding COVID-19 and guidance provided by federal, state, and local
officials, we, like many other business, have implemented measures to protect the well-being of our clients,
employees and our colleagues in the legal community. We ask that you provide an email copy of all
correspondence and pleadings until further notice. We appreciate your understanding and cooperation.**

CONFIDENTIALITY NOTICE:  This electronic message is intended to be viewed only by the individual or entity to whom it is
addressed.  It may contain information that is privileged, confidential and exempt from disclosure under applicable law.  Any
dissemination, distribution or copying of this communication is prohibited unless permission is granted.  If the reader of this message
is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and
delete the original message and any copies from your computer system.

---

**From:** Abby Johansen
**Sent:** Monday, February 8, 2021 7:51 AM
**To:** nazareth@hmlaw.la; David A. Mckelvey <Dmckelvey@crandalllaw.com>; Nancy Kupiec
<nkupiec@bmhjlaw.com>
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Charlene Notarangelo <CNotarangelo@bmhjlaw.com>
**Subject:** RE: FW: Haysbert v. Outback

Nazareth,

We will review and respond, but cannot guarantee a response by tomorrow.

Best,

**Abigail J. Johansen**
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 **|** Facsimile (703) 385-1555 **|** Website

**In light of the evolving situation surrounding COVID-19 and guidance provided by federal, state, and local
officials, we, like many other business, have implemented measures to protect the well-being of our clients,
employees and our colleagues in the legal community. We ask that you provide an email copy of all
correspondence and pleadings until further notice. We appreciate your understanding and cooperation.**

CONFIDENTIALITY NOTICE:  This electronic message is intended to be viewed only by the individual or entity to whom it is addressed.  It may contain information that is privileged, confidential and exempt from disclosure under applicable law.  Any dissemination, distribution or copying of this communication is prohibited unless permission is granted.  If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

**From:** nazareth@hmlaw.net <nazareth@hmlaw.la>
**Sent:** Friday, February 5, 2021 11:59 PM
**To:** David A. Mckelvey <Dmckelvey@crandalllaw.com>; Nancy Kupiec <nkupiec@bmhjlaw.com>; Abby Johansen <ajohansen@bmhjlaw.com>
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Charlene Notarangelo <CNotarangelo@bmhjlaw.com>
**Subject:** RE: FW: Haysbert v. Outback

Counsel,

Please see attached. Please advise whether you will join the stipulation and/or any requested modifications to the joint stipulation by no later than close of business next Tuesday, February 9, 2021.

Please also advise of your response to the deposition subpoenas that have been served on Chip Chase, Lisa Crosby, and your Custodian of Records by end of day next Tuesday as well.

Finally, please advise whether you have any objection to the notice of inspection served on February 4, 2021.

Sincerely,
Nazareth

-------- Original Message --------
Subject: RE: FW: Haysbert v. Outback
From: "David A. Mckelvey" <Dmckelvey@crandalllaw.com>
Date: Fri, February 05, 2021 10:12 am
To: "nazareth@hmlaw.la" <nazareth@hmlaw.la>, Nancy Kupiec <nkupiec@bmhjlaw.com>, Abby Johansen <ajohansen@bmhjlaw.com>
Cc: John McGavin <JMcGavin@bmhjlaw.com>, Charlene Notarangelo <CNotarangelo@bmhjlaw.com>

Sincerely,

D. Adam McKelvey, Esq.
Crandall & Katt
366 Elm Ave, SW
Roanoke, VA 24016
(540) 342-2000 (p)
(540)345-3527 (f)
dmckelvey@crandallaw.com

**From:** nazareth@hmlaw.net <nazareth@hmlaw.la>
**Sent:** Wednesday, February 03, 2021 11:58 PM
**To:** Nancy Kupiec <nkupiec@bmhjlaw.com>; David A. Mckelvey <Dmckelvey@crandalllaw.com>
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>; Charlene Notarangelo <CNotarangelo@bmhjlaw.com>
**Subject:** RE: FW: Haysbert v. Outback

Counsel,

I am available at 10:00 AM on Friday, February 5, 2021. I will send a Zoom invite upon confirmation.

In the meantime, please see attached:

1. Deposition Subpoena to Chip Chase;
2. Deposition Subpoena to Lisa Crosby;
3. Deposition Subpoena to Custodian of Records for Outback Steakhouse of Florida, LLC;
4. Subpoena for Notice of Inspection.

Sincerely,
Nazareth

-------- Original Message --------
Subject: FW: Haysbert v. Outback
From: Nancy Kupiec <nkupiec@bmhjlaw.com>
Date: Tue, February 02, 2021 7:41 am
To: "nazareth@hmlaw.la" <nazareth@hmlaw.la>, "dmckelvey@crandalllaw.com" <dmckelvey@crandalllaw.com>
Cc: John McGavin <JMcGavin@bmhjlaw.com>, Charlene Notarangelo <CNotarangelo@bmhjlaw.com>

Counsel,

Mr. McGavin is unavailable today at 9:30 AM Pacific Time today for this Zoom meeng.  Ma  y we reschedule to February 5 at 1:00 PM EST/10:00 AM PST, or February 8 at 2:00 PM EST/11:00 AM PST?


**Nancy A. Kupiec**
Legal Assistant to John D. McGavin
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website



CONFIDENTIALITY NOTICE:  This electronic message is intended to be viewed only by the individual or entity to whom it is addressed.  It may contain information that is privileged, confidential and exempt from disclosure under applicable law.  Any dissemination, distribution or copying of this communication is prohibited unless permission is granted.  If the reader of this message is not the intended recipient or if you have received this communication in error, please notify me immediately by return e-mail and delete the original message and any copies from your computer system.

**From:** Charlene Notarangelo <CNotarangelo@bmhjlaw.com>
**Sent:** Tuesday, February 2, 2021 7:05 AM
**To:** John McGavin <JMcGavin@bmhjlaw.com>; Nancy Kupiec
<nkupiec@bmhjlaw.com>
**Subject:** Fwd: Haysbert v. Outback

Begin forwarded message:

**From:** Nazareth <nazareth@hmlaw.la>
**Date:** Feb 1, 2021 at 9:38 PM
**To:** Charlene Notarangelo <cnotarangelo@bmhjlaw.com>,
Dmckelvey <dmckelvey@crandalllaw.com>
**Cc:** John McGavin <jmcgavin@bmhjlaw.com>
**Subject: RE: Haysbert v. Outback**

Counsel,

Please see below:

Haysbert Moultrie LLP is inviting you to a scheduled Zoom meeting.

Topic: Haysbert Moultrie LLP's Zoom Meeting
Time: Feb 2, 2021 09:30 AM Pacific Time (US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/83324084397?
pwd=RUp6bzFJcnB4eTlkWWYyY3YzbTZsQT09

Meeting ID: 833 2408 4397
Passcode: 116827
One tap mobile
+16699006833,,83324084397# US (San Jose)
+13462487799,,83324084397# US (Houston)

Dial by your location
        +1 669 900 6833 US (San Jose)
        +1 346 248 7799 US (Houston)
        +1 253 215 8782 US (Tacoma)
        +1 301 715 8592 US (Washington DC)
        +1 312 626 6799 US (Chicago)
        +1 929 205 6099 US (New York)
Meeting ID: 833 2408 4397
Find your local number: https://us02web.zoom.us/u/knoD4VerZ

Sincerely,
Nazareth

    -------- Original Message --------
    Subject: RE: Haysbert v. Outback
    From: Charlene Notarangelo <CNotarangelo@bmhjlaw.com>
    Date: Mon, February 01, 2021 11:28 am
    To: "'nazareth@hmlaw.la'" <nazareth@hmlaw.la>,

"dmckelvey@crandalllaw.com" <dmckelvey@crandalllaw.com>
Cc: John McGavin <JMcGavin@bmhjlaw.com>

John is available tomorrow at 9:30 a.m.

**Charlene Notarangelo**
Legal Assistant to
John D. McGavin
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website



 CONFIDENTIALITY NOTICE:  This electronic message is intended to be
viewed only by the individual or enty t  o whom it is addressed.  It may
contain informaon tha  t is privileged, confidenal and e  xempt from
disclosure under applicable law.  Any disseminaon, dis  tribuon or
copying of this communicaon is pr  ohibited unless permission is
granted.  If the reader of this message is not the intended recipient or if
you have received this communicaon in err  or, please nof  y me
immediately by return e-mail and delete the original message and
copies from your computer system.

---

**From:** nazareth@hmlaw.la <nazareth@hmlaw.la>
**Sent:** Monday, February 1, 2021 2:11 PM
**To:** Charlene Notarangelo <CNotarangelo@bmhjlaw.com>;
dmckelvey@crandalllaw.com
**Cc:** John McGavin <JMcGavin@bmhjlaw.com>
**Subject:** RE: Haysbert v. Outback

Mr. McGavin,

Please let me know your availability tomorrow or Wednesday for a
conference call.

Sincerely,
Nazareth

> -------- Original Message --------
> Subject: Haysbert v. Outback
> From: Charlene Notarangelo
> <CNotarangelo@bmhjlaw.com>
> Date: Wed, January 27, 2021 1:26 pm
> To: "'dmckelvey@crandalllaw.com'"
> <dmckelvey@crandalllaw.com>,

'"nazareth@hmlaw.la'" <nazareth@hmlaw.la>
Cc: John McGavin <JMcGavin@bmhjlaw.com>

Please see attached from John McGavin.

Thank you,

**Charlene Notarangelo**
Legal Assistant to
John D. McGavin
Bancroft, McGavin, Horvath & Judkins, P.C.
9990 Fairfax Boulevard | Suite 400 | Fairfax, Virginia 22030
Telephone (703) 385-1000 | Facsimile (703) 385-1555 | Website



CONFIDENTIALITY NOTICE: This electronic
message is intended to be viewed only by the
individual or entity to whom it is addressed. It
may contain information that is privileged,
confidential and exempt from disclosure under
applicable law. Any dissemination, distribution or
copying of this communication is prohibited unless
permission is granted. If the reader of this
message is not the intended recipient or if you
have received this communication in error, please
notify me immediately by return e-mail and delete
the original message and copies from your
computer system.

**From:** Scanner <scanner@bmhjlaw.com>
**Sent:** Wednesday, January 27, 2021 4:00 PM
**To:** Charlene Notarangelo
<CNotarangelo@bmhjlaw.com>
**Subject:** Message from KM_808

Copyright © 2003-2021. All rights reserved.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

---

|  |  |
|---|---|
| **JOANN WRIGHT HAYSBERT**, | Case No.: 4:20-cv-0012-RBS-DEM |
| Plaintiff, | Assigned to Senior United States District Judge Rebecca Beach Smith |
| v. | |
| **BLOOMIN' BRANDS, INC., et al.** | |
| Defendants. | [Filed concurrently with Declaration of Nazareth M. Haysbert; [Proposed Order] |

---

## JOINT STIPULATION TO CONTINUE TRIAL AND PRETRIAL DATES

Plaintiffs JOANN WRIGHT HAYSBERT, and Defendants BLOOMIN' BRANDS, INC., OUTBACK STEAKHOUSE OF FLORIDA, LLC (collectively "Defendants") (collectively the "Parties") hereby respectfully submit their Joint Stipulation to Continue Trial and Pretrial Dates based on the following good cause:

1. In its Scheduling Order (Dkt. No. 12) filed by this Court on September 1, 2020, the Court set trial for June 15, 2021 and set certain pretrial dates accordingly, including discovery cut-off dates of April 6, 2021 for Plaintiff and May 4, 2021 for Defendants.

2. Around the holiday period in December 2020, Plaintiff's counsel was informed that Plaintiff had been exposed to COVID-19. After being tested as a

precaution prior to returning to work, Plaintiff was diagnosed with COVID-19 on January 4, 2021, and alerted Plaintiff's counsel shortly after on January 7, 2021. Declaration of Nazareth M. Haysbert in Support of Joint Stipulation to Continue Trial and Pretrial Dates, ¶ 2.

3.     Plaintiff's counsel was informed that Plaintiff's daughter was diagnosed with COVID-19 that same day. *Id*., ¶ 3. Plaintiff's daughter is anticipated to be a non-party witness in this matter. *Id.*

4.     Plaintiff and her daughter were incapacitated due to their illnesses for the month of January during which they were substantially unable to assist Plaintiffs' counsel with discovery or to arrange a schedule for depositions by Defendants' counsel while they were recovering. *Id.*, ¶ 4.

5.     On January 11, 2021, Plaintiff's counsel informed Defendants' counsel that Plaintiff and her daughter had contracted COVID-19 and would need time to recover. *Id.*, ¶ 5.

6.     On February 5, 2021, all counsel held a teleconference to discuss outstanding discovery issues, including the recently noticed depositions of Plaintiff and her daughter. *Id.*, ¶ 6. Plaintiff's counsel asked Defendants' counsel to stipulate to a continuance of trial and discovery deadlines given the time lost due to illness and given the fact that Plaintiff and her daughter have still not fully recovered. Plaintiff has reported to Plaintiff's counsel that she is still very weak and lacks energy and may need to reschedule set dates if her condition does not improve. *Id.*

7.     The parties have agreed upon an approximate sixty (60) day continuance of trial and pretrial dates. *Id.*, ¶ 7.

8.     Good cause exists to continue trial and pretrial dates for approximately sixty (60) days because the parties lost valuable discovery time while Plaintiff and her daughter were recovering from COVID-19, a circumstance outside any of the parties' control. This directly resulted in a substantial delay in discovery efforts by

both parties as Plaintiff and her daughter were unavailable to prepare for or sit for depositions for several months, also delaying Plaintiff's selection and retention of medical experts.

9.      As such, good cause exists to continue trial and pretrial dates and no party will be prejudiced by this stipulation.

## **STIPULATION**

Accordingly, the Parties stipulate (and the Court should order) as follows:

1.      The identification of expert witnesses should be continued from February 16, 2021 to April 19, 2021.

2.      Initial expert witness disclosures should be continued from March 16, 2021 to May 19, 2021.

3.      Plaintiff's fact discovery cut-off date should be continued from April 6, 2021 to June 7, 2021.

4.      Rebuttal expert witness disclosures should be continued from April 16, 2021 to June 17, 2021.

5.      Further rebuttal expert witness disclosures should be continued from May 3, 2021 to July 6, 2021.

6.      Defendant's fact discovery cut-off should be continued from May 4, 2021 to July 7, 2021.

7.      The expert discovery cut-off should be continued from May 11, 2021 to July 13, 2021.

8.      Pretrial disclosures should be continued from May 14, 2021 to July 16, 2021.

9.      Objections to pretrial disclosures should be continued from May 21, 2021 to July 23, 2021.

10.     The attorneys' pretrial conference should be continued from May 25, 2021 to July 27, 2021.

11.     Plaintiff's deadline to distribute a proposed final draft pretrial order should be continued from May 27, 2021 to July 29, 2021.

12.     The final pretrial conference should be continued from June 1, 2021 to August 3, 2021.

13.     The deadline to file proposed voir dire and jury instructions should be continued from June 8, 2021 to August 10, 2021.

14.     The trial in this matter should be continued from June 15, 2021 to August 17, 2021.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD, AND RESPECTFULLY SUBMITTED,**

DATED:                              **CRANDALL & KATT**


By: /s/ D. Adam McKelvey, Esq.
D. Adam McKelvey, Esq. (75174)
CRANDALL & KATT
366 Elm Avenue, SW
Roanoke, VA 24016
Telephone: (540) 342-2000
Facsimile: (540) 345-3527
dmckelvey@crandalllaw.com


*Attorneys for Plaintiff JoAnn Wright Haysbert*

DATED:                              **HAYSBERT | MOULTRIE, LLP**
Nazareth M. Haysbert [CA SBN 294431]
(admitted pro hac vice)
nazareth@hmlaw.la
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292

Tel: (310) 496-5796
Fax: (310) 760-4083

*Attorneys for Plaintiff JoAnn Wright Haysbert*

DATED:                          **BANCROFT, McGAVIN, HORVATH &
                                JUDKINS, P.C**
                                By: _____
                                John D. McGavin, VSB No. 21794
                                jmcgavin@bmhjlaw.com
                                Anna G. Zick, VSB No. 86057
                                9990 Fairfax Blvd., Suite 400
                                Fairfax, Virginia 22030
                                Tel: (703) 385-1000
                                Fax: (703) 385-1555

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

———————————————————
                                            )
**JOANN WRIGHT HAYSBERT**,                  )   Case No.: 4:20-cv-0012-RBS-DEM
                                            )
              Plaintiff,                    )   Assigned to Senior United States
                                            )   District Judge Rebecca Beach Smith
        v.                                  )
                                            )
**BLOOMIN' BRANDS, INC., et al.**           )
                                            )
              Defendants.                   )   [Filed concurrently with Joint
                                            )   Stipulation; [Proposed
                                            )   Order]
———————————————————

**DECLARATION OF NAZARETH M. HAYSBERT IN SUPPORT OF**
**JOINT STIPULATION TO CONTINUE TRIAL AND PRETRIAL DATES**

I, Nazareth M. Haysbert, declare as follows:

1.      I am an attorney licensed in the State of California.  I am licensed to appear *pro hac vice* in the State of Virginia. I am counsel of record for Plaintiff Joann Haysbert in the above-captioned case.  I have personal knowledge of the following facts, and, if called as a witness, I could and would testify thereto.

2.      I was informed that Plaintiff had been exposed to COVID-19 during the holiday period in 2020. After being tested as a precautionary measure before returning to full-time work, Plaintiff was diagnosed with COVID-19 on January 4, 2021, and alerted Plaintiff's counsel on or about January 7, 2021.

3.     That same day, I was also informed that Plaintiff's daughter had also contracted COVID-19. Plaintiff's daughter is anticipated to be a non-party witness in this matter.

4.     Plaintiff and her daughter were incapacitated due to their illnesses for a substantial amount of time during the month of January during which they were unable to assist Plaintiffs' counsel with discovery or to sit for deposition by Defendants' counsel while they were recovering.

5.     On January 11, 2021, I informed Defendants' counsel that Plaintiff and her daughter had contracted COVID-19. A true and correct copy of the email correspondence to Defendants' counsel is attached hereto as **Exhibit A**.

6.     On February 5, 2021, counsel for the parties held a teleconference to discuss outstanding discovery issues, including the recently noticed depositions of Plaintiff and her daughter. I asked Defendants' counsel to stipulate to a continuance of trial and discovery deadlines given the time lost due to illness and in light of the fact that Plaintiff and her daughter have still not fully recovered. Plaintiff has reported to Plaintiff's counsel that she is still very weak and lacks energy and may need to reschedule set dates if her condition does not improve.

7.     Good cause exists to continue trial and pretrial dates because the parties lost valuable discovery time while Plaintiff and her daughter were recovering from COVID-19. This directly resulted in a substantial delay in discovery efforts by both parties as Plaintiff and her daughter were unavailable to prepare for or sit for depositions for several months, also delaying Plaintiff's selection and retention of medical experts.

8.     As such, the parties have agreed upon a sixty (60) day continuance of trial and pretrial dates.

I declare under penalty of perjury under the laws of the United States of America and the State of Virginia, that the foregoing is true and correct.

Executed on February 5, 2021, at Marina Del Rey, California.

_____ */s/ Nazareth M. Haysbert* _____

Nazareth M. Haysbert, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| _____ ) | |
| **JOANN WRIGHT HAYSBERT**, ) | Case No.: 4:20-cv-0012-RBS-DEM |
| ) | |
| Plaintiff, ) | Assigned to Senior United States |
| ) | District Judge Rebecca Beach Smith |
| v. ) | |
| ) | |
| **BLOOMIN' BRANDS, INC., et al.** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**[PROPOSED] ORDER GRANTING JOINT STIPULATION TO**
**CONTINUE TRIAL AND PRETRIAL DATES**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **FOR GOOD CAUSE SHOWN**, after review of the Parties' Joint Stipulation to Continue Trial and Pretrial Dates, the Court **GRANTS** the relief therein and Orders as follows:

   1.   The identification of expert witnesses shall be continued from February 16, 2021 to April 19, 2021.

   2.   Initial expert witness disclosures shall be continued from March 16, 2021 to May 19, 2021.

   3.   Plaintiff's fact discovery cut-off date shall be continued from April 6, 2021 to June 7, 2021.

   4.   Rebuttal expert witness disclosures shall be continued from April 16, 2021 to June 17, 2021.

1

5.      Further rebuttal expert witness disclosures shall be continued from May 3, 2021 to July 6, 2021.

6.      Defendant's fact discovery cut-off shall be continued from May 4, 2021 to July 7, 2021.

7.      The expert discovery cut-off shall be continued from May 11, 2021 to July 13, 2021.

8.      Pretrial disclosures shall be continued from May 14, 2021 to July 16, 2021.

9.      Objections to pretrial disclosures shall be continued from May 21, 2021 to July 23, 2021.

10.     The attorneys' pretrial conference shall be continued from May 25, 2021 to July 27, 2021.

11.     Plaintiff's deadline to distribute a proposed final draft pretrial order shall be continued from May 27, 2021 to July 29, 2021.

12.     The final pretrial conference shall be continued from June 1, 2021 to August 3, 2021.

13.     The deadline to file proposed voir dire and jury instructions shall be continued from June 8, 2021 to August 10, 2021.

14.     The trial in this matter shall be continued from June 15, 2021 to August 17, 2021.

**IT IS SO ORDERED.**


Dated: _____          _____
                                                        The Honorable Rebecca Beach Smith
                                                        Senior States District Judge
                                                        Eastern District of Virginia

EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT )
)
    Plaintiff, )
)
v. )
)
BLOOMIN' BRANDS, INC., ) Case No.: 4:20-cv-00121-RBS-DEM
and )
OUTBACK STEAKHOUSE OF )
FLORIDA, LLC, )
)
    Defendants. )

## DEFENDANT BLOOMIN' BRANDS, INC.'S OBJECTIONS
## TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET NO. ONE

COMES NOW defendant Bloomin' Brands, Inc., and hereby submits its objections pursuant to the

Federal Rules of Civil Procedure, rejecting the extensive and burdensome Definitions and Instructions

herein as beyond the scope of reasonable discovery, not reasonably proportionate to the nature and extent

of the claim in this case, which is a slip and fall action, and further and in particular as to the use of the

term "condition," plaintiff assumes that there was a defective or dangerous condition at the subject location

and therefore the use of that term is objected to by defendant as assuming a fact not in evidence.

Defendant will be further investigating and reviewing these responses. However, defendant seeks

to timely file its objections to the discovery served herein.

Defendant states as follows:

8.    Admit that You had actual knowledge of the Condition that existed at the Subject Location

at the time of the Incident.

**RESPONSE:** Objection previously noted to the use of the term "condition." Defendant denies

any defect at the subject location, and therefore as pled this request is denied and objected to.

9.    Admit that You had constructive knowledge of the Condition that existed at the Subject Location at the time of the Incident.

**RESPONSE:** Objection previously noted to the use of the term "condition."  Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to.

10.    Admit that You should have had knowledge of the Condition that existed at the Subject Location at the time of the Incident.

**RESPONSE:** Objection previously noted to the use of the term "condition."  Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to.

12.    Admit that You did nothing to prevent the Incident.

**RESPONSE:** Objection.  This discovery request assumes a duty to prevent the subject incident, as first Bloomin' Brands does not operate the subject location, and Bloomin' Brands was not present at the subject location at the time of the incident

26.    Admit that you have Documents detailing procedure in dealing with the Condition at the Subject Location.

**RESPONSE:** Objection previously noted to "condition."

29.    Admit that You did not provide Plaintiff with a claim number.

**RESPONSE:** Denied.

30.    Admit that You did not warn Plaintiff at any time prior to the Incident that the Condition that existed at the Subject Location posed a danger to her health and safety.

**RESPONSE:** Objection previously noted.

**BLOOMIN' BRANDS, INC.**
By Counsel

2

_/s/ John D. McGavin_
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2020, a true and accurate copy of the foregoing Defendant Bloomin' Brands, Inc.'s Objections to Request for Admissions, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:      (757) 317-0716
Facsimile:      (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:      (310) 496-5796
Facsimile:      (310) 760-4083

*Counsel for Plaintiff*

> John D. McGavin /s/
> John D. McGavin, VSB No. 21794
> jmcgavin@bmhjlaw.com
> BANCROFT, McGAVIN,
>        HORVATH & JUDKINS, P.C.
> 9990 Fairfax Blvd. Suite 400
> Fairfax, Virginia 22030
> (703)385-1000 Telephone
> (703)385-1555 Facsimile
> *Counsel for Defendant*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT )
)
Plaintiff, )
v. )
)
BLOOMIN' BRANDS, INC., ) Case No.: 4:20-cv-00121-RBS-DEM
and )
OUTBACK STEAKHOUSE OF )
FLORIDA, LLC, )
)
Defendants. )

### DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, LLC'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET NO. ONE

COMES NOW defendant Outback Steakhouse of Florida, LLC (Outback), and hereby submits its objections pursuant to the Federal Rules of Civil Procedure, rejecting the extensive and burdensome Definitions and Instructions herein as beyond the scope of reasonable discovery, not reasonably proportionate to the nature and extent of the claim in this case, which is a slip and fall action, and further and in particular as to the use of the term "condition," plaintiff assumes that there was a defective or dangerous condition at the subject location and therefore the use of that term is objected to by defendant as assuming a fact not in evidence.

Defendant will be further investigating and reviewing these responses. However, defendant seeks to timely file its objections to the discovery served herein.

Defendant states as follows:

8. Admit that You had actual knowledge of the Condition that existed at the Subject Location at the time of the Incident.

**RESPONSE:** Objection previously noted to the use of the term "condition." Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to.

9.     Admit that You had constructive knowledge of the Condition that existed at the Subject Location at the time of the Incident.

**RESPONSE:** Objection previously noted to the use of the term "condition." Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to.

10.    Admit that You should have had knowledge of the Condition that existed at the Subject Location at the time of the Incident.

**RESPONSE:** Objection previously noted to the use of the term "condition." Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to.

12.    Admit that You did nothing to prevent the Incident.

**RESPONSE:** Objection. This discovery request assumes a duty to prevent the subject incident, as first Outback does not operate the subject location, and Outback was not present at the subject location at the time of the incident.

26.    Admit that you have Documents detailing procedure in dealing with the Condition at the Subject Location.

**RESPONSE:** Objection previously noted to "condition."

30.    Admit that You did not warn Plaintiff at any time prior to the Incident that the Condition that existed at the Subject Location posed a danger to her health and safety.

**RESPONSE:** Objection previously noted.


                                        **OUTBACK STEAKHOUSE OF FLORIDA, LLC**
                                        By Counsel

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

____/s/ John D. McGavin_____
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendant*

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2020, a true and accurate copy of the foregoing Defendant Outback Steakhouse of Florida, LLC's Objections to Request for Admissions, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:     (757) 317-0716
Facsimile:      (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:     (310) 496-5796
Facsimile:      (310) 760-4083

*Counsel for Plaintiff*

      John D. McGavin /s/
      John D. McGavin, VSB No. 21794
      jmcgavin@bmhjlaw.com
      BANCROFT, McGAVIN,
           HORVATH & JUDKINS, P.C.
      9990 Fairfax Blvd. Suite 400
      Fairfax, Virginia 22030
      (703)385-1000 Telephone
      (703)385-1555 Facsimile
      *Counsel for Defendant*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT          )
                               )
    Plaintiff,                 )
                               )
v.                             )
                               )
BLOOMIN' BRANDS, INC.,         )          Case No.: 4:20-cv-00121-RBS-DEM
and                            )
OUTBACK STEAKHOUSE OF          )
FLORIDA, LLC,                  )
                               )
    Defendants.                )

## DEFENDANT BLOOMIN' BRANDS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET NO. ONE

COMES NOW defendant Bloomin' Brands, Inc., and hereby submits its objections and draft responses pursuant to the Federal Rules of Civil Procedure, rejecting the extensive and burdensome Definitions and Instructions herein as beyond the scope of reasonable discovery, not reasonably proportionate to the nature and extent of the claim in this case, which is a slip and fall action, and further and in particular as to the use of the term "condition," plaintiff assumes that there was a defective or dangerous condition at the subject location and therefore the use of that term is objected to by defendant as assuming a fact not in evidence.

Defendant will be further investigating and reviewing these responses. However, defendant seeks to timely file its objections to the discovery served herein.

Defendant states as follows:

1.    Admit that You were the franchisor of the Subject Location at the time of the Incident.

**RESPONSE:** Admit.

2.    Admit that You were responsible for the Maintenance of the Subject Location at the time of the Incident.

**RESPONSE:** Denied.

3.      Admit that You were responsible for the design of the Subject Location at the time of the Incident.

**RESPONSE:** Denied.

4.      Admit that Plaintiff was at the Subject Location at the time of the Incident.

**RESPONSE:** Upon information and belief, this request is admitted.

5.      Admit that You were responsible for the safety of the Plaintiff at the time of the Incident.

**RESPONSE:** Denied.  No property owner is responsible for the safety of any individual pursuant to Virginia law.  Under premises liability actions, the owner or occupier is not an insurer of the safety of guests or invitees.

6.      Admit that You were responsible for the safety of all Customers at the Subject Location at the time of the Incident.

**RESPONSE:** Denied.  No property owner is responsible for the safety of any individual pursuant to Virginia law.  Under premises liability actions, the owner or occupier is not an insurer of the safety of guests or invitees.

7.      Admit that Plaintiff was injured as a result of the Incident.

**RESPONSE:** Denied.

8.      Admit that You had actual knowledge of the Condition that existed at the Subject Location at the time of the Incident.

**RESPONSE:** Objection previously noted to the use of the term "condition."  Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to.

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

9.     Admit that You had constructive knowledge of the Condition that existed at the Subject Location at the time of the Incident.

**RESPONSE:** Objection previously noted to the use of the term "condition." Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to.

10.     Admit that You should have had knowledge of the Condition that existed at the Subject Location at the time of the Incident.

**RESPONSE:** Objection previously noted to the use of the term "condition." Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to.

11.     Admit that Plaintiff did not contribute to the Incident.

**RESPONSE:** Denied.

12.     Admit that You did nothing to prevent the Incident.

**RESPONSE:** Objection. This discovery request assumes a duty to prevent the subject incident, as first Bloomin' Brands does not operate the subject location, and Bloomin' Brands was not present at the subject location at the time of the incident. Therefore, notwithstanding that objection, Bloomin' Brands denies the subject request as not applicable to it.

13.     Admit that Your actions caused the Incident.

**RESPONSE:** Denied.

14.     Admit that You directed Plaintiff toward the Condition at the Subject Location that caused the Incident.

**RESPONSE:** Denied.

15.     Admit that no third parties contributed to the cause of the Incident.

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

**RESPONSE:** After reasonable inquiry and review, this defendant can neither admit nor deny the subject request, having insufficient information to fully and fairly respond at this time.

16.    Admit that You have no facts that Plaintiff was contributorily negligent.

**RESPONSE:** Denied.

17.    Admit that You have no Documents indicating that Plaintiff was contributorily negligent in regard to causing the Incident.

**RESPONSE:** Denied.

18.    Admit that You have no facts that a third party was contributorily negligent in regard to causing the Incident.

**RESPONSE:** Defendant admits this request at this time, but discovery is just beginning and this answer may be supplemented at a later time.

19.    Admit that You have no Documents indicating that a third party was contributorily negligent in regard to causing the Incident.

**RESPONSE:** Defendant admits this request at this time, but discovery is just beginning and this answer may be supplemented at a later time.

20.    Admit that there were Recording Devices installed at the Subject Location at the time of the Incident.

**RESPONSE:** Defendant lacks sufficient information to admit or deny the request at this time. Therefore, the request is denied. Defendant reserves the right to supplement this response as discovery is ongoing.

21.    Admit that you have Recordings Relating To the Incident.

**RESPONSE:** Defendant lacks sufficient information to admit or deny the request at this time. Therefore, the request is denied. Defendant reserves the right to supplement this response as discovery is ongoing.

4

22.   Admit that you have Documents detailing the Incident.

**RESPONSE:** Denied.   Defendant has notice of an incident report, but no other documentation regarding the subject incident, including any medical expenses from the plaintiff or any detailed information from the plaintiff regarding the subject incident.

23.   Admit that You require employees that work at the Subject Location to wear non-slip footwear.

**RESPONSE:** Denied.

24.   Admit that You are aware that Plaintiff lost consciousness.

**RESPONSE:** Denied.

25.   Admit that You have protocols in place to ensure a clean and safe floor.

**RESPONSE:** Denied as pled.   Defendant does not insure or guarantee the condition of its premises, and therefore under Virginia law paragraph 25 is an inaccurate statement of the law.

26.   Admit that you have Documents detailing procedure in dealing with the Condition at the Subject Location.

**RESPONSE:** Objection previously noted to "condition."

27.   Admit that You have Documents detailing a system in place to deal with Customers' injuries claims.

**RESPONSE:** Admit.

28.   Admit that You told the Plaintiff she would receive a claim number.

**RESPONSE:** Denied.

29.   Admit that You did not provide Plaintiff with a claim number.

**RESPONSE:** Denied.

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD   •   SUITE 400   •   FAIRFAX, VIRGINIA 22030   •   (703) 385-1000   •   FAX (703) 385-1555

30.     Admit that You did not warn Plaintiff at any time prior to the Incident that the Condition that existed at the Subject Location posed a danger to her health and safety.

**RESPONSE:** Objection previously noted.

**BLOOMIN' BRANDS, INC.**
By Counsel

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

_/s/  John D. McGavin_
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
_Counsel for Defendant_

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2020, a true and accurate copy of the foregoing Defendant Bloomin' Brands, Inc.'s Objections and Responses to Request for Admissions, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:   (757) 317-0716
Facsimile:   (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:   (310) 496-5796
Facsimile:   (310) 760-4083

_Counsel for Plaintiff_

John D. McGavin _/s/_
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
_Counsel for Defendant_

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT  )
  )
    Plaintiff,  )
  )
v.  )
  )
BLOOMIN' BRANDS, INC.,  )    Case No.: 4:20-cv-00121-RBS-DEM
and  )
OUTBACK STEAKHOUSE OF  )
FLORIDA, LLC,  )
  )
    Defendants.  )

## DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET NO. ONE

COMES NOW defendant Outback Steakhouse of Florida, LLC (Outback), and hereby submits its objections and draft responses pursuant to the Federal Rules of Civil Procedure, rejecting the extensive and burdensome Definitions and Instructions herein as beyond the scope of reasonable discovery, not reasonably proportionate to the nature and extent of the claim in this case, which is a slip and fall action, and further and in particular as to the use of the term "condition," plaintiff assumes that there was a defective or dangerous condition at the subject location and therefore the use of that term is objected to by defendant as assuming a fact not in evidence.

Defendant will be further investigating and reviewing these responses. However, defendant seeks to timely file its objections to the discovery served herein.

Defendant states as follows:

1.    Admit that You were the franchisor of the Subject Location at the time of the Incident.

**RESPONSE:** Denied

2.     Admit that You were responsible for the Maintenance of the Subject Location at the time of the Incident.

**RESPONSE:** Denied in part, admitted in part. The Defendant operated the property, and had staff, and upon information and belief had contractors, and outside service providers to participate in all aspects of maintenance of the property, including but not limited the many aspects of maintenance on a restaurant.

3.     Admit that You were responsible for the design of the Subject Location at the time of the Incident.

**RESPONSE:** Denied.

4.     Admit that Plaintiff was at the Subject Location at the time of the Incident.

**RESPONSE:** Upon information and belief, this request is admitted.

5.     Admit that You were responsible for the safety of the Plaintiff at the time of the Incident.

**RESPONSE:** Denied. No property occupier is responsible for the safety of any individual pursuant to Virginia law. Under premises liability actions, the owner or occupier is not an insurer of the safety of guests or invitees.

6.     Admit that You were responsible for the safety of all Customers at the Subject Location at the time of the Incident.

**RESPONSE:** Denied. No property owner or occupier is responsible for the safety of any individual pursuant to Virginia law. Under premises liability actions, the owner or occupier is not an insurer of the safety of guests or invitees.

7.     Admit that Plaintiff was injured as a result of the Incident.

**RESPONSE:** Denied.

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

8.      Admit that You had actual knowledge of the Condition that existed at the Subject Location at the time of the Incident.

**RESPONSE:** Objection previously noted to the use of the term "condition."   Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to.

9.      Admit that You had constructive knowledge of the Condition that existed at the Subject Location at the time of the Incident.

**RESPONSE:** Objection previously noted to the use of the term "condition."   Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to.

10.      Admit that You should have had knowledge of the Condition that existed at the Subject Location at the time of the Incident.

**RESPONSE:** Objection previously noted to the use of the term "condition."   Defendant denies any defect at the subject location, and therefore as pled this request is denied and objected to.

11.      Admit that Plaintiff did not contribute to the Incident.

**RESPONSE:** Denied.

12.      Admit that You did nothing to prevent the Incident.

**RESPONSE:** Objection.   This discovery request assumes a duty to prevent the subject incident, Therefore, notwithstanding that objection, Outback denies the subject request.

13.      Admit that Your actions caused the Incident.

**RESPONSE:** Denied.

14.      Admit that You directed Plaintiff toward the Condition at the Subject Location that caused the Incident.

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

**RESPONSE:** Denied.

15. Admit that no third parties contributed to the cause of the Incident.

**RESPONSE:** After reasonable inquiry and review, this defendant can neither admit nor deny the subject request, having insufficient information to fully and fairly respond at this time.

16. Admit that You have no facts that Plaintiff was contributorily negligent.

**RESPONSE:** Denied.

17. Admit that You have no Documents indicating that Plaintiff was contributorily negligent in regard to causing the Incident.

**RESPONSE:** Denied.

18. Admit that You have no facts that a third party was contributorily negligent in regard to causing the Incident.

**RESPONSE:** Defendant admits this request at this time, but discovery is just beginning and this answer may be supplemented at a later time.

19. Admit that You have no Documents indicating that a third party was contributorily negligent in regard to causing the Incident.

**RESPONSE:** Defendant admits this request at this time, but discovery is just beginning and this answer may be supplemented at a later time.

20. Admit that there were Recording Devices installed at the Subject Location at the time of the Incident.

**RESPONSE:** Defendant lacks sufficient information to admit or deny this request at this time. Therefore, the request is denied. Defendant reserves the right to supplement.

21. Admit that you have Recordings Relating To the Incident.

**RESPONSE:** Defendant lacks sufficient information to admit or deny this request at this time. Therefore, the request is denied. Defendant reserves the right to supplement.

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

22.   Admit that you have Documents detailing the Incident.

**RESPONSE:** Denied.     Defendant has notice of an incident report, but no other documentation regarding the subject incident, including any medical expenses from the plaintiff or any detailed information from the plaintiff regarding the subject incident.

23.   Admit that You require employees that work at the Subject Location to wear non-slip footwear.

**RESPONSE:** Denied.

24.   Admit that You are aware that Plaintiff lost consciousness.

**RESPONSE:** Denied.

25.   Admit that You have protocols in place to ensure a clean and safe floor.

**RESPONSE:** Denied as pled.  Defendant does not ensure or guarantee the condition of its premises, and therefore under Virginia law paragraph 25 is an inaccurate statement of the law.

26.   Admit that you have Documents detailing procedure in dealing with the Condition at the Subject Location.

**RESPONSE:** Objection previously noted to "condition."

27.   Admit that You have Documents detailing a system in place to deal with Customers' injuries claims.

**RESPONSE:** Admit.

28.   Admit that You told the Plaintiff she would receive a claim number.

**RESPONSE:** Denied.

29.   Admit that You did not provide Plaintiff with a claim number.

**RESPONSE:** Denied.

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

30.    Admit that You did not warn Plaintiff at any time prior to the Incident that the Condition that existed at the Subject Location posed a danger to her health and safety.

**RESPONSE:** Objection previously noted.

OUTBACK STEAKHOUSE OF FLORIDA, LLC
By Counsel

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

_/s/_  John D. McGavin
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
_Counsel for Defendant_

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2020, a true and accurate copy of the foregoing Defendant Outback Steakhouse of Florida, LLC's Objections and Responses to Request for Admissions, Set No. One was sent via first class mail and email to:

Stephen Teague, Esq.
Virginia State Bar No. 81006
Law Office of Stephen C. Teague
P.O. Box 706,
Newport News, VA 23607
stephen@teaguelawoffice.com
Telephone:   (757) 317-0716
Facsimile:    (757) 215-2974

Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:   (310) 496-5796
Facsimile:    (310) 760-4083

_Counsel for Plaintiff_

John D. McGavin _/s/_
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
_Counsel for Defendant_

7