# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

_____

|  |  |  |
|---|---|---|
| | ) | |
| **JOANN WRIGHT HAYSBERT**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:20-cv-00121-RBS-DEM |
| | ) | |
| v. | ) | |
| | ) | |
| **BLOOMIN' BRANDS, INC., et al.** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____)

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL AND MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

COMES NOW, Plaintiff Dr. Joann Wright Haysbert ("Dr. Haysbert") by counsel, for this Reply to Defendants Bloomin' Brands, Inc. ("Bloomin' Brands") and Outback Steakhouse of Florida, LLC's ("Outback") (collectively, "Defendants") Opposition to Plaintiff's Motion to Compel Responses to Interrogatories and Production of Documents by Defendants and Motion to Determine the Sufficiency of Responses to Requests for Admission by Defendants, and states as follows:

i

## I.    __INTRODUCTION__

In their Opposition, Defendants begin with a blatant mischaracterization of the meet and confer background giving rise to the instant Motion. To clarify, Defendants neglected to provide responses to Plaintiff's Interrogatories and Requests for Production of Documents by the deadline of September 14, 2020, thus waiving their objections, and nevertheless served woefully deficient supplemental responses by November 10, 2020, resulting in an overall four-month discovery delay designed to take advantage of this Court's strict discovery timeline and prejudice Plaintiff's case. *See* Dkt. No. 41 at 1-2. Defendants claim they provided "all non-privileged responsive information and documents" at that time, Dkt. No. 49 at 2, a demonstrable falsehood given the overwhelming evidence submitted with Plaintiff's moving papers. Furthermore, Defendants have submitted deficient responses to Plaintiff's requests for admission which is deserving of discernment by this Court.

The Court should be aware that Defendants have not submitted **any** verifications with their original or supplemented discovery responses. As such, Plaintiff cannot treat their responses as having any evidentiary value, further prejudicing Plaintiff's ability to litigate this case. The Court should compel Defendants to immediately provide verifications.

Defendants have also repeatedly provided anemic excuses for their failure to cooperate in discovery. This Reply addresses the glaring inconsistencies and

1

unsupported arguments submitted by Defendants in support of their discovery responses. Plaintiff will address the most egregious arguments set forth by Defendants in their Opposition but otherwise relies upon the law and arguments set forth in her moving papers.

II.     **ARGUMENT**

A.     **Deficient Interrogatory Responses**

In Interrogatory No. 5, Plaintiff requested the names **and titles** of all employees working at the Chesapeake Outback at the time of the incident, including an identification of which employee directed Plaintiff toward the dangerous condition on the floor (i.e., the hostess identified in Plaintiff's Complaint, Dkt. No. 1-1, and sought to be added as Defendant Jane Doe 1 via Plaintiff's pending Motion for Leave to Amend Complaint, Dkt. No. 37), as well as the employee(s) responsible for maintaining the floor at the time. *See* Dkt. No. 41-1, ¶ 15, Ex. "I."

In their Opposition, Defendants claim that they only know of one employee, Lisa Crosby. Dkt. No. 49 at 6. However, Defendants failed to state Ms. Crosby's job title, which Plaintiff specifically requested. Defendants also claimed that "it is impossible to identify" these individuals because they do not maintain such information and is therefore inaccessible. *Id.* Plaintiff cannot imagine that Defendants do not maintain logs of their employee's working hours, as it would then be impossible to determine how much to pay those employees based on their hourly

wages. Defendants' response does not indicate a reasonable inquiry was made. This information is clearly relevant to the case as Defendants' employees at the subject location are potential witnesses with percipient knowledge of the incident, the condition of the floor, how the dangerous condition was created, and whether it was cleaned or whether cleaning was attempted but done so negligently.

In Interrogatory Nos. 14 and 15, Plaintiff's requested information regarding whether the material of the floor in the Chesapeake Outback Steakhouse is uniform between all locations or whether it poses a danger if wet, oily, or covered in food and debris. *See* Dkt. No. 41-1, ¶ 15, Ex. "I."

Defendants object to relevance and describe Plaintiff's request as an improper hypothetical. *See* Dkt. No. 49 at 7. Logically and scientifically, different types of flooring have different degrees of slipperiness, and the degree of slipperiness can increase dramatically on certain flooring if wet, oily, or covered in food and debris. It follows that if the floor in the Chesapeake Outback Steakhouse was made of a different, more slippery material than other Outback locations, or was made of a material that could dangerously increase in slipperiness if wet, oily, or covered in food or debris, there may have been other similar incidents at that Chesapeake location. However, Defendants have frustrated Plaintiff's attempts to obtain information to test this theory through their discovery abuse. Plaintiff also requested documentation regarding prior similar incidents within the past five years, to which

3

Defendants asserted an unjustified objection to Plaintiff's definition of "condition." *See* Dkt. No. 41-1, ¶ 14, Ex. "H.," RFP No. 4.

Defendants also claim that "Plaintiff has never stated if she claims a defect existed," without considering that Plaintiff was unaware of and could not see the defective condition before slipping on it and then blacking out for a period of time from her head hitting the floor. Dkt. No. 49 at 7. Plaintiff has maintained a consistent recollection of the series of events leading to her injuries since the inception of this case. *See* Dkt. No. 1-1 at 3-4. The fact that Plaintiff never saw the condition does not mean the condition did not exist. The information sought is clearly relevant and contemplated a very real situation. Plaintiff requested information concerning the material of the floor to determine its propensity to become a dangerous condition due to the application of a slippery substance. As Plaintiff alleges injuries due to a slip and fall on Defendants' premises, the slipperiness of the floor and its propensity to become slippery are relevant topics of inquiry.

In Interrogatory No. 17, Plaintiff requested that Defendants identify their employee, "Tristal Spidola" as referenced in Plaintiff's Complaint, and **provide her titled and contact information**. *See* Dkt. No. 41-1, ¶ 15, Ex. "I." While Defendants' supplemented to clarify that this employee's correct name is "Tristal Hall, a former Bloomin' Brands employee," Defendants ignored Plaintiff's request for this employee's title and contact information. *See id.* Despite Defendants' contention,

such information is clearly relevant, as even Defendants identify that this employee "received the report of Plaintiff's claim." Dkt. No. 49 at 7. Tristal Hall is a potential witness in this matter with knowledge of the initial report of Plaintiff's injury. That report may have information concerning the dangerous condition of the floor, as well.

In Interrogatory No. 21, Plaintiff requested that Defendants describe all remedial measures taken to repair, remedy, or correct the condition after the incident. See Dkt. No. 41-1, ¶ 15, Ex. "I." Defendants confusingly noted that "although there was no defect, no subsequent remedial measures **were indicated**." *Id.* (emphasis added). Now, in their Opposition, Defendants clarify that "there were no remedial measures taken after this incident," revealing that there was a deficient inquiry upon Plaintiff's initial request. Dkt. No 49 at 8. Notably, Defendants did not object to the term "Condition" here as they did elsewhere, leading to the inference that they assumed a definition of "Condition" that did not align with Plaintiff's definition to best suit their needs. While Defendants' Opposition finally provides a sufficient response to this request, it calls into question every other objection to "Condition" as highlighted in this Reply. Plaintiff cannot readily determine whether Defendants are aware of a condition that in their opinion was not dangerous enough to warrant subsequent remedial measures, or whether Defendants believe that no condition

existed. The Court should compel a clarification as Defendants' Opposition did little to help.

### B.    Deficient Responses to Requests for Production

In Request for Production No. 4, as noted above, Plaintiff requested documents identifying prior complaints of similar dangerous conditions within five years. *See* Dkt. No. 41-1, ¶ 14, Ex. "H." Defendants improperly objected to Plaintiff's definition of "Condition," erroneously claiming that Plaintiff had not alleged a particular defect. *Id.* As noted above, Plaintiff's allegations regarding a defect on the floor that caused her injuries are the very basis for her claims. *See* Complaint, Dkt. No. 1-1 at 7, ¶ 31 ("the floor at the Outback Steakhouse . . . was not in a reasonably safe condition"), ¶ 32 ("slippery area on the floor"). Defendants' excuse for their refusal to answer the request on that basis is patently frivolous.

Defendants also objected to the overbreadth and relevance of Plaintiff's request. Dkt. No. 49 at 8. As set forth in Plaintiff's moving papers, a party objecting to a discovery request as overly burdensome must submit affidavits or other evidence demonstrating the nature and extent of the asserted burden. *Cappetta v. GC Services Ltd.*, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008) (citing Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (internal citations omitted)). Even in their Opposition, Defendants still failed to describe the nature and extent of any burden imposed by this request which is reasonably limited in time and scope.

6

In Request for Production No. 11, Plaintiff requested documents identifying the employees who were working at the Chesapeake Outback Steakhouse on the date of the incident. *See* Dkt. No. 41-1, ¶ 14, Ex. "H." In their Opposition, Defendants claim that they only know of one former employee, Lisa Crosby, with knowledge of the incident. Dkt. No. 49 at 9. Defendants also reiterated that they do not have access to that information. *Id.* As noted above, this is simply inconceivable. Defendants' response does not indicate a reasonable inquiry was made. This information is clearly relevant to the case as Defendants' employees at the subject location are potential witnesses with percipient knowledge of the incident, the condition of the floor, how the dangerous condition was created, and whether it was cleaned or whether cleaning was attempted but done so negligently.

In Request for Production No. 14, Plaintiff requested documents relating to the standard designs of Outback Steakhouse franchises. *See* Dkt. No. 41-1, ¶ 14, Ex. "H." Again, in their Opposition, Defendants failed to adequately describe the nature and extent of the burden imposed by this request.

Finally, in Request for Production No. 15, Plaintiff requested the franchise agreement between Defendants and the franchise owner(s) of the Chesapeake Outback Steakhouse. *See* Dkt. No. 41-1, ¶ 14, Ex. "H." Defendants simply objected that the agreement is irrelevant and would not lead to the discovery of admissible evidence. *See* Dkt. No. 49 at 10. This agreement is extremely relevant because it

would identify who bears responsibility for Plaintiff's incident through an indemnification clause and could lead to the discovery of additional liable parties. Defendants unreasonably delayed providing a response to this request, and still have not provided the agreement. This has severely prejudiced Plaintiff's efforts to timely amend her Complaint to add parties and claims and submit evidence in support of such amendment.

### C.    Destruction of Video Evidence

Defendants' claim that "there is no video of the subject incident." Dkt. No. 49 at 10. Defendants claim that no interior camera installed at the subject Outback Steakhouse was positioned to capture the area where Plaintiff fell, which was in the dining room near the hostess stand. *See* Dkt. No. 49 at 10. Plaintiff's evidence submitted in support of spoliation demonstrates the outright falsity of Defendants' contention. *See* Dkt. No. 42, 42-1, 42-2, 52. Assuming there was video footage of the incident that was destroyed or lost by Defendants, Plaintiff refers the Court to her Motion for Sanctions Due to Spoliation of Evidence and reincorporates her request for appropriate sanctions herein.

### D.    Deficient Privilege Log

Defendants claim they provided a privilege log in the form of a "summary of specific facts." *See Asghari-Kamrani v. United Servs. Auto Ass'n,* 2016 U.S. Dist. LEXIS 191666, *6 (E.D.Va. 2016). Despite, Defendants' explanation set forth in

8

their Opposition, the original purported privilege log was deficient in that Plaintiff still cannot assess the claim of privilege due to the lack of any verification in these responses.

### E.    Deficient Responses to Requests for Admission

In Request for Admission Nos. 5 and 12, Plaintiff requested that Defendants admit whether they were responsible for Plaintiff's safety and yet did nothing to prevent her injuries. *See* Dkt. No. 41-1, ¶ 16, Ex. "J." Defendants quibble in their opposition regarding the proper duty applied to them by Virginia case law. *See* Dkt. No. 49 at 14-15. As evidenced by their responses to these requests, Defendants have a skewed perception of duty. Defendants claimed that "[n]o property owner or occupier is responsible for the safety of any individual." *See* Dkt. No. 41-1, ¶ 16, Ex. "J," RFA No. 5. However, it is well established that a property owner or occupier owes an invitee the duty to use ordinary care to maintain the premises in a reasonably safe condition. *Franconia Associates v. Clark*, 250 Va. 444 (1995). What is responsibility, if not the duty to use ordinary care in keeping the premises in a reasonably safe condition? Defendants' failure to adequately respond is unjustified.

In Request for Admission Nos. 8-10, 25-26, and 30, Plaintiff requested that Defendants admit certain facts about the unreasonably dangerous condition on the floor of the Chesapeake Outback Steakhouse that caused Plaintiff's injuries. *See* Dkt. No. 41-1, ¶ 16, Ex. "J." Defendants again asserted improper objections to Plaintiff's

definition of "Condition," arguing that Plaintiff never "identified any condition on the floor at the time of the incident." Dkt. No. 49 at 14-17. As noted above, Plaintiff's allegations regarding a defect on the floor that caused her injuries are the very basis for her claims. *See* Complaint, Dkt. No. 1-1 at 7, ¶ 31 ("the floor at the Outback Steakhouse . . . was not in a reasonably safe condition"), ¶ 32 ("slippery area on the floor"). Defendants' excuse for their refusal to adequately respond on that basis is patently frivolous.

In Request for Admission No. 15, 18, and 19, Plaintiff requested that Defendants admit facts regarding potential liability of third parties. *See* Dkt. No. 41-1, ¶ 16, Ex. "J." Even in their Opposition, Defendants claim that they have still not conducted enough discovery to adequately respond. *See* Dkt. No. 49 at 15-16. The Court should compel Defendants to supplement their response, especially since fact discovery is near its end and Defendants have had six months to conduct an inquiry since their initial responses were due. The Court should note, however, that Defendants' unreasonable delay has prejudiced Plaintiff's ability to amend her Complaint to add claims against potentially liable parties since an adequate and timely admission would lead to identification of those parties.

///

///

///

10

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Compel and Motion to Determine Sufficiency should be granted. The Court should compel Defendants to provide responsive documents and answers responsive to Plaintiff's requests, as well as grant Plaintiff's request for reasonable fees and expenses associated with the instant Motion. The Court should also compel Defendants to provide verifications for all discovery responses served thus far.

RESPECTFULLY SUBMITTED,

DATED: March 11, 2021                **CRANDALL & KATT**

By: /s/ D. Adam McKelvey, Esq.
D. Adam McKelvey, Esq. (75174)
CRANDALL & KATT
366 Elm Avenue, SW
Roanoke, VA 24016
Telephone: (540) 342-2000
Facsimile: (540) 345-3527
dmckelvey@crandalllaw.com

DATED: March 11, 2021                **HAYSBERT | MOULTRIE, LLP**
Nazareth M. Haysbert [CA SBN 294431]
(admitted pro hac vice)
nazareth@hmlaw.la
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
Tel: (310) 496-5796
Fax: (310) 760-4083

*Attorneys for Plaintiff JoAnn Wright Haysbert*

11

## CERTIFICATE OF SERVICE

*JOANN WRIGHT HAYSBERT v. BLOOMIN' BRANDS, INC., et al.,* Case No.:
4:20-cv-00121-RBS-DEM

I hereby certify that on this 11th day of March, 2021, a true and accurate copy of the foregoing was sent via email:

I served this document on the persons below:

John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDGKINS, P.C.
9990 Fairfax Blvd., Suite 400
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
*Counsel for Defendant*


DATED:      March 11, 2021      **CRANDALL & KATT**
                               By: /s/ D. Adam McKelvey, Esq.
                               D. Adam McKelvey, Esq. (75174)
                               366 Elm Avenue, SW
                               Roanoke, VA 24016
                               Telephone: (540) 342-2000
                               Facsimile: (540) 345-3527
                               dmckelvey@crandalllaw.com

                               *Attorneys for Plaintiff JoAnn Wright Haysbert*

DATED:      March 11, 2021      NAZARETH M. HAYSBERT, ESQ. [CA
                               SBN 294431] (admitted *pro hac vice*)
                               nazareth@hmlaw.la
                               **HAYSBERT | MOULTRIE, LLP**
                               4640 Admiralty Way, Suite 500
                               Marina Del Rey, California 90292
                               Tel:   (310) 496-5796
                               Fax:   (310) 760-4083

                               *Attorneys for Plaintiff JoAnn Wright Haysbert*