IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT,

       Plaintiff,

v.                            Civil Action No. 4:20-cv-121

BLOOMIN' BRANDS, INC.
And
OUTBACK STEAKHOUSE OF FLORIDA, LLC,

       Defendants.

## REVISED RULE 16(b) SCHEDULING ORDER

On March 30, 2021, the parties convened by video conference for argument on seven pending motions.  (ECF Nos. 34, 40, 37, 38, 41, 42, and 43).  The transcript of the proceedings was prepared by Federal Court Reporter Heidi Jeffreys and is available to the parties by arrangement with Ms. Jeffreys.  This Order memorializes certain rulings on the pending discovery motions, and establishes a new schedule for discovery, expert, and other pretrial disclosures.

For the reasons stated on the record, Plaintiff's Motion to Quash deposition notices and subpoenas (ECF No. 34) was TERMINATED AS MOOT.  The Defendants' Motion to Expedite (ECF No. 40) was GRANTED IN PART and resolved by the scheduling of the hearing and the rulings made by the court.

Plaintiff's Motion for Leave to Amend (ECF No. 37) and Motion to Remand (ECF No. 38) were taken under advisement and the court

1

will issue a Report and Recommendation.

Plaintiff's Motion for Sanctions Due to Spoliation of Evidence (ECF No. 42) was taken under advisement.  The parties were directed to file supplemental declarations supporting their arguments within fourteen (14) days of the hearing.  The court will issue an Order resolving the Motion for Sanctions following the supplemental submissions.

Defendants' Motion to Compel Plaintiff's Deposition and IME (ECF No. 43) was GRANTED.  The parties were directed to confer within seven days and agree on a date for Plaintiff's deposition and arrangements for a medical examination.  If the parties cannot agree, they are to submit dates from all counsel appearing in the proceedings and the court will facilitate.

With respect to Plaintiff's Motion to Compel further responses to Interrogatories, Requests for Production, and Requests for Admissions (ECF No. 41), the court reviewed the spreadsheet prepared by Plaintiff's counsel reciting objections, responses, and the basis for seeking additional response.  Pl's Mot. Compel, Exs. H, I, J (ECF No. 41-2 at 119 through 163).  The court GRANTED IN PART and DENIED IN PART Plaintiff's motion directing additional production as set forth on the record. To the extent no further production was ordered during the hearing, Plaintiff's Motion to Compel was DENIED.

As a result of discovery delays, as well as the impact of the

2

COVID-19 virus on the parties, the court also granted Plaintiff's request for an extension of discovery deadlines and ORDERED that all discovery deadlines fixed in the court's Rule 16(b) Order (ECF No. 12) are CONTINUED 60 days.  As a result, the following new deadlines are established for discovery and preparation of the Final Pretrial Order:

1.    The party having the burden of proof upon the primary issue to which potential Rule 702, 703 or 705 evidence is directed shall **identify expert witnesses** to be proffered upon such an issue by name, residence and business address, occupation and field of expertise on **April 19, 2021**.  The disclosure outlined in Rule 26(a)(2)(B) shall be made on **May 17, 2021**.  In addition to the disclosures required by Rule 26(a)(2)(B), the same disclosures shall be made on the same dates regarding all witnesses proffered by a party for the purpose of presenting evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, whose first direct contact with the case or the parties occurred subsequent to the filing of this action.  Rule 702, 703 or 705 disclosures intended solely to respond to, contradict or rebut evidence on the same subject matter disclosed by another party pursuant to paragraph (a)(2)(B) of Rule 26, or pursuant to this order, shall be made on **June 15, 2021**.  Any rebuttal disclosure by the party bearing the initial burden of proof shall be made on **July 2, 2021**, and shall be limited as to source to expert witnesses previously identified.

3

Further rebuttal to Rule 702, 703 or 705 evidence shall be permitted only by leave of court.

2. **Discovery**, except as to expert witnesses, shall be completed by **Plaintiff(s)** on or before **June 7, 2021**; by **Defendants** on or before **July 6, 2021**. "**Completed**" means that interrogatories, requests for production, and requests for admission must be served at least thirty (30) days prior to the established completion date so that responses thereto will be due on or before the completion date. All subpoenae issued for discovery shall be returnable on or before the completion date. Unrepresented parties may request subpoenae of witnesses for depositions or trial, but such requests must be accompanied by a memorandum containing the name, address and purpose of the testimony of each witness and be approved in advance of issue by a judge or magistrate judge of this court. Such approval shall not preclude any witness from contesting a summons. In accordance with Rule 5(d), depositions upon oral examination and upon written questions, interrogatories, requests for production, requests for admission, notices for depositions and production, requests for disclosure of expert information, expert information, disclosures, and answers and responses or objections to such discovery requests **shall not be filed** with the court until they are used in the proceeding or ordered filed by the court. Discovery improperly submitted will be discarded by the clerk without notice to counsel. The party taking a deposition

or obtaining material through discovery is responsible for its preservation and delivery to the court if sought to be used by any party or ordered filed.

3.    All **discovery** of experts, and all **depositions** taken by the proponent of a witness for presentation in evidence in lieu of the appearance of the witness at trial, shall be concluded on or before <u>July 12, 2021</u>.

4.    The **pretrial disclosures** required by Rule 26(a)(3) shall be **delivered** to all counsel and unrepresented parties on or before <u>July 13, 2021</u> and filed with the Court at the final pretrial conference as part of the final pretrial order.    Any objections to this disclosure shall be **delivered** to all counsel and unrepresented parties on or before <u>July 20, 2021</u>, and, if unresolved, will be heard at the final pretrial conference.    The failure to **deliver** timely objections to Rule 26(a)(3) disclosures shall constitute a waiver of the right to object.    Wherever **delivery** to counsel or unrepresented parties, as opposed to the Clerk, is required by this order, facsimile transmission or equivalent electronic transmission during normal business hours on the due date, accompanied by simultaneous service by mail, shall be considered timely.

5.    An **attorneys' conference** is scheduled in the office of counsel for plaintiff or, if the plaintiff is unrepresented, at the office of counsel for the defendant whose office is located

closest to the courthouse at Newport News on **July 26, 2021 at 2:00 p.m.** Counsel and unrepresented parties shall meet in person and confer for the purpose of reviewing the **pretrial disclosure** required by Rule 26(a)(3), preparing stipulations, and marking the exhibits to be included in the final pretrial order outlined in paragraph 7. With the exception of rebuttal or impeachment, any information required by Rule 26(a)(3) not timely disclosed, **delivered**, and incorporated in the proposed final pretrial order shall result in the exclusion of the witnesses, depositions, and exhibits which are the subject of such default.

Finally, the court has removed from the docket the presently scheduled final pretrial conference on June 1, 2021 and the jury trial on June 15, 2021. The parties are DIRECTED to confer with the District Judge's Courtroom Deputy to reset both the trial and final pretrial conference, as necessary, following resolution of the pending Motion to Remand.

IT IS SO ORDERED.

/s/
Douglas E. Miller
United States Magistrate Judge
DOUGLAS E. MILLER,
UNITED STATES MAGISTRATE JUDGE

March 31, 2021