UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| **JOANN WRIGHT HAYSBERT**, ) | |
| ) | |
| Plaintiff, ) | Case No.: 4:20-cv-00121-RBS-DEM |
| ) | |
| v. ) | **DISCOVERY MATTER** |
| ) | Assigned to |
| **BLOOMIN' BRANDS, INC., et al.** ) | Magistrate Judge Douglas E. Miller |
| ) | |
| Defendants. ) | [Filed concurrently with Declaration |
| ) | of Nazareth M. Haysbert and Exhibits |
| ) | thereto; [Proposed] Order] |

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY
DEADLINE**

This case arises from an incident which occurred at Outback Steakhouse in Chesapeake, Virginia on May 23, 2019. Plaintiff, Dr. Joann Wright Haysbert ("Dr. Haysbert"), sustained injury when she slipped and fell in the dining room of the restaurant as a result of Defendants' negligence. Plaintiff seeks compensation for her injuries and pain and suffering.

Since April 14, 2021, Plaintiff and Defendants have been engaged in scheduling and conducting depositions of Defendants' current and former employees. *See* Dkt. No. 105-1, Declaration of Nazareth M. Haysbert in Support of

1

Motion to Compel Depositions. Plaintiff sought to depose individuals with information regarding Plaintiff's slip and fall and the subsequent response and investigation, which in some respects yielded relevant information held by other individuals and most importantly demonstrated serious safety and oversight issues which led to an unsafe environment creating and contributing to the dangerous condition that caused Plaintiff's injury. As such, the need for clear information on Defendants' safety policies and procedures is paramount.

In order to frustrate Plaintiff's efforts to seek relevant discovery through depositions, Defendants filed six motions between May 5 and May 19, 2021. *See* Dkt. Nos. 78-79, 81-82, 84-85, 86-87, 88-91. In response, Plaintiff has been forced to oppose each motion and submit multiple motions of her own to preserve her discovery rights. Currently, there are eleven (11) motions[1] pending before this Court:

| Dkt. No. | Title of Motion | Briefing Status |
|---|---|---|
| 42 | Plaintiff's Motion for Sanctions Due to Spoliation of Evidence | Fully briefed. Ready for hearing. |
| 71 | Defendants' Motion for Protective Order | Ready for hearing. |
| 73, 74 | Plaintiff's Motion for Sanctions for Failure to Obey Discovery Orders | Opposed by Defendants. Ready for hearing. |
| 78, 79 | Defendants' Motion to Quash Deposition of Bloomin' Brands, Inc. | Fully briefed. Ready for hearing. |

---

[1] Note that two motions filed by Defendants are no longer of concern by the Court. Defendants' Motion to Quash the May 17, 2021 Deposition Subpoena to Lisa Crosby (Dkt. Nos. 88, 89) was resolved informally due to Plaintiff's error in serving the subpoena. Also, regarding Defendants' Motion to Compel the IME of Plaintiff (Dkt. Nos. 90, 91), Plaintiff informed Defendants that she could not attend an IME on the unilaterally noticed date, and as such the parties are in meet and confer discussions to set a date for her IME.

| 81, 82 | Defendants' Motion to Quash Depositions of Tristal Hall and Michael Bellomo | Fully briefed. Ready for hearing. |
| --- | --- | --- |
| 84, 85 | Defendants' Motion to Terminate Deposition of Lisa Crosby | Fully briefed. Ready for hearing. |
| 86, 87 | Defendants' Motion to Quash Depositions of Jackie Myers, Gallagher Bassett Services, Inc., and Safety National Casualty Corporation | Opposed by Plaintiff. Ready for hearing. |
| 92, 93 | Plaintiff's Motion to Extend Expert Discovery | Opposed by Defendants. Plaintiff's Reply due 6/8/21. |
| 98, 99 | Plaintiff's Second Motion for Sanctions Due to Spoliation of Evidence | Opposition due 6/3/21. Reply due 6/8/21. |
| 100, 101 | Plaintiff's Motion to Quash Subpoena to Hampton University | Opposed by Defendants. Plaintiff's Reply due 6/8/21. |
| 104, 105 | Plaintiff's Motion to Compel Depositions | Opposition due 6/4/21. Plaintiff's Reply due 6/10/21. |

Plaintiff's deadline to complete fact discovery is currently set for July 7, 2021. *See* Dkt. No. 75. Given the plethora of disputes before the Court at this juncture, the resulting delay of Plaintiff's noticed depositions, and the limited evidentiary record even after some of Defendants' depositions, Plaintiff is requesting that the Court extend Plaintiff's discovery cutoff date by twenty-one (21) days to accommodate briefing and hearings on the abovementioned motions.

Good cause exists to grant a limited extension of Plaintiff's fact discovery given the onslaught of filings from Defendants designed to delay and obstruct depositions in this matter, and Plaintiff's necessary motions to preserve her discovery rights. Even after conducting several depositions, Plaintiff still lacks

sufficient information concerning Defendants' safety policies and procedures and other information to be able to retain and identify expert witnesses. Moreover, Plaintiff is not prepared to provide its experts with such a limited evidentiary record and allow them to prepare expert reports by the deadline of June 16, 2021. *See* Dkt. No. 75.

Plaintiff has also attempted several times to inspect the premises of the Chesapeake Outback Steakhouse via subpoena. Thus far, Defendants have proposed no available dates for the inspection to take place. A fully-developed testimonial record, including the depositions Plaintiff seeks to compel, will also permit Plaintiff's experts to perform a focused and thorough inspection of the restaurant. Plaintiff's experts should not be required to submit their reports until all witnesses have been deposed and the premises has been inspected. The discovery cutoff, which is less than five (5) weeks away, must be extended to accommodate additional depositions and the premises inspection.

Moreover, the extension of fact discovery to allow Plaintiff to take additional depositions has been made even more necessary given the recent production by Defendant Outback Steakhouse of Florida, LLC of a floor repair work order record reflecting work requested and performed around the time of Plaintiff's fall. *See* Declaration of Nazareth M. Haysbert in Support of Plaintiff's Motion to Extend Discovery Deadline ("Haysbert Decl."), ¶¶ 2, 3, **Exs. A, B.** The record, which

appears to have been created in March 2018, two months prior to the slip and fall incident, contained the following note as a description for the work order request: **"Floor up front needs replaced / Floor not refinished correctly lots of slip and falls. When temperature changes outside it tends to collect moisture and sweat."** *Id.*, ¶ 3, **Ex. B.** Sometime in November 2018, the flooring was replaced. *Id.*

The work order record changes the entire complexion of this case. Defendants have attempted, since last August, to boil this case down to the sole issue of whether there was a dangerous condition on the floor where Plaintiff fell at the time she fell. During Plaintiff's visit, if **the floor was indeed "not refinished correctly,"** and **had become slippery due to its propensity to "collect moisture and sweat," this alone could have caused Plaintiff to slip and fall**, especially if no floor mat had been placed inside the front entrance of the restaurant.[2] Regardless, the record alone clearly indicates that Defendants had knowledge of the dangerous propensity of the flooring prior to Plaintiff's fall but did not rectify the condition until months

---

[2] Witnesses knowledgeable about the interior video surveillance cameras have indicated that the hostess stand camera was facing the interior of the front door to the restaurant, that a floor mat should have been placed at the entrance, and that, if they had checked the video feed, it would have showed whether a floor mat was in place at the time of the incident. *See* Haysbert Decl., **Ex. D**, at 90:21-25, 91:22-93:18; **Ex. E**, at 202:16-23, 294:22-295:13; **Ex. F**, at 50:5-52:11, 85:24-86:13, 218:14-219:8. This record also suggests that it may have been possible to see whether moisture or sweat had accumulated on the floor at the front of the restaurant, causing Plaintiff to slip, providing further support for Plaintiff's pending Motion for Sanctions Due to Spoliation of Evidence regarding video footage (Dkt. No. 42).

afterward. Finally, the record calls into question prior deposition testimony regarding the reasons for the flooring change, which has been wide-ranging and inconsistent. *See* Haysbert Decl., **Ex. C**, at 248:17-20; Ex. D, at 110:10-111:13; Ex. F, at 95:13-96:18.

The work order record also implicates Jackie Myers, whom Plaintiff is seeking to depose over Defendants' objections, and Nick Seifert, a Joint Venture Partner whom Plaintiff must now consider whether to depose. Either may testify as to the circumstances surrounding the work order and the reasons for its creation, as well as their employer's knowledge of the dangerous condition of the floor and the "lots of slip and falls" that were apparently caused by the condition. Additionally, Lisa Crosby's deposition must be compelled over Defendants' objections so that she may be questioned regarding the record, which seems to contradict her former testimony that "We did change the floor, but only because we got flooded and it bubbled." Haysbert Decl., ¶ 4, **Ex. C.** Finally, the depositions of Defendant Bloomin' Brands, Inc. and Michael Bellomo, its Director of Risk Management, must take place as Bloomin' Brands has access to information about the "lots of slip and falls" which necessitated the flooring replacement. Given this revelation regarding the state of the flooring of the restaurant at the time of the incident, Plaintiff's Motion to Compel Depositions should be granted, and given the interruption caused by

recent motion practice, Plaintiff's discovery deadline must be extended to accommodate those additional depositions.

Even if the Court can hear the multiple pending motions within several weeks, it will leave little time for Plaintiff to conduct any additional depositions allowed by the Court and inspect the premises of the Chesapeake Outback Steakhouse before the fact discovery cutoff. Defendants have placed substantial pressure on this already tight timeline such that Plaintiff will be prejudiced if the fact discovery deadline is not extended as an accommodation.

Thus, in conjunction with Plaintiff's separate motion to extend expert discovery by twenty-one days, Plaintiff is also seeking an Order extending the fact discovery cutoff to accommodate the disruption in Plaintiff's discovery efforts caused by the recent motion practice and Defendants' obstruction.

For all the foregoing reasons, Plaintiff respectfully requests that this Court GRANT Plaintiff's Motion and extend Plaintiff's fact discovery deadline by twenty-one (21) days.

                                            RESPECTFULLY SUBMITTED,

DATED: June 3, 2021         **CRANDALL & KATT**

                                      By: /s/ D. Adam McKelvey, Esq.
                                      D. Adam McKelvey, Esq. (75174)
                                      CRANDALL & KATT
                                      366 Elm Avenue, SW
                                      Roanoke, VA 24016

                    Telephone: (540) 342-2000
                    Facsimile: (540) 345-3527
                    dmckelvey@crandalllaw.com

DATED: June 3, 2021       **HAYSBERT | MOULTRIE, LLP**
                    Nazareth M. Haysbert [CA SBN 294431]
                    (admitted pro hac vice)
                    nazareth@hmlaw.la
                    4640 Admiralty Way, Suite 500
                    Marina Del Rey, California 90292
                    Tel: (310) 496-5796
                    Fax: (310) 496-5701

                    *Attorneys for Plaintiff JoAnn Wright Haysbert*

# **CERTIFICATE OF SERVICE**

*JOANN WRIGHT HAYSBERT v. BLOOMIN' BRANDS, INC., et al.,* Case No.: 4:20-cv-00121-RBS-DEM

I hereby certify that on this June 3, 2021, a true and accurate copy of the foregoing was sent via email:

I served this document on the persons below:

John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDGKINS, P.C.
9990 Fairfax Blvd., Suite 400
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
*Counsel for Defendant*


DATED:   June 3, 2021     **CRANDALL & KATT**
By: /s/ D. Adam McKelvey, Esq.
D. Adam McKelvey, Esq. (75174)
366 Elm Avenue, SW
Roanoke, VA 24016
Telephone: (540) 342-2000
Facsimile: (540) 345-3527
dmckelvey@crandalllaw.com

*Attorneys for Plaintiff JoAnn Wright Haysbert*

DATED:   June 3, 2021     NAZARETH M. HAYSBERT, ESQ. [CA SBN 294431] (admitted *pro hac vice*)
nazareth@hmlaw.la
**HAYSBERT | MOULTRIE, LLP**
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
Tel:   (310) 496-5796
Fax:   (310) 496-5701

*Attorneys for Plaintiff JoAnn Wright Haysbert*