# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

| | |
|---|---|
| **JOANN WRIGHT HAYSBERT**, | Case No.: 4:20-cv-00121-RBS-DEM |
| Plaintiff, | Assigned to District Court Judge |
| v. | Rebecca Beach Smith |
| **BLOOMIN' BRANDS, INC., et al.** | [Filed concurrently with Notice; Declaration of Nazareth M. Haysbert |
| Defendants. | [Proposed] Order] |

## MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF DISCOVERY DEADLINE

### I. INTRODUCTION

This case arises from an incident which occurred at Outback Steakhouse in Chesapeake, Virginia on May 23, 2019. Plaintiff, Dr. Joann Wright Haysbert ("Dr. Haysbert"), sustained injury when she slipped and fell in the dining room of the restaurant as a result of Defendants' negligence. Plaintiff seeks compensation for her injuries and pain and suffering.

Plaintiff now moves the Court on an emergency basis for an Order extending Plaintiff's current discovery deadline from July 7, 2021, to at least, July 23, 2021, based on the good cause set forth below.

## II.    RELEVANT BACKGROUND

### A.    Depositions of Nineveh Haysbert and Christina Crowell

On June 25, 2021, Plaintiff served Nineveh Haysbert and Christina Crowell with deposition subpoenas. Declaration of Nazareth M. Haysbert in Support of Plaintiff's Second Emergency Motion for Extension of Discovery Deadline ("Haysbert Decl."), ¶ 2. Nineveh Haysbert, Plaintiff's daughter who accompanied her to the Chesapeake Outback Steakhouse at the time the slip and fall occurred, was scheduled to be deposed July 6, 2021, at 8:00 a.m. *Id.*, **Ex. A.** Christina Crowell, a former employee of Defendant Outback Steakhouse of Florida, LLC who was on duty at the time of the incident, was scheduled to be deposed July 7, 2021, at 1:00 p.m. *Id.*, **Ex. B.**

Just prior to her deposition, Plaintiff's counsel was informed by Nineveh Haysbert that she had suffered a sudden medical emergency and would not be able to attend her deposition. *Id.*, ¶ 3. Plaintiff's counsel informed Defendants' counsel and requested that the parties stipulate to continuing her deposition to the following week. *Id.*, ¶ 4, **Ex. C.** On July 7, 2021, Plaintiff's counsel spoke with Christina Crowell via telephone, who represented that she had never received the deposition

2

subpoena, despite that Plaintiff's counsel had obtained a completed proof of service. *Id.*, ¶ 5, **Ex. D.** Plaintiff's counsel then emailed Defendants' counsel requesting a stipulation to continue Christina Crowell and Nineveh Haysbert's depositions, and requested that Defendants' counsel respond by close of business. *Id.*, ¶ 6, **Ex. E.** No substantive response to Plaintiff's request for a stipulation was received. *Id.*, ¶ 7.

    **B.    Extension Of Return Date For City Of Chesapeake Subpoena And New Information Regarding Flooring**

On July 15, 2021, the Court held a hearing on multiple pending motions, and took under advisement Plaintiff's motion to extend discovery deadlines (Dkt. 114). The Court initially granted only a limited extension of discovery for the sole purpose of allowing Plaintiff to take a two-hour deposition of the person most knowledgeable about the flooring repair work order of Defendant Outback Steakhouse of Florida, LLC, such deposition to take place by July 15, 2021. *See* Dkt. No. 116-1, Transcript.

On June 25, 2021, Plaintiff attempted to have document subpoenas personally served on the City of Chesapeake and its Department of Development and Permits for information related to inspections of the flooring of the subject restaurant. Haysbert Decl., ¶ 8. Plaintiff's counsel was informed that the City refused to accept service on that date. *Id.* Plaintiff effectively served the subpoena on June 30, 2021. *Id.*, ¶ 9; Dkt. No. 142-1. On July 6, 2021, the City of Chesapeake filed a Motion to modify the return date of the subpoena. Dkt. No. 141. The Court granted the motion

on July 7, 2021, and extended the City's deadline to respond to July 22, 2021. Dkt. No. 143.

On July 7, 2021, Plaintiff deposed Nick Seifert, the Joint Venture Partner for the Chesapeake Outback Steakhouse and several other regional restaurants. *Id.*, ¶ 10, **Ex. F.** Mr. Seifert testified that he was involved somewhat in the flooring replacement conducted in late 2018, but could not confirm Performance Flooring (listed on the work order) as the contractor who performed the work. *Id.* He vaguely mentioned that an individual named Tony Snider and a company called Tamerlane Flooring were involved. *Id.* Furthermore, Plaintiff has been unable to locate or serve a document subpoena on "Performance Flooring." *Id.*, ¶ 11.

### III. STANDARD OF REVIEW

Fed. R. Civ. Proc. 16(b)(4) provides that a court's scheduling order may be modified for good cause. *See also* E.D. Va. Local Civil Rule 7(G). The "touchstone" of the good cause requirement is diligence. *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020). The party seeking an extension must show that, despite due diligence, it could have not reasonably met the scheduled deadlines. *Southern v. Bishoff*, 675 F. App'x 239, 249 (4th Cir. 2017). *See also Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997)) ("Rule 16(b) does not focus on the bad faith of the movant,

or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order . . ..") (citations omitted).

## III. GOOD CAUSE EXISTS TO GRANT PLAINTIFF'S REQUEST ON AN EXPEDITED BASIS

### A. Nineveh Haysbert and Christina Crowell's Depositions Must Take Place On Dates Past The Current Discovery Deadline

Given the unexpected medical emergency of Nineveh Haysbert, and the inexplicable confusion by Christina Crowell regarding service of Plaintiff's deposition subpoena, the depositions of two important percipient witnesses could not be completed by Plaintiff's current discovery deadline of July 7, 2021, the date of filing the instant emergency motion. Nineveh Haysbert was willing and able to testify but for her unexpected medical emergency. Separately, Plaintiff can confirm Christina Crowell was duly served with the deposition subpoena, but apparently claims she has not seen it.

Despite Plaintiff's due diligence in ensuring proper service of the deposition subpoenas and following up with the deponents regarding the specifics of their respective depositions, both witnesses did not appear to be deposed on the noticed dates. As such, their depositions must be rescheduled for dates which are past the current discovery deadline for Plaintiff. Plaintiff's counsel has attempted to meet and confer with Defendants' counsel to reschedule the depositions without Court

5

intervention, but Defendants' counsel has refused to respond to Plaintiff's stipulation request.

### B. Plaintiff Must Be Allowed To Fully Explore The Condition Of The Floor Of The Chesapeake Outback Steakhouse At The Time Of The Incident

Since the hearing on June 15, 2021, the Court has recognized that Plaintiff should be allowed additional discovery time regarding issues raised by the work order, which was not produced to Plaintiff until June 2, 2021, including the condition of the floor at the time of the incident, the identities of the requester and flooring contractor who replaced the floor, and the underlying reasons for the replacement. Despite the myriad issues raised by this key document that was produced by Defendants **with only one-month remaining in Plaintiff's discovery period,** the Court only allowed Plaintiff to conduct a two-hour deposition of Outback's person most knowledgeable regarding the work order, such deposition to take place by July 15, 2021.

The Court's willingness to grant additional discovery time, except as requested by Plaintiff in prior motions, is evidenced by the Court's approval of the City of Chesapeake's Motion to Modify Subpoena Duces Tecum (Dkt. 141) to require a return date of July 22, 2021 (Dkt. 143). Rather than continue to impose strictly limited extensions, Plaintiff now requests that the Court open Plaintiff's discovery to fully explore the flooring issues.

6

Despite Plaintiff's diligence, questions regarding the work order remain unanswered. Further, new inconsistencies have arisen which necessitate additional discovery time. Since June 25, 2021, Plaintiff has been unable to locate or serve "Performance Flooring," the company listed on the work order as the contractor who performed the floor replacement. Plaintiff inquired about this with Nick Seifert, a Joint Venture Partner for Defendant Outback, who did not recognize "Performance Flooring" on the document and vaguely referenced Tony Snider and Tamerlane Flooring as parties who were involved in the replacement, whom Plaintiff now must investigate and subpoena for additional relevant information. Having exhausted all avenues, Plaintiff now finds herself at the discovery deadline with conflicting information regarding the work order, which goes directly to the heart of Plaintiff's claim regarding the unsafe condition of the floor.

Despite the testimony of Nick Seifert, Defendants only witness Plaintiff has had the chance to depose since the late disclosure of the work order, the following significant questions remain, or were raised by Mr. Seifert's testimony:

- The identity of the vendor who performed the flooring replacement at the Chesapeake Outback Steakhouse in 2018, whether Performance Flooring, Tony Snider, Tamerlane Flooring, or some other unidentified contractor;

- The role of Tony Snider in the flooring work;

- The existence of a written agreement or separate work order to repair a water leak, separate from the work order for the entire floor replacement;

7

- The identity of the Outback employee who reported the flooring issues, whether due to water leakage or "lots of slip and falls" as indicated in the work order;

- The existence and nature of correspondence between Outback employees, including Nick Seifert, and Tony Snider;

- Whether, prior to Plaintiff's slip and fall, the floor was "finished" or "refinished," and the quality of the finishing or refinishing;

- The identity of the person who made the decision to replace the floor in 2018;

- The exact cost to replace the floor;

- The role and knowledge of Theresa Matthews, Regional Facilities Manager for Defendant Bloomin' Brands, Inc., in the 2018 flooring replacement, and her knowledge of the basis for the work order request, including the number of slip and falls evident on the face of the work order;

- The extent of Alicia Eleftherion's, or any other employee or manager's knowledge of the work order;

- The identity of the person who originally requested the work order, likely a manager of the Chesapeake Outback Steakhouse, and their knowledge of "lots of slip and falls;"

- The existence and nature of correspondence between any Outback or Bloomin' Brands employees regarding the work order and floor replacement;

- The specific area of the floor described in the work order as "floor up front" that needed replacement due to "lots of slip and falls;"

- Why the whole floor was replaced as opposed to the allegedly water-damaged portion; and

8

- Whether the risk management department of Defendant Bloomin' Brands was aware of the slip and fall data for the subject restaurant, and whether the restaurant maintained such data.

## IV. **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that this Court GRANT Plaintiff's Motion and extend Plaintiff's fact discovery deadline related to subpoenas, and the depositions of Ms. Haysbert and Ms. Crowell, to at least July 23, 2021.

RESPECTFULLY SUBMITTED,

DATED: July 7, 2021             **CRANDALL & KATT**

By: /s/ D. Adam McKelvey, Esq.
D. Adam McKelvey, Esq. (75174)
CRANDALL & KATT
366 Elm Avenue, SW
Roanoke, VA 24016
Telephone: (540) 342-2000
Facsimile: (540) 345-3527
dmckelvey@crandalllaw.com

DATED: July 7, 2021             **HAYSBERT | MOULTRIE, LLP**
Nazareth M. Haysbert [CA SBN 294431]
(admitted pro hac vice)
nazareth@hmlaw.la
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
Tel: (310) 496-5796
Fax: (310) 496-5701

*Attorneys for Plaintiff JoAnn Wright Haysbert*

9

## **CERTIFICATE OF SERVICE**

*JOANN WRIGHT HAYSBERT v. BLOOMIN' BRANDS, INC., et al.,* Case No.: 4:20-cv-00121-RBS-DEM

      I hereby certify that on this July 7, 2021, a true and accurate copy of the foregoing was sent via email:

I served this document on the persons below:

John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Nicholas J. Lawrence, VSB No. 76964
nlawrence@bmhjlaw.com
Anna G. Zick  VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDGKINS, P.C.
9990 Fairfax Blvd., Suite 400
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
*Counsel for Defendant*


DATED:   July 7, 2021     **CRANDALL & KATT**
                                       By: /s/ D. Adam McKelvey, Esq.
                                       D. Adam McKelvey, Esq. (75174)
                                       366 Elm Avenue, SW
                                       Roanoke, VA 24016
                                       Telephone: (540) 342-2000
                                       Facsimile: (540) 345-3527
                                       dmckelvey@crandalllaw.com

DATED:   July 7, 2021     NAZARETH M. HAYSBERT, ESQ. [CA SBN 294431] (admitted *pro hac vice)*
                                       *nazareth@hmlaw.la*
                                       **HAYSBERT | MOULTRIE, LLP**
                                       4640 Admiralty Way, Suite 500
                                       Marina Del Rey, California 90292
                                       Tel:   (310) 496-5796
                                       Fax:  (310) 496-5701

                                   *Attorneys for Plaintiff JoAnn Wright Haysbert*