# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

| | |
|---|---|
| **JOANN WRIGHT HAYSBERT**, | Case No.: 4:20-cv-00121-RBS-DEM |
| Plaintiff, | Assigned to |
| | Magistrate Judge Douglas E. Miller |
| v. | |
| **BLOOMIN' BRANDS, INC., et al.** | |
| Defendants. | |

## MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO RE-OPEN FACT DISCOVERY AND EXTEND EXPERT DISCOVERY DEADLINES

///

///

///

# **TABLE OF CONTENTS**

I.   INTRODUCTION AND RELEVANT BACKGROUND ................................1

II.  AUTHORITY ........................................................................................................3

III. GOOD CAUSE EXISTS TO RE-OPEN FACT DISCOVERY TO CONDUCT SPECIFIC, LIMITED DISCOVERY REGARDING THE WORK ORDER .....4

    A.  Plaintiff Must Depose Theresa Matthews, Or A Rule 30(b)(6) Witness Designated by Defendant Bloomin' Brands, Inc. With Information Regarding The Work Order And Floor Replacement ......................................4

    B.  Plaintiff Must Depose Jackie Myers Because She Had Responsibility For Handling The Work Order And Has Relevant Knowledge..............................5

    C.  Plaintiff Must Subpoena Relevant Documents From Service Channel ...........6

    D.  Plaintiff Must Identify, Locate, and Subpoena Relevant Documents From The Flooring Contractor .................................................................................7

    E.  Plaintiff Must Identify, Locate, and Subpoena Relevant Documents From The Third-Party Cleaning Company Responsible For Overnight Cleaning Of The Subject Location During The Relevant Time Period ..............................8

    F.  Plaintiff Must Re-Open The Depositions Of Lisa Crosby and Alicia Eleftherion .........................................................................................................9

IV.  GOOD CAUSE EXISTS TO EXTEND PLAINTIFF'S FACT AND EXPERT DISCOVERY DEADLINES .............................................................................11

V.   CONCLUSION....................................................................................................12

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Ciena Corp. v. Nortel Networks Inc.*, 233 F.R.D. 493, 494 (E.D. Tex. 2006) .......... 3

*Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ........................................................... 3

*Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020) ................ 3

*Gemini Ins. Co. v. Sirnaik, LLC*, 2019 U.S. Dist. LEXIS 146224, at *7 (S.D. W. Va. Aug. 28, 2019) ....................................................................................................... 9

*Patterson v. Yeager*, 2015 U.S. Dist. LEXIS 149853, at *9 (S.D.W. Va. Nov. 4, 2015) ..................................................................................................................... 9

*S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) 3

*Southern v. Bishoff*, 675 F. App'x 239, 249 (4th Cir. 2017) ....................................... 3

**Rules**

Fed. R. Civ. P. Rule 16(b)(4) ...................................................................................... 3

Fed. R. Civ. P. Rule 30(a)(2)(A)(ii) ............................................................................ 9

Fed. R. Civ. P. Rule 26(b)(1), (2) ............................................................................... 9

E.D. Va. Local Civil Rule 16(B) ................................................................................ 3

## I.     INTRODUCTION AND RELEVANT BACKGROUND

On June 2, 2021, Defendants produced a work order request at the Chesapeake Outback Steakhouse dated two months prior to Plaintiff's slip and fall. *See* Dkt. No. 137. The work order noted that the "[f]loor up front" needed to be replaced because it was "not refinished correctly" and had caused "lots of slip and falls" due to a tendency to "collect moisture and sweat." Dkt. No. 137-2, Ex. G.

At a hearing on June 15, 2021, the Court advised that it would entertain Plaintiff's request to re-open or take additional depositions, and grant additional time to do so, if necessary. *See* Dkt. No. 132-2, at 78. Most recently, during an informal conference conducted on the record at Marcus Wilson's deposition, the Court indicated it had not foreclosed the possibility of granting Plaintiff additional discovery time into the work order, so long as the discovery appears tailored to obtaining relevant evidence. Haysbert Decl., **Ex. B**, at 39:14-17; 40:10-15.

As expected, recent depositions have identified additional discovery needed by Plaintiff to prove her claims, including the nature of the defective condition that caused her fall, primarily driven by the work order. On July 6, 2021, Plaintiff took the deposition of Nick Seifert, Joint Venture Partner for Defendant Outback Steakhouse of Florida, LLC, with authority over the Hampton Roads area, including the Chesapeake location. On July 15, 2021, Plaintiff took the deposition of Marcus Wilson, former salary manager at the Chesapeake Outback Steakhouse, who was

produced by Defendants to testify regarding the work order, which he submitted. Mr. Seifert and Mr. Wilson specifically identified Theresa Matthews, Jackie Myers, Alicia Eleftherion, Service Channel, and the unknown flooring contractor, as sources of relevant information regarding the work order.

Plaintiff now moves the Court to re-open Plaintiff's fact discovery period for a reasonable amount of time to conduct specific, limited discovery regarding the work order, and to extend Plaintiff's deadline for disclosure of liability experts and expert reports accordingly with the new discovery period.

Through the instant Motion, Plaintiff requests the following relief:

1. Re-open Plaintiff's fact discovery to conduct specific discovery regarding the work order;
2. Allow Plaintiff to conduct the following discovery:
   a. Depose Theresa Matthews, regional facilities manager for Bloomin' Brands, through FRCP Rule 30(b)(1) or 30(b)(6);
   b. Depose Jackie Myers, regional vice president for Outback;
   c. Subpoena documents from Service Channel, the third-party company who received the work order request;
   d. Subpoena documents from the third-party contractor who performed the work described in the work order;
   e. Subpoena documents from the third-party cleaning company that was responsible for nightly cleaning of the subject location;
   f. Re-open the deposition of Lisa Crosby;
   g. Re-open the deposition of Defendant Outback Steakhouse of Florida, LLC, through its Rule 30(b)(6) witness Alicia Eleftherion; and
3. Extend Plaintiff's deadline to serve liability expert reports.

///

## II. <u>AUTHORITY</u>

The deadlines prescribed by a scheduling order may only be extended for good cause. *See* Fed. R. Civ. P. Rule 16(b)(4); E.D. Va. Local Civil Rule 16(B). The "touchstone" of the good cause requirement is diligence. *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020). The party seeking an extension must show that, despite due diligence, it could have not reasonably met the scheduled deadlines. *Southern v. Bishoff*, 675 F. App'x 239, 249 (4th Cir. 2017); *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997)).

Courts have broad discretion to grant extensions or continuances by considering four elements: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Ciena Corp. v. Nortel Networks Inc.*, 233 F.R.D. 493, 494 (E.D. Tex. 2006) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003)).

///

///

///

III. **GOOD CAUSE EXISTS TO RE-OPEN FACT DISCOVERY TO CONDUCT SPECIFIC, LIMITED DISCOVERY REGARDING THE WORK ORDER[1]**

   A. **Plaintiff Must Depose Theresa Matthews, Or A Rule 30(b)(6) Witness Designated by Defendant Bloomin' Brands, Inc. With Information Regarding The Work Order And Floor Replacement**

Theresa Matthews is the regional facilities manager for Defendant Bloomin' Brands, Inc. Haysbert Decl., **Ex. C.** Nick Seifert and Marcus Wilson identified Ms. Matthews as having a wealth of relevant information regarding the work order. As such, Ms. Matthews is likely the most important source of relevant information.

Bloomin' Brands' facilities department handles work orders, including those for floor repairs and replacements. *Id.*, **Ex. A**, at 68:13-69:8. As a regional manager with authority over the Chesapeake location, Ms. Matthews was directly involved in handling the work order at issue. *Id.*, **Ex. A**, 102:13-103:9. She communicated directly with Mr. Seifert and managers at the location regarding the work order. *Id.*, at 84:24-85:4; 86:5-16; 88:8-12. She has knowledge whether the floor was replaced due to a water leak or due to "lots of slip and falls" described in the work order. *Id.*, at 146:17-147:12; 150:12-151:23; 254:10-13. She would know the difference between the flooring material used before and after the replacement and be able to

---

[1] Plaintiff's liability experts support Plaintiff's request for a limited discovery extension to conduct the specific discovery identified herein. *See* Declaration of Randall Atlas, at ¶ 5.

4

establish the propriety of "treating" or "refinishing" the floor. *Id.*, at 232:1-14; 262:3-16. She would know the identity of the particular flooring contractor who performed the work, which Plaintiff has been unable to identify or locate. *Id.*, at 79:8-23; 99:23-102:12. She would have knowledge of proper cleaning methods for the old and new floors. *Id.*, at 232:15-19. She would also be able to provide clarity as to the date the floor replacement was actually completed, given the uncertain testimony on this subject. *Id.*, **Ex. A**, at 104:13-105:17; 107:23-108:8; **Ex. B**, at 86:14-20; 95:7-9.

    **B**. **Plaintiff Must Depose Jackie Myers Because She Had Responsibility For Handling The Work Order And Has Relevant Knowledge**

Jackie Myers is the Regional Vice President with authority over the Chesapeake Outback Steakhouse. Marcus Wilson testified that Ms. Myers is ultimately responsible for handling the work order and may have approved it. *Id.*, **Ex. B**, at 38:16-39:1; 59:6-60:1. Mr. Wilson testified that once he submitted the work order, his responsibilities ended, and it was the responsibility of his superiors to ensure the work was completed. *Id.*, at 100:13-25; 127:5-10. The deflection of responsibility exhibited by Mr. Wilson (*see* **Ex. B**, at 71:4-72:6) is characteristic of many witnesses Plaintiff has deposed. For months, Plaintiff has maintained that Ms. Myers' position involved a high degree of responsibility. *See, e.g.,* Dkt. No. 105, at

20. Now, given Mr. Wilson's testimony, and considering that Ms. Myers' name appears on the work order, it is ever more apparent that she has relevant information.

### C. Plaintiff Must Subpoena Relevant Documents From Service Channel

In his capacity as salary manager during the relevant time period, Marcus Wilson used an app called Service Channel to place work orders, including the work order at issue, and that the work order went through various individuals, including Nick Seifert, Theresa Matthews, and Jackie Myers, who are ultimately responsible for ensuring the work is done, if necessary. *Id.*, **Ex. B**, at 37:17-39:1. Mr. Wilson's deposition was the first time Plaintiff learned of the app, as well as the potentially relevant knowledge held by Service Channel and other individuals with authority to access the work order submitted to the app, including Jackie Myers. *See id.*, at 54:12-55:20; 56:15-58:1; 58:2-18.

Plaintiff must subpoena Service Channel to produce any relevant documents regarding the work order at issue. The company would know the identity of the flooring contractor, which Plaintiff has yet to identify or locate. *Id.*, at 58:20-59:2. The company would necessarily have relevant information regarding the work order at issue, the reasons for its request, the request and completion dates, and the nature and extent of work done.

///

### D. Plaintiff Must Identify, Locate, and Subpoena Relevant Documents From The Flooring Contractor

Plaintiff has been unable to locate or identify the particular flooring contractor who performed the floor repair or replacement. *See* Haysbert Decl., ¶ 5, **Ex. D**. Due to inconsistent information between the work order,[2] testimony of witnesses, and information from a representative of a similarly named contractor in the local area,[3] Plaintiff cannot confirm the correct entity. Moreover, Nick Seifert suggested the flooring contractor could be "Tammerlane Flooring," and that an individual named Tony Snider was also directly involved. *Id.*, **Ex. A**, at 39:1-40:22; 52:12-54:16; 83:1-7; 216:25-217:9; 231:11-15.

Plaintiff needs to identify and locate the actual flooring contractor, as well as Tony Snider, to subpoena documents relevant to the work order. The contractor(s) would have knowledge of the particular flooring materials used before and after the replacement, the quality of those materials, whether they were "treated" or "refinished" to protect against slip and falls, and the proper cleaning methods to implement with regard to the floor. *Id.*, at 146:17-147:12; 150:12-151:23; 232:15-

---

[2] *See* Dkt. No. 137-2, Ex. G. The work order identifies "Performance Flooring LLC" as the contractor who performed the work.

[3] *See* Haysbert Decl., **Ex. D.**

7

233:24; 239:12-19. Plaintiff would also request any written agreement for the work performed. *Id.*, at 231:16-23.

### E. Plaintiff Must Identify, Locate, and Subpoena Relevant Documents From The Third-Party Cleaning Company Responsible For Overnight Cleaning Of The Subject Location During The Relevant Time Period

Mr. Wilson testified that a third-party cleaning company was responsible for cleaning the floors of the subject location during the relevant time period. *Id.*, **Ex. B**, at 74:8-75:5; 84:5-85:4. The cleaning company should have known or been made aware of the proper cleaning methods established in Defendants' policies and the proper chemicals to use in cleaning the floors. *Id.*, at 70:19-71:3; 132:12-133:11. Mr. Wilson may have provided specific instructions to the cleaning company regarding the issues he raised in the work order, in order to remedy the problem he perceived about the floor tending to collect moisture and sweat. *Id.*, at 143:3-8.

Documentation from this cleaning company will be critical to determining whether the floor was in a dangerous condition. If the floor was improperly cleaned, it may have become more slippery with the application of moisture, as the work order suggests. Plaintiff's experts have specifically requested this information to use in developing their opinions. *See* Declaration of Randall Atlas ("Atlas Decl."), at ¶¶ 5-6.

///

F. **Plaintiff Must Re-Open The Depositions Of Lisa Crosby and Alicia Eleftherion**

"In general, leave to reopen a deposition is appropriate if the topics to be discussed fall within the scope of permissible discovery and are neither duplicative nor obtained more easily from another source or using another method." *Gemini Ins. Co. v. Sirnaik, LLC*, 2019 U.S. Dist. LEXIS 146224, at *7 (S.D. W. Va. Aug. 28, 2019) (citing Fed. R. Civ. P. Rule 30(a)(2)(A)(ii); Rule 26(b)(1), (2)) (other citation omitted). "Courts have reopened a deposition where a witness was inhibited from providing full information at the first deposition or where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition." *Patterson v. Yeager*, 2015 U.S. Dist. LEXIS 149853, at *9 (S.D.W. Va. Nov. 4, 2015) (internal quotation marks omitted).

The work order was produced on June 2, 2021, after the depositions of Lisa Crosby and Outback Steakhouse's Person Most Knowledgeable, Alicia Eleftherion, were taken. The Court recognized that the late production warranted additional discovery and sufficient time to do so, which could include re-opening depositions. *See* Dkt. No. 132-2, at 78. Lisa Crosby and Alicia Eleftherion were questioned generally about work performed on the flooring of the subject location. However, the witnesses did not provide full information on this issue because of the lack of documentation. Now that the work order, and new information from Marcus Wilson

9

and Nick Seifert, have come to light, new questions have been triggered which did not occur to Plaintiff initially. *See* Haysbert Decl., ¶¶ 6-7; Atlas Decl., ¶ 7.

Lisa Crosby clearly has relevant information regarding the work order, which was not available when she was first deposed. Mr. Seifert described a water leak at the restaurant in or about August 2018, after which the entire wood floor was replaced. *Id.*, **Ex. A**, at 39:1-40:22. Ms. Crosby testified vaguely about a "flood," but also indicated that Mr. Seifert had ordered a separate floor replacement near the To-Go room on the complete opposite side of the restaurant from where the water leak occurred. *Id.*, **Ex. E**, at 248:17-249:19; 253:9-254:13.

Plaintiff must also re-open the deposition of Alicia Eleftherion, Outback's Rule 30(b)(6) witness. Marcus Wilson testified that Ms. Eleftherion would know the exact date when the floor replacement was completed, as she was the managing partner at the time. *Id.*, **Ex. B**, at 58:19-60:1. However, she has provided inconsistent information regarding the timing and reasons for the floor replacement. In particular, Ms. Eleftherion testified that she requested the floor replacement for aesthetic purposes only, and gave no mention of a water leak suggested by Mr. Seifert, or improper refinishing or a tendency to collect moisture and sweat described by Mr. Wilson in the work order. *Id.*, **Ex. F**, at 95:13-96:18. Ms. Eleftherion must be questioned further about the work order, including what she knew about it, since it was not available at the time of her original deposition.

## IV. GOOD CAUSE EXISTS TO EXTEND PLAINTIFF'S FACT AND EXPERT DISCOVERY DEADLINES

Plaintiff's liability experts require specific information regarding the work order and flooring to support their opinions. Since this discovery will impact Plaintiff's expert deadline set for August 2, 2021, Plaintiff requests that the Court extend this deadline accordingly with the re-opened fact discovery period.

The following information is vital to Plaintiff's experts' opinions: what chemicals were used to clean the wood floor; training provided by Defendants related to use of cleaning chemicals; procedures and practices for cleaning and polishing the floor; whether employees were given physical copies of cleaning policies during training, signed those copies, and included them in their employee files; whether Outback used separate mops to clean the kitchen and dining room floors; and whether notice was given to employees or patrons regarding the defective floor after the work order was submitted. *See* Atlas Decl., at ¶ 6.

Plaintiff intends to seek discovery of this information through the methods identified herein. Regardless, Plaintiff's liability experts should have the opportunity to consider all facts elicited in further depositions and subpoena production to provide complete opinions on causation, namely, that the defective condition of the floor, as indicated by the work order, and the failure to warn customers of the defective condition, ultimately caused Plaintiff's injuries. Atlas

Decl., at ¶ 3. The experts have also requested an extension of the expert report deadline in order to fully analyze all documents relevant to their opinions regarding the defective condition of the floor. Atlas Decl., at ¶ 4. Critically, one of Plaintiff's experts will not be able to provide any opinions if the extension is not granted. Atlas Decl., at ¶ 4. As such, Plaintiff requests the Court extend the deadline for production of liability expert reports.

## V.     CONCLUSION

As the Court has recognized, the disclosure of the work order by Defendants has raised many questions and necessitated additional discovery. The late disclosure[4] left Plaintiff insufficient time to fully explore the circumstances surrounding the work order prior the deadline. Although the Court allowed a two-hour deposition of Marcus Wilson, the author of the work order, Mr. Wilson deflected responsibility and was not able to provide the information originally contemplated by the Court. Notwithstanding, Mr. Wilson, along with Nick Seifert, identified additional sources of relevant discovery on this issue. Despite Plaintiff's diligence, the evidentiary record regarding the work order and floor replacement could not be completed by the Court's deadline, even with a limited extension to take Mr. Wilson's deposition.

---

[4] Plaintiff notes that the work order was disclosed just one month before Plaintiff's discovery deadline and after Plaintiff had already taken many depositions, when it should have been disclosed in October 2020, when Defendants responded to Plaintiff's first set of discovery.

As demonstrated above, recent depositions have revealed sources for discovery regarding the work order and floor replacement. Plaintiff has outlined a specific list of discovery needed to prove her claims. The importance of this information is clear. The work order has changed the entire complexion of this case in that it disclosed an inherent, dangerous defect in the flooring which may have caused Plaintiff's slip and fall and resulting injuries. The requested discovery is designed to seek answers to questions which Defendants and their witnesses have failed to provide.

If Plaintiff's requested relief is not granted, Plaintiff will be severely prejudiced in being denied access to relevant information to prove that the floor was defective. The Court has discretion and authority to cure this prejudice by re-opening fact discovery for a limited time on a specific set of issues and extending the expert disclosure deadlines.

///

///

///

///

///

///

For all the foregoing reasons, Plaintiff respectfully requests that this Court GRANT Plaintiff's Motion and re-open Plaintiff's fact discovery for a reasonable amount of time, and extend the deadline for disclosure of Plaintiff's liability experts and their reports accordingly with the new limited discovery period.

                              RESPECTFULLY SUBMITTED,

DATED: July 30, 2021        **CRANDALL & KATT**

                              By: /s/ D. Adam McKelvey, Esq.
                              D. Adam McKelvey, Esq. (75174)
                              CRANDALL & KATT
                              366 Elm Avenue, SW
                              Roanoke, VA 24016
                              Telephone: (540) 342-2000
                              Facsimile: (540) 345-3527
                              dmckelvey@crandalllaw.com

DATED: July 30, 2021        **HAYSBERT | MOULTRIE, LLP**

                              Nazareth M. Haysbert [CA SBN 294431]
                              (admitted pro hac vice)
                              nazareth@hmlaw.la
                              4640 Admiralty Way, Suite 500
                              Marina Del Rey, California 90292
                              Tel: (310) 496-5796
                              Fax: (310) 496-5701

                            *Attorneys for Plaintiff JoAnn Wright Haysbert*

# **CERTIFICATE OF SERVICE**

*JOANN WRIGHT HAYSBERT v. BLOOMIN' BRANDS, INC., et al.,* Case No.: 4:20-cv-00121-RBS-DEM

 I hereby certify that on this July 30, 2021, a true and accurate copy of the foregoing was sent via email:

I served this document on the persons below:

John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Nicholas J. Lawrence, VSB No. 76964
nlawrence@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDGKINS, P.C.
9990 Fairfax Blvd., Suite 400
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
*Counsel for Defendant*

DATED: July 30, 2021  **CRANDALL & KATT**
            By: /s/ D. Adam McKelvey, Esq.
            D. Adam McKelvey, Esq. (75174)
            366 Elm Avenue, SW
            Roanoke, VA 24016
            Telephone: (540) 342-2000
            Facsimile: (540) 345-3527
            dmckelvey@crandalllaw.com

DATED: July 30, 2021  NAZARETH M. HAYSBERT, ESQ. [CA SBN 294431] (admitted *pro hac vice)*
            nazareth@hmlaw.la
            **HAYSBERT | MOULTRIE, LLP**
            4640 Admiralty Way, Suite 500
            Marina Del Rey, California 90292
            Tel: (310) 496-5796
            Fax: (310) 496-5701

    *Attorneys for Plaintiff JoAnn Wright Haysbert*