UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**JOANN WRIGHT HAYSBERT,**

      **Plaintiff,**

v.                                                                          CIVIL NO. 4:20cv121

**BLOOMIN' BRANDS, INC., et al.,**

      **Defendants.**

### ORDER

This matter comes before the court on the Plaintiff's "Notice of Objections and Request for Review of Magistrate Judge's Order Denying Plaintiff's Motions for Sanctions Due to Spoliation of Evidence," filed on July 23, 2021. ECF No. 152.

### I.

On February 19, 2021, and May 20, 2021, respectively, the Plaintiff filed the "Motion for Sanctions Due to Spoliation of Evidence," and the "Second Motion for Sanctions Due to Spoliation of Evidence" ("Spoliation Motions"). ECF Nos. 42, 98. In the first Motion, the Plaintiff seeks an adverse inference and jury instruction based on the Defendants' alleged failure to preserve video recordings that she says would show have shown the slip and fall that is the subject of this litigation. ECF No. 42. In the second Motion, the Plaintiff requests another adverse inference due to her inability to retrieve metadata from cell phone photos

that were taken by an employee of Defendant Outback Steakhouse shortly after the Plaintiff's fall. ECF No. 98.

In an Order entered on July 7, 2021, Magistrate Judge Miller denied the Spoliation Motions, finding that the Plaintiff had failed to demonstrate the relevance of the missing evidence[1] and that the Defendants did not act with intent to deprive the Plaintiff of evidence at trial. ECF No. 145.

## II.

Following a magistrate judge's ruling on a non-dispositive motion, "a party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. A ruling is contrary to law if the magistrate judge makes an error on "a pure issue of law." PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010). With respect to fact issues, the court applies the "clearly erroneous" standard. See Sky Angel U.S., LLC v. Discovery Commc'ns, LLC, 28 F. Supp. 3d 465, 479 (D. Md. 2014). Under this standard:

> the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions

---

[1] In particular, Magistrate Judge Miller found that the security footage sought by the Plaintiff would not have shown the Plaintiff's fall because the camera was pointed away from the location inside the restaurant where the Plaintiff fell. ECF No. 145 at 15-16.

2

>  for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence. It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge.

Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda, 390 F. Supp. 2d 479, 486 (D. Md. 2005) (citations omitted) (internal quotation marks omitted).

Magistrate Judge Miller did not commit any error of law in ruling on the Spoliation Motions. See ECF No. 145 at 8-10 (accurately summarizing the law applicable to spoliation motions); id. at 10-21 (applying that law to the facts of this case). Therefore, the court reviews only for clear error. See Fed. R. Civ. P. 72(a); Sky Angel U.S., LLC, 28 F. Supp. 3d at 479. The court concludes Magistrate Judge Miller reasonably found, with support in the record, that (1) the evidence at issue is electronically stored information ("ESI") that cannot be replaced or restored under Fed. R. Civ. P. 37; (2) the Defendants had no duty to preserve the lost evidence; (3) the lost evidence is not relevant to the issues in this case; and (4) the Defendants did not intend to deprive the Plaintiff of the lost evidence at trial. Accordingly, the court **AFFIRMS AND ADOPTS** Magistrate Judge Miller's rulings on the Spoliation Motions for the reasons stated in his Memorandum Order dated July 9, 2021. ECF No. 145. The Plaintiff's objections, ECF No. 152, are **OVERRULED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

August 10, 2021