# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

| | | |
|---|---|---|
| JOANN WRIGHT HAYSBERT | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BLOOMIN' BRANDS, INC., | ) | Case No.: 4:20-cv-00121-RBS-DEM |
| and | ) | |
| OUTBACK STEAKHOUSE OF | ) | |
| FLORIDA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL PRETRIAL ORDER

The parties to this action, by their endorsements below, submit this final pretrial order to the Court for entry, and the Court enters this Final Pretrial Order.

### Stipulation of Undisputed Facts

The parties, as evidenced by their endorsements to this Final Pretrial Order, stipulate to the following facts as being undisputed between them:

1.    On May 23, 2018, Defendant Outback Steakhouse of Florida, LLC owned and operated the Outback Steakhouse in Chesapeake, Virginia, located at 4312 Portsmouth Blvd.

2.    Plaintiff fell while visiting the Outback restaurant in Chesapeake, Virginia on May 23, 2018.

3.    Plaintiff was a business invitee of Outback Steakhouse of Florida, LLC when she entered the Chesapeake Outback Steakhouse on May 23, 2018.

**Exhibits to Which the Parties Agree**

The parties agree to the admission of the following exhibits, documents, and witnesses, which have been identified by a party in accordance with Rule 26(a)(3)(A)(iii).

None

**Exhibits to Which the Parties Have Unresolved Objections**

One or more parties have unresolved objections, for the reasons specified below, to the following exhibits, summaries, witnesses, and other exhibits identified in accordance with Rule 26(a)(3)(A)(iii) that are sought to be introduced in evidence by the identified party below:

A. **Defendant's Objections to Plaintiff's Rule 26(a)(3)(A)(iii) Materials**

1. **Exhibits Plaintiff Intends to Offer at Trial**

| Pl. Ex. No. | Description | Def. Objections | Court's Ruling |
|---|---|---|---|
| P1 | Declaration of Deajah Clark dated August 7, 2021 (Dkt. No. 158-1) | Defendant objects to the declarations of Deajah Clark, on the grounds of hearsay, relevance and foundation. Federal Rules of Evidence 802, 402, 403. | *S* |
| 2 | Declaration of Nineveh Haysbert dated April 13, 2021 (Dkt. No. 64) | Defendant objects to the declarations of Nineveh Haysbert, on the grounds of hearsay, relevance and foundation. Federal Rules of Evidence 802, 402, 403. | *π withdraws exhibit #2* |
| 3 | Haider Demonstratives and Images - Brain Map Animation, including brain cortex localization map | Defendant objects on the grounds of relevance, speculation, foundation, and unfair prejudice. Federal Rules of Evidence 802, 402, 403. | *- Not supplied by π to Court* *- Ct. orders any demonstrative and/or summary exhibits to be supplied to Δs by noon on 8/1/22* |
| 4 | National Brain Injury Institute, Diffusion Tensor Images, By Dr. Aaron Filler, Dated September 18, 2020, and Demonstratives | Defendant objects on the grounds of hearsay, foundation, speculation and relevance.. Federal Rules of Evidence 802, 702, 703. | *-O- Hearsay obj. to machine generated images.* *-π agrees to redact Fiddings on last page.* *-Δ's challenge to Dr. Filler's expertise is -O- due to the defense's failure to supply any information to the Ct to assess the challenge.* *-The question of admissibility is R.* |

*S = Sustained*
*O = Overruled*
*R = Reserved for trial*

| 5 | Excerpts of National Brain Injury Institute, Life Care Plan for JoAnn Haysbert, By Dr. Huma Haider, Dated June 22, 2021 | Expert report is not properly admissible as evidence, is hearsay, lacks proper evidentiary foundation and requires expert testimony in person. Further, the expert report lacks evidentiary foundation, is speculative and is irrelevant to these proceedings. Federal Rules of Evidence 802, 702, 703. | S- Hearsay objection to expert's report R- as to portions of foundation and admissibility of any R1006 or pedagogical summaries — π agrees to redact written statement on last page of exhibit |
| 6 | Excerpts of Vocational Economics, Inc., Vocational Economic Assessment for JoAnn Wright Haysbert, By Enrique Vega, Dated June 22, 2021 | Expert report is not properly admissible as evidence, is hearsay, lacks proper evidentiary foundation and requires expert testimony in person. Further, the expert report lacks evidentiary foundation, is speculative and is irrelevant to these proceedings. Federal Rules of Evidence 802, 702, 703. | Same rulings as above for P5 as to hearsay + reservation of ruling |
| 7 | Excerpts of Vocational Economics, Inc., Medical Care Cost Summary for JoAnn Wright Haysbert, By Enrique Vega, Dated June 23, 2021 | Expert report is not properly admissible as evidence, is hearsay, lacks proper evidentiary foundation and requires expert testimony in person. Further, the expert report lacks evidentiary foundation, is speculative and is irrelevant to these proceedings. Federal Rules of Evidence 802, 702, 703. | - Same rulings as to P5 + P6 - P7 not supplied to Ct. - Ct. orders π to supply P7 to defense by noon on 8/1/22 |
| 8 | MedCare, Summary of Visit, By Jaime Steuwer, NP, Dated May 25, 2018 [JWH0001-0002] | Expert report is not properly admissible as evidence, is hearsay, lacks proper evidentiary foundation and requires expert testimony in person. Further, the expert report lacks evidentiary foundation, is speculative and is irrelevant to these proceedings. Federal Rules of Evidence 802. | R - subject to foundation |

| 9 | Defendant Outback Steakhouse of Florida, LLC's Verified Special Responses to Plaintiff's Special Interrogatories, Set One, Dated October 30, 2020 | Plaintiff offers as exhibits pleadings and discovery responses from the Defendant and Defendant objects on the grounds of relevance, probative value, prejudicial impact, cumulative testimony. Federal Rules of Evidence 402, 403. | – Counsel are ordered to meet & confer today to identify the only the pertinent answers π seeks to use. |
| 10 | Defendant Bloomin' Brands, Inc.'s Verified Responses to Plaintiff's Special Interrogatories, Set One, Dated October 30, 2020 | Plaintiff offers as exhibits pleadings and discovery responses from the Defendant and Defendant objects on the grounds of relevance, probative value, prejudicial impact, cumulative testimony. Federal Rules of Evidence 402, 403. | – Counsel are directed to submit to the Court by 12:00 pm on 8/3/22: (1) a revised exhibit that (including only the caption, the interrogatory, and the answer) and removing + redacting irrelevant information; |
| 11 | Defendant Outback Steakhouse of Florida, LLC's Verified Supplemental Responses to Plaintiff's Special Interrogatories, Set One, Dated November 10, 2020 | Plaintiff offers as exhibits pleadings and discovery responses from the Defendant and Defendant objects on the grounds of relevance, probative value, prejudicial impact, cumulative testimony. Federal Rules of Evidence 402, 403. | and (2) a supplemental FPTO for this exhibit |
| 12 | Defendant Bloomin' Brands, Inc.'s Verified Supplemental Responses to Plaintiff's Special Interrogatories, Set One, Dated November 10, 2020 | Plaintiff offers as exhibits pleadings and discovery responses from the Defendant and Defendant objects on the grounds of relevance, probative value, prejudicial impact, cumulative testimony. Federal Rules of Evidence 402, 403. | |
| 13 | Defendant Outback Steakhouse of Florida, LLC's Verified Second Supplemental Responses to Plaintiff's Special Interrogatories, Set One, Dated March 15, 2021 | Plaintiff offers as exhibits pleadings and discovery responses from the Defendant and Defendant objects on the grounds of relevance, probative value, prejudicial impact, cumulative testimony. Federal Rules of Evidence 402, 403. | |

| 14 | Defendant Bloomin' Brands, Inc.'s Verified Second Supplemental Responses to Plaintiff's Special Interrogatories, Set One, Dated March 12, 2021 | Plaintiff offers as exhibits pleadings and discovery responses from the Defendant and Defendant objects on the grounds of relevance, probative value, prejudicial impact, cumulative testimony. Federal Rules of Evidence 402, 403. | |
| --- | --- | --- | --- |
| 15 | Defendant Bloomin' Brands, Inc.'s Verified Responses to Plaintiff's Special Interrogatories, Set Two, Dated April 5, 2021 | Plaintiff offers as exhibits pleadings and discovery responses from the Defendant and Defendant objects on the grounds of relevance, probative value, prejudicial impact, cumulative testimony. Federal Rules of Evidence 402, 403. | |
| 16 | Defendant Outback Steakhouse of Florida, LLC's Verified Responses to Plaintiff's Special Interrogatories, Set Two, Dated June 2, 2021 | Plaintiff offers as exhibits pleadings and discovery responses from the Defendant and Defendant objects on the grounds of relevance, probative value, prejudicial impact, cumulative testimony. Federal Rules of Evidence 402, 403. | |
| 17 | Outback Steakhouse, "Safety in the Outback – Reference Guide" | Plaintiff offers exhibits identified as policy and practice materials for Outback Steakhouse to which Defendant objects on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. | S in part See Hottle v. Beech Aircraft Corp., 47F3d 106, 108-10 (4th Civ. 1995) (private internal rules cannot be used to fix std. of care under common law) R as to other uses of these exhibits |
| 18 | Outback Steakhouse, "Best Practices: Prevention of Slips & Falls – General Practices" | Plaintiff offers exhibits identified as policy and practice materials for Outback Steakhouse to which Defendant objects on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. | |

*same ruling*

| 19 | Outback Steakhouse, "Best Practices: Prevention of Slips & Falls – Proper Housekeeping" | Plaintiff offers exhibits identified as policy and practice materials for Outback Steakhouse to which Defendant objects on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. | |
|----|-----|-----|---|
| 20 | Outback Steakhouse, "Best Practices: Prevention of Slips & Falls – Slip- Resistant Footwear" | Plaintiff offers exhibits identified as policy and practice materials for Outback Steakhouse to which Defendant objects on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. | |
| 21 | Outback Steakhouse, "Best Practices: Prevention of Slips & Falls – Use of Mats" | Plaintiff offers exhibits identified as policy and practice materials for Outback Steakhouse to which Defendant objects on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. | |
| 22 | Video, Bloomin' Brands, Inc., "Clean and Safe Floors – Cleaning Up Spills," Runtime 2:46 | Plaintiff offers exhibits identified as policy and practice materials for Outback Steakhouse to which Defendant objects on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. | |

| 23 | Outback Steakhouse, Architectural Floor Plans for Outback Store #4759, 4312 Portsmouth Blvd., Chesapeake, VA 23321, "A111," "A121," and "A131," Dated September 22, 2015 | Defendants object to Plaintiff's offered exhibit of Architectural Floor Plans on the grounds that those documents are hearsay, not relevant and lack probative value. Federal Rules of Evidence 402, 403. | – Obj. resolved, subject to counsel redacting references to camera, video, etc. |
| --- | --- | --- | --- |
| 24 | Solid Security Services Invoice dated February 26, 2018 | Plaintiff offers exhibits from Solid Security Services, which are invoices, Defendant objects on the grounds of relevance, probative value and hearsay. Federal Rules of Evidence 402, 403, 802. | π withdraws exhibits 24-27 |
| 25 | Solid Security Services Invoice dated December 10, 2018 | Plaintiff offers exhibits from Solid Security Services, which are invoices, Defendant objects on the grounds of relevance, probative value and hearsay. Federal Rules of Evidence 402, 403, 802. | Δ agrees to redact recopy Δ's Exh 7. to remove photos of camera. |
| 26 | Solid Security Services Invoice dated May 9, 2019 | Plaintiff offers exhibits from Solid Security Services, which are invoices, Defendant objects on the grounds of relevance, probative value and hearsay. Federal Rules of Evidence 402, 403, 802. | |
| 27 | Solid Security Services Invoice dated October 9, 2020 | Plaintiff offers exhibits from Solid Security Services, which are invoices, Defendant objects on the grounds of relevance, probative value and hearsay. Federal Rules of Evidence 402, 403, 802. | |
| 28 | Photo of Incident Report Binder page, "Insurance Who To Contact List" | Defendant objects to photo of Incident Report Binder page on the grounds of relevance. Federal Rules of Evidence 402, 403. | R – π to redact reference to "Insurance" + everything below Internal Us only" |

| 29 | Outback Steakhouse Blank Incident Report Form | Defendant objects to Outback Steakhouse Blank Incident Report, relevance. Federal Rules of Evidence 402, 403. | π withdraws exhibit |
| 30 | Work Order Request Number 95465523, Dated March 7, 2018 | Defendant objects to Work Order Request Number 95465523 dated March 7, 2018, on the grounds of relevance, materiality and probative value. Federal Rules of Evidence 402, 403, 802. | R - as to admissibility - Δs agree the document is an authentic bus. record. |
| 31 | Declaration of Kristina Perry dated April 13, 2021 | Defendant objects on the grounds of hearsay, foundation, relevance and unfair prejudice. Federal Rules of Evidence 402, 403, 802. | S |
| 32 | Preservation Letter To Norman Chase | Defendant objects on the grounds of hearsay, foundation and relevance. Federal Rules of Evidence 402 and 802. | S |
| 33 | Excerpts From Day In The Life Video | Defendant objects on the grounds of hearsay, foundation, relevance, unfair prejudice, and to the extent any portion of the video was not timely disclosed in discovery. Defendants reserve the right to assert additional objections to the specific excerpts identified, as Plaintiff has not provided Defendants a copy of the proposed exhibit. | S |
| 34 | CDC Materials/Guidance regarding TBI | Defendant objects on the grounds of hearsay, foundation, relevance, expert opinions without proper foundation, and unfair prejudice. Defendant reserves the right to assert additional objections once presented with the proposed exhibit. | R |
| 35 | Reserved - Other Demonstrative and Illustrative Materials, Charts, Summaries of Evidence, and PowerPoint Presentations | Reserved | π advises that there are no other substantive exhibits. |

π may offer demonstrative exhibits and summaries.

| 36 | Reserved - Other Demonstrative and Illustrative Materials, Charts, Summaries of Evidence, and PowerPoint Presentations | Reserved | |
|----|------|------|---|
| 37 | Reserved - Other Demonstrative and Illustrative Materials, Charts, Summaries of Evidence, and PowerPoint Presentations | Reserved | |
| 38 | Reserved - Other Demonstrative and Illustrative Materials, Charts, Summaries of Evidence, and PowerPoint Presentations | Reserved | |
| 39 | Reserved | Reserved | |
| 40 | Reserved | Reserved | |

### B. Plaintiff's Objections to Defendant's Rule 26(a)(3)(A)(iii) Materials

#### 1. Exhibits Defendant Expects to Offer at Trial

| Def. Ex. No. | Description | Pl.'s Objections | Court's Ruling |
|------|------|------|------|
| D1 | Photograph of floor produced by Defendants | Subject to Motion *in Limine* and Ruling, Dkt. No. 235 | R |
| D2 | Photograph of shoes produced by Defendants | Subject to Motion *in Limine* and Ruling, Dkt. No. 235 | R |
| D3 | Curriculum vitae, Neil Pugach, M.D. | Plaintiff objects on the grounds of hearsay, speculation, foundation, relevance and Rule 403. | R |
| D4 | Curriculum vitae, Abbot Huang, M.D. | Plaintiff objects on the grounds of hearsay, speculation, foundation, relevance and Rule 403. | R |

| | | | |
|---|---|---|---|
| D5 | Photos of Plaintiff's scar JWH 0079 - 0080 | Subject to Motion *in Limine* and Ruling, Dkt. No. 235 | *R* |
| D6 | Photos of Plaintiff's shoes JWH 0081-0084 | Subject to Motion *in Limine* and Ruling, Dkt. No. 235 | *R* |
| D7 | Photos of Outback 8-16-18 JWH 0085-0087 | Plaintiff objects on the grounds of speculation, foundation, relevance and Rule 403. | *R* — Δ to remove portion of photos depicting camera |
| D8 | Labor Punches at Outback May 23, 2018 | Plaintiff objects on Rule 106 and 403 grounds due to failure of Defendants to include evidence relating to managers/supervisors on duty at Outback on May 23, 2018. | — π withdraws objection |
| TBD | 2020 Fundraising Video for Hampton University featuring Plaintiff (offered for impeachment) | Plaintiff objects on the grounds of hearsay, speculation, foundation, relevance and Rule 403, 608. Method and Type of Impeachment Is Not Clear and is Speculative Regarding Plaintiff's expected testimony. Also Subject to Motion *in Limine* and Ruling, Dkt. No. 235. Counsel denied existence of sub rosa. | *R* — Parties to meet and confer — Δs to disclose videos to π by noon on 8/1/2022 |
| TBD | April 2022 Video of Ceremony for retiring President of Hampton University featuring plaintiff's remarks (offered for impeachment) | Plaintiff objects on the grounds of hearsay, speculation, foundation, relevance and Rule 403, 608. Method and Type of Impeachment Is Not Clear and is Speculative Regarding Plaintiff's expected testimony. Also Subject to Motion *in Limine* and Ruling, Dkt. No. 235. Counsel denied existence of sub rosa. | *R* (same) |

## Witnesses

The parties have identified and intend to introduce into evidence through the following witnesses who have been identified in accordance with Rule 26(a)(3)(A)(i). Any unresolved

objections to the use of any witness, together with a description of the basis for such objections, are listed below beside each witness.

### A. Plaintiff's Witnesses and Defendant's Objections

#### 1. Live Witnesses Whom Plaintiff Intends to Call at Trial

| No. | Witness | Defendant's Objections | Court's Ruling |
|---|---|---|---|
| 1 | Lisa Crosby<br>211 Summerhouse Lane<br>Carrollton, VA 23314<br>(737)506-922 | | |
| 2 | Norman "Chip" Chase, Jr.<br>8135 Pace Road<br>Norfolk VA 23518 | | |
| 3 | Alicia Elefherion – Person Most Knowledgeable for Defendant Outback Steakhouse | | |
| 4 | Nicholas Seifert<br>2636 Christopher Farms Drive<br>Virginia Beach ,VA 23453<br>(612) 387-3285 | | |
| 5 | Marcus Wilson | | |
| 6 | Joi Myrick<br>500 Battista Court, Apt. 204<br>Chester, VA 23836 | | |
| 7 | Deajah Clark<br>3360 Brandywine Drive<br>Chesapeake VA 23321<br>(757) 553-1038 | | |
| 8 | Kristina Perry | Defendant objects to the extent this witness was not adequately disclosed prior to the close of discovery. | *S in part<br>R as to any<br>possible impeachment<br>use* |
| 9 | Samantha Gump | | |

| 10 | Brad P. Avrit, PE<br>4124 Del Rey Avenue<br>Marina Del Rey, CA 90292<br>(310) 306-3877 | Defendant objects to the testimony of Brad P. Avrit, P.C. on the grounds that his testimony lacks proper evidentiary foundation, is irrelevant and will not assist the jury in assessing the subject incident which is a matter of common sense and does not require expert testimony. Rules 702, 703. | R |
| 11 | Dr. Joel Feigenheimer, Ph.D<br>144 Greens Road<br>Hollywood, FL 33021 | Defendant objects on the grounds of foundation, relevance, methodology and speculation. Rules 702, 703. | R |
| 12 | Dr. Debra Chinniry, M.D.<br>2100 Executive Drive, Suite B<br>Hampton, VA 23666 | Defendant objects on the grounds of foundation, hearsay, qualifications and speculation. | R |
| 13 | Dr. Huma Haider, MD<br>6065 Hillcroft St. Suite 202<br>Houston, TX 77081 | Defendant objects as the opinions fail under Rules 702 and 703 and lack of foundation. | R |
| 14 | Dr. Aaron Filler, M.D., Ph.D., FRCS<br>2716 Ocean Park Blvd., Suite 1007B<br>Santa Monica, CA 90405 | Defendant objects as the opinions fail under Rules 702 and 703 and lack of foundation. | R |
| 15 | Enrique Vega, MS, CRC, CDMS<br>20700 Ventura Boulevard, Suite 220<br>Woodland Hills, CA 91364 | Defendant objects as the opinions fail under Rules 702 and 703 and lack of foundation. | R |
| 16 | Nineveh Haysbert | Defendant objects on the grounds that Plaintiff failed to produce Nineveh Haysbert for deposition | Δ withdraws objection |
| 17 | JoAnn Wright Haysbert | | |

## 2. Live Witnesses Plaintiff May Call at Trial

| No. | Witness | Defendant's Objections | Court's Ruling |
|-----|---------|------------------------|----------------|

| | | | |
|---|---|---|---|
| 1 | Mercy Sumaylo Paulicelli<br>211 Batesview Drive, Apt. 89<br>Greenville, SC 29607 | Not adequately identified prior to close of discovery. | |
| 2 | Katrina Mitchell<br>1723 Summit Avenue, Apt. 105<br>Richmond, VA 23230 | Not adequately identified prior to close of discovery. | |
| 3 | Grace Spencer<br>200 Osprey Court<br>Suffolk, VA 23435 | Not adequately identified prior to close of discovery. | |
| 4 | Devin Strong<br>301 Green Street, Apt. 6F<br>Portsmouth, CA 23704 | Not adequately identified prior to close of discovery. | |
| 5 | Leila Slanec<br>3408 Mornington Drive<br>Chesapeake, VA 23321 | Not adequately identified prior to close of discovery. | |
| 6 | Kelsey Atkins<br>4525 Driver Lane<br>Suffolk, VA 23435 | Not adequately identified prior to close of discovery. | |
| 7 | Christa Starrett<br>4705 Jardin Cove<br>Chesapeake, VA 23321 | Not adequately identified prior to close of discovery. | |
| 8 | Jada Warren<br>6028 Churchland Blvd., Apt. 30<br>Portsmouth, VA 23703 | Not adequately identified prior to close of discovery. | |
| 9 | Taylor Reyes<br>3628 Bart Street<br>Portsmouth, VA 23707 | Not adequately identified prior to close of discovery. | |
| 10 | Lauryn Shackley<br>407 Mt. Vernon Avenue, Apt. B<br>Portsmouth VA 23707 | Not adequately identified prior to close of discovery. | |
| 11 | Christina Crowell<br>1014 Liston Ln.<br>Portsmouth, VA 23701 | Not adequately identified prior to close of discovery. | |
| 12 | Reserved | Reserved | |
| 13 | Reserved | Reserved | |

*[Handwritten annotation in right margin: "S – not disclosed – no explanation offered by π for failure to comply with Rule 26"]*

| 14 | Reserved | Reserved | |
| 15 | Reserved | Reserved | |

### 3. Plaintiff's Witnesses Who May Appear by Deposition Designations

None.

## B. Defendant's Witnesses and Plaintiff's Objections

### 1. Live Witnesses Whom Defendant Intends to Call:

| No. | Witness | Plaintiff's Objections | Court's Ruling |
|-----|---------|------------------------|----------------|
| 1 | Lisa Crosby | | |
| 2 | Alicia Eleftherion | Plaintiff objects on the grounds that it is not clear whether Ms. Eleftherion will appear in her capacity as the Person Most Knowledgeable for Defendants Outback Steakhouse and Bloomin' Brands or in her personal capacity or all of the above. | π withdraws objection, based on Δ's representation witness will testify in individual capacity and as a corporate rep. of Outback. |
| 3 | Marcus Wilson | | |
| 4 | Neil Pugach, M.D. | Restricted by Motion in Limine Ruling, Dkt. Nos. 234-235. | |
| 5 | Abbot Huang, M.D. | Restricted by Motions in Limine Ruling, Dkt. Nos. 234-235. | |
| 6 | Chris Robinson | Plaintiff objects on the grounds of foundation, relevance, and speculation. Rules 702, 703. | R |

### 2. Witnesses Defendant May Call if the Need Arises

| No. | Witness | Plaintiff's Objections | Court's Ruling |
|-----|---------|------------------------|----------------|
| 1 | Chip Chase | | |
| 2 | Samantha Gump | | |
| 3 | Joy Myrick | | |
| 4 | Nick Seifert | | |

### 3. Witnesses Defendant Expects to Present by Deposition

None

### Plaintiff's Factual Contentions[1]

Plaintiff, makes the following factual contentions in this case, which are meant only as a summary of her contentions and should not be construed as a verbatim, exclusive recitation of all facts she may seek to prove or move into evidence in this case.

1.  Defendant Outback was open to the public for dining on May 23, 2018.

2.  Defendant Outback is the owner/operator of the property.

3.  Defendant Bloomin' Brands is the owner/operator of the steakhouse.

4.  Plaintiff went to Outback on May 23, 2018 to pick up To-Go order and use restroom.

5.  Plaintiff was a customer of the restaurant open to the public walking in the dining room, also open to the public.

6.  Upon entering the Chesapeake Outback Steakhouse, Plaintiff had the right to assume the interior of the restaurant was reasonably safe.

---

[1] Defendants dispute Plaintiff's Factual Contentions and Statement of Triable Issues.

15

7.   Hostess directed Plaintiff toward the restrooms, Plaintiff took two steps in that direction.

8.   At this point, Outback had not made reasonable inspection of the floor.

9.   Outback did not ensure the floor was safe after cleaning it.

10.  Outback did not remove slippery substance which it knew or should have known was there.

11.  No oral warning from any Outback employees.

12.  No wet floor signs, carpeting, railing, etc.

13.  The slickness of the floor was not open or obvious to customers.

14.  Defendants owed Plaintiff the duty to exercise ordinary care to have the premises of the Chesapeake Outback Steakhouse in a reasonably safe condition.

15.  Defendants owed Plaintiff the duty to remove, within a reasonable time, foreign objects which it either knew or should have known were placed on the floor.

16.  Defendants owed Plaintiff the duty to warn her of unsafe conditions which the owner knew or should have known existed but were unknown to Plaintiff.

17.  Defendants owed Plaintiff the duty to ensure a sanitary environment inside the restaurant.

18.  Defendants owed Plaintiff the duty to make sure that no cleaning solution, grease, water, or other moisture was left on the floor where she could slip on it.

19.  Defendants owed Plaintiff the duty to warn her that the floor was wet by placing a wet floor sign in the area.

20.  Defendants owed Plaintiff the duty to have in place floor mats to ensure no grease, moisture, or other substance was being tracked into the dining room.

16

21.  Defendants owed Plaintiff the duty to adhere to their own policies and procedures regarding guest safety, including proper cleaning of spills in the restaurant.

22.  On or about March 7, 2018, Defendants actually knew that the floor in the dining room of the Chesapeake Outback Steakhouse needed to be replaced because it was not refinished correctly and caused lots of slip and falls.

23.  Defendants did not change, replace, or repair the floor in the dining room of the Chesapeake Outback Steakhouse between March 7, 2018 and May 23, 2018.

24.  At the time of the incident, Defendants had no formal policy or protocol for inspecting the floor for spills during business hours.

25.  At the time of the incident, Defendants had no formal policy or protocol for cleaning spills during business hours.

26.  At the time of the incident, Defendants did not employ bussers at the restaurant, and no server assistants were on duty that day.

27.  Defendants never had a policy, procedure, or practice for using cleaning logs to record when the floor was cleaned.

28.  On May 23, 2018, Plaintiff slipped and fell in the dining room of the restaurant, with the left side of her body and head striking the floor.

29.  Defendants did not warn Plaintiff verbally of the dangerous condition.

30.  There were no visible warning signs, including wet floor signs, which would have notified Plaintiff of the dangerous condition.

31.  If not for the dangerous condition of the floor, Plaintiff would not have slipped and fell.

32. The dangerous condition of the flooring caused Plaintiff to slip and fall as a natural and probable consequence of the condition of the floor.

33. Plaintiff did not fully understand the nature and extent of the dangerous condition on the floor of the Chesapeake Outback Steakhouse prior to slipping and falling.

34. Plaintiff did not voluntarily expose herself to the dangerous condition the caused her to slip and fall.

35. As a result of the slip and fall, Plaintiff sustained a permanent traumatic brain injury.

## Defendant's Factual Contentions[2]

Defendant, makes the following factual contentions in this case, which are meant only as a summary of its contentions and should not be construed as a verbatim, exclusive recitation of all facts it may seek to prove or move into evidence in this case:

1. There was no defect in the area of the restaurant where the Plaintiff fell on May 23, 2018.

2. Outback employees inspected the area immediately after the fall and the floor was clean and dry.

3. An independent witness did not see or feel anything slippery on the floor where the plaintiff fell before or after the plaintiff fell.

4. Defendants' evidence will demonstrate the Plaintiff did not suffer a traumatic brain injury in this case.

---

[2] Plaintiff disputes Defendant's Factual Contentions and Statement of Triable Issues.

### Plaintiff's Statement of Triable Issues

1.      Plaintiff was a business invitee who had the legal right to assume the floor of the Chesapeake Outback Steakhouse was safe for her visit on May 23, 2018. *Cunningham v. Delhaize Am., Inc.*, 2012 U.S. Dist. LEXIS 140655, at *5 (W.D. Va. Sep. 27, 2012) ("Business patrons are invitees of the store owner."); *see Arthur v. Crown Cent. Petroleum Corp.*, 866 F. Supp. 951, 953 (E.D. Va. 1994) (citing *Knight v. Moore*, 179 Va. 139, 145, 18 S.E.2d 266 (1942); *Crocker v. WTAR Radio Corp.*, 194 Va. 572, 574, 74 S.E.2d 51 (1953)) (patrons have the right to assume premises safe).

2.      Defendants owed Plaintiff the duty to exercise ordinary care to keep the restaurant in a reasonably safe condition. *See Winn–Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182 (1990) (store owner must maintain premises in reasonably safe condition, remove foreign objects which it knew or reasonably knew were on the floor within reasonable time, and warn customers of unsafe conditions which it knew or should have known existed).

3.      Defendants breached this duty, having actual or constructive knowledge of an inherent, dangerous defect in the twenty-year-old flooring of the dining room of the restaurant, making it more prone to slip and fall incidents, but failing to remedy it in any way or take proper care in cleaning the floor so that it would not become more slick. *See Kribbs v. Wal-Mart Stores E., L.P.*, 2006 WL 1788969, at *4 (E.D. Va. June 27, 2006) (plaintiff must prove defendant had actual or constructive notice, or that the condition was affirmatively made by defendant). *See also Austin v. Shoney's, Inc.*, 254 Va. 134, 486 S.E.2d 285, 288 (Va. 1997) (plaintiff need not prove actual notice); *Memco Stores, Inc. v. Yeatman*, 232 Va. 50, 55 (Va. 1986) (store owner must exercise reasonable care to avoid the "genesis of the danger"); *Harrison v. The Kroger Co.*, 737 F. Supp. 2d 554, 558 (W.D. Va. 2010) (citations omitted) (constructive notice exists if "the

19

condition was noticeable and had existed for enough time to charge the store owner with notice of the hazardous condition.").

4.       Additionally, before Plaintiff entered the restaurant, Defendants' employees utilized improper methods to clean the floor where Plaintiff eventually fell, but failed to place any warning signs indicating to patrons that the floor was slick. *Colonial Stores Inc. v. Pulley*, 203 Va. 535, 537 (1962) (store owner with actual or constructive notice of dangerous condition must warn customers).

5.       As a direct and proximate result, Plaintiff took one or two steps past the hostess stand in the front of the restaurant, slipped on the floor, and slammed the left side of her body and head on the floor. *See Cannon v. Clarke*, 209 Va. 708, 711 (1969) (citations omitted); *Williams v. Joynes*, 278 Va. 57, 62 (2009) (proximate cause is "an act or omission that, in natural and continuous sequence . . . produces a particular event and without which that event would not have occurred."). Defendants eventually replaced the floor months after the incident, and only due to complaints from patrons and Defendants' own employees about the slipperiness of the floor.

<u>**Defendant's Statement of Triable Issues**</u>

1. Were the defendants negligent?

    a. Was there a foreign substance on the floor at the time of the incident?

    b. Was there any defect in the floor that required notice or a warning to the plaintiff?

    c. Did the defendants have notice of any alleged defect in the floor?

2. Was the plaintiff negligent?

    a. Did she look and did she see any alleged defect?

    b. Did the plaintiff exercise ordinary care for her own safety?

3. Proximate cause

    a. Was any alleged defect the cause of plaintiff's fall?

    b. Was any alleged defect the proximate cause of plaintiff's claimed injuries?

4. Damages

    a. If the jury finds for the plaintiff, what is the amount of her damages?

### OTHER ISSUES REQUESTED TO BE ADDRESSED

**A.**    **Plaintiff's Issues**

    1.    <u>Subpoenas</u>

*[handwritten: The parties have resolved.]*

The parties have met and conferred and have not been able to agree on whether Theresa Mathews or another employee or Person Most Knowledgeable for Defendant Bloomin' Brands should be required to attend trial and answer questions and to authenticate and/or lay foundation for certain documents. Plaintiff is amenable to live remote testimony.

Plaintiff also seeks the testimony of Jackie Myers an employee of Defendant Outback Steakhouse of Florida, LLC and requests to compel her attendance.

    2.    <u>Trial Briefs and Other Motions</u>

Plaintiff has previously filed trial briefs regarding *Batson* challenges, and the scope of testimony of treating physician witnesses. Motions *in Limine* have either been resolved or have been reserved for trial. *See* Dkt. No. 235.

    3.    <u>Courtroom Access Prior to Trial</u>

Plaintiff's counsel seeks to arrange an area of the courtroom to demonstrate or describe the incident with assistance from the testimony of witnesses. Accordingly, Plaintiff's counsel requests early access to the courtroom to observe the technology capabilities available, the layout of the courtroom, and to mark witness locations.

4.   Authentication of Certain Documents

Plaintiff's Exhibits 17-30.

*— The ∆s have agreed not to dispute authenticity of these documents.*

**B.   Defendant's Issues**

1. Due to receipt of the revised pretrial order at 11:02AM on July 26, 2022 and the

Plaintiff's failure to provide Defendant complete set of pre-marked exhibits, Defendants reserve

the right to amend its objections and update this order.

*Resolved by parties*

**Entered:**

_____
**JUDGE**   *U.S.M.J.*
*7/29/2022*

22

**SEEN AND objected to, to the extent any objection
above is overruled:**


Anna G. Zick /s/
John D. McGavin, Esq. VSB No. 21794
Anna G. Zick, Esq. VSB No. 86057
McGAVIN, BOYCE, BARDOT
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
(703) 385-1000 - Telephone
(703) 385-1555 - Facsimile
jmcgavin@mbbtklaw.com
azick@mbbtklaw.com
Counsel for Defendants


**SEEN AND objected to, to the extent any objection
Above is overruled:**

 David A. McKelvy /s/
David A. McKelvey, Esq.
Virginia State Bar No. 75174
Crandall & Katt
366 Elm Ave, SW
Roanoke, Virginia 24016
dmckelvey@crandalllaw.com
Telephone:    (540) 342-2000
Facsimile:    (540) 345-3527


Nazareth M. Haysbert, Esq.
California State Bar No. 294431
James L. Moultrie III, Esq.
California State Bar No. 296805
Haysbert Moultrie, LLP
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
nazareth@hmlaw.la
james@hmlaw.la
Telephone:    (310) 496-5796
Facsimile:    (310) 760-4083
*Counsel for Plaintiff*