UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT,

    Plaintiff,

v.                                CASE NO. 4:20cv121

BLOOMIN' BRANDS, INC.,
and
OUTBACK STEAKHOUSE OF
FLORIDA, LLC,

    Defendants.[1]

## ORDER

On August 1, 2023, because there remained several outstanding rulings from the Final Pretrial Conference, the court held a Supplemental Final Pretrial Conference with counsel for both parties. To reflect the court's rulings and requests made by counsel, and after reviewing the objections and rulings contained in the Final Pretrial Order, entered July 29, 2022, ECF No. 243, as supplemented by the Supplemental Final Pretrial Order, entered August 5, 2022, ECF No. 254, the court has created a final document to govern which witnesses and exhibits will be presented at trial.

Accordingly, the court **ORDERS** that the attached exhibit and witness lists are incorporated herein and made a part hereof,

---

[1] The court notes that the parties have stipulated that Defendant Bloomin' Brands, Inc. is the franchisor of Defendant Outback Steakhouse of Florida, LLC, the franchisee.

and shall supersede all other such lists in this case. The parties are **DIRECTED** to make all necessary updates to their trial binders in accordance with this Order, and to provide the original and two (2) copies of these updated binders to the Clerk, in addition to the copy provided to opposing counsel, by Monday, August 7, 2023, at or before 11:00 A.M. See ECF No. 233 at 1.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

August 2, 2023

2

**PLAINTIFF'S FINAL EXHIBIT LIST**

| Exhibit Number | Description | Defendants' Objections | Court's Ruling |
|---|---|---|---|
| P1 | Haider Demonstratives and Images – Brain Map Animation, including brain cortex localization map | Objects on the grounds of relevance, speculation, foundation, and unfair prejudice. Federal Rules of Evidence 802, 402, 403. | Reserved – court orders that these are to be provided to the court and Defendants' counsel in advance of trial |
| P2 | National Brain Injury Institute, Diffusion Tensor Images, By Dr. Aaron Filler, Dated September 18, 2020, and Demonstratives | Objects on the grounds of hearsay, foundation, speculation and relevance. Federal Rules of Evidence 802, 702, 703. | -Reserved question of admissibility<br>-Overruled hearsay objection to machine generated images<br>-Overruled challenge to Dr. Filler's expertise due to defense's failure to supply any information to the court to assess the challenge<br>-Plaintiff agrees to redact findings on last page<br>-Plaintiff agrees to have Dr. Filler update PPT to remove references to court rulings<br>-Court orders that these exhibits are to be provided to Defendants' counsel and the court in advance of trial |

| | | | |
|---|---|---|---|
| P3 | Excerpts of National Brain Injury Institute, Life Care Plan for JoAnn Haysbert, By Dr. Huma Haider, Dated June 22, 2021 | Expert report is not properly admissible as evidence, is hearsay, lacks proper evidentiary foundation and requires expert testimony in person. Further, the expert report lacks evidentiary foundation, is speculative and is irrelevant to these proceedings. Federal Rules of Evidence 802, 702, 703. | -Reserved questions of foundation and admissibility of any R1006 or pedagogical summaries<br>-Reserved issue of whether the table with numbers will be sent back with the jury<br>-Sustained hearsay objection to expert's report<br>-Plaintiff agreed to redact written statement on last page of exhibit<br>-Court will not allow updates to this plan |
| P4 | Defendant Bloomin' Brands, Inc.'s Verified Responses to Plaintiff's Special Interrogatories | Note: Defendants withdrew objection 8/1/23, except for questions and answers relating to company policies and procedures | Court orders that any question/answer about company policies/procedures be removed |
| P5 | Defendant Outback Steakhouse of Florida, LLC's Verified Responses to Plaintiff's Special Interrogatives | Note: Defendants withdrew objection 8/1/23, except for questions and answers relating to company policies and procedures | Court orders that any question/answer about company policies/procedures be removed |
| P6 | Outback Steakhouse, "Safety in the Outback – Reference Guide" | Plaintiff offers exhibits identified as policy and practice material for Outback Steakhouse to which Defendants object on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. | -Sustained in part. See Hottle v. Beech Aircraft Corp., 47 F.3d 106, 108-10 (4th Cir. 1995) (private internal rules cannot be use to fix standard of care under common law)<br>-Reserved ruling on other uses of this exhibit |

| | | | |
|---|---|---|---|
| P7 | Outback Steakhouse, "Best Practices: Prevention of Slips & Falls – General Practices" | Plaintiff offers exhibits identified as policy and practice material for Outback Steakhouse to which Defendants object on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. | -Sustained in part. See Hottle v. Beech Aircraft Corp., 47 F.3d 106, 108-10 (4th Cir. 1995) (private internal rules cannot be use to fix standard of care under common law)<br>-Reserved ruling on other uses of this exhibit |
| P8 | Outback Steakhouse, "Best Practices: Prevention of Slips & Falls – Proper Housekeeping" | Plaintiff offers exhibits identified as policy and practice material for Outback Steakhouse to which Defendants object on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. | -Sustained in part. See Hottle v. Beech Aircraft Corp., 47 F.3d 106, 108-10 (4th Cir. 1995) (private internal rules cannot be use to fix standard of care under common law)<br>-Reserved ruling on other uses of this exhibit |
| P9 | Outback Steakhouse, "Best Practices: Prevention of Slips & Falls – Slip-Resistant Footwear" | Plaintiff offers exhibits identified as policy and practice material for Outback Steakhouse to which Defendants object on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. | -Sustained in part. See Hottle v. Beech Aircraft Corp., 47 F.3d 106, 108-10 (4th Cir. 1995) (private internal rules cannot be use to fix standard of care under common law)<br>-Reserved ruling on other uses of this exhibit |

| | | | |
|---|---|---|---|
| P10 | Outback Steakhouse, "Best Practices: Prevention of Slips & Falls - Use of Mats" | Plaintiff offers exhibits identified as policy and practice material for Outback Steakhouse to which Defendants object on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. | -Sustained in part. See Hottle v. Beech Aircraft Corp., 47 F.3d 106, 108-10 (4th Cir. 1995) (private internal rules cannot be use to fix standard of care under common law)<br>-Reserved ruling on other uses of this exhibit |
| P11 | Video, Bloomin' Brands, Inc., "Clean and Safe Floors - Cleaning Up Spills," Runtime 2:46 | Plaintiff offers exhibits identified as policy and practice material for Outback Steakhouse to which Defendants object on grounds that internal policies and procedures do not establish standard of care, relevance, foundation and hearsay. Federal Rules of Evidence 402, 403. | -Sustained in part. See Hottle v. Beech Aircraft Corp., 47 F.3d 106, 108-10 (4th Cir. 1995) (private internal rules cannot be use to fix standard of care under common law)<br>-Reserved ruling on other uses of this exhibit |
| P12 | Outback Steakhouse, Architectural Floor Plans for Outback Store #4759, 4312 Portsmouth Blvd., Chesapeake, VA 23321, "A111," "A121," and "A131," Dated September 22, 2015 | Note: Defendants' objection resolved, subject to counsel redacting references to camera, video, etc. | |
| P13 | Photo of Incident Report Binder page, "Insurance Who to Contact List" | Object to photo of Incident Report Binder page on the grounds of relevance. Federal Rules of Evidence 402, 403. | -Reserved<br>-Plaintiff to redact reference to "Insurance" and everything below "Internal Use Only" |

6

| | | | |
|---|---|---|---|
| P14 | Work Order Request Number 95465523, Dated March 7, 2018 | Object on the grounds of relevance, materiality and probative value. Federal Rules of Evidence 402, 403, 802. | -Reserved as to admissibility<br>-Defendants agree this is an authentic business record |
| P15 | CDC Materials/Guidance regarding TBI | Object on the grounds of hearsay, foundation, relevance, expert opinions without proper foundation, and unfair prejudice. Defendants reserve the right to assert additional objections once presented with the proposed exhibit. | Reserved |
| P16 | Reserved – Other Demonstrative and Illustrative Materials, Charts, Summaries of Evidence, and PowerPoint Presentations | Reserved | Plaintiff's counsel advised that there were no other substantive exhibits, but he may offer demonstrative exhibits and summaries |
| TBD | Theresa Seibert Affidavit | Affidavit (and individual) not disclosed in Final Pretrial Order | Reserved issue of whether affidavit can be used for impeachment purposes |

## DEFENDANTS' FINAL EXHIBIT LIST

| Exhibit Number | Description | Plaintiff's Objections | Court's Ruling |
|---|---|---|---|
| D1 | Photograph of floor produced by Defendants | Subject to Motion in Limine and Ruling, Dkt. No. 235 | Reserved |
| D2 | Photograph of shoes produced by Defendants | Subject to Motion in Limine and Ruling, Dkt. No. 235 | Reserved |
| D3 | Curriculum vitae, Neil Pugach, M.D. | Objects on the grounds of hearsay, speculation, foundation, relevance and Rule 403. | Reserved |
| D4 | Curriculum vitae, Abbot Huang, M.D. | Objects on the grounds of hearsay, speculation, foundation, relevance and Rule 403. | Reserved |
| D5 | Photos of Plaintiff's scare JWH 0079-0080 | Subject to Motion in Limine and Ruling, Dkt. No. 235 | Reserved |
| D6 | Photos of Plaintiff's shoes JWH 0081-0084 | Subject to Motion in Limine and Ruling, Dkt. No. 235 | Reserved |
| D7 | Photos of Outback 8-16-18 JWH 0085-0087 | Objects on the grounds of speculation, foundation, relevance, and Rule 403. | -Reserved<br>-Defendants to remove portion of photos depicting camera |
| D8 | Labor Punches at Outback, May 23, 2018 | | |

8

| | | | |
|---|---|---|---|
| TBD | 2020 Fundraising Video for Hampton University featuring Plaintiff (offered for impeachment) | Objects on the grounds of hearsay, speculation, foundation, relevance and Rules 403, 608. Method and Type of Impeachment Is Not Clear and is Speculative Regarding Plaintiff's expected testimony. Also Subject to Motion in Limine and Ruling, Dkt. No. 235. Counsel denied existence of sub rosa. | -Reserved<br>-Parties were previously ordered to meet and confer |
| TBD | April 2022 Video of Ceremony for retiring President of Hampton University featuring Plaintiff's remarks (offered for impeachment) | Objects on the grounds of hearsay, speculation, foundation, relevance and Rules 403, 608. Method and Type of Impeachment Is Not Clear and is Speculative Regarding Plaintiff's expected testimony. Also Subject to Motion in Limine and Ruling, Dkt. No. 235. Counsel denied existence of sub rosa. | -Reserved<br>-Parties were previously ordered to meet and confer |

## PLAINTIFF'S FINAL WITNESS LIST (INTEND TO CALL)

| Witness Number | Witness | Defendants' Objections | Court's Ruling |
|---|---|---|---|
| P1 | Lisa Crosby<br>211 Summerhouse Lane<br>Carrollton, VA 23314<br>(737) 506-922 | | |
| P2 | Norman "Chip" Chase, Jr.<br>8135 Pace Road<br>Norfolk, VA 23518 | | |
| P3 | Alicia Elefherion | | |
| P4 | Nicholas Seifert<br>2636 Christopher Farms Drive<br>Virginia Beach, VA 23453<br>(612) 387-3285 | | |
| P5 | Marcus Wilson | | |
| P6 | Joi Myrick<br>500 Battista Court, Apt. 204<br>Chester, VA 23836 | | |
| P7 | Deajah Clark<br>3360 Brandywine Drive<br>Chesapeake, VA 23321<br>(757) 553-1038 | | |
| P8 | Samantha Gump | | |
| P9 | Brad P. Avrit, PE<br>4124 Del Rey Avenue<br>Marina Del Rey, CA 90292<br>(310) 306-3877 | Object to his testimony on the grounds that it lacks proper evidentiary foundation, is irrelevant and will not assist the jury in assessing the subject incident which is a matter of common sense and does not require expert testimony. Rules 702, 703. | -Reserved<br>-Court orders that expert report is to be provided to court in advance of trial |

10

| P10 | Dr. Joel Feigenheimer, Ph.D. 144 Greens Road Hollywood, FL 33021 | Object on the grounds of foundation, relevance, methodology and speculation. Rules 702, 703. | -Reserved -Court orders that expert report is to be provided to court in advance of trial |
|---|---|---|---|
| P11 | Dr. Huma Haider, M.D. 6065 Hillcroft St., Suite 202 Houston, TX 77081 | Object as the opinions fail under Rules 702 and 703 and lack of foundation. | -Reserved -Court orders that expert report is to be provided to court in advance of trial |
| P12 | Dr. Aaron Filler, M.D., Ph.D., FRCS 2716 Ocean Park Blvd., Suite 1007B Santa Monica, CA 90405 | Object as the opinions fail under Rules 702 and 703 and lack of foundation. | -Reserved -Court orders that expert report is to be provided to court in advance of trial |
| P13 | Nineveh Haysbert | | |
| P14 | JoAnn Wright Haysbert | | |

### DEFENDANTS' FINAL WITNESS LIST (INTEND TO CALL)

| Witness Number | Witness | Plaintiff's Objections | Court's Ruling |
|---|---|---|---|
| D1 | Lisa Crosby | | |
| D2 | Alicia Eleftherion | Note: Plaintiff withdrew objection based on Defendant's representation that witness will testify in individual capacity and as a corporate representative of Outback. | |
| D3 | Marcus Wilson | | |
| D4 | Neil Pugach, M.D. | Restricted by Motion in Limine Ruling, Dkt. Nos. 234-35. | |
| D5 | Abbot Huang, M.D. | Restricted by Motion in Limine Ruling, Dkt. Nos. 234-35. | |
| D6 | Chris Robinson | Objects on the grounds of foundation, relevance, and speculation. Rules 702, 703. | Court allows testimony, and Plaintiff will have the ability to impeach |

### DEFENDANTS' FINAL WITNESS LIST (MAY CALL)

| Witness Number | Witness | Plaintiff's Objections | Court's Ruling |
|---|---|---|---|
| D1 | Chip Chase | | |
| D2 | Samantha Gump | | |
| D3 | Joy Myrick | | |
| D4 | Nick Seifert | | |