# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

| | |
|---|---|
| **JOANN WRIGHT HAYSBERT**, | Case No.: 4:20-cv-00121-RBS-DEM |
| Plaintiff, | Assigned to District Court Judge Rebecca Beach Smith |
| v. | |
| **BLOOMIN' BRANDS, INC., et al.** | [Filed concurrently with Motion for Leave to Present Witnesses via Zoom] |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PRESENT WITNESS VIA ZOOM – DR. HUMA HAIDER**


# **TABLE OF AUTHORITIES**

*In re Newbrook Shipping Corp.*, 498 F. Supp.3d 807 (D. Md. 2020) . . . . . ... . . . ………………..2

*Sutphin v. Ethicon, Inc.*, No. 2:14-cv-01379, 2020 WL 5229448 (S.D.W.Va. Sept. 1, 2020)…….3

*United States v. Kivanc*, 714 F.3d 782, 791 (4th Cir. 2013)……………………..……………..3

*Va. Dep't of Corr. v. Jordan*, 921 F.3d 180 (4th Cir. 2019). . . . …………………..………..... .2

## PRELIMINARY STATEMENT

COMES NOW Plaintiff, JoAnn Wright Haysbert, to respectfully move the court to modify the subpoena issued to her expert witness, Dr. Huma Haider, and permit Dr. Haider to testify at trial via Zoom pursuant to Federal Rules of Civil Procedure 43(a) and 45(d)(3)(ii).

## STATEMENT OF FACTS

Dr. Huma Haider is a neurologist and life care planner located in Houston, Texas. *See* Decl. of Dr. Huma Haider ¶ 1, filed concurrently with this Motion. After Dr. Haider expressed her sudden unavailability to travel for a live trial to Plaintiff's counsel, Plaintiff's counsel alerted the Court, and Dr. Haider was then subpoenaed to testify live at trial on August 9, 2023. *See* Exhibit A to Decl. of Dr. Huma Haider. Per the settlement conference with Judge Miller, Plaintiff's counsel was directed to provide the circumstances to the Court detailing why Dr. Haider could not appear for trial as a live witness. Specifically, Dr. Haider's father was admitted to the hospital on Monday, July 24, 2023, for hypoxic respiratory failure, following a diagnosis of pneumonia. Decl. of Dr. Huma Haider ¶ 3. After spending two weeks in the hospital, Dr. Haider's father was discharged on Wednesday, August 2, 2023. *Id.* ¶ 4. According to Dr. Haider, since her father's discharge, his oxygen saturation levels continue to drop, and he will need to be readmitted to the hospital if his oxygen saturation levels drop below 70 percent. *Id.* ¶5. Dr. Haider is responsible for her father's end-of-life care. *Id.* ¶ 6. She cannot travel to Norfolk, Virginia to attend the trial, but she is available to testify via Zoom on August 9, 2023, at 4:00 p.m. EST. *Id.* ¶ 3.

## ARGUMENT

### I. FORCING DR. HAIDER TO TRAVEL WOULD BE AN UNDUE BURDEN

Dr. Haider is located in Houston, Texas, over 100 miles away from the Courthouse, and does not regularly transact business in Virginia. Forcing her to travel would place an on undue burden on both Dr. Haider and her father. Rule 45(d)(3)(ii) of the Federal Rules of Civil Procedure (FRCP) makes clear that a subpoena must be quashed or modified if it requires a person to comply

1

beyond the geographical limits specified in FRCP 45(c) or subjects a person to an undue burden. FRCP 45(c)'s geographical limits were crafted to protect third parties from the undue burden of traveling more than 100 miles to provide testimony or produce documents in a proceeding in which they are not a party. Fed. R. Civ. P. 45(c) advisory committee's note to 2013 amendment ("Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state.").

Many courts have recognized that allowing for testimony over Zoom is an appropriate way to modify a subpoena when the witness is beyond the geographic limits of FRCP 45(c). In *In re Newbrook Shipping Corp.*, 498 F. Supp.3d 807, (D. Md. 2020), two nonparty witnesses challenged subpoenas that required them to travel more than 100 miles from their respective locations. *Id.* at 815. The court ordered the modification of their subpoenas to provide that their depositions would be conducted remotely, "via Zoom or other teleconferencing platform," noting that "Zoom depositions have become a convention in this district during the ongoing COVID-19 pandemic, and they are appropriate in the circumstances of this case." *Id.* at 815 n.1.

Although this Court and the Defendants would prefer live testimony from an expert witness, the benefits of live testimony are outweighed by the undue burden placed on Dr. Haider and her father, especially considering that Dr. Haider is willing to testify via Zoom. When determining whether the in-person testimony would be an undue burden, this Court may consider the effects of Dr. Haider's travel on both Dr. Haider and her father:

> A more demanding variant of the proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified . . .. But courts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally.

*Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (internal citations omitted). "Courts may consider the interests of the recipients of the subpoena, as well as others who might be affected. The text of Rule 45 makes that clear, encompassing burdens on 'any person,' not just the recipient of the subpoena." *Id.* at 190.

Dr. Haider's father is ailing, possibly dying, will likely need to be hospitalized during the trial, and Dr. Haider is responsible for his end-of-life care. Dr. Haider has demonstrated that requiring her to travel over 100 miles to Virginia would be an undue burden for both Dr. Haider and her father, and we respectfully request that the Court permit her testimony over Zoom.

## II. DR. HAIDER HAS SHOWN COMPELLING CIRCUMSTANCES TO ALLOW ZOOM TESTIMONY

FRCP Rule 43(a) requires that witness testimony be taken in person in open court except "[f]or good cause in compelling circumstances and with appropriate safeguards." The decision to allow testimony by videoconference falls within the court's discretion. *United States v. Kivanc*, 714 F.3d 782, 791 (4th Cir. 2013). The Advisory Committee Notes to Rule 43(a) explain that remote "[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. Instead, "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.* While the Advisory Committee Notes prefer live, in-person testimony, the advances in technology since 1996 when the Rule first allowed for live video testimony have eliminated many of the initial concerns. *See Sutphin v. Ethicon, Inc.*, No. 2:14-cv-01379, 2020 WL 5229448, at *2 (S.D.W.Va. Sept. 1, 2020).

As explained above, Dr Haider has shown compelling circumstances under Rule 43(a) – her father is ailing, possibly dying, may need to be hospitalized during the trial, and she is responsible for his end-of-life care. As such, we respectfully request that the Court permit her testimony via Zoom.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court permit Dr. Haider to testify via Zoom on August 9, 2023, at 4:00 p.m. EST.

DATED: August 6, 2023  **CRANDALL & KATT**
By: /s/ D. Adam McKelvey, Esq.
D. Adam McKelvey, Esq. (75174)
CRANDALL & KATT
366 Elm Avenue, SW
Roanoke, VA 24016
Telephone: (540) 342-2000
Facsimile: (540) 345-3527
dmckelvey@crandalllaw.com

DATED: August 6, 2023  **HAYSBERT | MOULTRIE, LLP**
Nazareth M. Haysbert [CA SBN 294431]
(admitted pro hac vice)
nazareth@hmlaw.la
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
Tel: (310) 496-5796
Fax: (310) 496-5701

*Attorneys for Plaintiff JoAnn Wright Haysbert*

4

# **CERTIFICATE OF SERVICE**

*JOANN WRIGHT HAYSBERT v. BLOOMIN' BRANDS, INC., et al.,* Case No.: 4:20-cv-00121-RBS-DEM

I hereby certify that on this August 6, 2023, a true and accurate copy of the foregoing was sent via email:

I served this document on the persons below:

John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Nicholas J. Lawrence, VSB No. 76964
nlawrence@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDGKINS, P.C.
9990 Fairfax Blvd., Suite 400
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
*Counsel for Defendant*

DATED: August 6, 2023 **CRANDALL & KATT**
By: /s/ D. Adam McKelvey, Esq.
D. Adam McKelvey, Esq. (75174)
366 Elm Avenue, SW
Roanoke, VA 24016
Telephone: (540) 342-2000
Facsimile: (540) 345-3527
dmckelvey@crandalllaw.com

DATED: August 6, 2023 NAZARETH M. HAYSBERT, ESQ. [CA SBN 294431] (admitted *pro hac vice*)
nazareth@hmlaw.la
**HAYSBERT | MOULTRIE, LLP**
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
Tel: (310) 496-5796
Fax: (310) 496-5701

*Attorneys for Plaintiff JoAnn Wright Haysbert*

5