IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| JOANN WRIGHT HAYSBERT<br>Plaintiff,<br>v.<br><br>BLOOMIN' BRANDS, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)   Case No.: 4:20-cv-00121-RBS-RJK<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PRESENT DR. HUMA HAIDER VIA ZOOM**

COMES NOW, the Defendants, Bloomin Brands, Inc. and Outback Steakhouse of Florida, LLC, by counsel, and hereby submit their Opposition to Plaintiff's Motion for Leave to Present Dr. Huma Haider via Zoom, and state as follows:

### I.   INTRODUCTION

Plaintiff has filed her Motion 37 hours before trial is set to begin despite claiming to have known of this issue as early as August 4. Federal Rule of Civil Procedure Rule 43(a) governs this request. This Rule states, in relevant part, "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

### II.   ARGUMENT

#### A. This is Not an Enforceable Subpoena

Plaintiff only issued the subpoena on August 4, 2023. There is no affidavit of service and Dr. Haider did not state in her declaration that she accepted service. There is simply no evidence that this would be an enforceable subpoena, especially considering the fact that it only gives Dr.

Haider a few days' notice. It is completely inappropriate to issue a subpoena knowing that it is unenforceable. Fed. R. Civ. P. 45(d)(1).

Dr. Haider has further only provided a single date and time that she would be available to appear. If Dr. Haider does not consent to appearing at another date or time, then this Court does not have the ability to compel her appearance pursuant to this deficient subpoena. Plaintiff's counsel did not estimate how long his direct of Dr. Haider would be expected to take, but undersigned expects that defense will need at least one hour to cross-examine Dr. Haider (and that is assuming there are no technical difficulties or interruptions). It is unclear how late this Court is willing to keep the jury, but it is clear that Dr. Haider has no intention of returning to testify if her examination is not completed on August 9.

Plaintiff cites no authority for the argument that this Court has authority to compel Dr. Haider, a witness more than 100 miles from the courthouse. *In re Newbrook Shipping Corp.* is inapposite as it was discussing a subpoena for a deposition, not trial testimony, and a Zoom deposition was permitted as it was during the height of COVID-19. *In re Newbrook Shipping Corp.*, 498 F. Supp. 3d 807, *10 n. 1 (D. Md. 2020). The court then modified the subpoena to continue the deposition date because the subpoena was only served three days prior to the deposition date and the court found that it was unreasonable under Rule 45 to only provide a witness three days' notice. *Id.* at *10.

*In re Newbrook Shipping Corp.* did not address whether Rule 43 works to expand the 100-mile requirement in Rule 45 for trial testimony; the court just ordered that the deposition be conducted remotely with no explanation as to how it affected the validity of the subpoena. There is currently a district court split on the issue. *See In re EpiPen*, No. MDL No: 2785, 2021 U.S. Dist. LEXIS 125939, *33-38 (D. Kan. July 7, 2021) (listing cases and their decisions before

deciding that even if a witness is testifying remotely, the witness either needs to be within 100 miles of the courthouse or willing to testify.); *see also Bioconvergence LLC v. Attariwala*, No. 1:19-cv-01745-SEB-MG, 2023 U.S. Dist. LEXIS 112144 (S.D. Ind. June 29, 2023) (same); *Kirkland v. United States Bankr. Court for the Cent. Dist. of Cal. (In re Kirkland)*, No. 22-70092, 2023 U.S. App. LEXIS 19266, *42 (9th Cir. July 27, 2023) ("Moreover, we conclude that despite changes in technology and professional norms, the rule governing the court's subpoena power has not changed and does not except remote appearances from the geographical limitations on the power to compel a witness to appear and testify at trial."). These cases are persuasive. Simply because Rule 43 permits remote testimony, it does not supplant the requirement in Rule 45 that an enforceable subpoena can only compel a person within 100 miles of the place of the trial.

Further, the argument that this would place an 'undue burden' on Dr. Haider simply because she lives in Texas is inconsistent with Plaintiff's choice to retain an expert who lives in Texas and Dr. Haider's choice to be retained in a lawsuit pending in Virginia. Neither Plaintiff nor Dr. Haider now get to claim undue burden when they both knew what they were signing up for over two years ago.

B. Plaintiff Cannot Show Good Cause Nor Compelling Circumstances.

The record before this court is completely missing the necessary information that plaintiff paid Dr. Haider in advance of trial and that she was planning to attend. Plaintiff has not produced a cancelled check, plane tickets, hotel reservations or any evidence that in good faith there was a legitimate expectation of having Dr. Haider present for trial. There is a history to this case on this issue. In August 2022, when this case was set for trial the first time, plaintiff made a similar motion on the eve of trial, which was never argued or addressed by the court, as the case was postponed when the trial Judge became ill. This is an issue that should have been addressed long

ago, if the plaintiff did not want to pay Dr. Haider to travel. In 2020, her daily fee for trial was $8,000, and 3 years later we can assume more. If her travel and hotel fees and time away are calculated, a cost of $25,000 is not out of line for her fees. This record suggests plaintiff never paid for any of the trial fees for any of the trial dates, and never expected to have her at trial. It is also worth noting that plaintiff retained another expert in California, Dr. Filler, and Brad Avrit also from California. The last expert is from Florida. The cost of bringing all these experts is very high, and it appears that none of the other experts may be coming to trial. Plaintiff made strategic decisions in selecting out of town experts with the high cost of bringing them to trial. Now, there is a legitimate inquiry whether any are coming, were paid in advance, plane travel was actually booked, hotels reserved. No evidence, receipts, invoices have been produced to answer this obvious question. Plaintiff does not attempt to argue that good cause exists, but argues that compelling circumstances exist to allow Dr. Haider to testify via Zoom. Per her fee schedule, Dr. Haider is required to be paid in advance of trial and any travel charges must be billed in advance. There is no evidence that plane reservations were made, nor is there any evidence that any actual arrangements were made for her to be at trial.

Again, the case cited by Plaintiff is inapposite as it was decided during the height of COVID-19. The Court specifically held that the motion was not granted "because traveling to be physically present at the trial would 'greatly interrupt' [the retained experts'] medical practices." *Sutphin v. Ethicon, Inc.*, No. 2:14-cv-01379, 2020 U.S. Dist. LEXIS 158145, *6 (S.D. W. Va. Sep. 1, 2020). However, the court was "concerned about the added risk their physical presence would create for them and their patients." *Id.*

· This Court's opinion in *Flame S.A. v. Indus. Carriers, Inc.* denying a motion for remote testimony thoroughly explains the standard set forth in Rule 43(a). *Flame S.A. v. Indus. Carriers,*

*Inc.*, 2014 U.S. Dist. LEXIS 126154 (2014). In *Flame*, the Court denied a defendant's motion for a witness to appear remotely made twenty-five days prior to trial. There, the witness at issue was a junior lieutenant in the Ukrainian military, who was subject to a draft notice when the Ukrainian army was in a state of partial mobilization. Quoting the 1996 amendments to the Rule, the Court stated, "the most persuasive showings are likely to arise when a witness is unable to attend trial for unexpected reasons . . . . Other possible justifications for remote transmission must be approached cautiously." *Id.* at 3. If a party could reasonably foresee the circumstances offered to justify remote testimony they will have "special difficulty" in making the necessary showing. *Id* at 4. Further, notice of the desire for remote testimony "should be given as soon as the reasons are known." *Id.*

Here, Plaintiff waited until 36 hours prior to trial to file this motion. Dr. Haider's father was hospitalized on July 24, 2023. No explanation is given as to why this request was not made at that time. Not only is the request too late, but it is not sufficient grounds to avoid in person attendance. This is one of the risks of retaining experts who live far away. The fact a specific time is selected for this testimony also suggests Dr. Haider may be seeing patients, and not waiting at home supervising her father. When she is a away, is there a home health nurse aid in place, no information is provided for that issue. No explanation is given as to why the request was not brought up at the final pretrial conference when this Court was going over Plaintiff's exhibit and witness list. This is an issue that comes too late, that is not supported by good cause, or compelling circumstances.

WHEREFORE, for the foregoing reasons, as well as any additional argument to be raised at a motions hearing or trial, Defendants respectfully request that this Honorable Court deny Plaintiff's motion.

BLOOMIN' BRANDS, INC.
and **OUTBACK STEAKHOUSE OF FLORIDA, LLC**
By Counsel

McGAVIN, BOYCE, BARDOT,
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555


  /s/ *John D. McGavin*
John D. McGavin (VSB 21794)
Emily K. Blake (VSB 90562)
jmcgavin@mbbtklaw.com
eblake@mbbtklaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2023, a true and accurate copy of the foregoing was sent via the CM/ECF system to:

David A. McKelvey, Esq.
Crandall & Katt
366 Elm Ave, SW
Roanoke, Virginia 24016
dmckelvey@crandalllaw.com

Nazareth M. Haysbert, Esquire
James L. Moultrie, III, Esquire
4640 Admiralty Way, Suite 500
Marina Del Ray, CA 90292
nazareth@hmlaw.la

*Counsel for Plaintiff*

               /s/ *John D. McGavin*
               John D. McGavin, VSB 21794