# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

| | |
|---|---|
| **JOANN WRIGHT HAYSBERT**, | Case No.: 4:20-cv-00121-RBS-DEM |
| Plaintiff, | Assigned to District Court Judge Rebecca Beach Smith |
| v. | |
| **BLOOMIN' BRANDS, INC., et al.** | |
| Defendants. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR MISTRIAL

i

# **TABLE OF AUTHORITIES**

**Cases**

*Bryar v. Wilson* (1964) 152 Conn. 162, 204 A.2d 831, 832)………………………3

*Greer v. Miller,* 483 U.S. 756, 766 n.8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987)….6

*Hanna v. Gravett,* 262 F. Supp. 2d 643, 647 n.4 (E.D. Va. 2003)..…………….....6

*Lombard v. Rohrbaugh,* 551 S.E.2d 349, 353-54 (Va. 2001)………………….....3

*Medina v. Hegerberg*, 427 S.E.2d 343, 345-46 (Va. 1993)…………………..…..6

*Riddle v. Exxon Transp. Co.*, 563 F.2d 1103, 1109 n.6 (4th Cir. 1977)………….3, 5

*United States v. Barronette*, 46 F.4th 177, 202, 221-22 (4th Cir. 2022)…………...6

*U.S. v. Dorsey*, 45 F.3d 809, 817-18 (4th Cir. 1995)……………………………..3

*United States v. Vogt*, 910 F.2d 1184, 1193 (4th Cir. 1990)…………………….3, 5

I.  **BACKGROUND**

This case arises from an incident which occurred at an Outback Steakhouse restaurant in Chesapeake, Virginia on May 23, 2018. Plaintiff, Dr. Joann Wright Haysbert ("Plaintiff"), sustained injury when she slipped and fell in the dining room of the restaurant as a result of Defendants' negligence. On August 11, 2023, the fourth day of the jury trial of this matter, Plaintiff called Alicia Eleftherion to the stand. Ms. Eleftherion was the manager of the restaurant where Plaintiff fell in May 2018. During the course of the examination, Plaintiff's counsel asked Ms. Eleftherion: "Whose responsibility was it at the time that you were the manager of the Outback Steakhouse in Chesapeake to follow up with an injured party who has slipped and fallen?" [Tr. P10, L21-23] Ms. Eleftherion responded: "Correct. If our *insurance* provider at the that time was involved, we had an *insurance* liaison who would follow up with that person." [Tr. P10, L24-25; P11, L1] (Emphasis added) Ms. Eleftherion's response elicited an objection from Defendants' counsel which was sustained by the Court who stated on the record "*Insurance* is not an issue at all in this case." [Tr. P11, L2-7] (Emphasis added) In an effort to prevent Ms. Eleftherion from further mentioning insurance in response to his question, Plaintiff's counsel gave her the following instruction to confirm that Ms. Eleftherion completely understood what she should avoid mentioning again: "So, I'm only asking you what you would do in your personal knowledge. Okay. So let's leave

1

*insurance* out of it. And although *insurance* is within your personal knowledge, we are leaving *insurance* out of it." [Tr. P11, L9-12] (Emphasis added)

Defendants' counsel subsequently made an oral motion for a mistrial and the Court dismissed the witness and the jury and entertained arguments on the issue. When the witness returned to the stand, Plaintiff's counsel again attempted to get Ms. Eleftherion to properly answer his question and asked: "Okay. If a person was injured in the dining room through a slip and fall, whose responsibility is it to follow up with that person at Chesapeake Outback Steakhouse, at the Chesapeake Outback Steakhouse, if anyone?" [Tr. P36, L13-16] Despite the Court's previous admonishment, Ms. Eleftherion responded: "There is protocol to follow, any type of incident, whether it's slip and fall or different incident regarding to a guest or somebody who works there, we have to call that into our *insurance* group." [Tr. P36, L22-25] (Emphasis added) Upon objection from counsel for Defendant, the Court provided the following curative instruction: "You'd asked that question before, and that's the answer you got. There has been an objection to it, and the Court specifically said there is no *insurance* in this case, should be no mention of it and no *insurance* issue. That's the question you asked before that got the same answer." [Tr. P37, L2-7] (Emphasis added) The Court further stated: "I completely strike that question and that answer at this juncture because it's not part of the case. It's improper under the law for it to even be mentioned." [Tr. P37, L14-17] Addressing

the witness, the Court asked: "I thought you heard that, too, but you didn't as a witness hear that?" [Tr. P37, L18-19] Ms. Eleftherion responded: "Yes, ma'am, I heard you." [Tr. P37, L20] Defendant's counsel renewed his oral motion for mistrial and the Court took the motion under advisement. Plaintiff herein submits its memorandum in opposition to Defendant's oral motion for mistrial.

## II. LEGAL ARGUMENT

### A. The Motion Must Be Denied Because The Mention Of Insurance Was Not Deliberately Elicited Or Mentioned By Plaintiff's Counsel And The Court Promptly Issued Curative Instructions To The Jury

"The time when the mere mention of insurance before a jury in the trial of a negligence case automatically called for a mistrial has long since passed." *Riddle v. Exxon Transp. Co.*, 563 F.2d 1103, 1109 n.6 (4th Cir. 1977) (citing *Bryar v. Wilson* (1964) 152 Conn. 162, 204 A.2d 831, 832); *see also Lombard v. Rohrbaugh,* 551 S.E.2d 349, 353-54 (Va. 2001) (holding that the mention of insurance coverage in a negligence suit is no longer reversible error in Virginia). Instead, in ruling on a motion for mistrial, the Court looks to whether the inadmissible evidence was introduced purposely by the attorney which would amount to misconduct of the type that warrants a mistrial. *U.S. v. Dorsey*, 45 F.3d 809, 817-18 (4th Cir. 1995) (denying motion for mistrial where there was no evidence to supporting moving party's contention that the inadmissible evidence was

3

"deliberately" interjected into the testimony) (citing *United States v. Vogt*, 910 F.2d 1184, 1193 (4th Cir. 1990), *cert. denied*, 498 U.S. 1083, 111 S.Ct. 955, 112 L.Ed.2d 1043 (1991) (finding that testimony suggesting that the defendant had been previously jailed, in light of curative instructions, was not sufficiently prejudicial to warrant mistrial where "the matter only came up incidentally, neither the witness nor the prosecution made any repeated reference to it, and the court carefully instructed as to its permissible use").

Here, the record clearly indicates that Plaintiff's counsel did not initially mention or otherwise deliberately elicit Ms. Eleftherion's comments about insurance. Indeed, the only time Plaintiff's counsel uttered the word "insurance" was in his immediate attempt to manage the witness the first time she mentioned insurance and preclude her from testifying about any further insurance issues. The record further demonstrates that the Court promptly sustained Defense counsel's objection, issued a curative instruction to the jury and expressly told the witness to "leave insurance out of it," yet the witness independently chose to ignore that directive. [Tr. P11, L9-12]

Similarly, Plaintiff's counsel did not deliberately cause Ms. Eleftherion to utter the word "insurance" the second time she mentioned insurance in response to Plaintiff's counsel's question. Although the question was similar to the previous question to which Ms. Eleftherion brought up insurance in her answer, the record

4

shows that Ms. Eleftherion clearly heard the Court's previous admonishment to "leave insurance out of it." [Tr. P37, L18-20] Plaintiff's counsel obviously assumed that Ms. Eleftherion would abide by the Court's direction and modify her answer accordingly. Nonetheless, the mention of insurance was only brought up incidentally by Ms. Eleftherion and was immediately cured by the Court's curative instructions.

Under these circumstances, where inadmissible testimony is not deliberately elicited and merely incidental, a court's "prompt action in striking improper references to the defendant's insurance from the record, coupled with instructions admonishing the jury to disregard such matter, sufficiently protects the defendant's right." *Riddle,* 563 F.2d at 1108-09. *See also Vogt,* 910 F.2d at 1193 (finding that testimony suggesting that the defendant had been previously jailed, in light of curative instructions, was not sufficiently prejudicial to warrant mistrial where "the matter only came up incidentally, neither the witness nor the prosecution made any repeated reference to it, and the court carefully instructed as to its permissible use").

Whether, under the circumstances of the particular case the error has been cured by a cautionary instruction is normally "a matter for the proper exercise of the sound discretion of the trial court," and "only in the event of a manifest abuse of judicial discretion should the appellate court interfere," with the exercise of that discretion. This is so because the trial judge can best evaluate the atmosphere of the

5

trial and the possibility of prejudice. *Riddle,* 563 F.2d at 1108-09. Indeed, "[b]ecause a mistrial is so drastic a step," an appellate court will only disturb the district court's refusal to grant one in extraordinary circumstances, such as when evidence is admitted that would prejudice the defendant, and there is an "overwhelming probability" that the jury would be unable to heed a curative instruction to ignore it." *United States v. Barronette*, 46 F.4th 177, 202, 221-22 (4th Cir. 2022) (quoting *Greer v. Miller,* 483 U.S. 756, 766 n.8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987)). *See also Hanna v. Gravett,* 262 F. Supp. 2d 643, 647 n.4 (E.D. Va. 2003) (citing *Medina v. Hegerberg*, 427 S.E.2d 343, 345-46 (Va. 1993) ("when sufficient cautionary instructions are made by the court following a mention of insurance," such comments will not amount to reversible error).

The inadvertent mention of insurance by Ms. Eleftherion was clearly incidental. Moreover, there is absolutely no evidence that Plaintiff's counsel was engaged in any misconduct in attempting to introduce inadmissible evidence and the Court's prompt curative instruction was more than sufficient to avoid the severe prejudice needed to grant a mistrial in this case.

### III.  CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court DENY Defendants' Motion for Mistrial.

                                                        RESPECTFULLY SUBMITTED,

DATED: August 13, 2023          **CRANDALL & KATT**

                                                  By: /s/ D. Adam McKelvey, Esq.
                                                  D. Adam McKelvey, Esq. (75174)
                                                  CRANDALL & KATT
                                                  366 Elm Avenue, SW
                                                  Roanoke, VA 24016
                                                  Telephone: (540) 342-2000
                                                  Facsimile: (540) 345-3527
                                                  dmckelvey@crandalllaw.com

DATED: August 13, 2023          **HAYSBERT | MOULTRIE, LLP**
                                                  Nazareth M. Haysbert [CA SBN 294431]
                                                  (admitted pro hac vice)
                                                  nazareth@hmlaw.la
                                                  4640 Admiralty Way, Suite 500
                                                  Marina Del Rey, California 90292
                                                  Tel: (310) 496-5796
                                                  Fax: (310) 496-5701

                                          *Attorneys for Plaintiff JoAnn Wright Haysbert*

## **CERTIFICATE OF SERVICE**

*JOANN WRIGHT HAYSBERT v. BLOOMIN' BRANDS, INC., et al.,* Case No.: 4:20-cv-00121-RBS-DEM

I hereby certify that on this August 13, 2023, a true and accurate copy of the foregoing was sent via email:

I served this document on the persons below:

John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Nicholas J. Lawrence, VSB No. 76964
nlawrence@bmhjlaw.com
Anna G. Zick VSB No. 86057
azick@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDGKINS, P.C.
9990 Fairfax Blvd., Suite 400
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
*Counsel for Defendant*


DATED: August 13, 2023  **CRANDALL & KATT**
By: /s/ D. Adam McKelvey, Esq.
D. Adam McKelvey, Esq. (75174)
366 Elm Avenue, SW
Roanoke, VA 24016
Telephone: (540) 342-2000
Facsimile: (540) 345-3527
dmckelvey@crandalllaw.com

DATED: August 13, 2023  NAZARETH M. HAYSBERT, ESQ. [CA SBN 294431] (admitted *pro hac vice)*
*nazareth@hmlaw.la*
**HAYSBERT | MOULTRIE, LLP**
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
Tel:  (310) 496-5796
Fax:  (310) 496-5701

*Attorneys for Plaintiff JoAnn Wright Haysbert*

8