IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| JOANN WRIGHT HAYSBERT | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BLOOMIN' BRANDS, INC., et al. | ) | Case No.: 4:20-cv-00121-RBS-RJK |
| | ) | |
|     Defendants. | ) | |

## DEFENDANTS' TRIAL BRIEF AS TO DEFENDANTS' MOTION FOR MISTRIAL

COMES NOW, the Defendants, Bloomin Brands, Inc. and Outback Steakhouse of Florida, LLC, by counsel, and hereby submit this Trial Brief on Defendants' Motion for Mistrial due to Plaintiff injecting insurance into the trial, and state as follows:

"The rule in Virginia is that in an action to recover damages for personal injuries, the admission of evidence or argument of counsel deliberately injected into a case to inform the jury that a defendant is insured against the accident is reversible error." *Hope Windows, Inc. v. Snyder*, 208 Va. 489, 493 (1968) (citing cases). The only exception is "if the statement relating to insurance is unintentionally made and it appears that substantial justice has been done in the case." *Id.*

There is no question that Plaintiff's counsel's actions were deliberate. Here, Plaintiff's counsel knew that this question of "Whose responsibility was it at the time that you were the manager of the Outback Steakhouse in Chesapeake to follow up with an injured person who had slipped and fallen?" would evoke the mention of insurance. Not only did counsel for Plaintiff directly contact Defendants' risk management after Plaintiff's incident, *see* Ex. A, but he also took Alicia Eleftherion's deposition on May 13, 2021, where the claims process was extensively

1

discussed, *see* Ex. B, Eleftherion Dep. 77:22-25, 152:16-155:14, 272:12-275:18, 278:9-280:8, 308:19-312:10, 314:19-316:22 (discussing sending the incident report into Gallagher Bassett).

This was also discussed in Norman Chase's deposition, which took place on May 12, 2021:

> 1 Q Did you respond to the other possibly
> 2 two slip-and-fall incidents that occurred at the
> 3 restaurant?
> 4 A Respond to the guest directly, no.
> 5 Q Why not?
> 6 A Because once it's filed through the
> 7 system, normally it's taken care of through the
> 8 claims.
> 9 Q When you say it's normally -- it's
> 10 taken care of through the claims, what are you
> 11 referring to?
> 12 A I mean any information or if -- if
> 13 something is, you know, wrong more than what the
> 14 guest says or, you know, follow-up to make sure
> 15 that the guest is okay, that's -- that's done
> 16 through the -- the claim.
> 17 Q When you say following up to make
> 18 sure the guest is okay is done through the claim,
> 19 what are you referring to?
> 20 A I mean if a guest falls and they say
> 21 they're perfectly fine, you know, there's no
> 22 issues, there's -- there's a claim filed anyway
> 23 just to make sure that everything's okay.

Ex. C, Chase Dep. 127:1-23; *see also* Ex. C, Chase Dep. 118:2-123:17, 126:1-130:9, 144:1-145:25, 254:4-25. It was also discussed in Lisa Crosby's deposition, which took place on May 3, 2021, Ex. D, Crosby Dep. 136:1-138:2, 154:25-156:24, 158:2-161:8, 167:2-13, 171:21-174:20.

Counsel for defense has consistently objected to evidence about post fall investigation and contact with plaintiff by Outback employees. It is not relevant and it leads inevitably to the insurance claims process. Counsel knows this from extensive discovery. There was no other possible relevance to the question of what an employee is supposed to do after a slip and fall and inquiry regarding by whom and when plaintiff was contacted.  It does not in any relate to whether

2

the defendants were negligent. Plaintiff's counsel's question was not limited to the specific facts of this case. It was broad and open ended because he knows exactly what a manager's duties are after a slip and fall: fill out an incident form, take any relevant photos, gather witness information, and turn everything over to the insurance company.

Then after eliciting the testimony related to insurance, Counsel for Plaintiff said the word insurance 3 more times while standing at the lectern facing the jury:

> Q. Whose responsibility was it at the time that you were the manager of the Outback Steakhouse in Chesapeake to follow up with an injured person who had slipped and fallen?
>
> A. Correct. If our insurance provider at that time was involved, we had an insurance liaison who would follow up with that person.
>
> MR. McGAVIN: Objection, Your Honor.
>
> THE COURT: Sustained.
>
> MR. HAYSBERT: It's only been said. I don't have a question pending.
>
> THE COURT: Insurance is not an issue at all in this case.
>
> BY MR. HAYSBERT:
> Q. So I'm only asking you what you would do in your personal knowledge. Okay. So let's leave **insurance** out of it. And although **insurance** within your personal knowledge, we are leaving **insurance** out of it.
>
> THE COURT: Mr. Haysbert, please, follow the Court's rulings.
>
> MR. HAYSBERT: Yes, ma'am.
>
> MR. McGAVIN: Your Honor, I have a motion.

Transcript attached as Exhibit E.

3

Plaintiff's argument that insurance was introduced by 'Outback' is misleading. Plaintiff's counsel seems to be under the mistaken impression that simply because Ms. Eleftherion was produced as the Rule 30(b)(6) designee for Outback Steakhouse, she now continues to be the spokesperson for Outback. The Federal Rules of Evidence are very clear: lay witnesses at trial must testify as to events within their personal knowledge, Fed. R. Evid. 602; there is no such thing as a corporate designee for trial. If Plaintiff's counsel wanted to offer Outback's statements at trial, he would have needed to designate that deposition. He did not. His continual representations to this Court and in front of the jury that Ms. Eleftherion is the 'person most knowledgeable for Outback' is wrong and intentionally misleading.

Thus, Plaintiff asked an open-ended question of his own witness that he knew would elicit a response discussing insurance. Outback did not inject insurance into this case. Plaintiff did.

Then, after having an entire discussion on the record, Plaintiff's counsel then asked essentially the same question to Ms. Eleftherion again, and of course she gave the same response. *Compare*, Ex. Tr. Trans. 10:21-23 ("Whose responsibility was it at the time that you were the manager of the Outback Steakhouse in Chesapeake to follow up with an injured person who had slipped and fallen?"), *with* 36:13-16 ("If a person was injured in the dining room through a slip and fall, whose responsibility is it to follow up with that person at Chesapeake Outback Steakhouse, at the Chesapeake Outback Steakhouse, if anyone?"). This further evidences Plaintiff's intentional and deliberate conduct because, again, there is no possible relevance to the question of who is responsible for following up with injured guests.

In *Hope Windows*, a case involving personal injury, Plaintiff's counsel stated the following during vior dire in front of the jury: "I would like to know, your Honor, if any members of this panel have ever worked or are presently working for an insurance company." *Id.* at 491. The court

4

overruled the defendant's motion for a mistrial, but did express "the opinion that the question propounded by plaintiff's counsel was deliberately and not inadvertently asked." *Id.* The Supreme Court of Virginia reversed the trial court's decision, explaining:

> Whatever may have been the reason for counsel's requesting the court to ask the members of the jury panel in the present case if any of them had ever worked or were presently working for an insurance company, the effect of the question was to suggest to the jury that defendant were protected by liability insurance coverage.
>
> We hold that the deliberate injection of insurance coverage by plaintiff's counsel on the *voir dire* examination was improper and prejudicial to defendants' right to a trial by an impartial jury.

*Id.* (citing *Langley v. Turner's Express, Inc.*, 375 F.2d 296 (4th Cir. 1967) (upholding trial court's decision to not allow questions related to jurors' involvement with insurance companies in *voir dire*)). In *Forsberg v. Harris*, the Supreme Court of Virginia held that a mistrial was warranted when Plaintiff's counsel, in his opening statement, mentioned that the defendant worked for an insurance company. *Forsberg v. Harris*, 238 Va. 442, 444 (1989) ("We conclude that in a case like this one, where a jury is told that the defendant is employed by an insurance company, the risk of prejudice to the defendant far outweighs the slight relevance of the defendant's occupation.").

Thus, Plaintiff's inquiry was designed to deliberately draw out the mention of insurance. Even if he argues that that is not the case, there was no reason for him to mention the word "insurance" 3 more times to the jury. Then, upon the jury returning to the Courtroom, Plaintiff's counsel asked the same exact question. Virginia caselaw is clear. A mistrial must be granted.

Even if this Court were to find that it was not deliberate, nothing can cure this. One of Plaintiff's themes is 'corporate indifference.' In his opening statement, Counsel for Plaintiff stated: "We believe the evidence will show that Dr. Haysbert is an innocent casualty of corporate indifference." Plaintiff's counsel is clearly trying to build a theme of the 'big bad corporation'

5

versus the individual. This all goes into the same narrative – do not feel bad for the corporate defendants because they have an insurance policy that will protect them. There is significant risk that the jury will run with this theme and award a significant verdict in a case where Plaintiff is not claiming any economic damages.

WHEREFORE, for the foregoing reasons, as well as any additional argument to be raised during oral argument, Defendants respectfully request that this Honorable Court grant their motion for mistrial.

**BLOOMIN' BRANDS, INC.
and OUTBACK STEAKHOUSE
OF FLORIDA, LLC**
By Counsel

McGAVIN, BOYCE, BARDOT,
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:   (703) 385-1000
Facsimile:    (703) 385-1555


  /s/ *Emily K. Blake*
John D. McGavin (VSB 21794)
Emily K. Blake (VSB 90562)
jmcgavin@mbbtklaw.com
eblake@mbbtklaw.com
*Counsel for Defendants*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of August, 2023, a true and accurate copy of the foregoing was sent via the CM/ECF system to:

David A. McKelvey, Esq.
Crandall & Katt
366 Elm Ave, SW
Roanoke, Virginia 24016
dmckelvey@crandalllaw.com

Nazareth M. Haysbert, Esquire
James L. Moultrie, III, Esquire
4640 Admiralty Way, Suite 500
Marina Del Ray, CA 90292
nazareth@hmlaw.la

*Counsel for Plaintiff*

                                                     /s/ *Emily K. Blake*
                                                    Emily K. Blake, VSB 90562