IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| JOANN WRIGHT HAYSBERT )<br>    Plaintiff, )<br>v. )<br> )<br>BLOOMIN' BRANDS, INC., et al. )<br> )<br>    Defendants. ) | Case No.: 4:20-cv-00121-RBS-RJK |

### DEFENDANTS' TRIAL BRIEF AS TO MOTION TO REVOKE *PRO HAC VICE* STATUS

COMES NOW, the Defendants, Bloomin Brands, Inc. and Outback Steakhouse of Florida, LLC, by counsel, and hereby submit this Trial Brief on Defendants' Motion to Revoke the *Pro Hac Vice* status granted to Nazareth Hayzbert, and state as follows:

Nazareth Haysbert is a licensed attorney who has secured authority to proceed in this matter as a foreign attorney under the Local Rules of the Eastern District of Virginia. Mr. Haysbert has violated these rules repeatedly, deliberately, and his authority to practice in this court should be revoked in this case and any other proceeding going forward.

### I.   FACTS

This case was scheduled for trial on August 8, 2023, with a jury. This is a simple slip and fall case. The case came before the court on August 1, 2023 for a Pre-trial. At the Pre-trial, plaintiff's counsel brought no exhibits and was unprepared for the hearing. After the hearing, Plaintiff's counsel was ordered to submit Plaintiff's final list of exhibits and copies of the exhibits, including an animation that was proposed as P1, a Power Point that was proposed as P2. Despite the fact that the Court received the animation by Friday August 4, 2023, undersigned counsel did not. Neither the Court nor defense counsel ever received a copy of the final Power Point until trial

had already begun. Local counsel took no part in preparing, submitting or delivering these documents.

On the first day of the trial, the exhibits were not available to the defense. Instead, they were delivered by Federal Express Delivery to defense counsel's office in Fairfax, thereby preventing counsel from reviewing assessing or evaluating the material. Haysbert alleged that he had sent these items in paper form and a thumb drive on Saturday August 5 to Defense Counsel for delivery on Monday August 7. A hearing followed in which the tracking showed the order was set to be delivered on August 8, and this record showed that counsel's assertion was untrue. The FedEx receipt produced by Haysbert did not have a date on it, but it showed that the package was ordered to be delivered on August 8, 2023. This is corroborated by the information provided by the tracking number.

On the day before trial, August 7, Nick Seifert, an Outback employee was served with an untimely subpoena, signed only by Haysbert, and not by counsel McKelvey, the responsible attorney. The subpoena called for Seifert to appear in trial on August 9. The defense submitted a motion to quash. The court took that matter up on the first day of trial, and ultimately based on the representations of Haysbert that the witness was critical to Plaintiff's case to 'prove control between Bloomin' Brands and Outback,' required that the improper subpoena be enforced. Then, Seifert was scheduled for testimony on August 9 at 2pm, and was never called until Friday August 11 in the afternoon.

Haysbert filed a motion on the evening of Sunday August 6, asking the court to grant a motion for the remote testimony of Dr. Huma Haider. That motion required a detailed inquiry by the court to determine when Haysbert knew of her alleged unavailability, and whether actual arrangements had been made for her appearance. The Court inquired about the flight arrangements

for Dr. Haider, her hotel arrangements, fee arrangements, payments in advance, whether they were actually paid, and made. Haysbert also represented that he had 3 other out of state experts, 2 from California and 1 from Florida, that would be appearing in court. The Court ordered affidavits from the experts, confirmation of flight arrangements and other documentation that Haysbert actually intended to have the witnesses in person. Counsel was ordered to produce the information by 5pm the following day. When the parties met the following morning, Haysbert announced he was withdrawing all of the experts, including Dr. Haider, except for Dr. Filler. No explanation was provided why these experts were not appearing and no affidavit for Dr. Filler was ever provided.

Haysbert did not subpoena Marcus Wilson for trial, a witness he viewed as critical. On August 11 at roughly midday, Wilson was called as a witness and did not respond. Wilson was under subpoena by the defense but was released from the subpoena. Wilson was never recognized by the court. When Wilson was not present counsel did not reveal that early that morning, Haysbert had issued a subpoena, signed only by Haysbert, and without the knowledge or input of McKelvey to be served on Wilson. That request was sent to a California process serving company at 6 am, 3 am PCT, to be served for trial appearance on August 11, the same day. At the conclusion of the plaintiff's case on August 11, at the inquiry of the Court, Haysbert stated that he intended to call Wilson on August 14, and that he had served him. The Court immediately demanded proof, which could not be fully provided except by a status report that was only brought into the court at roughly 7:30pm, while the entire court, attorneys and staff were forced to wait. The Court ordered that Haysbert produce all documentation for this subpoena on Monday August 14 and Defense moved to quash the subpoena. That motion is still pending.

Haysbert demonstrated improper conduct throughout the trial and the Court frequently turned to McKelvey to answer questions, explain what was happening, and on each occasion

3

McKelvey apparently was not consulted. The Court gave fair notice to local counsel and Haysbert that there were potential serious consequences for this pattern of misconduct, and frequently reminded local counsel that he was "responsible" for the proceedings.

On many occasions during trial, Haysbert interrupted the Court, talked over the Court, and counsel, and disrupted the proceedings. On two separate occasions, Haysbert slammed his papers down in anger at the proceedings and yelled out in the courtroom. Haysbert was openly disrespectful to counsel and to the court.

More than once, during his questioning of witnesses, Haysbert has mischaracterized a witness's testimony. Haysbert asks the same questions over and over again and cuts off witnesses when they are answering his questions.

## II. STANDARD OF LAW

A district court has inherent authority "to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *In re Snyder*, 472 U.S. 634, 645 n.6, 105 S. Ct. 2874, 86 L. Ed. 2d 504 (1985) ("Federal courts admit and suspend attorneys as an exercise of their inherent power . . . ."). *Pro hac vice* admission is a privilege, not a right. *See Leis v. Flynt*, 439 U.S. 438, 443-44, 99 S. Ct. 698, 58 L. Ed. 2d 717 (1979) (per curiam); *Thomas v. Cassidy*, 249 F.2d 91, 92 (4th Cir. 1957) (per curiam); *Ramirez v. England*, 320 F. Supp. 2d 368, 374 (D. Md. 2004). It comes with duties of candor and professionalism, *La Michoacana Nat., LLC v. Maestre*, 611 F. Supp. 3d 87, No. 17-CV-727, 2020 U.S. Dist. LEXIS 39142, 2020 WL 1126183, at *4 (W.D.N.C. Mar. 6, 2020), along with a duty of competence. *See Ramirez*, 320 F. Supp. 2d at 376 ("Court[s] not only may, but should, take into account whether the attorney in question has demonstrated sufficient competence and character to be permitted, in association with a member of the bar of this Court, to represent a litigant.").

The admission of an attorney *pro hac vice* is within the Court's discretion, as is revocation of that privilege. *A1 Procurement, LLC v. Thermcor, Inc.*, No. 15-CV-15, 2015 U.S. Dist. LEXIS 174897, 2015 WL 13733927, at *3-4 (E.D. Va. Nov. 18, 2015) (Mag. J., recommendation), *adopted*, 2016 U.S. Dist. LEXIS 5569, 2016 WL 184397 (E.D. Va. Jan. 15, 2016). Before revocation, the Court must provide the attorney with notice of the specific grounds for revocation and an

> opportunity to be heard. *A1 Procurement*, 2015 U.S. Dist. LEXIS 174897, 2015 WL 13733927, at *4-5; *Belue v. Leventhal*, 640 F.3d 567, 577 (4th Cir. 2011).
>
> There are many reasons that revocation might be appropriate, including violations of applicable rules of professional conduct, fraud, lack of candor with the court, or competence or character issues. *See Estate of Williams v. Radford*, No. 18-CV-182, 2018 WL 6065423, at *2 (W.D.N.C. Nov. 20, 2018); *A1 Procurement*, 2015 U.S. Dist. LEXIS 174897, 2015 WL 13733927, at *4. "[E]ven if there is not one bold ground to revoke an attorney's *pro hac vice* admission, the Court has the discretion to revoke an attorney's *pro hac vice* status based on the combined effect of an attorney's misconduct and disregard for the Local Rules." *A1 Procurement*, 2015 U.S. Dist. LEXIS 174897, 2015 WL 13733927, at *4; *accord La Michoacana Nat.*, 611 F. Supp. 3d 87, 2020 U.S. Dist. LEXIS 39142, 2020 WL 1126183, at *4.

*Williams v. Estates LLC*, No. 1:19-CV-1076, 2022 U.S. Dist. LEXIS 219139, at *3-4 (M.D.N.C. Dec. 6, 2022).

> For misconduct defined in these Rules, and for good cause shown, and after notice and opportunity to be heard, any attorney admitted to practice before this Court may be disbarred, suspended from practice before this Court, reprimanded or subjected to other disciplinary action as the circumstances may warrant.
>
> Acts or omissions by an attorney admitted to practice before this Court, individually or in concert with any other person or persons, which violate the Virginia Rules of Professional Conduct adopted by this Court shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of any attorney-client relationship. The Rules of Professional Conduct adopted by this Court are the Rules of Professional Conduct adopted by the highest Court of the state in which this Court sits, as amended from time to time by that state Court, except as otherwise provided by specific Rule of this Court after consideration of comments by representatives of bar associations within the state.

E.D. Va. Loc. R. Prac. App. B, Fed. R. Disciplinary Enforcement IV.

> Whenever an attorney applies to be admitted or is admitted to this Court for purposes of a particular proceeding (*pro hac vice*), the attorney shall be deemed thereby to have conferred disciplinary jurisdiction upon this Court for any alleged misconduct of that attorney arising in the course of or in the preparation for such proceeding.

E.D. Va. Loc. R. Prac. Appx. B, Fed. R. Disciplinary Enforcement VIII.

### III.  DISCUSSION OF THE LAW

Haysbert has signed subpoena requests and pleadings without local counsel signature, consultation and involvement. This conduct violates the local rules.

> **(3) Except where a party conducts his or her own case, no pleading or other filing required to be signed by an attorney shall be filed unless also signed by an attorney who is admitted or authorized to practice in this Court under subsections (C) or (D)(1)**, with the office address where notice can be served upon said attorney, and who shall have such authority that the Court can deal with the attorney alone in all matters connected with the case. Such appearance shall not be withdrawn without leave of the Court. Service of notice or other proceedings on such an attorney shall be equivalent to service on the parties for whom the attorney appeared.

E.D. Va. Loc. R. Prac. 83.1(E)(3); *see also* E.D. Va. Loc. R. Prac. 83.1(G) ("Pleadings or other filings submitted by attorneys admitted *pro hac vice* or authorized to practice under subsections (D)(2) or (E), must also be signed by an attorney admitted or authorized to practice before the Court under subsections (C) or (D)(1).").

Local counsel has not been involved in this case to the extent and manner required by the local rules, and Haysbert has failed to rely on local counsel's advice, guidance, or involvement. As stated by local counsel on numerous occasions when questioned by the court, McKelvey was unable to respond beyond stating he had little to no knowledge of what had been done. This conduct violates the local rules. Local counsel is accountable as is Haysbert. *See* E.D. Va. Loc. R. Prac. 83.1(G) ("Any attorney who signs a pleading or other filing with the Court will be held accountable for the case by the Court.").

Haysbert has not conducted himself with dignity and propriety. The Court has repeatedly noted on the record that Haysbert has not complied with basic rules of courtroom decorum. The Court has on multiple occasions turned to local counsel for proceedings, questions, and to put the attorneys on notice of potential sanctions including issuing a Rule to Show Cause.

> (K) Courtroom Decorum: **Counsel shall at all times conduct and demean themselves with dignity and propriety.** When addressing the Court, counsel shall rise unless excused therefrom by the Court. All statements and communications to the Court shall be clearly and audibly made from a standing position at the counsel table or, if the Court is equipped with an attorney's lectern, from a standing position behind the lectern, facing the Court or the witness. Counsel shall not approach the bench unless requested to do so by the Court or unless permission is granted upon the request of counsel.
>
> Examination of witnesses shall be conducted by counsel standing behind the lectern or, if none, behind the counsel table. Counsel shall not approach the witness except for the purpose of presenting, inquiring about, or examining the witness with respect to an exhibit, unless otherwise permitted by the Court. Only one attorney for each party may participate in the examination or cross-examination of a witness.

E.D. Va. Loc. R. Prac. 83.1(K).

This Court may consider Haysbert's candor. F.R.D.E. IV; Va. R. Sup. Ct. 3:3 ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal"). There remain unanswered questions whether Haysbert actually made arrangements by paying in advance the travel expenses for his experts, whether Dr. Haider actually had plane tickets, hotel reservations and actually planned to appear at trial. Likewise, no information was provided by the other two experts withdrawn by Haysbert were attending trial, had plane tickets, hotels and were paid to appear at trial. As Haysbert withdrew these experts on the second day of trial, before the affidavits were due, these issues are unresolved. A fair inference from this extensive record suggests that Haysbert never intended to have these experts in person and had not made the necessary arrangements for their appearance.

This matter is a simple slip and fall case. Due to misconduct, failure to follow the local rules, lack of preparation, the inquiries necessary by the court to address last minute untimely filings, and requests caused by Haysbert, the actual trial of this case did not even begin until August 10, two days late. Plaintiff was not able to complete his evidence until 6pm on August 11, and then

announced he had subpoenaed a witness he intended to call on August 14. Further inquiry followed that showed the subpoena was not even served until 5:25pm on Wilson on August 11, commanding him to appear on August 11 and 14. That is the subject of another motion. The proceedings did not even end on Friday August 14 until almost 8pm.

In summary, Haysbert has not complied with the basic requirements of a foreign attorney practicing in this court. Multiple representations have been proven false, filings have been late and untimely, and counsel has been discourteous to the court and counsel. This conduct did not start with trial, but has been ongoing for the pendency of this case. The unresolved issue of the experts has never been answered, but a fair inference based upon the cumulative misconduct is that false statements or misrepresentations may have been made about those arrangements. In court, Haysbert has acted in a totally inappropriate manner, and despite multiple warnings, admonishments, requests, has persistently acted in a manner unacceptable to common standards of decency and decorum.  This court should grant this motion and revoke Haysbert's *pro hac vice* status.

WHEREFORE, for the foregoing reasons, as well as any additional argument to be raised during oral argument, Defendants respectfully request that this Honorable Court sustain their motion and revoke Nazareth Hayzbert's *pro hac vice* status.

**BLOOMIN' BRANDS, INC.**
**and OUTBACK STEAKHOUSE**
**OF FLORIDA, LLC**
By Counsel

McGAVIN, BOYCE, BARDOT,
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:    (703) 385-1000
Facsimile:     (703) 385-1555

  /s/ *John D. McGavin*
John D. McGavin (VSB 21794)
Emily K. Blake (VSB 90562)
jmcgavin@mbbtklaw.com
eblake@mbbtklaw.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of August, 2023, a true and accurate copy of the foregoing was sent via the CM/ECF system to:

David A. McKelvey, Esq.
Crandall & Katt
366 Elm Ave, SW
Roanoke, Virginia 24016
dmckelvey@crandalllaw.com

Nazareth M. Haysbert, Esquire
James L. Moultrie, III, Esquire
4640 Admiralty Way, Suite 500
Marina Del Ray, CA 90292
nazareth@hmlaw.la

*Counsel for Plaintiff*

/s/ *John D. McGavin*
John D. McGavin (VSB 21794)