IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT,
     Plaintiff,

v.                                                                      Civil Action No. 4:20-cv-121

BLOOMIN' BRANDS, INC., *et al.*,
     Defendant.

## SCHEDULING AND PRETRIAL ORDER

The following shall govern the progress of this action in addition to the provisions of the

Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this

Court. This Order shall control if any conflict is perceived between it and either the Federal or

Local Rules. This Order shall supersede all prior Scheduling and Pretrial Orders that have been

entered in this matter.

### Trial Date

1.     A five-day **Jury Trial** is scheduled to commence at **10:00 a.m.** on **February 5, 2024, at**

     **Newport News.**

### Jury Trial

2.     The parties previously filed proposed jury instructions on July 11, 2022; August 2, 2022;

     and August 7, 2023. ECF Nos. 238–39, 249–52, 278–79, 281–82. Counsel or any

     unrepresented party shall provide a copy of these jury instructions in WORD format via e-

     mail to Chambers no later than December 18, 2023.

**Written Stipulations**

3.     The parties previously stipulated to undisputed facts, as laid out in the Court's final pretrial

orders. ECF Nos. 243, 280. The preexisting stipulations will be retained. Counsel and any

unrepresented party shall meet and confer in a good-faith effort to enter into any additional

written stipulations of uncontroverted facts. The preexisting stipulations and any new

stipulations shall be included in the Proposed Final Pretrial Order filed no later than

December 18, 2023.

**Exhibit & Witness Lists**

4.   The Court's Order on August 2, 2023, sets forth the final exhibit list and final witness list

for each party. ECF No. 273. The preexisting final exhibits and witnesses will be retained;

however the parties are directed to meet and confer and remove any exhibits that will not

be used or witnesses who will not be called at trial. The exhibit list and witness list, after

these removals, shall be included in the Proposed Final Pretrial Order filed no later than

December 18, 2023.

5.     All exhibits will be presented by available electronic means at trial, with counsel or any

unrepresented party to contact the courtroom deputy clerk before trial if counsel or the

unrepresented party is not sufficiently familiar with the courtroom electronic system to

effectuate presentation at trial. In anticipation of trial, each party shall ensure that three (3)

sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the

Clerk at least three (3) days before trial begins for use by the courtroom deputy clerk during

trial proceedings and the jury during its deliberations.

### Final Pretrial Conference

6.      A Final Pretrial Conference will be held on **January 17, 2024,** at **10:00 a.m.**, at the United States Courthouse, 2400 West Avenue, Newport News, Virginia 23607. No later than December 18, 2023, the parties shall <u>jointly</u> submit a proposed Final Pretrial Order to the Court, endorsed by counsel and any unrepresented party and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

### Pretrial Briefs

7.      The parties previously filed numerous "Trial Briefs," reflecting material issues the parties expected to arise at trial. ECF Nos. 195–96, 219–20, 290, 294, 298, 300–02. Some of these issues have been resolved or may no longer be pertinent. The parties are directed to meet and confer and determine which material issues remain. As to these preexisting issues, which the parties indicated include the admissibility of Dr. Filler and subsequent remedial measures, the parties are permitted to file updated briefs. If either party wishes to stand on their previously filed brief, the party must file a Notice specifically indicating which briefs remain relevant. The parties are also permitted to file a brief addressing any newly arisen material issue, but only if that issue has become relevant since August 8, 2023. Any updated briefs, briefs addressing newly arisen issues, or Notices must be filed no later than December 18, 2023. Counsel or any unrepresented party shall provide a copy of any

relevant discovery materials, such as expert reports, necessary to the consideration of these motions via e-mail to Chambers no later than December 18, 2023.

## Courtroom Technology

8.   All exhibits will be presented by available electronic means during trial. The courtroom is equipped with a document viewer that displays evidence on monitors located on counsel tables, on the bench and in the jury box. The parties may also use personal laptop computers to aid in the presentation of evidence. The Court does not provide laptops. The Court advises the parties to visit the following webpage for more information on the Court's technological capabilities: https://www.vaed.uscourts.gov/evidence-presentation-system.

9.   Any party wishing to use courtroom technology during a proceeding should submit a Request to Use the Court's Evidence Presentation System form and confer with the undersigned's courtroom deputy at least ten (10) days before the proceeding. The Court expects all parties using courtroom technology to conduct a test run before any proceeding.

10.   Any party wishing to bring personal electronic devices, including laptops and cell phones, to a proceeding should submit a Request for Authorization form to the undersigned's law clerks at least three (3) days before the proceeding. While in the courthouse, all devices should be turned off (not in silent or vibrate modes) unless in use for court-related matters.

## Communications with Chambers

11.   *Ex parte* communications with chambers are strongly discouraged and should be limited to scheduling questions and other clerical matters. All other requests and communications should be made via filings on the public docket.

### *Pro Se* **Parties**

12.     Any party proceeding without counsel is required to follow the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia. The Eastern District of Virginia has published resources to assist any person wishing to represent themselves (*pro se*) in a civil action in the Eastern District of Virginia, which are available on the Court's website at: https://www.vaed.uscourts.gov/pro-se-litigant-information.

13.     Local Civil Rule 83.1(M) requires all *pro se* parties to "certify in writing and under penalty of perjury that a document(s) filed with the Court has not been prepared by, or with the aid of, an attorney or shall identify any attorney who has prepared, or assisted in preparing, the document." Local Civ. R. 83.1(M)(2). Failure to comply with these provisions could potentially serve as the basis for disciplinary proceedings against ghostwriting attorneys and sanctions against non-compliant parties. *Cf. Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1079-80 (E.D. Va. 1997) (noting that in the absence of a specific rule against ghostwriting, disciplinary proceedings and contempt sanctions were unwarranted).

14.     Accordingly, *pro se* Plaintiff shall include the relevant certification under Local Civil Rule 83.1(N) with every document filed with the Court.

        The Clerk is directed to send a copy of this Order to all counsel of record and to any party not represented by counsel.

        It is so ORDERED.

                                                            _____/s/_____
                                                            Elizabeth W. Hanes
                                                            United States District Judge

Date: November 1, 2023

5