IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**JOANN WRIGHT HAYSBERT,**

      **Plaintiff,**

v.                                                                    Civil Case No.: 4:20-cv-00121

**BLOOMIN' BRANDS, INC., et al,**

      **Defendants.**

**MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SANCTIONS AND FOR LEAVE TO FILE BRIEF IN OPPOSITION IN EXCESS OF TWENTY (20) PAGES**

COMES NOW, Nazareth M. Haysbert ("Mr. Haysbert"), an interested party, by and through the undersigned counsel, and files this Memorandum in Support of his Motion for an extension of time to file his Opposition to Defendants' Motion for Sanctions and for leave to file a Brief in Opposition that exceeds the twenty-page limit imposed by Local Rule 7(F)(3), stating as follows:

**I.      INTRODUCTION**

This matter involves a contested personal injury case which has spanned three years and three months, and has more than 340 docket entries. The case was originally filed in the Circuit Court for the City of Hampton, Virginia on or about June 29, 2020. Defendants removed the case to this Court on or about July 31, 2020. Mr. Haysbert, an attorney licensed in California filed his Application to Qualify as a Foreign Attorney Under Local Civil Rule 83.1 ("Application") (pro hac vice) on September 8, 2020. (ECF No.: 13). Attorney Steven Teague signed the Application. Id. The Application was granted on or about September 10, 2020. (ECF No.: 14). D. Adam McKelvey ("Mr. McKelvey") noted his appearance as counsel for Plaintiff

on November 24, 2020. (ECF No.: 21). On December 2, 2020, a Consent Order Granting Substitution of Mr. McKelvey as counsel of record for Steven Teague was entered by the Court. (ECF NO.: 27). For the next 32 months, Mr. McKelvey remained as counsel for Plaintiff, litigating the case alongside Mr. Haysbert.

On August 8, 2023, the case proceeded to a jury trial. During the pendency of the trial, Defendants made several motions and on day six (6), the jurors were excused from further service. (See ECF No.: 313). On August 23, 2023, the Court issued a Memorandum Opinion granting Defendants' Motion to Quash, Motion to Revoke Pro Hac Vice Status of Mr. Haysbert, and Motion for Mistrial. (See ECF No.: 315). Mr. McKelvey moved to withdraw as counsel for Plaintiff on September 18, 2023. (ECF No.: 324). That same day, Defendants filed a Motion for Sanctions and Memorandum in Support against Mr. Haysbert and Mr. McKelvey. (ECF Nos.: 326-327). The Motion for Sanctions asks this Court to award Defendants their costs and attorneys' fees from August 6, 2023 through August 14, 2023, which total just under $60,000. (ECF No.: 336). Defendants also filed a Brief in Opposition to Mr. McKelvey's Motion to Withdraw, stating that no good cause for his withdrawal existed, and essentially citing his purported failure as local counsel. (See ECF No.: 331). Mr. McKelvey retained counsel, who filed a Notice of Appearance on September 20, 2023 (ECF No.: 328). Counsel for Mr. McKelvey also moved for an extension of time to respond to Defendants' Motion for Sanctions two days later citing pre-existing time demands and the fact that the Motion for Sanctions implicated the entire history of the case. (See ECF No.: 329). The undersigned filed a Notice of Appearance on October 10, 2023. Following an earlier telephone conference that occurred on September 26, 2023, prior to the undersigned's involvement in the case, the Court entered an Order extending the deadline to file a response to the Motion for Sanctions until December 4,

2023. (ECF No.: 333). The Court also allowed Mr. McKelvey's withdrawal. Id.

On November 9, 2023, Counsel for Mr. McKelvey filed a Suggestion of Death Upon the Record Under Rule 25(a)(1) advising the Court that David A. McKelvey, Esq. died unexpectedly on November 5, 2023. (ECF No.: 341).

## II. ARGUMENT

*A. Motion for Extension of Time to file Opposition to Defendants' Motion for Sanctions*

The death of Mr. McKelvey was completely and totally unexpected, and has complicated the situation considerably. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, if a party dies and the claim is not extinguished, the Court may order substitution of the proper party. Fed. R. Civ. P. 25 (a)(1). The Rule does not differentiate between a primary party, such as the plaintiff or defendant, or an "interested party" such as Mr. McKelvey. The motion to substitute may be made by any party or the decedent's successor, or representative, but must be made within 90 days after service of the statement noting the death. Id. In this instance, upon information and belief, the same week the Suggestion of Death was filed, Counsel for Mr. McKelvey reached out to Defendants' Counsel to inquire as to whether the clients, the Defendants, intended to withdraw the sanctions motion as moot against Mr. McKelvey or take any other action. According to Counsel for Mr. McKelvey, he has been unable to get a definitive response. The undersigned also reached out to Defendants' Counsel on November 16, 2023, to make a similar inquiry, and has not received a response as of the date of the attached Certificate of Service.

Mr. McKelvey and Mr. Haysbert worked closely together over the course of almost three years. Local Rule 83.1(E) makes clear that local counsel is expected to be actively engaged in all matters in which they appear. This includes accompanying the pro hac vice attorney to all

court appearances, hearings, pre-trials and trial and signing all pleadings. Local Civ. R. 83.1 (D)(1)(b) and (D)(3). The Rule also makes clear that local counsel will be held accountable for the case by the Court. Local Civ. R. 83.1 (F). In this case, Mr. McKelvey was intimately and actively involved, and his death has multiple consequences, including the loss of a key witness in terms of the pending Motion for Sanctions. Indeed, Mr. McKelvey's involvement and cooperation in responding to the Motion for Sanctions was anticipated by Mr. Haysbert. As noted by Mr. McKelvey initially, although Defendants' Motion for Sanctions focuses on events during the trial, in reality, the matter implicates the entire history of the litigation. (See ECF No.: 329). Further, since Defendants have not indicated if they will move to substitute the proper party in Mr. McKelvey's stead, and are not required to do so until after the current deadline for the filing of the response to the Motion for Sanctions, the procedural status of the case is unsettled. An extension of the time to respond will not prejudice Defendants, but will most certainly prejudice Mr. Haysbert in filing his response, especially given the uncertainly of the potential substitution of a proper party for Mr. McKelvey. For these reasons, Mr. Haysbert respectfully requests that the Court enter an Order allowing for an extension of time to respond to the Motion for Sanctions.

> B. *Motion for Leave to File a Brief in Opposition that exceeds the twenty-page limit imposed by Local Rule 7(F)(3)*

Mr. Haysbert will diligently attempt to condense his Opposition to Defendants' Motion for Sanctions into the twenty-page limit. However, in order to adequately outline the legal issues, address all of the factual issues, and properly respond to the allegations identified by Defendants, additional pages are requested. Given the serious nature of the allegations, the convoluted factual history of the case, and the trial, as well as the amount of the requested sanction, Mr. Haysbert prays that this Court will permit the filing of a succinct, but informative

Brief in Opposition that exceeds the twenty-page limit imposed by Local Rule 7(F)(3), which, under different circumstances, would likely be more than adequate. The additional pages will allow Mr. Haysbert to thoroughly address the complex issues raised in the Motion for Sanctions. Mr. Haysbert anticipates that no more than twenty (20) additional pages will be needed.

    WHEREFORE, Nazareth M. Haysbert, by and through the undersigned counsel, hereby respectfully requests that this Court grant an extension of time to file his Opposition to Defendants' Motion for Sanctions and for leave to file a Brief in Opposition that exceeds the twenty-page limit imposed by Local Rule 7(F)(3), and for such further relief as the Court determines necessary.

                                        Respectfully submitted,

Date: November 20, 2023        By:    _____/s/_____

                                        Mary T. Morgan, Esq.
                                        Virginia State Bar No. 44955
                                        *Counsel for Interested Party,*
                                        *Nazareth M. Haysbert, Esq.*
                                        INFINITY LAW GROUP, P.L.C.
                                        4646 Princess Anne Road, Unit 104
                                        Virginia Beach, Virginia 23462
                                        Telephone: (757) 609-2702
                                        Facsimile: (866) 212-1310
                                        Email: mary@infinitylawva.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of November 2023, I will electronically file the foregoing with the Clerk of Court using the CM/EMF system, which will send a notification of such filing (NEF) to all counsel of record, including:

| | |
|---|---|
| John D. McGavin, Esq.<br>MCGAVIN, BOYCE, BARDOT,<br>THORSEN & KATZ, P.C.<br>9990 Fairfax Boulevard, Suite 400<br>Fairfax, Virginia 22030<br>jmcgavin@mbbtklaw.com<br>*Counsel for Defendants* | Jeremiah A. Denton, III, Esq.<br>JEREMIAH A. DENTON III, P.C.<br>3300 South Building, Suite 208<br>397 Little Neck Road<br>Virginia Beach, VA 23452<br>jerry@jeremiahdenton.com<br>*Counsel for Interested Party, David McKelvey* |

I FURTHER CERTIFY that I will send the document by electronic mail and U.S. Mail to the following non-filing user:

Joann Haysbert
244 William R. Harvey Way
Hampton, VA 23669
Email: joannhaysbert@yahoo.com
*Plaintiff*

_____/s/_____
Mary T. Morgan, Esq.
Virginia State Bar No. 44955
*Counsel for Interested Party,*
*Nazareth M. Haysbert, Esq.*
INFINITY LAW GROUP, P.L.C.
4646 Princess Anne Road, Unit 104
Virginia Beach, Virginia 23462
Telephone: (757) 609-2702
Facsimile: (866) 212-1310
Email: mary@infinitylawva.com