UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| JOANN WRIGHT HAYSBERT, | ) |
| Plaintiff, | ) Case No.: 4:20-cv-00121 |
| v. | ) |
| BLOOMIN' BRANDS, INC., et al. | ) |
| Defendants. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FRCP 41(A)(2) OR, ALTERNATIVELY, FOR A CONTINUANCE OF SIX MONTHS

Plaintiff JoAnn Wright Haysbert submits hereby submits the following Memorandum of Points and Authorities in support of her Motion for Voluntary Dismissal Pursuant to FRCP 41(a)(2) or, Alternatively, for a Continuance.

### I.     FACTUAL BACKGROUND

On August 14, 2023, following five days of trial, the Court orally granted Defendants' motions for a mistrial and to revoke the *pro hac vice* admission of Plaintiff's counsel, Mr. Nazareth Haysbert. The Court memorialized its rulings in a written order dated August 23, 2023. [Dkt. 315] In its Order, the Court gave Plaintiff 21 days to notify the Court if a new trial date should be set and ordered that any new trial be reassigned to a new judge. On September 1, 2023, Plaintiff notified the Court of her request for a new trial date be set. [Dkt. 316] The case was subsequently reassigned to Judge Hanes on September 12, 2023.

On September 18, 2023, Plaintiff's only remaining counsel, Mr. David McKelvey, moved to withdraw as counsel. [Dkt. 324] And, on that same day, Defendants moved for sanctions

against Messrs. Haysbert and McKelvey. [Dkt. 326] At a status conference on September 26, 2023, the Court gave Plaintiff 14 days to retain new counsel, [Dkt. 330], which she was unable to do by the deadline.

On October 12, 2023, the Court granted Mr. McKelvey's motion to withdraw. [Dkt. 333] The Court also noted that the time for Plaintiff to obtain new counsel had passed and therefore she "shall proceed *pro se* going forward in this matter." Id. On October 30, 2023 the Court held an Initial Pretrial Conference. Plaintiff made an oral motion for a continuance to retain new counsel, which the Court denied, although it advised Plaintiff that she may still retain counsel. The Court also set a trial date for February 5, 2024, scheduled the pretrial conference for January 17, 2024, which was subsequently rescheduled for January 19, 2024, and ordered the parties to file certain motions and pretrial briefs by December 18, 2023. [Dkt. 338, Dkt. 346, Dkt. 347] A Scheduling and Pretrial Order was entered on November 1, 2021. [Dkt. 338]. Tragically and unexpectedly, Mr. McKelvey, Plaintiff's former counsel, passed away on November 5, 2023.

Plaintiff has been working diligently to retain new counsel ever since instructed to do so by the Court following its grant of Mr. McKelvey's Motion to Withdraw. Unfortunately, she has at present been unable to do so. In just the past two to three months, Plaintiff has reached out personally or through her network to at least <u>fifteen</u> local attorneys, none of whom have been willing and able to represent Plaintiff. Based on these conversations, it appears to Plaintiff that the prospects of obtaining new counsel prior to trial are only growing more remote, owing to (1) the late stage of the proceedings; (2) the limited—and quickly decreasing—amount of time before trial; (3) the holiday season and the proximity of pretrial deadlines thereto; (4) the complexity of the case, as reflected in the length of the docket; and (5) media attention that this

case has received, specifically with respect to the motion for sanctions against Plaintiff's former counsel.

Plaintiff has endeavored in good faith to comply with the Court's deadline of December 18, 2023 to meet and confer with Defendants' counsel regarding the matters contained in the Court's Scheduling and Pretrial Order, as well as to prepare updated motions *in limine* and pretrial briefs. However, given the memory issues associated with her brain injury, she has struggled to do so without the assistance of counsel. She has found the process confusing, has had trouble understanding and ensuring compliance with the Court's instructions, and experienced difficulty following and participating meaningfully in conversations with opposing counsel. As a result, she has also realized that she is not in a position to effectively represent herself *pro se* at trial. Plaintiff therefore concluded that the best option was to seek to voluntarily dismiss this action, so as to allow her the time to consider how best to approach this matter or, in the alternative, to seek a continuance of sufficient length to enable her to obtain new representation.

## II. ARGUMENT

### A. LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may voluntarily dismiss an action with a court order, on such terms that the court considers proper.[1] Unless the court's order states otherwise, a dismissal under that provision is without prejudice.

The requirement to obtain the Court's consent under Rule 41(a)(2) is intended to ensure that the defendant is not substantially prejudiced. Andes v. Versant Corp., 788 F.2d 1033, 1036

---

[1] Plaintiff sought Defendants' consent to a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), which counsel for Defendants denied.

(4th Cir. 1986). The determination of a motion to voluntarily dismiss under Rule 41(a)(2) is within the discretion of the Court. Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987).

In deciding how to rule on a motion to voluntarily dismiss, "a district court should consider factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." Miller v. Terramite Corp., 114 Fed.Appx. 536, 539 (4th Cir. 2004) (internal citations and quotations omitted).

### B. THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

Granting Plaintiff's motion will not substantially prejudice Defendants. Plaintiff's decision to seek dismissal of this action is not intended to circumvent an expected adverse result. Cf. Skinner v. First Am. Bank of Va., No. 93-2493, 1995 WL 507264, at *2 (4th Cir. Aug. 28, 1995). Rather, it is because of Plaintiff's difficulty in obtaining new counsel and her conclusion that her disabilities prevent her from effectively representing herself *pro se* at trial.

Plaintiff could have allowed this case to expire just a few months ago after the mistrial had she not elected to seek a new trial. However, that decision was premised on her expectation—since proven false—that she would be able to obtain new counsel in a timely manner. In the intervening period, Defendants are unlikely to have expended substantial effort and expense preparing for trial, given that they were already prepared for the August trial and the new trial date is still two-and-a half months away.

Plaintiff has not delayed in seeking voluntary dismissal, nor would any greater diligence have allowed her to do so earlier. Plaintiff is not a lawyer and was not familiar with all that would be required of her from the litigation process before becoming, against her wishes, a self-represented litigant. Only in seeking to comply with the Court's Scheduling and Pretrial Order

did she become aware of the extent of the demands that proceeding *pro se* would impose on her and the difficulty she would face meeting those demands in light of her neurological disabilities.

Plaintiff, in this motion, has fully explained her reasons for seeking voluntary dismissal. And, with no dispositive motions pending and trial still months away, the stage of the proceedings does not suggest any prejudice to Defendants from granting Plaintiff's motion.

The one area in which Defendants might be concerned about prejudice is the effect of a voluntary dismissal on their pending motion for sanctions against Plaintiff's former counsel. Plaintiff understand that an order of voluntary dismissal under Rule 41(a)(2) does not moot a pending motion for sanction and that "there is no jurisdictional bar to the imposition of sanction after a voluntary dismissal." In re: Kunstler, 914 F.2d 505, 512 (4th Cir. 1990) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)). While both Kunstler and Cooter deal with sanctions under Fed. R. Civ. P. 11, Plaintiff understands that their holdings apply to sanctions more generally. See, e.g., TMM Data, LLC v. Braganza, No. 5:14-CV-726-FL (E.D.N.C. Mar. 26, 2016) ("As a matter of law, a voluntary dismissal does not preclude a defendant from seeking sanctions, attorneys' fees, or other relief based upon conduct of counsel in filing and prosecuting an action."). Nevertheless, if the Court so wishes, Plaintiff would agree to an order of voluntary dismissal, subject to the Court's continued jurisdiction to decide Defendants' motion for sanctions.

### C. Alternatively, The Court Should Continue These Proceedings for Six Months

Should the Court for any reason be disinclined to grant Plaintiff's request for voluntary dismissal, Plaintiff seeks to continue the trial and all pretrial deadlines for six months, so as to enable her to obtain new counsel. Based on her conversations with prospective counsel, Plaintiff

believes that a six-month continuance would enable her to obtain new representation by assuaging the concerns of prospective counsel over the looming trial date and pretrial deadlines.

Because her cognitive disabilities prevent Plaintiff from effectively representing herself *pro se*, unless she is able to obtain counsel, Plaintiff will in effect be denied meaningful access to the courts, a right guaranteed under the First Amendment. See <u>California Motor Transport Co. v. Trucking Unlimited,</u> 404 U.S. 508, 510 (1972) ("The right of access to the courts is indeed but one aspect of the right of petition."). While Plaintiff appreciated the premium this Court places on the timely and efficient disposition of cases, she submits that such considerations cannot take precedence over the need for effective representation in our adversarial system of justice.

### III. **CONCLUSION**

For all of the foregoing reasons, this Court should grant Plaintiff's Motion for Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2) and dismiss this case without prejudice or, in the alternative, continue these proceedings for six months.

Respectfully submitted,

DATED:    December 18, 2023

JOANN WRIGHT HAYSBERT
*Plaintiff* pro se
244 William R. Harvey Way
Hampton, VA 23669
Tel: (757) 913-9114

## CERTIFICATE OF SERVICE

*Haysbert v. Bloomin' Brands et al.*
*No. 4:20-cv-00121*

I hereby certify that on December 18, 2023, a true and accurate copy of the foregoing was sent via email, and first-class mail to:

John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
Bancroft, McGavin, Horvath & Judgkins, P.C.
9990 Fairfax Blvd., Suite 400
Fax: (703) 385-1000
Tel: (703) 385-1555
Fairfax, Virginia 22030
*Counsel for Defendants*

DATED:      December 18, 2023

JoAnn Wright Haysbert
244 William R. Harvey Way
Hampton, VA 23669
Tel: (757) 913-9114

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
__Newport News__ DIVISION

JoAnn Wright Haysbert
_____
Plaintiff(s),

v.

Bloomin' Brands, Inc. et. al.,
_____
Defendant(s).

Civil Action Number: 4:20-cv-00121

# LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of**_____.
(Title of Document)

JoAnn Wright Haysbert
_____
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: December 18, 2023 (Date)

**OR**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FRCP 41(A)(2)

**The following attorney(s) prepared or assisted me in preparation of** _____.
(Title of Document)

Mary T. Morgan
_____
(Name of Attorney)

4646 Princess Anne Road, Unit 104, Virginia Beach, VA 23462
_____
(Address of Attorney)

(757) 609-2702
_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

JoAnn Wright Haysbert
_____
(Name of *Pro Se* Party (Print or Type)

*/s/ JoAnn Haysbert*
_____
Signature of *Pro Se* Party

Executed on: December 18, 2023 (Date)