IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| JOANN WRIGHT HAYSBERT ) | |
|     Plaintiff, ) | |
| v. ) | |
| ) | |
| BLOOMIN' BRANDS, INC., et al. ) | Case No.: 4:20-cv-00121-EWH-RJK |
| ) | |
|     Defendants. ) | |

## **DEFENDANTS' MOTION IN LIMINE**

COMES NOW, that the defendants, Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc., by counsel, and hereby move this Court to grant their Motion in Limine, regarding certain evidence that may be offered by the plaintiff and to address anticipated matters of evidence, which were developed during the previous trial in August 2023 that led in part to the Court's Order granting a mistrial.

These defendants seek Motions in Limine as follows:

1.    Insurance, incident reports, claims process, and evidence how a claim is presented after an individual suffers an incident.

2.    Surveillance cameras inside the restaurant, as there are no operating surveillance cameras inside the restaurant and the Court has previously so ruled.

3.    Spoliation of evidence regarding video from inside the facility from cameras, regarding any documentation or otherwise, as the Court has previously ruled on these matters.

4.    Subsequent remedial measures, a matter briefed by the defense during trial on August 13, 2023. Plaintiff seeks to offer evidence regarding replacement of the subject floor, which occurred following a leak of a soda machine in the back of the restaurant and was unrelated to any complaint regarding the subject incident.

5. Work order prepared by Marcus Wilson, which references an area of the subject restaurant at the entrance but not where plaintiff fell and has no probative value for the facts related to this incident.

6. Policies and procedures for cleaning, mopping or inspecting, as this Court has previously ruled that internal policies and procedures do not establish the standard of care and are irrelevant.

7. Plaintiff's proposed demonstrative exhibits including, but not limited to, (Ex. 1) a Power Point that was proposed and not timely provided and that included irrelevant and prejudicial information, (Ex. 2) a video that was apparently prepared by another person who did not testify in the previous trial and has no evidentiary foundation.

8. Defendants' object to the testimony of Dr. Filler, as Dr. Filler never examined the patient, has no basis for offering an opinion on causation or the relationship of any diagnostic findings he might make to any claimed deficits of the plaintiff.

9. Last minute subpoenas the day before trial or during trial, as during the previous trial plaintiff issued subpoenas the day before trial, which required various motions to quash and even during trial, which further delayed the proceedings.

10. Last minute motions to permit expert witnesses to testify at trial by Zoom. The record in this case reflects that plaintiff attempted at the last minute to obtain relief from the Court to allow Dr. Haider to testify by Zoom and then when forced to produce information about her unavailability, withdrew not only Dr. Haider but two other nonresident experts.

11. Confirmation of which of plaintiff's four nonresident Virginia experts will be coming to trial. Plaintiff withdrew three proposed experts at trial. The number of experts and when they may testify will impact the length of the trial. This specifically goes to the issue of defendants'

expert witnesses waiting and ultimately never being allowed to testify despite four reserved trial dates. The defense seeks a reasonable expectation of how long plaintiff's case may last including, which witnesses will actually be called so that a reasonable schedule and orderly trial may occur.

12. As plaintiff is proceeding pro se, without counsel, establishing a deadline that no new counsel will be permitted to enter an appearance in this matter because inevitably there would be a motion for continuance, and further delay.

13. A good faith assertion by the plaintiff, proceeding pro se, whether the plaintiff actually intends to go forward to trial on this matter in February or will voluntarily dismiss this action.

14. Defendants' object to Nazareth Haysbert participating in the trial, pre-trial conferences and meet and confer conferences.

15. Defendants' object to plaintiff offering any new witnesses or exhibits.

16. Defendants' object to plaintiff having "advisors" at counsel table.

In support of these Motions, defendants will submit a Memorandum of Law.

**BLOOMIN' BRANDS, INC.**
**and OUTBACK STEAKHOUSE**
**OF FLORIDA, LLC**
By Counsel

McGAVIN, BOYCE, BARDOT,
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555

   /s/ *John D. McGavin*
John D. McGavin (VSB 21794)
Emily K. Blake (VSB 90562)
jmcgavin@mbbtklaw.com
eblake@mbbtklaw.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December, 2023, a true and accurate copy of the foregoing was filed via the CM/ECF system and served via email and U.S. Mail to non-filing Pro Se Plaintiff:

Joann Haysbert
244 William R. Harvey Way
Hampton, VA 23669
joannhaysbert@yahoo.com
Plaintiff, Pro Se

       /s/ *John D. McGavin*
John D. McGavin (VSB 21794)