IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| JOANN WRIGHT HAYSBERT | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BLOOMIN' BRANDS, INC., et al. | ) | Case No.: 4:20-cv-00121-EWH-RJK |
| | ) | |
|     Defendants. | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

COMES NOW, that the defendants, Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc., by counsel, and hereby oppose Plaintiff's Motion for Voluntary Dismissal, and state as follows in support:

**I.    INTRODUCTION.**

Federal Rule of Civil Procedure 41(a)(2) provides an action "may be dismissed at the plaintiff's request only by court order." There is no automatic right to a dismissal without prejudice after a defendant has responded to the complaint. Plaintiff's motion should be denied as Plaintiff was not diligent in moving for a voluntary dismissal, this matter has already been tried once and is set for a second trial in only 5 weeks, and Plaintiff has not stated a basis for the need to dismiss, other than an inability to find counsel to represent her for the past four months. This is not a complex case. It is a simple slip and fall with no medical specials (past or future) and no lost wages (past or future). It also has the specter of Plaintiff's son and former counsel involved, despite the fact that he lost his *pro hac vice* rights.

This matter has been pending since 2020. Defendants are entitled to resolution of this claim. Defendants are prepared to go to trial. Either a continuance or a voluntary dismissal would be highly prejudicial to Defendants. Thus, Defendants request that Plaintiff's motion be denied. In

1

the first alternative, Defendant requests that this Court dismiss this matter with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2) or Rule 41(b). In the second alternative, Defendants request a dismissal with terms, noting that no terms will be sufficient to cure the prejudice to Defendants.

## II.     PROCEDURAL HISTORY AND ARGUMENT.

### A.  Defendants' Effort, Expense, and Preparation for Trial.

This matter was removed to this Court in 2020, after which the parties exchanged and answered written discovery and took at least 10 depositions. Defendant had to move for a protective order and move to quash additional depositions Plaintiff sought to take (ECF 71, 72, 81, 82, 86, 87 which were granted (ECF 126), move to quash the deposition of Defendant Bloomin' Brands (ECF 78, 79, which was granted (ECF 126)), move to terminate the deposition of Lisa Crosby (ECF 84, 85, which was granted (ECF 126)), and move to quash the subpoena served on Lisa Crosby (ECF 88, 89, which was granted (ECF 126)). Plaintiff filed motions to amend the complaint to add defendants after the expiration of the statute of limitations in an attempt to destroy diversity (ECF 37), which was denied (ECF 59, 129)), remand the matter to state court (ECF 38), which was denied (ECF 59, 129)), motions to compel (ECFs 36, 41, 104), and two motions for sanctions (ECF 42, 98), which were denied (ECF 145, 161)), all of which Defendants had to oppose. Defendants had to file their own Motions to Compel because Plaintiff refused to answer discovery requests. (ECF 18, which was granted (ECF 33)). Defendants also had to move to compel Plaintiff to appear at a deposition and an IME, (ECF 43, 44), which was granted (ECF 56), but then Plaintiff still refused to appear and a second Motion to Compel an IME had to be filed (ECF 91), which was granted (ECF 126, 138). Plaintiff filed multiple requests for extensions of time to conduct discovery, some of which were granted, some of which were not (ECF 168 –

outlining the extensive procedural history of the scheduling orders and depositions in this case). Plaintiff filed numerous motions *in limine* and pre-trial briefs (ECF 195 196 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 219), again, all of which Defendants had to oppose. The parties have attended two pre-trial conferences on July 29, 2022 (ECF 242, 243) and August 1, 2023 (ECF 273). Lastly, as this Court is aware, this matter was set for a jury trial starting August 8, 2023, which resulted in a mistrial on the fifth day of trial due to Plaintiff's counsel's misconduct, necessitating his *pro hac vice* status to be revoked. Importantly, during this trial, Plaintiff withdrew all of her experts except Dr. Filler. During trial, Defendants filed a motion to strike Dr. Filler's testimony. That motion is still pending.

Considering this is a simple slip and fall, Defendants have incurred *significant* costs and attorney's fees in this case – over $200,000. Further considering undersigned counsel's modest rate, ECF 336, 337, the amount reflects the incredible amount of work Defendant's counsel has been required to put into this case. To put it simply, Defendants absolutely would be prejudiced by a voluntary dismissal without prejudice, especially considering the fees incurred on the extensive discovery disputes and the costs of the first trial would not reusable in the new case. *Teck Gen. P'ship. v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 991-92 (E.D. Va. 1998); *see also Andes v. Versant Corp.*, 788 F.2d 1033, 1036-37 (4th Cir. 1986) (holding there was a sufficient basis to deny a motion for voluntary dismissal when defendants had incurred "substantial costs of discovery" and had already filed a motion for summary judgment, citing cases where the Fourth Circuit had upheld similar denials in cases where there was even more limited procedural history).

B.  <u>Plaintiff's Delay and Lack of Diligence.</u>

After the mistrial, Plaintiff was directed by this Court to notify the Court whether or not she intended to request a new trial. Plaintiff stated that she did. ECF 316. At the time she made this request, there is no doubt that Plaintiff knew Mr. McKelvey would not be her counsel at any subsequent trial. Thus, Plaintiff is in the position she is in by her own choice. Plaintiff could have elected to not have the matter re-set for trial.

After Plaintiff requested a new trial date, Defendants again began preparing for trial. Parties were required to, and did, appear for a pretrial conference on October 30, 2023. Defendant has pending motions *in limine*, which were fully briefed prior to Plaintiff's notice that she intended to request a voluntary dismissal (ECF 351). Counsel for Defendants were only first notified of Plaintiff's intent to request a voluntary dismissal on December 18, 2023 when former counsel Nazareth Haysbert, who is not permitted to practice law in this Court, took over a meet and confer conference call with Plaintiff to inform undersigned of Plaintiff's intentions. Plaintiff's motion provides no explanation as to why she waited until this late date to voluntarily dismiss her case or why Mr. Haysbert has improperly injected himself into this case again. Plaintiff's former, excluded counsel is obviously still involved in this case and would be familiar with Rule 41 dismissals.

C.  <u>Plaintiff's Explanation of the Need for a Dismissal is Insufficient.</u>

Furthermore, Plaintiff's stated reasons for the need of a dismissal are wholly inadequate. While Plaintiff complains that memory issues prevent her from prosecuting this case herself, Plaintiff has been and continues to be Executive Vice President and Provost of Hampton University. Her employment contract was actually renewed during the pendency of this litigation. Day 3 Tr. 365: 10-368:12. Plaintiff has not provided any affidavits or doctor's notes to substantiate

her claim that her alleged brain injury is preventing her from representing herself. Plaintiff was able to competently testify at trial and sat through the entire trial before a mistrial was rendered.

As to Plaintiff's second stated reason, Plaintiff has had months to find new counsel. In Mr. McKelvey's Memorandum in Support of the Motion to Withdraw as Counsel, filed on September 18, 2023, Mr. McKelvey affirmed that "plaintiff is in the process of retaining other counsel to represent her . . . ." ECF 325. Mr. Haysbert's counsel, Mary Morgan, who assisted Plaintiff in the preparation of this motion and who has presumably read the entire trial transcript, apparently is not inclined to represent Plaintiff. Plaintiff has provided no affidavits in support of her motion, such as an affidavit from an attorney indicating he or she would be willing to represent Plaintiff if the trial would be continued. Plaintiff has not included the names of the attorneys she has contacted, the dates she has contacted them, or the reason they gave, if any, for declining to represent her. There is no indication that any more time would allow her to find an attorney willing to take on a case with no medical specials, experts that are out-of-state, and a former attorney that continues to be involved, despite having lost his *pro hac vice* status.

Simply being unprepared is not an adequate reason to justify a voluntary dismissal. *Carroll v. Litton Sys.*, No. 92-2219, 1995 U.S. App. LEXIS 2015, *22 n. 9 (4th Cir. Feb. 1, 1995) ("Plaintiffs asked to have their action dismissed without prejudice largely because they had filed it without adequate preparation and wanted to file it anew after the necessary preparation was complete. This is not a proper ground for voluntary dismissal without prejudice."); *see also Teck Gen. P'ship*, 28 F. Supp. 2d at 992-93 (holding it should have been apparent to plaintiff's counsel that there was a risk of removal to federal court and counsel would be required to comply with the more stringent deadlines). Here, considering the lack of damages, the lack of a coherent theory of liability, the lack of local experts, and former counsel's continued involvement, Plaintiff knew that

there was a possibility that she would not be able to retain new counsel when she consented to the withdrawal of Mr. McKelvey. "There is no good reason to reward such dilatory behavior with a non-prejudicial dismissal. Were the Court to rule otherwise, the [prior orders directing Plaintiff to retain counsel or proceed *pro se*] would be reduced to a mere exhortation or request, rather than an order, and the 'just, speedy and inexpensive' administration of the docket would be impaired." *Teck Gen. P'ship*, 28 F. Supp. 2d at 992-93 (quoting Fed. R. Civ. P. 1).

    D.  <u>Present Stage of the Litigation.</u>

As discussed above, trial is in five weeks and there are significant motions *in limine* pending that would demonstrably affect Plaintiff's ability to prove her case.

Considering Plaintiff has no special damages, Plaintiff had significant issues during the last trial in securing the appearance of her experts, and Plaintiff was not able to establish a known defect during her case-in-chief in the last trial, there is significant question as to whether Plaintiff will be able to meet her burden of proof at trial. *See, e.g.*, *Rollison v. Wash. Nat. Ins. Co.*, 176 F.2d 364 (4th Cir. 1949) (upholding trial court's decision to deny motion for voluntary dismissal if trial court finds plaintiff cannot state a claim). If a mistrial had not been declared in the last trial, there certainly would have been a motion for judgment, as Plaintiff was not able to establish liability.

At trial, Plaintiff attempted to set forth two theories of liability – either the floor was wet from being recently mopped or there was a defect in the floor. As to the first theory, Plaintiff's daughter testified that when she walked into the restaurant after her mother fell, she saw a bucket and a mop close by and she saw someone dry mopping the area her mother fell. However, Plaintiff's daughter also testified that she did not see any wet spots or anything else different with her mother's clothes after the fall, there was adequate lighting, and she did not notice anything slippery about the floors where she walked. Plaintiff also testified that none of her clothes were

wet or soiled after the fall. Day 3 Tr. 321:6-18. Plaintiff also testified that she "wasn't looking at the floor" when she fell, there was nothing obstructing her view of the floor, and she did not have any complaints about the lighting. Day 3 Tr. 315:1-316-:9, 317:24-318:8.

As to the second theory, Plaintiff's theory was that the floor was defective because it was slippery. Plaintiff counsel's statement in opening was "We know the floor was faulty because the floor was slick." Day 2 Tr. 247:3-4. Prior to opening statements, Plaintiff had withdrawn all liability experts. The only evidence supporting the 'slipperiness' of the floor was Plaintiff's testimony that she slipped. Plaintiff had no other witnesses to corroborate that the floor was slippery in the area where Plaintiff slipped. Plaintiff's witness Deajah Clark testified that she recalled three slips in 2017, but none from January 1, 2018 through May 23, 2018. Day 4 Tr. 610:3-15. Additionally, the three slips were in and around an area where condensation used to collect near the front of the hostess stand. Day 4 Tr. 608:3-25. While Ms. Clark did not see anything on the floor where these other slips occurred, she also did not inspect or clean the floor after the slips in 2017. Day 4 Tr. 615:25-617:6. Ms. Clark further did not see Plaintiff fall and was not sure of the area where Plaintiff slipped. Day 4 Tr. 611:12-612:10.

Plaintiff attempted to introduce a work order to prove Outback had notice that the floors were slippery, however Judge Smith ordered a mistrial before she considered the admissibility of the work order. This is the subject of a pending motion *in limine* as there is no evidence to support an argument that the area addressed by the work order was the same area where Plaintiff fell. At the time of the mistrial, except for the admissibility as to evidence of the work orders, Plaintiff's case was complete. Thus, a Rule 50 motion for judgment was and is appropriate because Plaintiff was an is unable to prove liability.

Federal Rule of Civil Procedure 1 states that the parties are entitled to a "just, speedy, and inexpensive determination" of this action. This case has been pending for three and a half years and partially tried, at great expense to the Defendants. Defendants are entitled to their day in court to bring finality to this claim. Considering the above, the facts of this case far exceed the requirements for a showing of extreme prejudice. Thus, Plaintiff's motion should be denied in its entirety.

### III. IN THE FIRST ALTERNATIVE, DEFENDANTS SEEK A DISMISSAL WITH PREJUDICE.

In the first alternative, Defendants seek a dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), s*ee Andes*, 788 F.2d at 1037 (holding trial court is permitted to order a dismissal with prejudice as long as plaintiff is given notice and an opportunity to be heard), and Rule 41(b). By her own admission, Plaintiff has failed to prosecute her case since the mistrial by failing to retain counsel, failing to meaningfully participating in the proceedings, and has relied upon Mr. Haysbert, who is still improperly involved.

### IV. IN THE SECOND ALTERNATIVE, DEFENDANT SEEK THE FOLLOWING CONDITIONS.

First, discovery is closed and should not be reopened by the re-filing of any suit. This includes expert designations, reports, and opinions. All discovery conducted in this case should be incorporated into any second case. Second, while represented by counsel, Plaintiff withdrew her claims for future medical specials, a life care plan, and claim for lost earning capacity/future lost wages. Plaintiff should not be permitted to revive those claims in a second suit. Third, Defendants request the costs and attorney's fees expended in the current litigation for work product that will be unusable in a second action, excluding any costs and fees associated with the filing of the Motion for Sanctions. *Best Indus. v. CIS BIO Int'l*, No. 97-1217, No. 97-1412, 1998 U.S. App.

LEXIS 1409, *7-8 (4th Cir. Feb. 2, 1998). At a bare minimum, this would include all of the motions to quash and protective orders that Defendants were required to file based on Plaintiff's overbroad, vexatious discovery requests and Plaintiff's motion to amend the complaint to attempt to destroy diversity jurisdiction and motion to remand. *See Lang v. Mfrs. & Traders Tr. Co.*, 274 F.R.D. 175, 185-86 (D. Md. 2011). If the Court is inclined to grant a dismissal without prejudice, counsel for Defendants can submit affidavits breaking down the fees incurred. Fourth, if Plaintiff re-files, Defendants request that Plaintiff be responsible for repaying all of the costs of this action, pursuant to Federal Rule of Civil Procedure 41(d), and stay the new action until Plaintiff has complied. Defendants seek both their costs and attorney's fees as it is clear that Plaintiff is seeking a voluntary dismissal of her suit in order to escape a motion to strike and/or adverse verdict. *See Andrews v. America's Living Ctrs., LLC*, 827 F.3d 306, 311 (4th Cir. 2016) (permitting attorney's fees under Rule 41 if the trial court finds a plaintiff "has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons,' a well-established exception to the American Rule.") (citations omitted). Plaintiff additionally filed motion after being informed that Defendants were renewing their motion to exclude Dr. Filler, the only expert Plaintiff was able to call in the prior trial. Plaintiff did not have to request a new trial date and could have walked away. She chose not to. The above procedural history also demonstrates how Plaintiff's counsel needlessly and continuously increased the costs of this case. Fifth, if Plaintiff refiles this case in state court, Defendants request any costs and expenses in removing the matter to federal court. Diversity jurisdiction still exists and Plaintiff's motion to remand has already been denied. Sixth, Defendants request any other conditions this Court deems necessary and proper to cure the substantial prejudice to Defendants by permitting a dismissal without prejudice at this late stage of litigation.

## V. CONCLUSION.

Wherefore, the foregoing considered, the defendants, Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc., by counsel, request this Court deny Plaintiff's Motion for Voluntary Dismissal, or, in the first alternative, dismiss this matter with prejudice, or, in the second alternative, dismiss this matter upon certain conditions.

**BLOOMIN' BRANDS, INC.
and OUTBACK STEAKHOUSE
OF FLORIDA, LLC**
By Counsel

McGAVIN, BOYCE, BARDOT,
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555

    /s/ *John D. McGavin*
John D. McGavin (VSB 21794)
Emily K. Blake (VSB 90562)
jmcgavin@mbbtklaw.com
eblake@mbbtklaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2024, a true and accurate copy of the foregoing was filed via the CM/ECF system and served via email and U.S. Mail to non-filing Pro Se Plaintiff:

Joann Haysbert
244 William R. Harvey Way
Hampton, VA 23669
joannhaysbert@yahoo.com
Plaintiff, Pro Se

      /s/ *John D. McGavin*
John D. McGavin (VSB 21794)