UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| **JOANN WRIGHT HAYSBERT,** | ) |
| Plaintiff, | ) Case No.: 4:20-cv-00121 |
| v. | ) |
| **BLOOMIN' BRANDS, INC., et al.** | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S VOLUNTARY DISMISSAL ORDER**

COMES NOW, Plaintiff JoAnn Wright Haysbert, and hereby submits the following Memorandum of Points and Authorities in support of her Motion for Clarification and Reconsideration of the Court's Voluntary Dismissal Order.

## I. INTRODUCTION

The Court, in imposing conditions on Plaintiff's voluntary dismissal of this case, sought to ensure that, should this case restart, it do so from as close as possible to the procedural posture as existed at the time of the Court's Order. Plaintiff does not take issue with this objective. Were this case to restart from the beginning, she, too, would face the unpleasant prospect of expending significant resources on efforts that would be merely duplicative of those that have already occurred in this case, such as in discovery and the parties' respective motions for summary judgment. Plaintiff therefore accepts the Court's conditions that, in the event that she chooses to

refile the case, she do so in this Court,[1] that no additional discovery be required and existing discovery may be used instead, and that she may not assert withdrawn claims. Plaintiff also accepts the condition that all existing pre-trial determinations be maintained, provided that this condition does not preclude the pre-trial motions and briefing contemplated in the Court's Pretrial and Scheduling Order.

As explained below, however, other conditions imposed by the Court appear to reflect clear errors of law and cause manifest injustice by going beyond the Court's stated objectives and limiting the options that would have or should have been available to Plaintiff. Moreover, while the Court relied on Plaintiff's supposed consent to these conditions, under the circumstances—requiring a *pro se* litigant with cognitive and memory issues caused by a traumatic brain injury to make a decision without the time to consider her options—such consent cannot be considered valid and cannot provide grounds to permit otherwise unreasonable conditions.

## II. FACTUAL BACKGROUND

On August 14, 2023, following five days of trial, the Court orally granted Defendants' motions for a mistrial and to revoke the *pro hac vice* admission of Plaintiff's counsel, Nazareth Haysbert. The Court memorialized its rulings in a written order dated August 23, 2023. [ECF 315]. In its Order, the Court gave Plaintiff 21 days to notify the Court if a new trial date should be set and ordered that any new trial be reassigned to a new judge. On September 1, 2023, Plaintiff notified the Court of her request for a new trial date. [ECF 316].

---

[1] While Plaintiff is concerned that this condition could improperly limit her options for moving forward, *see Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987) ("a district court's decision to condition dismissal on plaintiff's agreement not to assert state law claims in state court may unduly burden a plaintiff's right of access to such courts"), she recognizes that refiling in state court would be futile, as Defendants could again remove the case to federal court, and therefore does not seek reconsideration of this condition.

At a status conference on September 26, 2023, the Court gave Plaintiff 14 days to retain new counsel. [ECF 330]. On October 12, 2023, the Court also noted that the time for Plaintiff to obtain new counsel had passed and therefore she "shall proceed *pro se* going forward in this matter." [ECF 333]. At a conference held October 30, 2023 the Court set a trial date for February 5, 2024, scheduled the pretrial conference for January 17, 2024 and ordered the parties to file certain motions and pretrial briefs by December 18, 2023. [ECF 338]. A Scheduling and Pretrial Order was entered on November 1, 2021. [ECF 338].

On December 18, 2023, Plaintiff filed a motion to voluntarily dismiss the case pursuant to Federal Rule of Civil Procedure 41(a)(2), explaining that she had been unable to retain new counsel, and found herself, due to the cognitive disability that resulted from her traumatic brain injury, unable to effectively represent herself. [ECF 449, 350]. The Court held a hearing on Plaintiff's motion on January 8, 2024. [ECF 349]. On January 11, 2024, the Court issued an order granting Plaintiff's motion in part and dismissing the case subject to the following conditions:

> 1. If Plaintiff chooses to refile this case, she must refile it in the Eastern District of Virginia.
>
> 2. If Plaintiff chooses to refile this case, the parties may not engage in additional discovery, and any discovery taken in the instant case may be used in the refiled case. The parties are therefore limited, for example, to the expert designations, reports, and opinions; witnesses; and exhibits disclosed in the instant case.
>
> 3. If the case is refiled, all existing pretrial determinations will be maintained. In other words, if the case is refiled, it will be procedurally in the same position as the instant case.
>
> 4. Plaintiff may not file previously withdrawn claims for past or future medical specials, a life care plan, or claims for lost earning capacity or future lost wages.

> 5. To the extent that any designated expert witnesses were previously withdrawn, those expert witnesses will remain withdrawn.

Order at 2.

Plaintiff now files this motion seeking clarification and reconsideration of portions of the Court's order dismissing the case with conditions.

### III. ARGUMENT

#### A. THE LEGAL STANDARDS FOR MOTIONS FOR CLARIFICATION AND RECONSIDERATION

The Federal Rules of Civil Procedure do not contain any provisions concerning motions for clarification or reconsideration *pe se*. Nevertheless, courts in this Circuit and elsewhere have regularly entertained motions for clarification under various authorities and motions for reconsideration under the authority of Rules 59(e) and 60(b), providing for "motion[s] to alter or amend a judgement" or motions for relief from a final judgement or order, respectively.[2]

##### 1. Motions for Clarification

Despite the absence of a rule governing motions for clarification, "these motions are generally recognized and allowed by federal courts." *Barnes v. District of Columbia*, 289 F.R.D. 1, 13 n.6 (D.D.C. 2012). "While some courts have analyzed motions for clarification under Rules 59(e) and 60(b), these rules are not always suited to the task because a motion for clarification merely asks a Court 'to explain or clarify something ambiguous or vague,' not to 'alter or amend' a judgment." *Casequin v. Cat 5 Contracting, Inc.*, No. 2:18-cv-588-JLB-MRM, op. at 2

---

[2] Reconsideration of interlocutory orders is contemplated by Rule 54(b), which provides that the order or decision of a court "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Should the Court consider that its order dismissing Plaintiff's claims without prejudice does not constitute a "judgment" within the meaning of Rule 59(e) or a "final judgment [or] order" within the meaning of Rule 60(b), Plaintiff alternately moves for reconsideration pursuant to Rule 54(b).

4

(M.D. Fl. Oct. 12, 2021) (citing *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011)).[3]

In *Sartin*, the 4th Circuit held that Rule 60(a), which authorizes a court to correct "a mistake arising from oversight or omission," may be used to clarify an "inconsistency between the text of an order or judgment and the district court's intent when it entered the order or judgment" or "an unintended ambiguity that obfuscates the court's original intent." *Sartin v. McNair Law Firm PA*, 756 F. 3d 259, 265-66 (4th Cir. 2014). Judges in this Court, however, have continued to consider motions to clarify without resort to a particular Federal Rule of Civil Procedure. *See, e.g., Melvin v. U.S.A. Today*, No. 3:14–CV–439, op. at 2-3 (E.D. Va. July 28, 2015); *D.C. v. Fairfax County School Board*, No. 1:22-cv-01070 (MSN/IDD) (E.D. Va. Aug. 1, 2023).

In practice, whether the Court clarifies its order under Rule 60(a) or its own authority makes little difference, as "the scope of a court's authority under Rule 60(a) to make corrections to an order or judgment is circumscribed [only] by the court's intent when it issued the order or judgment." *Sartin*, 759 F.3d at 266. And, as the Supreme Court has stated, while granting a request to clarify an order "would be in the sound discretion of the court, we think courts would not be apt to withhold a clarification in the light of a concrete situation that left parties … in the

---

[3] Some courts in this circuit have relied on the 4th Circuit's statement *CNF Constructors* that "[o]nce a final judgment has been rendered by a district court, we have stated that '[i]n cases where a party [subsequently] submits a motion ... which is unnamed and does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order.'" *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (alterations except the first in original). *See, e.g., Brown v. Horvatter*, 525 F. Supp. 2d 754, 757 (D. Md. 2007) ("It is, however, permissible for a district court to clarify a previous judgment under the auspice of Rule 59(e) without necessarily amending it"). However, *CNF Constructors* is inapposite because the ostensible "motion for clarification" at issue in that case actually sought to amend or alter the court's order. *See CNF Constructors*, 57 F.3d at 397.

5

dark as to their duty toward the court." *Regal Knitwear v. Nat'l Labor Relations Board*, 324 U.S. 9, 15 (1945).

### 2. Motions for Reconsideration

A motion for reconsideration may be brought either as a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment. *Katyle v. Penn Nat. Gaming, Inc.*, 637 F. 3d 462, 470 n.4 (2011).[4] A motion should be considered under Rule 59(e) if it is filed by the relevant deadline, *see id.*, 28 days after the judgment.[5] Fed. R. Civ. P. 59(c).[6]

While Rule 59(e) "does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment," the 4th Circuit has recognized the need to "correct a clear error of law or prevent manifest injustice" as one of the permissible grounds for a Rule 59(e) motion. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F. 3d 396, 403 (4th Cir. 1998).

When a district court issues an order that unintentionally has a different effect than intended, there is "both a clear error of law and a risk of manifest injustice." *GO Computer, Inc. v. Microsoft Corp.*, 508 F. 3d 170, 177 (4th Cir. 2007). Manifest injustice may also result when a party stands to suffer prejudice to a potentially meritorious claim despite acting with due diligence, *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 408-11 (4th Cir. 2010), "where a court 'has patently misunderstood a party, ... or has made an error not of reasoning but of apprehension...'" *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, 2015 WL 4937292, at *2 (D.S.C. August 18, 2015)).

---

[4] This Court has on at least one occasion addressed a motion for reconsideration without reference to a particular rule. *See Buzzell v. Wallins*, No. 3:09-CV-795-HEH (E.D. Va. June 15, 2010).

[5] Because the Court's order voluntarily dismissing this case was entered on January 11, 2024, this motion is timely under Rule 59(e).

[6] Many of the relevant precedents refer to the 10-day deadline that used to apply to a Rule 59(e) motion. This deadline, however, was extended to 28 days in 2009. *See* Advisory Committee Notes on Rule 59—2009 Amendment ("the former 10-day periods are expanded to 28 days").

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding" for, in relevant part, "mistake," "misrepresentation ... by an opposing party," or "any ... reason that justifies relief." Under both Rule 59(e) and 60(b), motions may only be granted under "extraordinary circumstances." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing*, 674 F.3d 369, 378 (4th Cir. 2012).

### B. THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR CLARIFICATION AND RECONSIDERATION

#### 1. The Court Should Clarify and, If Necessary, Reconsider The Order's Effects on the Statute of Limitations

In its Order, the Court stated that "Plaintiff is CAUTIONED that the statute of limitations continues to run." Order at 1. Plaintiff seeks clarification as to whether this statement was intended to affect the availability of the six-month grace period provided in Virginia Code § 8.01-229(E)(3).

Virginia law provides, subject to exceptions not relevant here, for a two-year statute of limitations in a personal injury action. Va. Code § 8.01-243(A). Under Virginia Code § 8.01-229(E)(3), however, when a case is nonsuited, or voluntarily dismissed (including under Rule 41(a)(2), *see Scoggins v. Douglas*, 760 F.2d 535, 538 (4th Cir. 1985)), such case may be recommenced within the longer of the "original period of limitation" or six months from the date of the voluntary dismissal.

The Court's statement that "Plaintiff is CAUTIONED that the statute of limitations continues to run" could therefore be understood merely as a reminder to Plaintiff that, should she elect to refile this case, she should be mindful to do so within the time allowed under Virginia law <u>or</u> as requiring Plaintiff to refile within the "original period of limitation."

7

Virginia law is unclear as to how long would remain in the "original period of limitation."[7] It appears likely, however, that, at the time that this action was voluntarily dismissed, that period would have long since expired.[8] Therefore, if Plaintiff is not permitted to avail herself of the six-month statutory grace period, the Court's Order would likely have the effect of a dismissal with prejudice, notwithstanding the Court's denial of Defendants' request that the case be dismissed with prejudice. *See* Tr. 25:21-24.[9]

While Plaintiff believes it is unlikely that the Court would modify the applicable state-law deadlines without being explicit that it was doing so and thereby defeat Plaintiff's ability to refile the case, for the avoidance of doubt, Plaintiff seeks a clarification that the Court's statement was not intended to restrict Plaintiff's right to avail herself of the six-month grace period provided in Virginia Code § 8.01-229(E)(3).

---

[7] While the statute of limitations is normally tolled for the duration of an action that is subsequently dismissed without a determination on the merits, *see* Va. Code. § 8.01-229(E)(1), the Virginia Supreme Court has held that the same is not true of a case that is voluntarily dismissed, notwithstanding the statement in § 8.01-229(E)(1) that "the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action." *Simon v. Forer*, 578 S.E. 2d 792, 796 (Va. 2003) ("We construe the term 'original period of limitation' to mean the original statute of limitations without any tolling of that statute while a nonsuited action is pending."). Other cases, however, suggest that the statute of limitations is tolled while a voluntarily dismissed case was pending. *See, e.g.*, *Richmond v. Volk*, 781 S.E. 2d 191, 195 (Va. 2016) ("Upon the filing of the 2011 complaint, the statute of limitations was tolled by operation of Code § 8.01-229(E)(1). When Richmond took a voluntary nonsuit, the statute of limitations was tolled for an additional six months from the date of the nonsuit by operation of Code § 8.01-229(E)(3).").

[8] The incident giving rise to Plaintiff's claims occurred on May 23, 2018. Under the Declaration of Judicial Emergency due to COVID-19 issued by the Supreme Court of Virginia, the statute of limitations was tolled from March 16, 2020 through July 19, 2020. *See In re: Seventh Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency* (Va. July 8, 2020). This case was filed in the Circuit Court of the City of Hampton on June 29, 2020 prior to removal to this Court on July 31, 2020. *See* Notice of Removal [ECF No. 1]. Thus, if the statute of limitations was not tolled during the pendency of this action, the original period of limitations would have expired around the end of September 2020.

If refiling does toll the statute of limitations for the period that the case had been pending, Plaintiff would have approximately nine weeks from the date of the Court's order to recommence the action, which would defeat the purpose of allowing Plaintiff sufficient time to secure new counsel and enabling said counsel to get up to speed prior to trial, and might even require Plaintiff to refile while this motion is still pending.

[9] "Tr." refers to the transcript of the January 8, 2024 hearing on Plaintiff's motion.

In the unlikely event that the Court did intend to limit Plaintiff to the original limitations period, Plaintiff requests that the Court reconsider that aspect of its Order. Reconsideration, in this instance, would be appropriate under Rule 59(e) to correct a clear error of law and prevent manifest injustice because, without the six-month grace period, the voluntary dismissal of this case without prejudice would effectively become a dismissal with prejudice, as there would appear to be no period within which Plaintiff would be able to refile her case. Reconsideration would also be appropriate on such grounds because the Court did not intend to prevent Plaintiff from refiling her case, as well as if the Court erroneously believed that Plaintiff would be able to refile within the "original period of limitation."

Restricting Plaintiff from availing herself of the six-month grace period would also be a clear error of law because the Court lacks the authority to modify the statute of limitations or savings statute established in Virginia law. As the 4th Circuit stated in *Shuford v. K.K. Kawamura Cycle Co.*, "Federal Rule 41 does not purport to control the application of a state statute of limitations." 649 F.2d 261, 264 (4th Cir. 1981). In contrast, the Court did not cite to any authority allowing it to do so, nor is Plaintiff aware of any.

These same reasons would justify relief under Rule 60(b)(1) to correct a mistake or Rule 60(b)(6) as otherwise justifying relief, as well as establishing extraordinary circumstances for the purposes of both Rules 59(e) and 60(b). Accordingly, the Court should either clarify that its order was not intended to displace the six-month grace period provided by Va. Code § 8.01-229(E)(3) or amend its order to permit Plaintiff to avail herself of said grace period.

### 3. The Court Should Clarify and, If Necessary, Reconsider the Condition Maintaining "All Existing Pretrial Determinations"

The third condition imposed by the Court provides that "[i]f the case is refiled, all existing pretrial determinations will be maintained. In other words, if the case is refiled, it will be

procedurally in the same position as the instant case." Plaintiff seeks clarification as to whether this condition is intended to preclude the parties from seeking new determinations or redeterminations on evidentiary issues of the sort contemplated in the Court's Pretrial and Scheduling Order.

On October 30, 2023, the Court held its Initial Pretrial Conference with the parties. At that conference, and in the resulting Pretrial and Scheduling Order, the Court directed the parties to file motions *in limine*, updated trial briefs on preexisting issues, and trial briefs on any new issues that arose since the first trial by a particular date or notify the Court if they intended to stand on a previously filed brief. [ECF 338, 339].

As Plaintiff explained to Defendants' counsel during their meet-and-confer pursuant to the Court's Pretrial and Scheduling Order, she had planned to file new or updated motions *in limine* and trial briefs on various issues before reaching the conclusion that she was unable to handle these tasks without the assistance of counsel. These included renewed and updated motions *in limine* that Judge Smith had previously denied without prejudice to Plaintiff renewing her objections at trial. Learning from the experience of the first trial, in which the need to address evidentiary issues after the jury had been impaneled caused multiple delays and led to significant amounts of confusion, Plaintiff considered it prudent to seek rulings on as many issues as possible before trial. Plaintiff also intended to request the Court to add a work order to Plaintiff's exhibit list on the grounds that it was never disclosed by Defendants and only belatedly provided to Plaintiff by Service Channel, Defendants' third-party vendor, on the afternoon of the August 1, 2023, Final Pretrial Conference at which the parties' exhibit lists were finalized.

Plaintiff therefore requests that the Court clarify whether the condition that "all existing pretrial determinations will be maintained" is meant to deny the parties the opportunity to obtain

new or revised pretrial determinations of the sort contemplated by the Court's Pretrial and Scheduling Order.

In the event that the Court did intend to so limit the parties, Plaintiff requests that the Court reconsider that aspect of its Order.

Had Plaintiff been able to obtain counsel in time or possessed the knowledge and cognitive capability to handle the tasks herself, Plaintiff would have filed multiple motions and briefs by the Court's deadline of December 18, 2023, just as Defendants did. Only when that proved impossible under the circumstances, did Plaintiff decide to file her motion to voluntarily dismiss the case. In doing so, however, Plaintiff had no reason to expect that she would lose the right to file such pretrial motions and briefs.

While the Court, "[i]n considering a motion for voluntary dismissal, … must focus primarily on protecting the interests of the defendant," *Davis*, 819 F.2d at 1273, the Court must also consider prejudice to the plaintiff. *Id.* (stating that the purpose of Rule 41(a)(2) "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced") (emphasis added). Denying Plaintiff the ability to seek the same determinations and redeterminations that she would have been able to seek had she not moved for voluntary dismissal is to punish Plaintiff without justification and is inconsistent with the Court's intention that "if the case is refiled, it will be procedurally in the same position as the instant case."

Furthermore, Defendants' new motion *in limine* addresses multiple issues that were already the subject of pretrial determinations, including, *e.g.*, surveillance cameras in the restaurant, spoliation of video evidence, internal policies and procedures. *See* Defs' Motion *in Limine* [ECF 351] (describing these issues as ones on which the Court has already ruled). If Defendants are permitted to make such motions, it would unfairly prejudice Plaintiff to deny her

the opportunity to make similar motions after refiling her case. Because this disparate treatment would handicap Plaintiff in any second trial, amending the order to permit both parties the same right to seek new pretrial determinations and redeterminations is necessary to prevent manifest injustice. Reconsideration would also be appropriate on this basis if the Court did not intend to permit Defendants greater procedural rights than would be afforded to Plaintiff.

These same reasons would justify relief under Rule 60(b)(1) to correct a mistake or Rule 60(b)(6) as otherwise justifying relief, as well as establishing extraordinary circumstances for the purposes of both Rules 59(e) and 60(b). Accordingly, the Court should either clarify that its order does not preclude Plaintiff from seeking new determinations or redeterminations on evidentiary issues of the sort contemplated in its Pretrial and Scheduling Order or amend its order to permit Plaintiff to do so.

### 4. The Court Should Reconsider the Condition That Any Previously Withdrawn Expert Witness Remains Withdrawn

The fifth condition imposed by the Court provides that "[t]o the extent that any designated expert witnesses were previously withdrawn, those expert witnesses will remain withdrawn." In doing so, it appears that the Court relied upon representations from Defendants' counsel, Mr. McGavin, that Plaintiff had withdrawn all but one of her expert witnesses and that "those experts are out even refiled." Tr. 31:13-14. Plaintiff disagrees with this characterization.

In reality, Plaintiff's counsel chose not to call certain experts for reasons specific to the circumstances of the first trial, described below. Plaintiff sees no reason why she would have been prevented from calling these experts witnesses to testify during a retrial and, as Defendants knew, she intended to do so.[10] Denying Plaintiff the right to call her expert witnesses would

---

[10] At their meet-and-confer, Plaintiff informed Counsel for Defendants of her intention to call these expert witnesses at the second trial. Counsel conveniently omitted this fact from his statements to the Court and instead elected to use

12

therefore unjustifiably prejudice Plaintiff by leaving her in a worse position that she world have been had she simply proceeded to a second trial in February.

A few days prior to the start of the first trial, Plaintiff's then-counsel learned from Dr. Huma Haider, one of Plaintiff's medical experts, that her father had recently been hospitalized for respiratory failure. Although he had initially been released from the hospital a few days earlier, his condition was worsening and he appeared to be at the end of his life. Because Dr. Haider was responsible for his end-of-life care, she was concerned about her ability to travel from her home in Houston, TX to Virginia the next week to testify in court. Plaintiff therefore filed a motion pursuant to Rule 43(a)[11] that Dr. Haider be allowed to testify remotely from Houston. ECF 274.

Judge Smith apparently considered that the circumstances did not warrant allowing Dr. Haider to testify remotely, as was her prerogative. *See* ECF 285 at 4. However, rather than simply deny the motion, Judge Smith engaged in an intrusive inquiry into Dr. Haider's father's medical condition (including by demanding the submission of *the father's* medical records), Day 1 Tr. 9:1-18,[12] and accused Plaintiff's counsel of "try[ing the] case ... by ambush." Day 1 Tr. 10:25. Furthermore, apparently believing (without any reason) that the entire story was a ploy to cover up the fact that Dr. Haider had never planned to appear, Judge Smith demanded that Plaintiff's counsel produce Dr. Haider's plane and hotel reservations, as well as correspondence between counsel and Dr. Haider regarding her travel logistics.[13] *See* Day 1 Tr. 9:18-10:3, 19:13-

---

Plaintiff's voluntary-dismissal motion as an opportunity to gain a tactical advantage over a *pro se* plaintiff and an early ruling on one of their motions *in limine*. *See* [ECF 351] at para. 11.

[11] Rule 43(a) allows a court to permit remote testimony "[f]or good cause in compelling circumstances and with appropriate safeguards…"

[12] "Day 1 Tr." refers to the trial transcript for August 8, 2023.

[13] This is despite such correspondence being protected from disclosure under Fed. R. Civ. P. 26(b)(3)(C).

19, 43:3-7, 45:12-47:9. Judge Smith further demanded sworn affidavits (by the next day) from Plaintiff's *other* expert witnesses stating their plans to attend and the arrangements that have been made, despite their having no connection to the motion regarding Dr. Haider's testimony. Day 1 Tr. 47:22-48:2.

It was against this specific backdrop and the Court's impossible demands that Plaintiff's former counsel chose not to call certain expert witnesses, considering, in light of the Court's disposition and the unexpected contentiousness, that it did not make sense to call them to testify at that particular time. Plaintiff, however, never withdrew their designation as experts or removed them from Plaintiff's witness list.

The Court's subsequent November 1, 2023 Pretrial and Scheduling Order provided that "[t]he Court's Order of August 2, 2023 sets forth the final exhibit list and final witness list for each party. ECF No. 273. The preexisting final exhibits and witnesses will be retained…." All four of Plaintiff's experts—Brad Avrit, Dr. Joel Feigenheimer, Dr. Haider, and Dr. Aaron Filler—are included on Plaintiff's witness list in the August 2nd Order. These experts were all disclosed pursuant to Rule 26(a)(2) and Defendants had the opportunity to depose them. Thus, there is no reason why Plaintiff would not have been able to call them at a new trial. Plaintiff has no intention of calling any expert witnesses that were not previously disclosed. Conversely, preventing her from calling previously disclosed experts is inconsistent with the Court's intention that "if the case is refiled, it will be procedurally in the same position as the instant case."

That Defendants' counsel would "have to replough that ground and prepare again," Tr. 31:8-9, is equally true had this case proceeded to a second trial in February. But it is not cognizable legal prejudice for the purposes of Rule 41(a)(2), *see Davis*, 819 F.2d at 1274-75 ("It

14

is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit."), and therefore cannot be the basis for imposing a condition on the voluntary dismissal of an action.

Reconsideration of this condition is therefore necessary to correct a clear error of law, namely, treating the prospect of having to prepare for expert witnesses at a second trial as legal prejudice to Defendants. Reconsideration is also necessary to correct clear errors of law and prevent manifest injustice insofar as the Court relied on Mr. McGavin's inaccurate representation that Plaintiff's experts were already excluded from any subsequent trial.[14]

These same reasons would justify relief under Rule 60(b)(1) to correct a mistake, Rule 60(b)(3) because of a misrepresentation by an opposing party, or Rule 60(b)(6) as otherwise justifying relief, as well as establishing extraordinary circumstances for the purposes of both Rules 59(e) and 60(b). Accordingly, the Court should alter or amend its order to permit Plaintiff to call all of her expert witnesses (or, at a minimum, to reserve a decision on this issue until both parties have had the opportunity to fully brief Defendants' motion in *limine* seeking the same relief).

### 5. Reconsideration is Further Appropriate Because of Plaintiff's Cognitive Disability and Its Due Process Implications

In addition to the reasons specific to each request given above, reconsideration is appropriate because Plaintiff's brain injury and the resulting cognitive disability limited her ability to meaningfully participate in the hearing and consent to the Court's conditions, thus raising due process concerns.

---

[14] Mr. McGavin's statements to the Court contained numerous other mischaracterizations and inaccuracies about the history of these proceedings and the parties' respective cases. *See generally* Opposition to Motion for Sanctions [ECF 353].

To support its decision to impose conditions on Plaintiff's voluntary dismissal of the case, the Court relied on Plaintiff's consent to such conditions. Order at 1 ("At the hearing, the Court provided Plaintiff the opportunity to accept the conditions for voluntary dismissal without prejudice or proceed to trial. The Plaintiff accepted the conditions, and therefore this case is DISMISSED WITHOUT PREJUDICE subject to the below conditions.") (citations omitted).

Consent to the waiver of rights in litigation must be knowing and voluntary. *See, e.g., Leasing Service Corp. v. Crane*, 804 F. 2d 828, 832-33 (4th Cir. 1986); *Gilbert v. Moore*, 134 F. 3d 642, 653-53 (4th Cir. 1998); *Carlson v. General Motors Corp.*, 883 F. 2d 287, 296 (4th Cir. 1989). In this case, it was not, as the following colloquy at the hearing on Plaintiff's motion makes clear, Plaintiff did not understand the conditions to which she supposedly consented:

> THE COURT: Let me ask you first, do you have any questions about those conditions that we just kind of walked through?
>
> MS. HAYSBERT: To be quite honest with you, Your Honor, I don't understand all of them. I think they're -- I don't. I don't understand them enough to respond. I was listening, but I don't know which I should respond to and which I should not.

Tr. 22:4-11.

Given that Plaintiff's consent to the Court's conditions was not given knowingly, the Court's reliance on such constitutes a clear error of law and a manifest injustice. *Cf. Walker v. Price*, 900 F.3d 933, 940 (7th Cir. 2018) (holding that the district court should have considered how a *pro se* litigant's cognitive limitations "would affect his ability to think on his feet at trial").

Reconsideration also finds support in due process considerations. As the Fourth Circuit has recognized, a litigant's cognitive capabilities are relevant to the nature of their due process right to a meaningful hearing. *See Young v. Bowen,* 858 F. 2d 951, 955 (4th Cir. 1988) ("It offends fundamental fairness, however, to bind a claimant to an adverse ruling who lacks both

16

the mental competency and the legal assistance necessary to contest the initial determination."); *see also Culbertson v. Secretary of Health & Human Services,* 859 F. 2d 319, 323 (4th Cir. 1988).

Here, Plaintiff's cognitive disability and her lack of counsel limited her ability to fully participate in the hearing on her motion for voluntary dismissal, thus allowing Defendants' Counsel to dominate the parties' exchanges with the Court. As Plaintiff explained to the Court about her inability to effectively represent herself:

> And to be honest, Your Honor, I am ill-equipped because I'm not an attorney, and with my traumatic brain injury, I am just not able to do it.
>
> …
>
> I cannot do it because of the brain injury. I am just unable to do it, both because I am not qualified. If the opposing counsel raised a question, I don't know whether I should raise one back. I don't know what it would be.
>
> So, because of that I'm just unable to go forward, both because of my illness and because I'm an educator. I am not an attorney. I know nothing about the laws. If I read them, someone would have to interpret them to me….

Tr. 4:7-9, 4:19-5:1; *see also* Tr. 22:19-23:3 (responding to counsel for Defendants).

These factors support granting Plaintiff's motion for reconsideration, as the denial of her motion in part, when she was unable to fully and meaningfully participate in the hearing, constitutes "manifest injustice" under Rule 59(e), as well as demonstrates the existence of "extraordinary circumstances" for the purposes of Rules 59(e) and 60(b).

///

///

///

## CONCLUSION

For all of the foregoing reasons, this Court should grant Motion for Clarification And Reconsideration of the Court's Voluntary Dismissal Order.

Respectfully submitted,

DATED: February 1, 2024

*[signature]*
JOANN WRIGHT HAYSBERT
*Plaintiff* pro se
244 William R. Harvey Way
Hampton, VA 23669
Tel: (757) 913-9114

# CERTIFICATE OF SERVICE

*Haysbert v. Bloomin' Brands et al.*
*No. 4:20-cv-00121*

I hereby certify that on February 1, 2024, a true and accurate copy of the foregoing was sent via email, and first-class mail to:

John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com

Bancroft, McGavin, Horvath & Judgkins, P.C.
9990 Fairfax Blvd., Suite 400
Fax: (703) 385-1000
Tel: (703) 385-1555
Fairfax, Virginia 22030
*Counsel for Defendants*

DATED:   February 1, 2024

JoAnn Wright Haysbert
244 William R. Harvey Way
Hampton, VA 23669
Tel: (757) 913-9114

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
Newport News DIVISION

JoAnn Wright Haysbert
_____
                Plaintiff(s),

v.

Bloomin' Brands, Inc. et. al.,
_____
                Defendant(s).

Civil Action Number: 4:20-cv-00121

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of**_____.
                                                                (Title of Document)

_____
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

**OR**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S VOLUNTARY DISMISSAL ORDER
(Title of Document)

**The following attorney(s) prepared or assisted me in preparation of** _____.
                                                                            (Title of Document)

Mary T. Morgan
_____
(Name of Attorney)

4646 Princess Anne Road, Unit 104, Virginia Beach, VA 23462
_____
(Address of Attorney)

(757) 609-2702
_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

JoAnn Wright Haysbert
_____
(Name of *Pro Se* Party (Print or Type)

*[signature]*
_____
Signature of *Pro Se* Party

Executed on: February 1, 2024 _____ (Date)