# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

|  |  |
|---|---|
| **JOANN WRIGHT HAYSBERT**, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No.: 4:20-cv-00121 |
| **BLOOMIN' BRANDS, INC., et al.** | ) ) ) ) |
| Defendants. | ) ) |

## AFFIDAVIT

Personally appeared before me Nazareth M. Haysbert, who after being duly sworn, testified as follows:

1.   I am an attorney licensed to practice law in the State of California, with an address at 100 Wilshire Boulevard, Suite 700, Santa Monica, California 90401.

2.   I represented plaintiff at trial in the instant litigation in August 2023, during which time I had been admitted *pro hac vice*. On August 23, 2023, this Court issued an Order revoking my *pro hac vice* status.

3.   I have respected this Court's Order revoking my status as counsel *pro hac vice*. I have not served as attorney in this matter since that time and have taken the revocation very seriously.

1

4. I also take very seriously Mr. McGavin's January 17th, 2024, affidavit, in which he asserts, based on my alleged 'conduct' during a single telephone call with him in December 2023, that I have remained involved in the case after my *pro hac vice* status was revoked. This is an incorrect misrepresentation on Mr. McGavin's part, without any basis in fact. I believe he has presented this assertion for an improper purpose; that is, to harass me.

5. The plaintiff, Dr. Haysbert, is my mother. On December 12, 2024, my mother engaged in a meet-and-confer with defendants' counsel via telephone. Contrary to Mr. McGavin's insinuation, I did not participate in that meet-and-confer or assist my mother in any way. Mr. McGavin knew this because he asked my mother if I was on the conference call with her and whether I would be helping her on the call, and she stated "no", that I would not.

6. The second meet-and-confer occurred on December 18, 2024. Again, my mother engaged in a meet-and-confer with defendants' counsel via telephone. Because my mother has a brain injury, she does not have the capacity to follow conversations or articulate her thoughts like she used to. I was in the vicinity of my mother at the time of the call. Indicating that she needed help, she physically approached me, handed me her phone, and asked me to explain her condition to Mr. McGavin in terms he would understand and inform him that she intended to request a voluntary dismissal of her case and wanted his consent.

7. I took her phone and explained her condition to Mr. McGavin as requested and asked if he would consent to her request for a voluntary dismissal, at which point he said no.

8. Mr. McGavin then continued the conversation with me by stating that he did not agree with my representations regarding my mother's condition. He reiterated again that he would not agree to a dismissal of the case, and that Defendants would proceed to trial. At this point, Ms. Blake came on the line and began to speak. I explained that I was not there to participate in the meet-and-confer but had merely been asked to explain my mother's condition to Mr. McGavin, and to relay her request that Mr. McGavin agree to a voluntary dismissal of the case. I further explained that my mother had heard Mr. McGavin respond 'no' to her request, and so there was nothing further for me to discuss. While Ms. Blake was still speaking, I handed the phone back to my mother and left the room. This was the extent of my involvement in the meet-and-confer. Essentially, I viewed my role on the call as translating for my mother because she was having difficulty expressing her concerns and requests to Mr. McGavin due to her condition. She had an obligation to participate in the meet and confer and I was speaking for her in my role as her son, concerned for her well-being, and strictly at her request, not as her attorney, and I intentionally limited the scope and extent of my involvement.

9.      Based on that call, Mr. McGavin is now accusing me of having practiced law in this case without authorization since August 23, 2023. I unequivocally have not done so.

10.     Given my mother's cognitive difficulties, and the revocation of my pro hac vice status, my counsel in these proceedings has assisted my mother in navigating some of the legal issues. She is not comfortable making an appearance as counsel of record for my mother, but agreed to assist in a limited role and on a temporary basis.

**[This space intentionally left blank.]**

I swear and affirm the statements contained herein are true and correct to the best of my knowledge.

_____
Nazareth M. Haysbert
Haysbert | Moultrie, LLP
100 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Tel: (310) 917-1056
Fax: (310) 917-1001
nazareth@hmlaw.la

~~STATE~~ Commonwealth of __Virginia__,

CITY/ COUNTY of __Virginia Beach__, to-wit

Subscribed, sworn, and acknowledged to before me this __10__ th day of __February__, 2024 by Nazareth M. Haysbert.

_____
Notary Public

Name: __Mary T. Morgan__
(Please Print)

My commission Expires: _____

Registration Number: _____

MARY T. MORGAN
NOTARY PUBLIC • REG. # 7972722
Commonwealth of Virginia
My Commission Expires 09/30/2025

5