IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT,

    Plaintiff,

v.                                                                                               Civil Action No. 4:20-cv-121

BLOOMIN' BRANDS, INC., *et al.*,

    Defendants.

**ORDER**

This matter is before the Court on Plaintiff's Motion for Clarification and Reconsideration of the Court's Voluntary Dismissal Order ("Motion"). ECF No. 361. In her Motion, Plaintiff asks that the Court (1) clarify its statement regarding the statute of limitations, (2) clarify the condition maintaining existing pretrial determinations, and (3) reconsider the condition that any previously disclosed but withdrawn expert witness remains withdrawn. *Id.* at 1–2; Mem. Supp. Mot. Clarification & Recons. ("Mem. Supp.") at 7–15, ECF No. 362. Defendants have responded, and the Motion is now ripe for consideration. *See* Defs.' Opp'n Pl.'s Mot. Reconsider ("Opp'n"), ECF No. 364.

For the reasons stated below, the Court GRANTS IN PART the Motion, clarifying some aspects of the prior order and granting Plaintiff's request to reconsider the condition regarding withdrawn expert witnesses. ECF No. 361.

**A.    Motion to Clarify Statement Regarding the Statute of Limitations**

In its Order dismissing this case without prejudice, the Court advised that "Plaintiff is CAUTIONED that the statute of limitations continues to run." Order ("Dismissal Order") at 1, ECF No. 357. Plaintiff's Motion seeks to clarify "whether this statement was intended to affect the availability of the six-month grace period provided in Virginia Code § 8.01-229(E)(3)." Mem.

1

Supp. at 7. Defendants respond that Plaintiff is seeking an advisory opinion. Opp'n at 2. The Court routinely reminds *pro se* plaintiffs to be mindful of the statute of limitations. Such reminders do not advise the parties of the applicable statute of limitations or what may or may not toll such limitations. The Court has not considered whether Virginia Code § 8.01-229(E)(3) is applicable to this case and declines to give an advisory opinion regarding the applicable statute of limitations.

B.   **Motion to Clarify Condition Maintaining All Existing Pretrial Determinations**

Prior to Plaintiff's Motion for Voluntary Dismissal, the Court held an Initial Pretrial Conference with the parties. *See* ECF No. 338. In a subsequently entered Scheduling and Pretrial Order, the Court directed that certain previous filings or agreements would be retained. *See, e.g.*, Scheduling & Pretrial Order ¶ 2, ECF No. 339 (retaining earlier filed proposed jury instructions); *id.* ¶ 3 (retaining preexisting stipulations); *id.* ¶ 4 (retaining preexisiting final exhibit and witness lists). The Court also recognized that certain matters remained pending and permitted the parties to submit updated filings. *See, e.g.*, *id.* ¶ 3 (permitting additional written stipulations); *id.* ¶ 4 (permitting removal of exhibits or witnesses from preexisting lists); *id.* ¶ 6 (ordering that an updated proposed Final Pretrial Order be filed); *id.* ¶ 7 (permitting updated pretrial motions or new pretrial motions related to newly arisen, material issues). The deadline for any newly submitted information was December 18, 2023. *See id.* ¶¶ 2–4, 6–7. Plaintiff filed her Motion for Voluntary Dismissal on December 18, 2023. ECF No. 349. Plaintiff made no other filings, although Defendants filed a Motion in Limine. ECF No. 351.

In granting Plaintiff's voluntary dismissal, the Court required, among other conditions, that "[i]f the case is refiled, all existing pretrial determinations will be maintained. In other words, if the case is refiled, it will be procedurally in the same position as the instant case." Dismissal Order at 2, ¶ 3. Plaintiff requests that the Court clarify whether the above condition "is meant to deny the

2

parties the opportunity to obtain new or revised pretrial determinations of the sort contemplated by the Court's Pretrial and Scheduling Order." Mem. Supp. at 10–11. The Court CLARIFIES that, should the case be refiled, this condition does not restrict the parties from submitting any pretrial motions or filings that were due on December 18, 2023, as specified in the Court's Scheduling and Pretrial Order, ECF No. 339. This clarification should not be construed to expand in any way the parameters set forth in the Court's Pretrial and Scheduling Order.

C.  **Motion to Reconsider Condition that Any Previously Withdrawn Expert Witnesses Remain Withdrawn**

The Court will grant Plaintiff's motion to reconsider the condition that any previously withdrawn expert witnesses remain withdrawn. The Court has discretion to grant a Rule 59(e) motion to alter or amend "to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 411 (4th Cir. 2010). A Rule 59(e) motion "permits a district court to correct its own errors." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). In general, courts should grant such motions "sparingly." *Id.*

This case initially went to trial in August 2023, but ended in a mistrial. *See* Opinion at 2, ECF No. 315 (granting Defendants' motion for a mistrial); *see also* ECF Nos. 288, 291, 295, 307, 308, 313. After Plaintiff requested a new trial, the Court entered a Scheduling and Pretrial Order, which provided that the preexisting final exhibit and witness lists (i.e., those submitted prior to the August 2023 trial) would be retained. Scheduling & Pretrial Order ¶ 4 (citing Order, ECF No. 273); *see also* Pl.'s Notice Request New Trial, ECF No. 316. The final exhibit and witness lists were filed as part of the Court's pretrial order dated August 2, 2023. ECF No. 273. Plaintiff's expert witnesses—Brad Avrit, Dr. Joel Feigenheimer, Dr. Huma Haider, and Dr. Aaron Filler— are listed as witnesses in that pretrial order. *See* Order at 10–11, ECF No. 273. Witnesses Avrit, Feigenheimer, and Haider were not excluded by the Court, but were withdrawn voluntarily by

3

Plaintiff during the course of the first trial in this matter. *See* Tr. Trial Day 2 at 131:22–132:5, ECF No. 318.

In granting a voluntary dismissal, the Court may "impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Here, "[t]he Court determined that voluntary dismissal without prejudice [was] appropriate only subject to conditions to protect Defendants against prejudice due to the significant advancement of this case." Dismissal Order at 1–2. The Court's goal in fashioning the conditions for voluntary dismissal was to ensure that, if refiled, the case would be procedurally in the same place it had been when Plaintiff moved for a voluntary dismissal, in order to prevent prejudice to Defendants. *See id.*; Tr. Mots. Hr'g at 26:2–27:8, ECF No. 358. As outlined above, the Court never excluded Plaintiff's designated expert witnesses Avrit, Feigenheimer, and Haider, and the Court's Scheduling and Pretrial Order retained the pretrial exhibit and witness lists from August 2, 2023, which included those witnesses. Therefore, had Plaintiff proceeded to trial instead of dismissing her case, she would not necessarily have been precluded from calling those expert witnesses. Accordingly, condition 5 of the Court's order—requiring "any designated expert witnesses [that] were previously withdrawn . . . [to] remain withdrawn"—does not serve to protect Defendants from prejudice, but instead unfairly prejudices Plaintiff should she seek to reinstitute her lawsuit.[1] *See* Dismissal Order at 2, ¶ 5. To prevent injustice to Plaintiff, the Court will therefore modify its Dismissal Order to remove condition 5.

---

[1]    Defendants did not request condition 5 in their briefing, but instead requested it orally at the hearing on Plaintiff's motion for voluntary dismissal. *See* Defs.' Opp'n Pl.'s Mot. Voluntary Dismissal at 8–9, ECF No. 355; Tr. Mots. Hr'g at 30:14–31:14. As such, Plaintiff had little time to consider whether to consent to this condition.

4

**D.     Reconsideration on the Basis of Due Process Concerns**

Plaintiff also seeks reconsideration because "Plaintiff's brain injury and the resulting cognitive disability limited her ability to meaningfully participate in the hearing and consent to the Court's conditions, thus raising due process concerns." Mem. Supp. at 15 (drafted with the assistance of an attorney).[2] Specifically, she asserts that "Plaintiff's consent to the Court's conditions was not given knowingly." *Id.* at 16. Plaintiff does not, however, seek to withdraw her consent to the voluntary dismissal. *See id.* at 15–17. Nevertheless, given the nature of her allegations, the Court will consider whether Plaintiff's consent was knowing and voluntary.

Plaintiff bears the burden to show that her consent was not knowing and voluntary. *Cf. United States v. Brooks*, 757 F. App'x 282, 283 (4th Cir. 2019) (stating that, in the criminal context, a defendant seeking to withdraw his plea has the burden to show his plea was not knowing and voluntary); *Gilbert v. Moore*, 134 F.3d 642, 653 (4th Cir. 1998) (citation omitted) (stating that, in the context of a habeas petition, the petitioner has the burden to show his or her waiver of the right to conflict-free counsel is knowing and voluntary).

The Court finds that Plaintiff's consent was knowing and voluntary. Plaintiff does not contest the voluntariness of her consent.[3] *See* Mem. Supp. at 15–17. The Court finds that Plaintiff's interactions with the Court, specifically during consideration of the Motion for Voluntary

---

[2]     Documents that are prepared with the assistance of an attorney and filed with the Court by a *pro se* litigant are governed by Local Civil Rule 83.1(N). Pursuant to this rule, the attorney who assisted the *pro se* litigant "shall be considered to have entered an appearance in the proceeding in which such document is filed and shall be subject to all rules that govern attorneys who have formally appeared in the proceeding." E.D. Va. Loc. Civ. R. 83.1(N). Plaintiff has twice submitted documents to the Court without the attorney entering an appearance, and Plaintiff and the assisting attorney are cautioned that future compliance with the rule is expected.

[3]     To the extent she does make such a claim, Plaintiff has presented no evidence to show that her consent to the voluntary dismissal was coerced or otherwise not freely given. *See* Mem. Supp. at 15–17.

5

Dismissal, demonstrate that Plaintiff's consent was knowing. At the hearing, Plaintiff indicated that she was ready to go forward on the Motion for Voluntary Dismissal and had read Defendants' response, and she made additional arguments in support of her motion. Tr. Mots. Hr'g at 2:9–3:1, 3:12–5:4. When asked if she understood Defendants' request that the Court impose conditions on the voluntary dismissal, Plaintiff accurately repeated Defendants' position. *Id.* at 13:3–9. Although Plaintiff did express some confusion regarding the conditions for dismissal at one point during the hearing, the Court then repeated the conditions. *Id.* at 22:4–23:3, 28:18–30:2, 31:15–32:3. When asked how she would like to move forward at that point, Plaintiff summarized the Court's question: "[Y]ou indicated that I could either accept what you have concluded, or I would be back where I was before I made the request . . . ." *Id.* at 32:4–8. Plaintiff did not express any continuing confusion. *See id.* at 32:16–20. Plaintiff then indicated her unambiguous acceptance of the conditions, stating, "I will accept your ruling of voluntary dismissal without prejudice with conditions." *Id.* at 32:18–20. This record reflects that Plaintiff made a knowing and voluntary decision to accept dismissal with conditions.

Despite stating at the hearing that she was ready to proceed, Plaintiff now asserts she was unable to meaningfully participate or consent due to her "brain injury and resulting cognitive disability." *See* Mem. Supp. at 15–17. But Plaintiff has presented no evidence to the Court to corroborate these claims. *See id.* Furthermore, the Court's interactions with Plaintiff do not suggest an inability to understand and participate meaningfully in proceedings as a result of any brain injury. For example, Plaintiff testified at trial after her alleged brain injury. *See* Tr. Trial Day 3 at 273:14–377:12, 400:5–401:25, ECF No. 319. Nothing in her testimony suggests an inability to understand. *See id.* Plaintiff participated in several other hearings before the Court without issue. *See* ECF Nos. 338, 356. Plaintiff also remains the Executive Vice President and Provost of

6

Hampton University. *See* Tr. Trial Day 3 at 307:10–308:11, 309:7–310:11; *see also Exec. Vice President & Provost*, Hampton Univ., https://perma.cc/996N-B6SQ (last visited April 10, 2024). Plaintiff's ability to maintain such a position supports the conclusion that she has the cognitive capability to meaningfully participate in Court proceedings and make informed decisions. Therefore, although the Court grants Plaintiff's motion to clarify and reconsider aspects of the Court's dismissal order, the Court finds that Plaintiff's consent to the voluntary dismissal was voluntary and knowing.

**E.     Conclusion**

For the reasons stated above, the Court GRANTS IN PART Plaintiff's Motion, ECF No. 361. The Court AMENDS its prior Order, ECF No. 357, by REMOVING condition 5 that "[t]o the extent that any designated expert witnesses were previously withdrawn, those expert witnesses will remain withdrawn." All other provisions of that Order remain in effect.

The Clerk is directed to send a copy of this Order to all counsel of record and mail a copy of this Order to *pro se* Plaintiff Haysbert at her address of record.

It is SO ORDERED.

/s/
_____
Elizabeth W. Hanes
United States District Judge

Date: April 19, 2024
Newport News, Virginia