**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

**JOANN WRIGHT HAYSBERT,**

      **Plaintiff,**

v.                                                                                  Civil Case No.:  4:20-cv-00121

**BLOOMIN' BRANDS, INC., et al,**

      **Defendants.**

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR SANCTIONS**

COMES NOW, Nazareth M. Haysbert ("Mr. Haysbert"), an interested party, by and through the undersigned counsel, and pursuant to this Honorable Court's directive on May 15, 2024, files this Supplemental Memorandum in Opposition to Defendants' Motion for Sanctions, stating as follows:

    **I.**      **BURDEN OF PROOF**

A federal Court's power to sanction litigants and their attorneys originates from three sources: statutes, rules, or the Court's inherent powers. "In a proper case, attorney's fees may be assessed against counsel under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, or under the inherent power of the court." Blair v. Shenandoah's Women's Center, Inc., 757 F. 2d 1435, 1437 (4th Cir. 1985); (ref. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 65 L. Ed. 2d 488, 100 S. Ct. 2455 (1980); Robinson v. Ritchie, 646 F.2d 147, 148-49 (4th Cir. 1981)).

"The United States Court of Appeals for the Fourth Circuit has not yet decided the burden of proof in sanctions cases." Jenkins v. Woody, 2017 U.S. Dist. LEXIS 9581, *31 (E.D. Va.) (citing Glynn v. EDO Corp., 2010 U.S. Dist. LEXIS 86013, 2010 WL 3294347, at *2 (D. Md. Aug. 20, 2010).  Although many of the decisions in sanction cases involve spoliation or

discovery violations and Rule 37, in <u>Glynn v. EDO Corp.</u>, 2010 U.S. Dist. LEXIS 86013, a case involving the inherent power of a court to sanction a litigant or a member of the bar, *inter alia*, things, the Maryland District Court found:

> "[w]hether it is sought under the Federal Rules of Civil Procedure or pursuant to this Court's inherent power, the precise burden of proof in a motion for sanctions is unclear in the Fourth Circuit. However, proving misconduct occurred by "clear and convincing" evidence, as opposed to by a mere preponderance, certainly suffices."

<u>Id</u>. at *9.

While the Court of Appeals for the Fourth Circuit ("Fourth Circuit") has "declined to decide whether a clear and convincing evidence standard might apply to a finding of bad faith before awarding sanctions in the form of compensatory attorney's fees" (see <u>Six v. Generations Fed.. Credit Union</u>, 891 F3d 508, 518 FN9 (2018), the Fourth Circuit has at least noticed, and not disapproved, the fact that a district court has used a clear and convincing standard.  In the <u>Six</u> case, the Fourth Circuit commented that the District Court for the Middle District of North Carolina:

> "adopted a 'clear and convincing evidence' standard to evaluate whether misconduct occurred before imposing sanctions under its inherent authority but did not state whether any heightened burden applied to evidence of bad faith for sanctions under § 1927."

<u>Id.</u> (citing <u>Dillon v. BMO Harris Bank</u>, N.A., 2016 U.S. Dist. LEXIS 135219 at *9.  In the <u>Dillon</u> case, both parties agreed that the heightened burden is required both for sanctions imposed under a court's inherent authority and under § 1927 "despite citing no circuit precedent supporting these assertions."  <u>Id</u>.  In light of the seriousness of imposing a sanction against an attorney, Mr. Haysbert would respectfully encourage this Court to adopt a clear and convincing evidentiary standard.

## II.     OVERVIEW OF THE STANDARDS AS APPLIED

As this Court is aware, "[i]n a proper case, attorney's fees may be assessed against counsel under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, or under the inherent power of the court." Blair v. Shenandoah's Women's Center, Inc., 757 F. 2d 1435, 1437 (4th Cir. 1985); (ref. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 65 L. Ed. 2d 488, 100 S. Ct. 2455 (1980); Robinson v. Ritchie, 646 F.2d 147, 148-49 (4th Cir. 1981)).  In order to sanction Mr. Haysbert, the Court would need to find bad faith conduct intended to delay or disrupt the course of litigation, motions, pleadings, or other papers that were presented to the Court for an improper purpose, willful disobedience or intentional disregard of a court order or multiplication of the proceedings in an unreasonable or vexatious manner.  The circumstances of this case do not justify such a finding.

Under either § 1927 or the Court's inherent powers, a showing of bad faith is required, and any sanctions awarded must be compensatory in nature, and have a causal connection to the sanction requested.  Further, while the Court has the inherent power to sanction, "it is a power that 'ought to be exercised with great caution," in circumstances such as those involving the very temple of justice [being] defiled.'" Humanscale Corp. v. CompX Int'l, Inc., 2010 U.S. Dist. LEXIS 83876, at *9-10 (E.D. Va. 2010) (citing Royal Ins. v. Lynnhaven Marine Boatel, Inc., 216 F. Supp. 2d 562, 567 (E.D. Va. 2002).  Defendants cannot demonstrate bad faith on the part of Mr. Haysbert.  Although not specifically in the context of sanctions, but in denying a motion to amend because of a finding of bad faith, the Fourth Circuit has commented on the concept, stating: "[w]e cannot provide a comprehensive definition of a term like bad faith; in truth, it is a difficult term to define without retreating to circular reasoning or just listing examples." United States ex rel. Nicholson v. Medcom Carolina, Inc., 42 F. 4th 185, 198 (2002) (ref. Constance A.

Anastopoulo, Bad Faith: Building a House of Straw, Sticks, or Bricks, 42 U. MEM. L. REV. 687, 696 (2012)).  The Fourth Circuit also remarked: "Black's Law Dictionary defines 'bad faith' as '[d]ishonesty of belief or purpose.'"  Id.  For the reasons explained in the Opposition and the hearing on Defendants' Motion for Sanctions, such a dishonesty of belief or purpose did not exist in this case.

In terms of a Rule 11 violation, these types of violations are generally imposed in the context of written pleadings. See Fed. R. Civ. P. 11; Columbia Venture LLC v. FEMA (In re Bees), 562 F. 3d 284, 289 (2009).  In the instant proceeding, Defendants point to the filing of the Motion to allow Dr. Haider to testify remotely.  (Transcript from Motion for Sanctions hearing May 15, 2024: COURT: As we're talking about Dr. Haider, you've moved under also Rule 11 related to that filing, correct? MR. MCGAVIN: Yes, that's right.).  The Fourth Circuit has recognized that in evaluating whether a Rule 11 violation occurred, the district court must apply a standard of objective reasonableness.  See Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987) (stating that the inquiry is whether a reasonable attorney in like circumstances could believe his actions to be factually and legally justified); and Cleveland Demolition Co. v. Azcon Scrap Corp., 872 F.2d 984, 987 (4th Cir. 1987).

Mr. Haysbert remains adamant in his belief that his actions were not improper, dishonest, or frivolous. For every pleading or document (such as a witness subpoena) he filed, Mr. Haysbert had a rational and reasonable belief that his actions were justified and legally proper.  Finally, Mr. Haysbert did not attempt to improperly create leverage in the case by making any misrepresentations to the Court or to counsel, and he respectfully requests that the Motion for Sanctions be dismissed.

WHEREFORE, Nazareth M. Haysbert, by and through the undersigned counsel, hereby

respectfully requests that this Court dismiss the Defendants' Motion for Sanctions and for such further relief as the Court determines necessary.

                                                                 Respectfully submitted,

Date: May 29, 2024                By:     _____/s/_____
                                                                    Mary T. Morgan, Esq.
                                                                    Virginia State Bar No. 44955
                                                                    *Counsel for Interested Party,*
                                                                    *Nazareth M. Haysbert, Esq.*
                                                                    INFINITY LAW GROUP, P.L.C.
                                                                    4646 Princess Anne Road, Unit 104
                                                                    Virginia Beach, Virginia 23462
                                                                    Telephone: (757) 609-2702
                                                                    Facsimile: (866) 212-1310
                                                                    Email: mary@infinitylawva.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 129th day of May 2024, I will electronically file the foregoing with the Clerk of Court using the CM/EMF system, which will send a notification of such filing (NEF) to all counsel of record, including:

John D. McGavin, Esq.
MCGAVIN, BOYCE, BARDOT,
THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
jmcgavin@mbbtklaw.com
*Counsel for Defendants*

I FURTHER CERTIFY that I will send the document by electronic mail and U.S. Mail to the following non-filing user:

Joann Haysbert
244 William R. Harvey Way
Hampton, VA 23669
Email: joannhaysbert@yahoo.com
*Plaintiff*

_____/s/_____
Mary T. Morgan, Esq.
Virginia State Bar No. 44955
*Counsel for Interested Party,*
*Nazareth M. Haysbert, Esq.*
INFINITY LAW GROUP, P.L.C.
4646 Princess Anne Road, Unit 104
Virginia Beach, Virginia 23462
Telephone: (757) 609-2702
Facsimile: (866) 212-1310
Email: mary@infinitylawva.com

6