IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**JOANN WRIGHT HAYSBERT,**

        **Plaintiff,**

v.                                      Civil Case No.: 4:20-cv-00121

**BLOOMIN' BRANDS, INC., et al,**

        **Defendants.**

**MOTION TO STRIKE, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE
RESPONSE TO DEFENDANTS' SUPPLEMENTAL
<u>MOTION FOR SANCTIONS AND MEMORANDUM IN SUPPORT</u>**

**MOTION**

COMES NOW, Nazareth M. Haysbert ("Mr. Haysbert"), an interested party, by and through the undersigned counsel, and moves to strike certain portions of Defendants' Supplemental Motion for Sanctions, or in the alternative, for leave to file a Response to Defendants' Supplemental Motion for Sanctions, based on Defendants' disregard of Local Rule 7(F)(1) and expansion of their original arguments. In support thereof, Mr. Haysbert provides the following Memorandum in Support:

**<u>MEMORANDUM IN SUPPORT</u>**

    I.    **INTRODUCTION**

Nearly eight and a half months ago, on September 18, 2023, Defendants filed a Motion for Sanctions and Memorandum in Support ("Motion" or "Def. Mot.") against Mr. Haysbert and local counsel, Adam McKelvey. (ECF Nos.: 326-327). Following Mr. McKelvey's death, on December 4, 2023, Defendants' Motion for Sanctions against Mr. McKelvey was withdrawn. (ECF No.: 348). Defendants' Motion was heavily focused on the Court's Memorandum Opinion granting Defendants' Motion to Quash, Motion to Revoke Pro Hac Vice Status of Mr. Haysbert,

and Motion for Mistrial. (See ECF No.: 315) (hereinafter "Opinion" or "Mem. Op."). Defendants' Memorandum in Support of the Motion for Sanctions was fifteen (15) pages in length and requested sanctions against Mr. Haysbert pursuant to § 1927, the "inherent power of the Court" and, alternatively, under Rule 11. See gen. Def. Mot. Mr. Haysbert filed his Opposition to Defendants' Motion for Sanctions on December 18, 2023. (ECF No.: 353). Defendants filed a Reply Brief on December 21, 2023. (ECF No.: 354). Accordingly, pursuant to Local Rule 7(F)(1), the matter was fully briefed, and ripe for consideration by the Court.

On May 15, 2024, the Court conducted a hearing via Zoom on the Motion for Sanctions which encompassed nearly two and a half hours of argument and questions from the Court. Towards the conclusion of the hearing, the Court requested that Defendants and Mr. Haysbert brief on the standard of proof (Hr'g Tr. 79:1-3), and to file any supplemental positions by May 29, 2024. Hr'g Tr. 81:8-9. On May 29, 2024, at 2:54 p.m. Mr. Haysbert filed his Supplemental Memorandum in Opposition to the Motion for Sanctions. ECF No.: 368. On May 29, 2024, at 5:13 p.m. Defendants filed their Supplemental Motion for Sanctions. (ECF No.: 369) ("Supplemental Motion" or "Supp. Mot."). An additional hearing on the Motion for Sanctions was scheduled for June 13, 2024 at 2:00 p.m. via Zoom.

## II.     ARGUMENT

"Pursuant to Local Civ. R. 7(F)(1), with limited exceptions not relevant here, motions must be accompanied by written brief and the opposing party must file 'a responsive brief and such supporting documents as are appropriate.' A moving party may file a rebuttal brief, but is not required to do so. Id. 'No further briefs or written communications may be filed without first obtaining leave of Court.' Id." Scott v. Health Net Federal Services, LLC, 807 F. Supp. 2d 527, 532 (E.D. Va. 2011).

As explained below, Defendants have disregarded Local Civil Rule 7(F)(1) by filing a so-called "Supplemental Motion" that vastly exceeded the scope of the Court's leave for supplemental briefing on the standard of proof. Accordingly the Court should strike the unauthorized portions of Defendants' submission, *i.e.*, Sections D-H.

### A. Defendants' Supplemental Motion Was Filed in Violation of Local Civil Rule 7(F)(1)

At the May 15th hearing on Defendants' Motion, the Court brought up the issue of bad faith, noted that Defendants had not "set forth a standard of proof for each of the three grounds" for sanctions they have put forward, and asked whether counsel for Defendants, Mr. McGavin, wished to address that issue. Mr. McGavin admitted that he didn't "know that we set forth or researched the standard of proof" or whether "we would have to prove it by clear and convincing evidence or otherwise," but offered to provide that in supplemental briefing. Hr'g Tr. 8:25-9:14.

Towards the conclusion of the hearing, the Court stated as follows:

> "I think there is a lot of different questions that have been raised in this hearing, but the only thing I would ask for is there has been -- it is not clear to me what the standard of proof is, and I would appreciate briefing on that point."

Hr'g Tr. 78:24-79:3.

After a brief digression, the Court asked counsel for each side whether they wished to address any issues beyond the standard of proof. Both Mr. McGavin and the undersigned counsel for Mr. Haysbert replied in the negative:

> [THE COURT:] In my view, the only things that I would need are that standard of proof.
>
> Is there anything else you all think you would like to address?
>
> Mr. McGavin?
>
> MR. MCGAVIN: No thank you, Your Honor.

        THE COURT: Okay. Ms. Morgan?

        MS. MORGAN: I think that's it.

Hr'g Tr. 80:9-17.

        Thus, while the Court expressed a willingness to consider hearing from the parties on additional issues, both sides declined to propose any topics beyond the standard of proof. Finally, after checking with counsel about timing, the Court directed that supplemental briefs be filed by May 29, 2024. See Tr. 80:21-81:9.[1]

        On May 29, 2024, Mr. Haysbert submitted approximately four pages of supplemental briefing on the standard of proof and their application to the different bases for sanctions. ECF 368. Defendants, in contrast, submitted a twenty-six page Supplemental Motion, containing no more than eight pages of argument on the issues of proof, see Supp. Mot. at 1-9, and approximately 18 pages of new briefing in support of their Motion. See id. at 9-26.[2] Most egregiously, Defendants chose to "re-review[] the trial transcript" and present approximately 20 allegations of supposedly bad-faith conduct on the part of Mr. Haysbert, see Supp. Mot. at 15-24, of which 15 appear never to have been raised in Defendants' original Motion and none of which were ever identified with the same specificity or citations to the record.[3] See Opp. at 8.

        Local Civil Rule 7 states, in relevant part:

        (F) **Briefs Required**:

---

[1] Defendants' recognition that the briefing requested by the Court was limited in scope can be seen from their Supplemental Motion, which states in a footnote that "Undersigned did not understand this Court's request for supplemental briefing to include a discussion of Rule 11. Defendants do not intend to waive any Rule 11 sanctions arguments." Supp. Mot. at 1 n.1.

[2] This is longer than the brief in support of Defendants' original Motion, which contained 15 pages of argument.

[3] In only one instance does a trial transcript citation in the Supplemental Motion overlap a citation for the same allegation in Defendants' Reply. Compare Defs' Reply at 5-6 (citing Tr. 377:18-399:20) with Supp. Mot. at 15 (citing Tr. 377:18-391:25). However, it was equally inappropriate for Defendants to raise this issue for the first time in their Reply. M.B. v. Fairfax Cnty. Sch. Bd., 2023 WL 5367524, at *11 (E.D. Va. Aug. 22, 2023) (holding that "it is well-established that an argument raised for the first time in a reply brief is waived and will not be considered")

> (1) All motions, unless otherwise directed by the Court and except as noted herein below in subsection 7(F)(2), shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies. Unless otherwise directed by the Court, the opposing party shall file a response brief and such supporting documents as are appropriate, within fourteen (14) calendar days after service and the moving party may file a reply brief within six (6) calendar days after the service of the opposing party's response brief. The fourteen (14) and six (6) calendar day periods for response and reply briefs shall apply without regard to, and are not expanded by, the mode of service used for those briefs, notwithstanding the provisions of Fed. R. Civ. P. 6(d). <u>No further briefs or written communications may be filed without first obtaining leave of Court</u>. (emphasis added)

As noted above, Defendants filed their Motion and the supporting brief on September 18, 2023, Mr. Haysbert filed his Opposition on December 18, 2023 as directed by the Court, and Defendants' Reply was filed on December 21, 2023. Thus, with the exception of the Court's request for the Fourth Circuit's position on the burden of proof, this matter was fully briefed under Local Civil Rule 7(F)(1).[4]

By filing what is, in effect, a second reply brief, Defendants ignored Rule 7(F)(1)'s directive that "[n]o further briefs or written communications may be filed [after the reply brief] without first obtaining leave of Court." See <u>County of Chesterfield v. Lane</u>, 2018 WL 6729800, *1 n.3 (E.D. Va. Dec. 21, 2018) ("Local Rule 7(f)(1) allows for only a response and reply brief to a motion 'without first obtaining leave of Court.' Local R. 7(f)(1). Because Defendants did not seek leave of Court to file the Second Reply, the Court will not consider it."); <u>Scott</u>, 807 F. Supp. 2d at 532 ("Plaintiff's July 11, 2011, submissions are precisely the type of after-the-fact pleading

---

[4] At a hearing on January 8, 2024, counsel for Defendants, Mr. McGavin, orally lodged further complaints as to Mr. Haysbert's alleged continued involvement in the case and, at the direction of the Court, ECF 356, 359, filed an affidavit as to the same on January 17, 2024. ECF 360. Mr. Haysbert filed his responsive affidavit as directed on February 10, 2024. ECF 363.

5

[that] Local Civ. R. 7(F)(1) is designed to prohibit. … Plaintiff has not moved for leave to file the July 11, 2011, submissions, nor explained why any new facts or contentions contained in those submissions were not included in her timely June 17, 2011, submission.").

### B. The Court Should Strike Defendants' Supplemental Motion

#### 1. The Court has the inherent authority to strike papers filed in violation of its rules

While a motion to strike under Federal Rule of Civil Procedure 12(f) may not be directed at briefs or motions, as such papers are not "pleadings," (see Nationwide Mut. Ins. Co. v. Overlook, LLC, 785 F. Supp. 2d 502, 516 n.8 (E.D. Va. 2011)), a district court nevertheless has the inherent authority to strike materials such as briefs and motions that are noncompliant with its rules. See Iota XI Chapter, Sigma Chi Fraternity v. Patterson, 566 F. 3d 138, 150 (4th Cir. 2009); Thomas v. Mayer, 2023 WL 2088416, *6 (E.D. Va. Feb. 17, 2023) (inherent power to strike items from the docket) (citing Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010)).

The Fourth Circuit has approved of district courts striking unauthorized filings that violate a court's local rules, (FDIC v. Cashion, 720 F.3d 169, 196 (4th Cir. 2013)), and judges of this Court have routinely done just that with filings that violate Local Civil Rule 7(F). See, e.g., Hernandez v. KBR, Inc., 2023 WL 3355332, *5 (E.D. Va. May 10, 2023) ("Where briefs are filed without leave, courts will strike them from the record."); Key v. Robertson, 626 F. Supp. 2d 566, 677-78 (E.D. Va. 2009) ("Consequently, since plaintiffs opposition brief was filed without leave of the court, the court will also grant defendants' motion to strike it from the record."); Weakley v. Homeland Security Solutions, Inc., 2015 WL 11112158, *9 (E.D. Va. May 19, 2015); Warren v. U.S. Parole Comm'n, 2018 WL 5848977, *4 (E.D. Va. Nov. 8, 2018); Koontz v. Jording, 2019 WL 1339595, *2 (E.D. Va. Mar. 25, 2019); Jones v. Marriott Int'l, LLC, 2021

6

WL 5039249, *6 (E.D. Va. Oct. 29, 2021) ("Because this filing violates this Court's Local Rules, the Court will grant Defendant's Motion to Strike this improper filing." Id. (citing Loc. Civ. R. 7(F)(1)); see also United States v. Graham, 796 F.3d 332, 342 (4th Cir. 2013) (striking unauthorized sur-reply).

      2.     Defendants' submission is a highly prejudicial "second bite at the apple"

As Mr. Haysbert noted in his opposition, Defendants' Motion "cobble[d] together a disparate array of alleged misconduct," often "fail[ed] to cite the specific conduct which is alleged to be sanctionable" or evidence their allegations by referencing the trial transcript. Furthermore, "[f]actual allegations [were] sprinkled throughout the [m]otion, making it impossible to determine what [was] being offered as background or context, and what is specifically alleged to be sanctionable conduct," thereby raising potential constitutional issues. Opp. at 8 & n.3.

Now, nearly nine months later, having been informed of the shortcomings in their Motion, Defendants seek the proverbial second bite at the apple, violating the rules in the Eastern District of Virginia. "It is the intent behind the rules that parties file complete motions and accompanying documentation and that parties not make supplemental arguments or reassertions upon the whim of the parties." Scott, 807 F. Supp. 2d at 532 (quoting LG Elecs., Inc. v. Advance Creative Computer Corp., 131 F. Supp. 2d 804, 809 (E.D. Va. 2001)).

There is not a single matter in Defendants' Supplemental Motion that could not have been included in the original Motion or Reply. All of the alleged misconduct occurred during or prior to the trial, held August 8-14, 2023. All of the evidence cited was available around that same time. All of the legal authorities cited likewise pre-date the trial. Indeed, there is nothing "supplemental" about Defendants' filing, other than its title. See Fed. R. Civ. P. 15(d) (permitting "a party to serve a supplemental pleading setting out any transaction, occurrence, or

7

event that happened after the date of the pleading to be supplemented" on "motion and reasonable notice").

Even if Defendants had sought leave, there would have been no reason to grant it. See Roberts v. Ofc. of the Sherriff for Charles Cnty., 2012 WL 12762, *4 (D. Md. Jan. 3, 2012) ("Defendants filed this motion [for leave to file a supplement] roughly two-and-a-half months after they filed their initial motion to dismiss. This fact alone is a sufficient basis for denying the motion. … Defendants do not identify any new developments in the law or in this case, which may have been a legitimate reason to grant leave. Rather, Defendants appear to seek leave only to present an argument that they neglected to include in their initial motion. Such an oversight is an insufficient reason to allow Defendants what is essentially a second motion." (internal citations omitted)).[5]

Defendants did not. Instead, Defendants chose to ambush Mr. Haysbert to obtain an improper tactical advantage. They misrepresented to the Court that they did not wish to address any issues beyond the standard of proof and, nevertheless, proceeded to file their Supplemental Motion without leave, but with the knowledge that the Court had requested simultaneous briefing and that Mr. Haysbert would not have the opportunity to respond. Indeed, given the short time between Defendants' filing on May 29th and the hearing scheduled for June 13th, they would have known that it was unlikely Mr. Haysbert would even be able to obtain leave to respond in time for the hearing.

For these reasons, the Court should strike Defendants' Supplemental Motion from the docket.

---

[5] To the extent that Defendants actually intended to supplement their Motion, they would also have needed to obtain in advance of filing the Court's permission to file a brief in excess of the 30-page limit in Local Civil Rule 7(F)(3), as the two briefs combined run approximately 33 pages.

### C. Alternatively, the Court Should Grant Mr. Haysbert Leave to File a Response to Defendants' Supplemental Motion for Sanctions

While Defendants' rule breaking should not be rewarded with retroactive approval for their so-called Supplemental Motion, in the event that the Court declines to strike this unauthorized filing, it must permit Mr. Haysbert the opportunity to respond, which will also likely require continuing the hearing scheduled for June 13, 2024 until a later date.

"Due process requires that all parties have an opportunity to reply to new issues asserted against them ...." Oken v. Corcoran, 220 F. 3d 259, 273 (4th Cir. 2000) (quoting Federal Land Bank of Baltimore, Inc. v. Esham, 43 Md.App. 446, 406 (1979)). In particular, "[n]otice and an opportunity to be heard are indispensable prerequisites for the types of sanctions imposed by the district court," which included an award of attorney's fees. Belue v. Leventhal, 640 F. 3d 567, 677 (4th Cir. 2011) (quoting Lasar v. Ford Motor Co., 399 F.3d 1101, 1109-10, 1113 (9th Cir. 2005); see also Int'l Union, UMWA v. Bagwell, 512 U.S. 821, 827 (1994).

Defendants' Supplemental Motion, like their first Motion (and like many of Mr. McGavin's representations to the Court during the May 15 hearing), is also "replete with misleading accusations and mischaracterization[s] of events." Opp. at 9. In the event that the Court elects to consider Defendants' improper submission, to deny Mr. Haysbert the right of response would be patently unfair and inequitable.

WHEREFORE, Nazareth M. Haysbert, by and through the undersigned counsel, hereby respectfully requests that this Court strike all sections of Defendants Supplemental Motion not addressing the burden of proof, or in the alternative, postpone the current hearing scheduled for June 13, 2024, and allow Mr. Haysbert to file a further response to Defendants' Supplemental Motion for Sanctions, and for such further relief as the Court determines necessary.

Respectfully submitted,

Date: June 9, 2024 By: _____/s/_____
Mary T. Morgan, Esq.
Virginia State Bar No. 44955
*Counsel for Interested Party,*
*Nazareth M. Haysbert, Esq.*
INFINITY LAW GROUP, P.L.C.
4646 Princess Anne Road, Unit 104
Virginia Beach, Virginia 23462
Telephone: (757) 609-2702
Facsimile: (866) 212-1310
Email: mary@infinitylawva.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of June 2024, I will electronically file the foregoing with the Clerk of Court using the CM/EMF system, which will send a notification of such filing (NEF) to all counsel of record, including:

John D. McGavin, Esq.
Emily K. Blake, Esq.
McGavin, Boyce, Bardot,
Thorsen & Katz, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
jmcgavin@mbbtklaw.com
*Counsel for Defendants*

I FURTHER CERTIFY that I will send the document by electronic mail and U.S. Mail to the following non-filing user:

Joann Haysbert
244 William R. Harvey Way
Hampton, VA 23669
Email: joannhaysbert@yahoo.com
*Plaintiff*

_____/s/_____
Mary T. Morgan, Esq.
Virginia State Bar No. 44955
*Counsel for Interested Party,*
*Nazareth M. Haysbert, Esq.*
Infinity Law Group, P.L.C.
4646 Princess Anne Road, Unit 104
Virginia Beach, Virginia 23462
Telephone: (757) 609-2702
Facsimile: (866) 212-1310
Email: mary@infinitylawva.com