# Exhibit 1

## <u>DECLARATION OF  INTERESTED PARTY NAZARETH M. HAYSBERT IN SUPPORT OF HIS SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS</u>

Pursuant to 28 U.S.C. § 1746, I, Nazareth M. Haysbert, hereby declare as follows:

1.      I am an attorney licensed in the State of California and I served as Plaintiff's lead counsel in <u>Haysbert v. Bloomin' Brands, et al</u>., Civil Case No.: 4:20-cv-00121 until my *pro hac vice* status was revoked on August 23, 2023.  Unless stated otherwise, I have personal knowledge of the facts set forth herein. If called to testify thereto, I can and would state as follows.

2.      I did not know that any of my questions would cause a witness to mention insurance. I did not plan, in advance or otherwise, to elicit testimony related to "insurance," whether proper or improper. I had no interest in raising the issue of insurance and I never did anything at trial with the intention of doing so. I did not plan out my witness questions "knowing the questions were improper or that they would elicit improper evidence."

3.      The only time that I mentioned insurance was when I attempted to reinforce the Court's instruction to the witness not to discuss insurance and to make clear that I was not asking a question about insurance and that the witness should not answer about insurance. This was a spur-of-the-moment statement. It was not, and could not have been, pre-planned. To the best of my knowledge, I did not turn towards the jury while speaking to the witness. I certainly did not do so intentionally.

4.      I deny in the strongest possible terms that I intentionally sought a mistrial. Regardless of whatever issues had occurred outside of the jury's presence, I thought that the trial was going well and that the jury appeared receptive to our evidence. A mistrial was the last thing I wanted.

5.      Defendants do not have standing to insist that I provide any documentation concerning expert witnesses and I am under no obligation to do so. Moreover, the documentation they seek is protected from disclosure under Federal Rule of Civil Procedure 26(b)(4)(C). I will, however, state for the record that when I disclosed Dr. Haider, Dr. Feigenheimer, and Mr. Avrit as expert witnesses and when I included them on Plaintiff's witness list, I did not know that I would not call them to testify. That decision was made on the evening of the first day of trial.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 1, 2024, at Santa Monica, California.

_____                                                      _____
Nazareth M. Haysbert, Esq.
Declarant