IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOANN WRIGHT HAYSBERT,

    Plaintiff,

v.                                                      Civil Action No. 4:20-cv-121

BLOOMIN' BRANDS, INC., *et al.*,

    Defendants.

## MEMORANDUM ORDER

This matter is before the Court on Nazareth Haysbert's ("Attorney Haysbert") Motion to Reconsider, Alter, or Amend the Court's Order Imposing Sanctions ("Motion").[1] ECF No. 381. Attorney Haysbert seeks relief from this Court's Order imposing sanctions in the amount of $2,328.75 for misconduct related to his disclosure of experts. *Id.* In his Motion, Attorney Haysbert seeks reconsideration based on previously unavailable evidence and the need to correct clear errors of law and prevent manifest injustice. *Id.*; Mem. Supp. at 2–18, ECF No. 382. Defendants have responded, and the Motion is now ripe for consideration. *See* Def.'s Opp'n Pl.'s Mot. Recons. ("Opp'n"), ECF No. 383. For the reasons stated below, the Court DENIES the Motion.

### I.     BACKGROUND

In August 2023, this case proceeded to trial, with Attorney Haysbert representing Plaintiff. After five days of trial, the Court declared a mistrial and revoked Attorney Haysbert's *pro hac vice*

---

[1]     Attorney Haysbert simultaneously filed a Motion for Leave to File Excess Pages ("Motion for Leave"). ECF No. 380. In the Motion for Leave, Attorney Haysbert requested leave to file the Motion which exceeded the twenty-page limit imposed by this Court's local rules. *Id.* The Court considered the excess pages requested in the Motion for Leave in deciding the Motion. Accordingly, the Court GRANTS the Motion for Leave.

status. Op. at 2, ECF No. 315. In so doing, the Court concluded that "the cumulative effect of Mr. Haysbert's unprofessional conduct, which included violations of the federal rules, local rules, and court rulings, and his impact on judicial economy, warranted the revocation of his *pro hac vice* status." *Id.* at 5. As to the mistrial, the Court explained that a mistrial was necessary because the "case has become completely infected by the cumulation of misrepresentations, rules violations, 'red herrings,' and other misconduct by Plaintiff's counsel, and, the prejudice that presently exists cannot be cured by a cautionary instruction." *Id*. at 12.

The case was reassigned to the undersigned. Defendants filed a Motion for Sanctions arguing that sanctions under 28 U.S.C. § 1927 and the Court's inherent power were appropriate against Attorney Haysbert related to numerous alleged incidents of misconduct before and during trial.[2] ECF Nos. 326, 327. The motion was extensively briefed. ECF Nos. 353, 354; *see also* ECF Nos. 368, 369, 376 (supplemental briefs).

The Court held a hearing on May 15, 2024, and permitted the parties to file supplemental briefing. ECF Nos. 366, May Hr'g Tr. 81:8–9, ECF No. 367. The Court held a second hearing on July 8, 2024. ECF No. 377. The Court declined to grant sanctions related to several grounds raised by Defendants, such as the introduction of insurance during trial, improper issuance of subpoenas, and untimely disclosure of evidence/exhibits. July Hr'g Tr. at 19:23–20:4, 27:17–20, 32:21–23, ECF No. 379. However, as to one ground related to the disclosure of experts, the Court found Attorney Haysbert acted in bad faith and multiplied the proceeding unreasonably and vexatiously when he presented three expert witnesses as if he planned to call them at trial when he did not

---

[2]    Defendants initially sought sanctions under Rule 11 as well but subsequently withdrew that request. July Hr'g Tr. 4:05–06; 10:19–20, ECF No. 379.

2

actually plan to do so. *Id.* 25:12–17. For this misconduct, the Court sanctioned Attorney Haysbert $2,328.75. *Id.* 42:13–17; Order at 1–2, ECF No. 378.

Attorney Haysbert timely filed the instant Motion. *See* Fed. R. Civ. P. 59(e). He argues that reconsideration is necessary "in order to account for evidence that the Court did not consider," to correct errors of law and fact, and to prevent manifest injustice. Mem. Supp. at 2. In support of his Motion, Attorney Haysbert asks to submit a declaration and evidence, specifically emails between Attorney Haysbert and his experts concerning their attendance at trial, to the Court for *in camera* review. *Id.* at 10.

## II.   LEGAL STANDARD[3]

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for previously unavailable evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a

---

[3]   Attorney Haysbert also asks the Court, in the alternative, to consider his arguments as also raising a Motion for Relief under Rule 60(b), a Motion for Reconsideration of an Interlocutory Order under Rule 54(b), or a Motion for Amended Findings under Rule 52(b). Mem. Supp. at 1, n. 1. This request appears in a footnote and is baldly requested, without argument, analysis, or reasoning in support. Whether to grant or deny the Motion under these alternate grounds is within the Court's discretion. *See United States v. Woods*, No. 5:07-cv-187, 2009 WL 484463, at *2 (E.D.N.C. Feb. 25, 2009) (citing *Agostini v. Felton*, 521 U.S. 203, 238 (1997)) ("Granting a Rule 60 motion is within the court's discretion."), *aff'd*, 362 F. App'x 339 (4th Cir. 2009) ; *see also U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256–57 (4th Cir. 2018) (noting discretionary standard under Rule 54(b)); *see also Blick v. Shapiro & Brown, LLP*, No. 3:16-cv-70, 2018 WL 9619434, at *1 (W.D. Va. Aug. 10, 2018) (quoting *Frappier v. Countrywide Home Loans, Inc.*, 750 F.3d 91, 99 (1st Cir. 2014)) ("Trial courts have considerable discretion in deciding whether to grant Rule 52(b) motions."). For the reasons outlined in this Order, the Court denies Attorney Haysbert's request for alternative relief.

novel legal theory that the party had the ability to address in the first instance." *Id.*; *see* § 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed. 2024) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). It is improper to use a Rule 59(e) motion to ask the court to "rethink what the Court had already thought through – rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Moreover, "if a party relies on newly discovered evidence in its Rule 59(e) motion, the party 'must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (citations omitted).

### III. ANALYSIS

**A. Attorney Haysbert's Motion Fails Under Rule 59(e)**

Attorney Haysbert seeks reconsideration on two grounds: to account for evidence that he argues was previously unavailable and to correct a clear error of law or prevent manifest injustice. Neither ground is availing.

As to the argument that this Court should consider "previously unavailable" evidence, Attorney Haysbert asserts that he "has evidence showing that he continued to plan for the examination of Dr. Haider, Dr. Feigenheimer, and Mr. Avrit in advance of trial, which should prevent a conclusion that Mr. Haysbert did not intend for them to testify." Mem. Supp. at 9. Attorney Haysbert also seeks to submit an "explanation of the particular litigation-related reasons he chose to withdraw the experts." *Id.* Finally, Attorney Haysbert contends that "because Mr. Haysbert's reasoning and his communications with others about these witnesses constitutes

attorney work product, which is protected from disclosure, and Mr. Haysbert is further prevented by his ethical obligations from disclosing such confidential information . . . [he] requests the Court's permission to submit his evidence *in camera*." *Id.* at 9–10.

First, the evidence Attorney Haysbert seeks to present is not new. On the contrary, this evidence has been available to Attorney Haysbert since it was first requested by the Honorable Rebecca Beach Smith in August 2023 during the trial of this matter. Trial Tr. Vol. 1, 45:12 – 48:14. This Court similarly suggested the production of such records would be relevant to the pending sanctions motion and provided Attorney Haysbert an opportunity to present that evidence to the Court.[4] Attorney Haysbert had the opportunity to request that the Court review this evidence *in camera* on multiple occasions, including during the two hearings or in his multiple filings. Instead, Attorney Haysbert elected not to make this request or present this evidence, *see* July Hr'g Tr. 9:12–20, asserting that he "on principle, declines to provide [his experts' travel plans]." ECF No. 376 at 25. While Attorney Haysbert may now, upon reflection, have decided that his previous decisions not to present this evidence or make this request were in error, that is not a proper basis for this Court to find that this evidence was previously unavailable.

Second, Attorney Haysbert's argument that this evidence was previously unavailable because the materials are privileged and confidential is not only inconsistent with Attorney Haysbert's prior actions and arguments but is also irrelevant because the status of the documents does not make them unavailable. At trial, Attorney Haysbert presented Judge Smith with evidence about travel arrangements for another expert, Dr. Aaron Filler. *See* Trial Tr. Vol. 1, 109:22–110:13,

---

[4] "I'm not going to order you to produce certain documents. I think you should have a conversation with your client, and if you choose to present certain records to the Court, I certainly would be willing to consider those, given the significance of this motion." May Hr'g Tr. 79:04–09.

Tr. Ex. 3. No issue of privilege or confidentiality was raised at that time as it related to Dr. Filler's travel arrangements. Moreover, Attorney Haysbert did not advance this argument in either his declaration, ECF No. 376-1, or briefing, ECF Nos. 353, 368, 376. However, even if he had, and even if the documents were privileged or confidential work product,[5] such protections do not make the evidence *unavailable*. For these reasons, the evidence was not unavailable to Attorney Haysbert, and he has failed to offer a legitimate purpose for not presenting it until now.

As to the second basis, that a clear error of law or manifest injustice occurred, Attorney Haysbert does not explain his argument. Instead, he states "[i]t would be manifestly unjust to impose sanctions on an attorney for something that he did not do." Mem. Supp. at 3. However, this Court found by "clear and convincing evidence that Mr. Haysbert did not intend to call Dr. Feigenheimer, Dr. Haider, or Mr. Avrit at trial" and that this was an "abuse of the Court's process[,] . . . a waste of resources for the defendants and the court, . . . [and] that those specific actions did multiply the proceedings unreasonably and vexatiously, and that Mr. Haysbert acted in bad faith in presenting those expert witnesses as if he planned to call them at trial when he did not actually plan to do so." July Hr'g Tr. 23:17–20, 25:08–17. While it is clear Attorney Haysbert disagrees with the Court's decision, he has not established that the Court's decision constituted a "clear error

---

[5] This Court need not determine whether the materials are protected, but notes that Attorney Haysbert likely has not met his burden of persuasion. *See Commonwealth v. Edwards*, 370 S.E.2d 296, 301 (Va. 1988) (explaining that the proponent of the attorney-client privilege bears the burden of persuasion). Attorney Haysbert offers no analysis as to why the materials he now seeks to disclose are confidential work product or protected by the attorney-client privilege *in this context*. Instead, he simply says it is so. Additionally, Attorney Haysbert fails to reconcile his decision not to produce relevant evidence with relevant rules such as the Virginia Rules of Professional Conduct, Rule 1.6, which authorizes disclosure of confidential information "to respond to allegations in any proceeding concerning the lawyer's representation of the client." *See* Va. R. of Professional Conduct 1.6(b)(2).

of law" or resulted in "manifest injustice" that requires correction. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

### B. The Awarded Sanctions Were Proper

"Awarding sanctions under § 1927 lies within the sole discretion of the district court." *Stradtman v. Republic Servs., Inc.*, 121 F. Supp. 3d 578, 581 (E.D. Va. 2015). To impose sanctions under § 1927, the Court must find that the attorney both (1) "needlessly multiplie[d] a proceeding" and (2) acted in "bad faith." *Id.* at 580–81. Section 1927 focuses on "remedying abuse of court process." *Landfall Tr. LLC, v. Fidelity Nat'l Title, Ins. Co.*, No. 3:22-cv-194, 2024 WL 1839457, at *4 (E.D. Va. Apr. 26, 2024) (quoting *Stradtman*, 121 F. Supp. 3d. at 580). Accordingly, the statute applies without regard to the underlying merits of the dispute but instead focuses on how the attorney conducts the litigation. *Salvin v. Am. Nat'l Ins. Co.*, 281 F. App'x 222, 226 (4th Cir. 2008) (citing *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999)).

Attorney Haysbert argues that a procedural error occurred because "the Court imposed sanctions that were not requested by Defendants and without affording Mr. Haysbert the requisite notice of the grounds for sanctions being considered." Mem. Supp. at 18. Haysbert argues that he "was unaware of the weight the Court had elected to give to Mr. Haysbert's withdrawal of his expert witnesses," and that had he been made aware he would have previously tendered to the Court the evidence he now seeks to present. *Id.*

Attorney Haysbert recognizes that "Defendants complained about a vast array of alleged misconduct," but argues that they identified misconduct beginning on August 6, 2023, and related to the mistrial, whereas the Court's Order found misconduct related to hearings before this date. *Id.* at 18–24. Attorney Haysbert's argument misses the point. "[A] district court acting under § 1927 is not bound by the parties' motions and may, in its sound discretion, impose sanctions *sua*

7

*sponte* as long as it provides the attorney with notice regarding the sanctionable conduct and an opportunity to be heard." *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (citation omitted).

Here, Attorney Haysbert's alleged misconduct relating to his intent to call three expert witnesses at trial was put into issue when Defendants filed their Motion for Sanctions. *See* ECF Nos. 326–327. To be fair, initially, Defendants raised Attorney Haysbert's conduct as it related to Dr. Haider only. Mem. Supp. Mot. Sanctions at 3–6, ECF No. 327. However, Defendants later clarified their allegations, making clear that the alleged conduct extended to all experts.[6] The Court engaged both counsel in a lengthy colloquy on the topic, explaining that "if you did not intend to call your witnesses, especially if they are experts, in my mind that is bad faith because you are unnecessarily spending the defendant's money and their time and the Court's time for something that is really effectively to raise your leverage." May Hr'g Tr. 55:23–56:03. In fact, the Court observed that given the context, "which is that the defendants have moved for sanctions . . . , it would be a fairly simple and inexpensive process to ask your experts [to] email [their] flight reservation, their hotel reservation, [etc.] . . ., and I really struggle to understand why Mr. Haysbert would not choose to present that information to the Court." May Hr'g Tr. at 54:23–55:07. In response, counsel for Mr. Haysbert asked for the opportunity "to give that a little bit more

---

[6] "The bad faith, your Honor, is that there was never any evidence presented by Mr. Haysbert that he had made arrangements for Dr. Haider to be present. . . . And that's what Judge Smith asked for. And the same thing applied to the other experts, and the response from counsel was, 'We're withdrawing our experts.'" May Hr'g Tr. 10:06–20. Moreover, the Court addressed and found it "fairly significant" that the day before this case was previously scheduled for trial in 2022, Attorney Haysbert filed a request to allow three expert witnesses and one impeachment witness to appear remotely. May Hr'g Tr. 50:04–10. There, on the eve of the 2022 trial, Attorney Haysbert informed the Court that: (1) Dr. Haider, who resides in Texas, had two other trials scheduled for the same week as this trial; (2) Dr. Filler, who resides in California, also had other scheduled court appearances the same week as this trial; and (3) Dr. Feigenheimer, who resides in Florida., was on a previously scheduled cruise. *Id.* at 50:12–22, *see also* ECF No. 257-1 at 2–3.

8

consideration and the Court some more information," to which the Court agreed. *Id.* at 56:08–13, 79:04–09. Rather than proffer this information, whether under seal or *in camera*, Attorney Haysbert produced only a declaration from himself. ECF No. 376-1. The declaration argued that Defendants lacked standing to seek documentation concerning expert witnesses and that the documentation was protected from disclosure under Federal Rule of Civil Procedure 26(b)(4)(C). *Id.* ¶ 5. Substantively, Attorney Haysbert attested "I will, however, state for the record that when I disclosed Dr. Haider, Dr. Feigenheimer, and Mr. Avrit as expert witnesses and when I included them on Plaintiff's witness list, I did not know that I would not call them to testify. That decision was made on the evening of the first day of trial." *Id.*

The Court considered these statements and found them to be incredible. July Hr'g Tr. 24:10–11. Attorney Haysbert's instant motion, however, argues that he did not have notice and an opportunity to be heard on this issue. Mem. Supp. at 18. But his declaration, whether credible or not, belies that assertion. As the record makes clear, Attorney Haysbert was provided adequate notice that the Court was considering whether to impose sanctions based on his intent, or lack thereof, to call certain experts at trial and was provided an opportunity to be heard on that issue. Accordingly, no procedural error occurred, and the sanctions awarded were proper under § 1927.

### IV. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion, ECF No. 381. The Clerk is DIRECTED to send a copy of the Memorandum Order to all counsel of record.

It is SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Newport News, Virginia
Date: January 14, 2025